The Honorable Shawn C. Wagner August 24, 2009
Page 3 of 4

sustained preliminary objections to the petition for review and dismissed the action on the basis it did not state a claim as to which relief could be granted. The court concluded that the ordinances were "not materially different from those presented in *Schneck* and *Ortiz,"* and were therefore likewise preempted by §6120(a). The Council members have appealed to the Pennsylvania Supreme Court. Disposition of that appeal, which is docketed at No. 74 MAP 2008, is pending.

Commonwealth Court has addressed the preemption question even more recently in *National Rifle Association, et al. v. City of Philadelphia, et al. ("NRA"),* ___ A.2d ____ 2009 WL 1692390 (Pa. Cmwlth. 06-18-09). That case involved a challenge to five ordinances passed by Philadelphia City Council in April of 2008.[3] The court of common pleas determined, as a threshold matter, that the plaintiffs did not have standing to challenge three of the ordinances, specifically, the "imminent danger," "protection from abuse" and "lost or stolen gun" ordinances.[4] The remaining two, the "straw purchaser" and "assault weapons" ordinances, it concluded, were preempted by §6120(a) and permanently enjoined city officials from enforcing them. The city appealed that ruling to Commonwealth Court which, in *an en bans* decision issued June 18, 2009, affirmed the lower court's ruling in all respects. A petition for allowance of appeal seeking review of Commonwealth Court's ruling was filed in the Pennsylvania Supreme Court on July 17, 2009. The case is docketed in that court at No. 399 EAL 2009.

The petitioners in *Clarke I* filed another suit in Commonwealth Court against the Commonwealth of Pennsylvania also challenging the 2008 ordinances. In that action, *Clarke, et al. v. Commonwealth of Pennsylvania,* No. 284 M.D. 2008 (Pa. Cmwlth.)("Clarke Ii"), my

---

[3] These five ordinances, the court said,

can be summarized as follows: **Bill No. 080017, "Imminent Danger Ordinance,"** authorizes the temporary removal of firearms from persons found by the court, upon affidavit of two police officers or a district attorney, to pose a risk of imminent harm to themselves or others; **Bill No. 080018-A, "Protection From Abuse Ordinance,"** prohibits persons subject to an active protection from abuse order from acquiring or possessing firearms when such order provides for confiscation of the firearms; **Bill No. 080032-A, "Lost or Stolen Gun Ordinance,"** requires gun owners to report their lost or stolen firearms to law enforcement officials within twenty-four hours after discovery of the loss or theft; **Bill No. 080033, "Assault Weapons Ordinance,"** prohibits the possession, sale and transfer of certain offensive weapons, including assault weapons, as well as certain contraband accessories or ammunition; and finally, **Bill No. 080035-A, "Straw Purchaser Ordinance,"** prohibits any person when purchasing a handgun from acting as a straw purchaser and prohibits the purchase of more than one handgun within any thirty-day period, except for any person who is not a straw purchaser.

2009 WL 1692390, *1 (emphasis added).

[4] In its decision, the court of common pleas noted that although these three ordinances were not technically at issue in the case because of the lack of standing, it nevertheless felt the same reasoning would apply. In some media accounts of this decision and Commonwealth Court's affirmance, it was reported that these three ordinances had been "approved" by the courts. That is incorrect. Because of the lack of standing, the courts have never had jurisdiction to rule on these issues. If anything, the court of common pleas' remarks suggest a contrary outcome.

The Honorable Shawn C. Wagner August 24, 2009
Page 4 of 4


office, which represents the Commonwealth, filed preliminary objections seeking to dismiss the case on several grounds, including preemption. On December 3, 2008, Commonwealth Court sustained those objections and dismissed the case, based on its ruling in *Clarke 1.* An appeal to the Pennsylvania Supreme Court, where is it docketed at No. 92 MAP 2008, is pending.

Obviously, the Supreme Court's forthcoming decisions in *Clarke 1 and II,* and any decision it might issue in *NRA, if it* chooses to hear the case, will furnish further guidance on this subject. In our view, the existing body of law, and its consistent application of the principles of preemption, at very minimum, counsels great caution in dealing with locally-enacted ordinances which affect firearm use, ownership, possession and transportation. Given what the courts have said, we believe it would be appropriate to treat such enactments as invalid.

I hope that this discussion of this issue will be helpful to you. Please contact Amy Zapp, Deputy Attorney General, Special Litigation Section, at (717) 705-4487, if my office can be of further assistance.

Sincerely,


TOM CORBETT Attorney General

**Exhibit B**



# Harrisburg stands firm on gun regulations despite threat of lawsuit

stolen guns.jpg
Harrisburg Police Chief Tom Carter last month displayed two of the 35 guns Harrisburg police recovered after a home burglary in Allison Hill where thieves stole 50 guns. The gun in the foreground is a .50-caliber. The other is a .357 Magnum.

**Christine Vendel | cvendel@pennlive.com By Christine Vendel | cvendel@pennlive.com**
**Email the author | Follow on Twitter**
on December 29, 2014 at 9:15 AM, updated January 13, 2015 at 2:43 PM
• **UPDATE: Harrisburg faces first legal challenge to gun ordinances**

A showdown over firearms ordinances in the city of Harrisburg has begun.

Four Pennsylvania gun owner groups have notified Harrisburg they plan to sue the cash-strapped capital city under a controversial new state law that gives them standing to challenge the existence of local gun ordinances.

The law, which the National Rifle Association has called "the strongest firearms preemption statute in the country," also allows successful plaintiffs to force municipalities to pay their legal fees, expert witness fees, all court costs and any compensation for lost income.

The law takes effect Jan. 5 and expands a longstanding general rule in the statutes that the state is responsible for gun regulations.

A four-page, double-sided letter from attorney Joshua Prince to Harrisburg's city solicitor dated Dec. 14 asks city officials to rescind five "unlawful" ordinances pertaining to firearms before the law's effective date or face legal action.

Specifically, the ordinances **forbid possession of guns by minors and discharging of guns in the city** and in parks; **mandate reporting of lost or stolen guns**; and **prohibit the sale or display of guns while the city is under a state of emergency**.

The groups that retained Prince are the American Gun Owners Alliance, Concerned Gun Owners of Pennsylvania, Firearm Owners Against Crime and Pennsylvanians for Self Protection. Prince noted that other

groups could also take legal action, and Harrisburg could be on the hook for their legal fees, too.

"It seems clear that there will be litigation over your enacted firearms regulations, which will result in substantial additional burdens on taxpayers," Prince wrote.

City officials are still researching their options, but Mayor Eric Papenfuse said the city doesn't plan to rescind its ordinances.

"The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too," Papenfuse said. "What responsible gun owner believes guns should be recklessly discharged within the city limits?"

Proponents of ordinances that require gun owners to report lost or stolen guns, for example, say its helpful to know and can help prevent illegal gun trafficking by identifying owners who repeatedly have guns "stolen" or repeatedly fail to report "stolen" guns.

Police Chief Tom Carter said officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms. But he could not recall an instance where anyone was cited under the lost/stolen ordinance.

Defending or losing a case under the expanded law, **known as Act 192**, could cause serious financial damage to Harrisburg, which is trying to claw its way out of near bankruptcy. Still, Papenfuse said the city will not cave to the demands of the gun owner groups.

"I support the responsible use of firearms," he said. "I actually see middle ground here. I feel there's a distinction between law-abiding gun owners and anyone that would want to sue the municipality about a reckless discharge ordinance, especially given the violence we have in the city. I think it's completely irresponsible."

Prince said the specific ordinances or their perceived value are "immaterial" because the "entire area of firearms law is pre-empted by the Legislature."

Allowing municipalities to create firearm ordinances results in a "patchwork" of ordinances that are difficult or impossible to track for lawful gun owners who might travel, Prince said.

He also said such ordinances are ineffective and duplicative since state laws exist to cover the same actions, he said.

Although Prince said the law is "crystal clear" on the state's pre-eminence, city officials disagreed, saying dozens of municipalities across the state have enacted ordinances over the past four decades because they

believed they were legal in doing so.

In fact, Prince said his law firm has contacted about 90 municipalities that have enacted firearms ordinances. His law firm is based in Bechtelsville, in Berks County.

Some other Pennsylvania municipalities have already rescinded their gun ordinances, including Doylestown, or are considering doing so under pressure from their insurance carriers to avoid risk.

Harrisburg is self-insured.

Meanwhile, **the law's constitutionality has already been called into question in a lawsuit** filed last month by a group of legislators and the cities of Philadelphia, Lancaster and Pittsburgh. The plaintiffs take issue with the fact that the gun ordinance provisions were tacked onto a bill about metal thefts.

**The Attorney General has already said her office won't defend the law.**

Papenfuse said **Dauphin County's decision recently to grant $63,750 in hotel tax tourism money to the National Rifle Association**, because they run the annual Great American Outdoor Show, was particularly "irresponsible" given that the NRA pushed for the controversial new law that is now being used against Harrisburg.

"Why do they need subsidized," Papenfuse said of the NRA. "It's another example of irresponsible use of county hotel tax money. Within the context of the public safety crisis we have in this city, it's exactly what we don't need."

Dauphin County Commissioner Jeff Haste said the grant has historically been paid to the organizer of the event, for busing and transportation.

Haste said the Great American Outdoor Show in its first year generated more than $70 million in economic impact to the region and more than $200,000 in amusement taxes for the city.

"When the previous show producer canceled in 2013, our local economy -- hotels, restaurants, small businesses -- took a huge hit," Haste said. "The grant to attract and retain one of the country's biggest outdoor shows is money well spent."

**The NRA Foundation recently donated $50,000 to Harrisburg to buy a new police car**, which the city accepted. But no city officials appeared at the official check presentation, said Papenfuse, who was initially asked to attend.

"I said I only would come if they understood that I'd be speaking out against Act 192," he said. "I was not

invited."

**UPDATE:** *This article was updated to include that the attorney's four-page letter to Harrisburg was double-sided; to provide a response from Jeff Haste; and to add comments from Police Chief Tom Carter*

© 2015 PennLive.com. All rights reserved.

# Exhibit C



# Harrisburg mayor fires back against gun ordinance legal threat

**By Dave Marcheskie**
Published: January 5, 2015, 5:13 pm

A new law took effect today and it could trigger a lawsuit against the City of Harrisburg over its gun ordinances.

Mayor Eric Papenfuse said he was not surprised when a detailed letter landed on his desk from Attorney Joshua Prince. The notice, on behalf of four Pennsylvania pro-gun groups, demanded Harrisburg rescind five of its gun-related city ordinances or else face a lawsuit.

Papenfuse was quick on the draw to defend the City. "These are simply regulations, which the city has had for years, which have helped people, not harmed people," he said.

Monday was the first day where gun advocate groups or individuals could challenge

municipalities on ordinances believed to be restricting gun rights. The law also states, that if a challenging party would win a legal battle, the municipality could be on the hook to pay courts costs and legal fees on both sides.

Abc27 laid out the arguments of Prince last week: http://abc27.com/2014/12/30/harrisburg-gun-laws-may-trigger-lawsuit/ (http://abc27.com/2014/12/30/harrisburg-gun-laws-may-trigger-lawsuit/)

So, when the cash-strapped capital city received such an ultimatum, the mayor quickly noted any legal fight could come at a hefty price. "It's a terrible law, the legislature shouldn't have passed it."

Papenfuse said he tried to reason with Prince and asked for an explanation why an ordinance that bans people from recklessly firing in city limits infringes upon a person's civil rights. "It says you can't walk out in the middle of the street and just start firing your gun," Papenfuse said. "Police do cite people for that on a regular basis. That is a sensible measure."

The mayor said the ordinance that mandates registered gun owners to report lost or stolen guns had a recent success story. A man reported nearly four dozen guns were stolen from his safe. Police reported they were able to track down nearly every single gun based upon the descriptions and serial numbers listed. Papenfuse said that is an example how the ordinance protects the public.

Although the group has the official go ahead to sue, Prince has yet to file a lawsuit. He told abc27 last week there was no strict deadline, but it would happen if municipalities did not comply.

The mayor said with bigger push backs coming from Pittsburgh and Philadelphia, he believes a judge may halt the new law. If not, he implored and challenged leadership at the National Rifle Association to tell other organizations to lower their legal weapons.

Papenfuse pointed to the recent donation from the NRA in December, when they gave $50,000 to purchase a new police cruiser. The mayor said he felt it was a conflict of interest given the threat of a lawsuit.

He said he believes in the right to legal gun ownership and self defense. But, he said there has to be a way where urban areas battling gun problems can protect its citizens without restricting rights. Papenfuse said Harrisburg's ordinances do just that.

"We're not looking for a battle, clearly it's the NRA looking for a battle," he said. "But, we're not simply going to repeal something that we feel is protecting public safety."

Harrisburg mayor fires back against gun ordinance legal threat          http://abc27.com/2015/01/05/harrisburg-mayor-fires-back-again...

**17 Comments**          ABC27.com                                   ● Login ⌄

Sort by Best ⌄                                                    Share ⬈  Favorite ★

 Join the discussion…

 **BryanS** · 8 days ago
If the mayor signed this into law, HE is a criminal. Its in the existing, and old, state law... no one but the duly elected legislature may make laws that relate to firearms.

If he thinks it is so great, why not pass laws against assault, battery, robbery, and murder? Oh... wait.. those are illegal and peple still do them. Usually, those who plead away gun charges.

Stop making laws that apply to the non-violent people who obey the law, and start cracking down on those that do evil deeds.
14          · Reply · Share ›

 **Leon Baker** · 8 days ago
I'm sure the gentleman only reported the theft of four dozen guns because of the city ordinance. Give me a break! Don't be whining Mr. Mayor when you are costing your city a bunch of money because of your ego...
12          · Reply · Share ›

 **Jay Silla** · 8 days ago
That's a real stretch by the mayor, claiming that a theft was reported only because of the local ordinance. MOST gun owners will report thefts promptly, if for no other reason than the hope of recovering their property.
12          · Reply · Share ›

 **TJ** · 8 days ago
If the mayor feels his ordinances are needed, then he should talk to his state representative to create them on a state level. That's what the new law is all about.
8          · Reply · Share ›

 **MadAsHellYankee** ↱ TJ · 8 days ago
It gives pre-emption teeth. The UFA already states that gun laws and regulations are done at the state level ONLY.
7          · Reply · Share ›

3 of 4                                                           1/13/15, 3:08 PM

**ABC27.com**

© Copyright 2000 - 2015 Media General Communications Holdings, LLC. A Media General Company.

Powered by WordPress.com VIP (http://vip.wordpress.com/)

## IN THE COURT OF COMMON PLEAS
## OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST CRIME;** | : | |
| | : | |
| **KIM STOLFER;** | : | **Jury Trial Demanded** |
| | : | |
| **JOSHUA FIRST**; and | : | |
| | : | |
| **HOWARD BULLOCK,** | : | |
| | : | |
| Plaintiffs, | : | Civil Action |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF HARRISBURG;** | : | No. |
| | : | |
| **MAYOR ERIC PAPENFUSE**; and | : | |
| | : | |
| **POLICE CHIEF THOMAS CARTER** | : | |
| | : | |
| Defendant. | : | |

### PROOF OF SERVICE

I, Joshua Prince, Esq., hereby certify that I provided the Dauphin County Sheriff with true and correct copies of Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief From the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances, to serve upon the following persons, on January 16, 2015:

City of Harrisburg
c/o Mayor Eric Papenfuse
The Rev. Martin Luther King, Jr. City Government Center
Ten North Second Street
Harrisburg, PA 17101

Mayor Eric Papenfuse
The Rev. Martin Luther King, Jr. City Government Center
Ten North Second Street
Harrisburg, PA 17101

Chief Thomas Carter
123 Walnut Street
PS-211
Harrisburg, PA 17101

Respectfully Submitted,
Prince Law Offices, P.C.

Joshua Prince, Esq.
Attorney for Petitioner
Attorney ID # 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 ext 81114
Joshua@PrinceLaw.com

DATED: January 16, 2015

IN THE COURT OF COMMON PLEAS OF THE 12TH JUDICIAL DISTRICT
DAUPHIN COUNTY, PENNSYLVANIA

FIREARM OWNERS AGAINST CRIME;    :
KIM STOLFER;                                        :
JOSHUA FIRST; and                              :         Jury Trial Demanded
                    Plaintiffs                              :
            v.                                                :         Civil Action
                                                               :
CITY OF HARRISBURG;                       :         Docket No. 2015-CV-354-EQ
MAYOR ERIC PAPENFUSE; and         :
POLICE CHIEF THOMAS CARTER     :
                    Defendants                           :

**ENTRY OF APPEARANCE**

        Please enter the appearance of Jessica S. Hosenpud, Esquire on behalf of Defendants, The City of

Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter relative to the above-docketed matter.

Respectfully submitted,

                                                Lavery Faherty

                                    By: _____
                                                Jessica S. Hosenpud, Esquire
                                                225 Market Street, Suite 304
                                                P.O. Box 1245
DATE: 1-28-15                          Harrisburg, PA 17108-1245
                                                (717) 233-6633 (telephone)
                                                (717) 233-7003 (facsimile)
                                                Atty No. PA307656
                                                jhosenpud@laverylaw.com
                                                Atty for Defendants

2015 JAN 28  PM 4:00
DAUPHIN COUNTY
PENHA

CERTIFICATE OF SERVICE

I, Aimee L. Paukovits, an employee with the law firm of Lavery Faherty, do hereby certify that on this 28th day of January, 2015, I served a true and correct copy of the foregoing Entry of Appearance via U.S. First Class mail, postage prepaid, addressed as follows:

Joshua Prince, Esquire
Prince Law Offices, P.C.
646 Lenape Rd.
Bechtelsville, PA  19505

Aimee L. Paukovits
Legal Secretary to Jessica S. Hosenpud, Esquire



IN THE COURT OF COMMON PLEAS OF THE 12TH JUDICIAL DISTRICT
DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| FIREARM OWNERS AGAINST CRIME; | : | |
| KIM STOLFER: | : | |
| JOSHUA FIRST; and | : | Jury Trial Demanded |
| Plaintiffs | : | |
| v. | : | Civil Action |
| | : | |
| CITY OF HARRISBURG; | : | Docket No. 2015-CV-354-EQ |
| MAYOR ERIC PAPENFUSE; and | : | |
| POLICE CHIEF THOMAS CARTER | : | |
| Defendants | : | |

## ENTRY OF APPEARANCE

Please enter the appearance of Joshua M. Autry, Esquire on behalf of Defendants, The City of

Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter relative to the above-docketed matter.

Respectfully submitted,

Lavery Faherty

By: _____
(for)     Joshua M. Autry, Esquire
225 Market Street, Suite 304
P.O. Box 1245
DATE: 1-28-15          Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Atty No. PA208459
jautry@laverylaw.com
Atty for Defendants

2015 JAN 28  PM 3: 59
DAUPHIN COUNTY
PENNA

CERTIFICATE OF SERVICE

I, Aimee L. Paukovits, an employee with the law firm of Lavery Faherty, do hereby certify that on this 28th day of January, 2015, I served a true and correct copy of the foregoing Entry of Appearance via U.S.  First Class mail, postage prepaid, addressed as follows:

Joshua Prince, Esquire
Prince Law Offices, P.C.
646 Lenape Rd.
Bechtelsville, PA  19505

_____
Aimee L. Paukovits
Legal Secretary to Joshua M. Autry, Esquire



IN THE COURT OF COMMON PLEAS OF THE 12TH JUDICIAL DISTRICT
DAUPHIN COUNTY, PENNSYLVANIA

FIREARM OWNERS AGAINST CRIME;   :
KIM STOLFER;                    :
JOSHUA FIRST; and               :       Jury Trial Demanded
           Plaintiffs           :
           v.                   :       Civil Action
                                :
CITY OF HARRISBURG;             :       Docket No. 2015-CV-354-EQ
MAYOR ERIC PAPENFUSE; and       :
POLICE CHIEF THOMAS CARTER      :
           Defendants           :

## ENTRY OF APPEARANCE

Please enter the appearance of Frank J. Lavery, Jr., Esquire on behalf of Defendants, The City of

Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter relative to the above-docketed matter.

Respectfully submitted,


                              Lavery Faherty



                    By: _____
                    (for)   Frank J. Lavery, Jr., Esquire
                              225 Market Street, Suite 304
                              P.O. Box 1245
DATE: ___1 - 28 - 15___        Harrisburg, PA 17108-1245
                              (717) 233-6633 (telephone)
                              (717) 233-7003 (facsimile)
                              Atty No. PA42370
                              flavery@laverylaw.com
                              Atty for Defendants

CERTIFICATE OF SERVICE

I, Aimee L. Paukovits, an employee with the law firm of Lavery Faherty, do hereby certify that on this 28th day of January, 2015, I served a true and correct copy of the foregoing Entry of Appearance via U.S.  First Class mail, postage prepaid, addressed as follows:

Joshua Prince, Esquire
Prince Law Offices, P.C.
646 Lenape Rd.
Bechtelsville, PA  19505

Aimee L. Paukovits
Legal Secretary to Frank J. Lavery, Jr., Esquire

# PRINCE LAW OFFICES

Warren H. Prince
Karl P. Voigt IV
Joshua Prince
Eric E. Winter
Thomas H. Odom
Allen R. Thompson
David J. Cohen
Stanley J. Kuter
Jeffrey Franklin
Adam Jeremy Kraut

| | |
|---|---|
| Bechtelsville | 1-610-845-3803 |
| Allentown | 1-610-770-1151 |
| Bethlehem | 1-610-814-0838 |
| Camp Hill | 1-717-731-0100 |
| Lancaster | 1-717-393-7002 |
| Lebanon | 1-717-274-9250 |
| North Wales | 1-215-412-0800 |
| Pottstown | 1-610-326-4200 |
| Pottsville | 1-570-621-8828 |
| Reading | 1-610-375-8425 |
| Toll Free | 1-888-313-0416 |
| Fax | 1-610-845-3903 |

January 24, 2015

Dauphin County Prothonotary
Room 101
101 Market Street
Harrisburg, PA 17101

RE:  Firearm Owners Against Crime, et al. vs. City Of Harrisburg, et al.
Docket Number: 2015-CV-354-EQ

## PRAECIPE TO SUBSTITUTE VERIFICATIONS

PROTHONOTARY,

Enclosed please find one original and one copy of the verifications of Joshua First and Howard Bullock, two of the Plaintiffs in the above-captioned matter. If you could kindly substitute the original enclosed verifications of Joshua First and Howard Bullock for the attorney verification that was submitted on their behalf with the original Complaint and return a date-stamped copy to me in the enclosed return envelope, I would greatly appreciate it.

By way of this letter, I am serving the City of Harrisburg, Mayor Papenfuse and Chief Carter.

Thanking you for your time and assistance in this matter, I am

Yours truly,
Prince Law Offices, P.C.

jp/web
Matter No. 34862
Enclosure
cc:  w/enc: Mr. Thomas  Carter by mail
     City Of Harrisburg by mail
     The Honorable Eric  Papenfuse by mail

Joshua  Prince
joshua@princelaw.com
Extension:  81114

Prince Law Offices, P.C. • 646 Lenape Road • Bechtelsville, PA  19505
www.princelaw.com

## **Verification**

I, Howard Bullock, verify that I am the Petitioner named in the foregoing and that all the information contained therein is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

1/16/2015

Date

Howard Bullock

## **Verification**

I, Joshua First, verify that I am the Petitioner named in the foregoing and that all the information contained therein is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.


_1/16/15_____

Date

_____

Joshua First

## IN THE COURT OF COMMON PLEAS
## OF DAUPHIN COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST CRIME, et al.,** | : | **Jury Trial Demanded** |
| Plaintiffs, | : | |
| | : | Civil Action |
| vs. | : | |
| | : | |
| **CITY OF HARRISBURG, et al.,** | : | No. 2015-CV-354-EQ |
| Defendant. | : | |

### PROOF OF SERVICE

I, Joshua Prince, Esq., hereby certify that I served a true and correct copy of Plaintiff's Praecipe to Substitute Verifications upon the following persons in the manner indicated below, on January 24, 2015:

City of Harrisburg
c/o Mayor Eric Papenfuse
The Rev. Martin Luther King, Jr. City Government Center
Ten North Second Street
Harrisburg, PA 17101

Mayor Eric Papenfuse
The Rev. Martin Luther King, Jr. City Government Center
Ten North Second Street
Harrisburg, PA 17101

Chief Thomas Carter
123 Walnut Street
PS-211
Harrisburg, PA 17101

Respectfully Submitted,
Prince Law Offices, P.C.

Joshua Prince, Esq.
Attorney for Petitioner
Attorney ID # 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 ext 81114
Joshua@PrinceLaw.com

DATED: January 24, 2015

# Office of the Sheriff



IMAGED

**Shelley Ruhl**
Real Estate Deputy

**Matthew L. Owens**
Solicitor

**Jack Duignan**
Chief Deputy

**Michael W. Rinehart**
Assistant Chief Deputy

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

**Jack Lotwick**
Sheriff

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | : | FIREARM OWNERS AGAINST CRIME, KIM STOLFER, JOSHUA FIRST & HOWARD BULLOCK |
| | | VS |
| **County of Dauphin** | : | CITY OF HARRISBURG |

Sheriff's Return
No. 2015-CV-00354-EQ

And now: JANUARY 20, 2015  at 9:15:00 AM served the within COMPLAINT upon CITY OF

HARRISBURG by personally handing to MICHAEL BROWNSWEIGER  1 true attested copy of the

original  COMPLAINT  and making known to him/her the contents thereof at CITY GOVERNMENT

CENTER

10 NORTH SECOND STREET HBG PA 17101

PARA-LEGAL WHO ACCEPTED AS ADULT PERSON IN CHARGE FOR THE DEFENDANT,
CITY OF HARRISBURG AT TIME OF SERVICE.

So Answers,

Sheriff of Dauphin County, Pa.

Deputy: JOSHUA FRUHWIRTH
Plaintiff: FIREARM OWNERS AGAINST CRIME, KIM STOLFER, JOSHUA FIRST & HOWARD
BULLOCK
Sheriff's Costs: $92 1/16/2015
Out Of County Cost:

# Office of the Sheriff



| | |
|---|---|
| **Shelley Ruhl**<br>Real Estate Deputy | **Jack Duignan**<br>Chief Deputy |
| **Matthew L. Owens**<br>Solicitor | **Michael W. Rinehart**<br>Assistant Chief Deputy |

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

**Jack Lotwick**
Sheriff

| | | |
|---|---|---|
| **Commonwealth of Pennsylvania** | : | FIREARM OWNERS AGAINST CRIME, KIM STOLFER, JOSHUA FIRST & HOWARD BULLOCK |
| | | VS |
| **County of Dauphin** | : | CITY OF HARRISBURG |

Sheriff's Return
No. 2015-CV-00354-EQ

And now: JANUARY 20, 2015  at 9:15:00 AM served the within COMPLAINT upon MAYOR

ERIC PAPENFUSE by personally handing to MICHAEL BROWNSWEIGER  1 true attested copy of

the original  COMPLAINT  and making known to him/her the contents thereof at CITY

GOVERNMENT CENTER

10 NORTH SECOND STREET HBG PA 17101

PARA-LEGAL WHO ACCEPTED AS ADULT PERSON IN CHARGE FOR THE DEFENDANT,
MAYOR ERIC PAPENFUSE AT TIME OF SERVICE.

So Answers,

_____
Sheriff of Dauphin County, Pa.

Deputy: JOSHUA FRUHWIRTH
Plaintiff: FIREARM OWNERS AGAINST CRIME, KIM STOLFER, JOSHUA FIRST & HOWARD
BULLOCK
Sheriff's Costs: $92 1/16/2015
Out Of County Cost:

# Office of the Sheriff



| | |
|---|---|
| Shelley Ruhl | Jack Duignan |
| Real Estate Deputy | Chief Deputy |
| Matthew L. Owens | Michael W. Rinehart |
| Solicitor | Assistant Chief Deputy |

Dauphin County
101 Market Street
Harrisburg, Pennsylvania 17101-2079
ph: (717) 780-6590 fax: (717) 255-2889

Jack Lotwick
Sheriff

**Commonwealth of Pennsylvania** : FIREARM OWNERS AGAINST CRIME, KIM STOLFER, JOSHUA FIRST & HOWARD BULLOCK
                                                                                   VS
**County of Dauphin** : CITY OF HARRISBURG

Sheriff's Return
No. 2015-CV-00354-EQ

And now: JANUARY 20, 2015  at 9:15:00 AM served the within COMPLAINT upon POLICE

CHIEF THOMAS CARTER by personally handing to MICHAEL BROWNSWEIGER  1 true

attested copy of the original  COMPLAINT  and making known to him/her the contents thereof at CITY

GOVERNMENT CENTER

10 NORTH SECOND STREET HBG PA 17101

PARA-LEGAL WHO ACCEPTED AS ADULT PERSON IN CHARGE FOR THE DEFENDANT,
POLICE CHIEF THOMAS CARTER AT TIME OF SERVICE.

So Answers,

_____
Sheriff of Dauphin County, Pa.

Deputy: JOSHUA FRUHWIRTH
Plaintiff: FIREARM OWNERS AGAINST CRIME, KIM STOLFER, JOSHUA FIRST & HOWARD
BULLOCK
Sheriff's Costs: $92 1/16/2015
Out Of County Cost: