IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST CRIME, KIM STOLFER, and JOSHUA FIRST,** | : : : | **Jury Trial Demanded** |
| Plaintiffs | : : | |
| v. | : : | Judge Yvette Kane |
| **CITY OF HARRISBURG, MAYOR ERIC PAPENFUSE, and POLICE CHIEF THOMAS CARTER,** | : : : : | Docket No. 1:15-cv-322-YK |
| Defendants | : | |

**MOTION TO REMAND OR ALTERNATIVELY, TO SEVER AND REMAND STATE LAW CLAIMS AND HOLD FEDERAL CLAIMS IN ABEYANCE**

Plaintiffs Firearm Owners Against Crime (hereinafter "FOAC"), Kim Stolfer, and Joshua First [collectively, "Plaintiffs"], by and through their counsel, Joshua Prince, Esq., and Prince Law Offices, P.C., hereby submit their Motion to Remand or Alternatively, to Sever and Remand State Law Claims and Hold Federal Claims in Abeyance. In support thereof, Plaintiffs aver the following:

1. On January 16, 2015, Plaintiffs and Mr. Howard Bullock filed a 29-count complaint against Defendants City of Harrisburg, Harrisburg Mayor Eric Papenfuse, and Harrisburg Police Chief Thomas Carter, alleging violations of 18 Pa.C.S.A. § 6120, Article 1, § 21 of the Pennsylvania Constitution, and the Second Amendment to the United States Constitution. A copy of the Complaint is docketed in this matter as Document 1-1.

1

2. The basis of the lawsuit is Defendants' current enforcement of and refusal to repeal five (5) City Ordinances that are preempted by state law.

3. In removing this case from state to federal court, Defendants only removed three of the four Plaintiffs from the state action, docket 2015-CV-354-EQ; State Plaintiff Howard Bullock was not removed and was not listed in the Notice of Removal, on the Civil Cover Sheet, or in the docket to this case.

4. In the Notice of Removal, the Plaintiffs being removed are specified in the caption and only include FOAC, Kim Stolfer and Joshua First. A copy of the Notice of Removal is docketed in this matter as Document 1.

5. In the Civil Cover Sheet, the only Plaintiffs specified are FOAC, Kim Stolfer and Joshua First. A copy of the Civil Cover Sheet is docketed in this matter as Document 1-2.

6. Plaintiffs FOAC, Kim Stolfer, and Joshua First are the only Plaintiffs listed in the Civil Docket. A copy of the Docket is attached hereto and incorporated herein as Exhibit A.

7. In Defendants' Motion to Dismiss Federal Claims And [sic] to Stay or Remand State Claims, the caption specifies "Firearm Owners Against Crime, Kim Stolfer, and Joshua First, Plaintiffs" and throughout only references "Firearm Owners," which is not defined anywhere within their pleading and can only be assumed to be in relation to Plaintiff Firearm Owners Against Crime. A copy of Defendants' Motion to Dismiss is docketed in this matter as Document 4.

8. Accordingly, all of Howard Bullock's claims against the Defendants remain before the Dauphin County Court of Common Pleas, docket 2015-CV-354-EQ.

9. Defendants' rationale for only removing the Plaintiffs in this matter is unknown; however, Defendants are now precluded from removing Howard Bullock, pursuant to 28 U.S.C. § 1446.

10. Defendants' oppose the remanding of the entire matter to the Dauphin County Court of Common Pleas.

## REMAND OF MATTER

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. As Mr. Bullock's claims remain before the Dauphin County Court of Common Pleas and the Plaintiffs to this matter originally joined in that action, this Honorable Court should remand this matter to the Dauphin County Court of Common Pleas, docket 2015-CV-354-EQ, so that the claims may move forward together, as originally filed.

13. This case presents novel issues of state law, which since the enactment of a recent amendment to 18 PA.C.S. § 6120, Act 192, the Pennsylvania courts have not yet fully addressed.

14. The state law issues presented before this Court are currently being litigated in Pennsylvania's courts, including Mr. Bullock's claims in docket 2015-CV-354-EQ.

15. Remanding this case would allow the state courts to address the specific state issues presented and permit the Plaintiffs and Mr. Bullock to proceed together, consistent with the original Complaint as filed.

16. The state law issues predominate over the federal issues.

17. A resolution of the state law issues in the state courts would negate the need for federal constitutional review.

### SEVERANCE AND REMAND OF STATE LAW CLAIMS

18. The foregoing paragraphs are incorporated herein as if set forth in full.

19. In the alternative, if this Honorable Court denies a complete remand of this matter, Plaintiffs respectfully request that the state law claims be severed and remanded to the Dauphin County Court of Common Pleas, docket 2015-CV-354-EQ, so that the state law claims can be addressed by the state courts, pursuant to the requirements of federalism.

### STAY OF CONSTITUTIONAL CLAIMS

20. The foregoing paragraphs are incorporated herein as if set forth in full.

21. In the event that this Honorable Court only severs the state law claims and remands those state law claims back to the Dauphin County Court of Common Pleas, docket 2015-CV-354-EQ, Plaintiffs respectfully request that the Court hold the federal claims in abeyance until such time as the state courts have the opportunity to decide the validity of the state law claims, pursuant to the requirements of federalism.

**WHEREFORE**, Plaintiffs respectfully request this Honorable Court to remand the case to state court.  In the alternative, Plaintiffs request this Court sever the state law

claims, remand them to the Dauphin County Court of Common Pleas and hold the matter in abeyance, pending resolution of the state law claims in the state courts.

                Respectfully Submitted,

                */s/ Joshua Prince*
                Joshua Prince, Esq.
                *Attorney for Plaintiffs*
                Pennsylvania Id. No. 306521
                PRINCE LAW OFFICES, P.C.
                646 Lenape Road
                Bechtelsville, PA 19505
                (610) 845-3803 (t)
                (610) 845-3903 (f)
                Joshua@PrinceLaw.com