**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVNIA**

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST** | : | |
| **CRIME, KIM STOLFER, and** | : | |
| **JOSHUA FIRST,** | : | **Jury Trial Demanded** |
| Plaintiffs | : | |
| | : | |
| **v.** | : | **Judge Yvette Kane** |
| | : | |
| **CITY OF HARRISBURG,** | : | |
| **MAYOR ERIC PAPENFUSE,** | : | **Docket No. 1:15-cv-322-YK** |
| **and POLICE CHIEF THOMAS** | : | |
| **CARTER,** | : | |
| Defendants | : | |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO REMAND OR**</u>
<u>**ALTERNATIVELY, TO SEVER AND REMAND STATE LAW CLAIMS AND**</u>
<u>**HOLD FEDERAL CLAIMS IN ABEYANCE**</u>

Plaintiffs Firearm Owners Against Crime, Kim Stolfer, and Joshua First

[collectively, "Plaintiffs"], by and through their counsel, Joshua Prince, Esq., and Prince

Law Offices, P.C., hereby submit their Memorandum in Support of the Motion to

Remand or Alternatively, to Sever and Remand State Law Claims and Hold Federal

Claims in Abeyance.

### I. Facts

Pennsylvania's Uniform Firearms Act ["UFA"] states that "[n]o county,

municipality or township may in any manner regulate[1] the lawful ownership, possession,

transfer or transportation of firearms, ammunition or ammunition components when

carried or transported for purposes not prohibited by the laws of this Commonwealth."

18 Pa.C.S.A. § 6120(a).  Defendants City of Harrisburg, ["City" or "Harrisburg"], Mayor

---

[1] This includes an "ordinance, a resolution, regulation, rule, practice or any other action
promulgated or enforced by a county, municipality or township." 18 Pa.C.S. § 6102(a.2).

Eric Papenfuse ["Papenfuse"], and Police Chief Thomas Carter ["Carter"] have enacted and are currently enforcing five (5) ordinances which regulate the following: possession of firearms by minors (Ordinance 3-345.1); discharging weapons or firearms (Ordinance 3-345.2); hunting, firearms and fishing (Ordinance 10-301.13); lost and stolen firearms (3-345.4); and emergency measures (3-355.2).  *See*, ¶¶ 88-92 and Exhibits B and C to Plaintiffs' Complaint.

On December 14, 2014, Plaintiff Firearm Owners Against Crime ["FOAC"] notified Defendant City that its laws were in violation of 18 Pa.C.S.A. § 6120.  Defendant Mayor Papenfuse stated that he liked the laws and would defend them.  *See* Complaint, ¶ 90 and Exhibit B ("The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too").  Defendant Carter stated that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms."  *Id.*, ¶ 91 and Exhibit B.  Defendant Papenfuse then stated that "[p]olice do regularly cite people for [the discharge ordinance] on a regular basis."  *Id.*, at ¶ 92 and Exhibit B.

On January 13, 2015, U.S. Law Shield filed a civil complaint in the Dauphin County Court of Common Pleas for injunctive relief against the same Defendants as are named in this case, among others.  *U.S. Law Shield, LLC,* ex rel*. Todd Hoover v. City of Harrisburg*, No. 2015-cv-255.  *U.S. Law Shield* challenges the validity of Defendant Harrisburg's firearms statutes exclusively under state law.  No federal claims or diverse parties are named in *U.S. Law Shield*, precluding the possibility of an additional removal to this Honorable Court.

The National Rifle Association ["NRA"] has also filed suit against three Pennsylvania municipalities, challenging similar ordinances: the City of Lancaster (*National Rifle Association v. City of Lancaster*, No CI-15-00246); the City of Pittsburgh (*National Rifle Association v. City of Pittsburgh*, No. GD-15-000715); and the City of Philadelphia (*National Rifle Association v. City of Philadelphia*, No. 150101620). The City of Lancaster moved to stay the proceedings, but the Honorable Joseph C. Madenspacher denied the request for stay on February 19, 2015. In addition, the constitutionality, under the state constitution, is being challenged in Pennsylvania's Commonwealth Court. *Leach v. Commonwealth of Pennsylvania*, No. 585 MD 2014.

On February 13, 2015, Defendants filed a Notice of Removal with this Court. However, Defendants only removed three of the four original Plaintiffs. Defendants expressly enumerated (not once, but three times) Plainitffs FOAC, Kim Stolfer, and Joshua First. In the caption of the Notice of Removal,[2] the Civil Cover Sheet,[3] and the caption to the Motion to Dismiss Federal Claims And [sic] to Stay or Remand State Claims,[4] Defendants named these three Plaintiffs, but specifically did not include Howard Bullock, who was one of the four original Plaintiffs in the state court action. As such, this Court has docketed the case without Mr. Bullock. *See*, Exhibit A to Plaintiffs' Motion to Remand or Alternatively, to Sever and Remand State Law Claims and Hold Federal Claims in Abeyance.

Plaintiffs now move this Court to remand the entire case to the Court of Common Pleas of Dauphin County, Pennsylvania.

---

[2] A copy of the Notice of Removal is docketed in this matter as Document 1.

[3] A copy of the Civil Cover Sheet is docketed in this matter as Document 1-2.

[4] A copy of Defendants' Motion to Dismiss is docketed in this matter as Document 4.

II.     **Argument**

    A.  **THIS HONORABLE COURT SHOULD REMAND THE ENTIRE CASE TO THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA**

    Pendent jurisdiction "exists whenever there is a claim arising under the Constitution, the Laws of the United States . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case."  *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 348-49 (1988).  In order for a federal court to claim pendent jurisdiction, the "state and federal claims must derive from a common nucleus of operative fact," such that the claims would normally be tried together.  *Id.*

    The federal courts do *not*, however, need to exercise pendent jurisdiction "in every case in which it has been found to exist." *Gibbs*, 383 U.S. at 726.  "It has consistently been recognized that pendent jurisdiction is a doctrine of discretion . . ." *Id.*  In order to determine whether to exercise this discretionary jurisdiction, the courts should consider "judicial economy, convenience and fairness to litigants."  *Id.*  "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties . . . . [I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought," they may be severed and remanded.  *Id.  See also, Balazik v. County of Dauphin*, 44 F.3d 209, 216-17 (3d Cir. 1995)(holding that where a federal district court had power to dismiss state law claims, it could remand instead, so long as the state courts had power to grant relief or remedy).

Thus, "[w]hen the balance of these factors indicates that a case properly belongs in state court . . . the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). "[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." *Id.* The Supreme Court of the United States held in *Cohill* that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Cohill*, 484 U.S. at 357.

i.   *This Honorable Court should remand the case to state court based on Defendants' procedural defects in the Notice of Removal.*

When a Notice of Removal has been filed, Plaintiff(s) may move to remand the case to state court "on the basis of any defect other than lack of subject matter jurisdiction . . ." 28 U.S.C. § 1447(b). *See also Albert v. Bayerische Motorenwerke*, 45 Fed.Appx. 170, 171 (3d Cir. 2002)("We have construed this section [28 U.S.C. § 1447(c)] to allow the District Court to remand for . . . a defect in removal procedure").

Pursuant to 28 U.S.C. § 1446(d), Defendants seeking to remove a case to federal court must take the following three steps: (1) file the notice of removal with the federal court; (2) provide written notice to *all* adverse parties; and (3) file a copy of the notice with the prothonotary of the state court.[5]

_____

[5] The United States District Court of New Jersey held that removal is not effected until all three of these requirements are met. *See La Maina v. Brannon,* 804 F.Supp. 607, 612-13 (D.N.J. 1992). While certainly not binding on this Court, it is instructive.

Here, Defendants did not notice *all* adverse parties and in fact, specifically and purposely left Howard Bullock's claims, including his Second Amendment claims, with the Dauphin County Court of Common Pleas.  Howard Bullock, as an original plaintiff in state court, is an adverse party.  By not removing Mr. Bullock from the state action, as evidenced by the caption in all four filings (Notice of Removal,[6] Civil Cover Sheet,[7] Notice to the Dauphin County Prothonotary and Motion to Dismiss[8]) and the docket[9] in this matter, Defendants have not noticed all adverse parties of the removal.  Whatever the reasons Defendants have for not including Mr. Bullock in their Notice of Removal, they have not included him in any of the removal proceedings and Mr. Bullock has continued to prosecute his claims in the Dauphin County Court of Common Pleas.  Thus, Defendants have not complied with § 1446(d)'s requirement to notice *all* adverse parties and pursuant to 28 U.S.C. § 1446(b), Defendants are now precluded from removing Mr. Bullock's claims.

As only three of the four adverse parties were notified and Mr. Bullock has continued to prosecute his claims in the Dauphin County Court of Common Pleas, Defendants' removal procedure contains a vital defect, one that touches on the Due Process rights of Mr. Bullock's to be notified and given an opportunity to present his claims.  As such, this Honorable Court should remand the entire case to the Court of Common Pleas of Dauphin County, Pennsylvania, so that the claims may move forward together, as originally filed.

---

[6] A copy of the Notice of Removal is docketed in this matter as Document 1.
[7] A copy of the Civil Cover Sheet is docketed in this matter as Document 1-2.
[8] A copy of Defendants' Motion to Dismiss is docketed in this matter as Document 4.
[9] *See*, Exhibit A to Plaintiffs' Motion to Remand or Alternatively, to Sever and Remand State Law Claims and Hold Federal Claims in Abeyance.

ii. *This Honorable Court should remand to the Court of Common Pleas of Dauphin County, Pennsylvania because state law issues predominate.*

State claims may be said to "substantially predominate" where "there is an important countervailing interest to be served by relegating state claims to the state court." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 789 (3d Cir. 1995). A claim may also predominate where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage." *Id*., quoting *Gibbs,* 383 U.S. at 727.

Here, Defendant City's ordinances are challenged on two significant state bases: that of the state's field preemption over firearms and ammunition regulations and the state constitution. These are both important issues of state law, which do not hinge on the constitutionality of the ordinances based on federal law or the federal constitution. Defendants' ordinances may be struck down as unlawful under both state statutory law and the state constitution, regardless of whether the ordinances survived review under the federal constitution. Therefore, the federal question is merely an appendage, while the state law claims comprise the body of this litigation.

On the state level, the ordinances may be found to be in violation of the state constitution or to be illegally enacted based on preemption. If this is the case, the federal question becomes moot. Because the federal courts should "refrain from passing on the constitutionality of a phase of a statute until a stage has been reached where the decision of the precise constitutional issue is necessary," the state court is the more appropriate venue here. *United States v. Spector,* 343 U.S. 169, 172 (1952).

By remanding the case to the state courts, where resolution will likely negate the federal constitutional issues based on the existing binding precedent within the Commonwealth, this Court would avoid unnecessarily ruling on a federal constitutional issue.  As the state law issues predominate, such that "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog," *Borough of West Mifflin*, 45 F.3d at 789, this Court should remand the case to the Dauphin County Court of Common Pleas.

**B.  ALTERNATIVELY, PLAINTIFFS FOAC, KIM STOLFER, AND JOSHUA FIRST REQUEST THAT THIS HONORABLE COURT SEVER AND REMAND THE STATE LAW CLAIMS, AND STAY THE FEDERAL QUESTIONS UNTIL A DETERMINATION IS MADE ON THE STATE LAW ISSUES IN THE STATE COURTS**

Pursuant to 28 U.S.C. § 1441(c), on removal, the federal court shall remand state law claims that are not part of the Court's supplemental jurisdiction.  28 U.S.C. § 1441(c)(2).  In order to exercise supplemental jurisdiction, the state law claims must be "so related to claims" over which the federal courts may exercise original jurisdiction "that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  Where a federal question exists *and* "the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case,'" the federal court may exercise supplemental jurisdiction.  *Gibbs,* 383 U.S. at 725.

"Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or

could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 237-38 (1984). Likewise, "federal courts should abstain from decision when difficult and unsettled questions of state law must be resolved before a substantial federal constitutional question can be decided." *Id.,* at 236. This is to "avoid both unnecessary adjudication of federal questions and needless friction with state policies." *Id.*, citing *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 500 (1941). This doctrine of abstention is "appropriate to our federal system whereby the federal courts . . . restrain their authority because of scrupulous regard for the rightful independence of the state governments and for the smooth working of the federal judiciary." *Pullman*, 312 U.S. at 500. (Internal marks omitted).

Here, the issues of state law are quite different from the federal questions, such that the state law claims and the federal constitutional issues do *not* comprise "one constitutional case." The constitutional claim under the Second Amendment is separate and distinct from the state law claims, which focus on matters of state preemption and the state constitution. The facts in this case are not complex and are more illustrative of the presentation of a pure legal question, rather than an application of settled law to a particular set of facts.

As the Third Circuit said in *Borough of West Mifflin*, "permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog." The state law claims are the crux of this litigation, in that their resolution will determine whether a federal question even exists. If the state

courts determine that the municipal ordinances are invalid under either (or both) the preemption statute or the state constitution, there is no federal question.

There are currently six cases concerning the state law issues here, in various stages of litigation in the Pennsylvania courts.[10]  Two of those cases specifically address Defendant Harrisburg's ordinances.[11]  All address the validity of municipal ordinances under 18 Pa.C.S.A. § 6120(a) and/or the constitutionality of the § 6120.   One of these cases has already survived a motion to stay and, as such, the litigation is proceeding.  As such, it is in the interest of both comity and judicial efficiency to sever the state law claims and hold the federal claims in abeyance.

III.    CONCLUSION

For the foregoing reasons, Plaintiffs FOAC, Kim Stolfer, and Joshua First respectfully request this Court to remand the case to the Court of Common Pleas of Dauphin County, Pennsylvania.  In the alternative, Plaintiffs FOAC, Kim Stolfer, and Joshua First respectfully request this Court to sever and remand the state law claims and to hold the federal questions in abeyance.

---

[10] *U.S. Law Shield v. City of Harrisburg*, No. 2015-cv-255 (challenging City of Harrisburg firearms ordinances under 18 Pa.C.S.A. § 6120); *National Rifle Association v. City of Lancaster*, No. CI-15-00246 (challenging City of Lancaster firearms ordinances under 18 Pa.C.S.A. § 6120); *National Rifle Association v. City of Pittsburgh*, No. GD-15-000715 (challenging City of Pittsburgh firearms ordinances under 18 Pa.C.S.A. § 6120); *National Rifle Association v. City of Philadelphia*, No. 150101620 (challenging City of Philadelphia firearms ordinances under 18 Pa.C.S.A. § 6120); *Leach v. Commonwealth of Pennsylvania*, No. 585 MD 2014 (challenging constitutionality of an amendment of 18 Pa.C.S.A. § 6120(a) under state constitution);
[11] Defendants removed three plaintiffs, but noticeably did not remove Howard Bullock. Thus, Howard Bullock is still continuing to prosecute his claims in state court.

Respectfully Submitted,

Joshua Prince, Esq.
PA Attorney ID No. 306521
*Attorney for Plaintiffs*

PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com