IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, Kim Stolfer, and Joshua First, Plaintiffs | : : : : | 1:15-cv-322 |
| v. | : : | Judge Kane |
| City of Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter, Defendants | : : : : | Jury Trial Demanded |

**Motion to Dismiss Federal Claims**
**And to Stay or Remand State Claims**

The City of Harrisburg, Mayor Papenfuse, and Chief Carter ask this Court to dismiss the Second Amendment claims as baseless in law and to stay or remand the supplemental state law claims:

1. Under both the U.S. and Pennsylvania Constitutions, Harrisburg can adopt reasonable regulations to protect the public. The U.S. Supreme Court has struck down complete handgun bans *in the home* in Chicago and D.C. In not one way does Harrisburg restrict anyone's right to defend their hearth and home.

2. To the extent Firearm Owners seek a right to go hunting, they can find no solace in the right to bear arms. The right to bear arms is a defensive right, pure and simple, and it grants no special right to recreational hunting.

3. While courts throughout our nation are frequently now reviewing the scope of the right to bear arms outside one's home, Harrisburg's laws do not infringe on such a right:

  a. **Reporting lost or stolen guns-** There is no possible way this reporting requirement restricts the right to defend oneself.

  b. **Unsupervised children-** Children have no right to carry guns without supervision outside the house. The suggestion by Firearm Owners otherwise has no basis in law.

  c. **Discharge-** Cities have adopted similar ordinances since our nation's founding. Justice Scalia, writing for the Supreme Court in *Heller v. D.C.*, defended similar discharge ordinances as abundantly reasonable. Firearm Owners' challenge to this ordinance is frivolous.

  d. **Parks-** Harrisburg has complete authority to ban firearms on its property. The U.S. Supreme Court in *Heller* recognized that no person has a right to step onto school grounds or into a government building with a gun. So too with public parks and playgrounds.

  e. **Emergencies-** Harrisburg has a substantial interest in protecting the public from looting during an emergency.

4. Turning to the Firearm Owners' claim of state law preemption, they read Pennsylvania's Uniform Firearm Act too broadly. That statute only prohibits

cities from regulating the "*lawful*" possession or carrying of firearms. Under Pennsylvania law, it is illegal to carry guns during a declared emergency, to carry guns in parks, and for unsupervised children to carry guns.

5. Nor does the reporting requirement regulate the lawful possession or carrying of a lost or stolen gun. Whoever currently possesses or carries a lost or stolen gun, they are not carrying it *lawfully*.

6. In addition, the Third Class City Code specifically permits Harrisburg to ban the discharge or the concealed carrying of weapons.

7. Firearm Owners also lack standing. They cannot demonstrate an imminent loss or theft of their guns or imminent state of emergency. Nor do Firearm Owners claim a desire to go shooting their guns off in the city. Further, it is already illegal to carry guns in parks and during a declared emergency, and for unsupervised children to carry guns. Indeed, Harrisburg is legally obligated to enforce state regulations in its parks because it accepts financial assistance from the state.

8. Firearm Owners have not demonstrated that Harrisburg prohibits any *lawful* activity that they wish to engage in, and they have no right to violate Pennsylvania law. If they wish to challenge state laws, they have named the wrong defendants.

3

9. Firearm Owners claim standing under Act 192 of 2014, which expanded standing under the Uniform Firearm Act to anyone with a gun. But Act 192, which legislators tacked onto bills about mental health records and theft of copper wire, violates the single subject and original purpose rules of the Pennsylvania Constitution. Because of this, the Commonwealth Court has agreed to expedited review of the statute *en banc* in *Leach v. Com.*, 584 M.D. 2014.

10. Act 192 violates the Pennsylvania Constitution's standing provision as well by expanding standing to uninjured plaintiffs. While the General Assembly can expand the scope of rights, it cannot re-define injury as "not injured."

11. This Court should either remand the state law preemption claim (after dismissing the Second Amendment claim) or stay consideration of preemption until the Commonwealth Court rules.

12. In addition to these issues, Firearm Owners cannot seek damages under the Pennsylvania Constitution, the Mayor and Police Chief are immune from suit under both state and federal law, and the official capacity claims are redundant with the claim against Harrisburg itself.

13. I have spoken to Joshua Prince, Plaintiffs' attorney, who expressed that he will oppose this motion.

For these reasons, this Court should dismiss the Second Amendment claims, and remand or stay the state law preemption claims.

> Respectfully submitted,
>
> Lavery Faherty
>
> */s/ Frank J. Lavery*
> Frank J. Lavery, Esquire
> Pennsylvania Bar No. 42370
>
> */s/ Joshua M. Autry*
> Joshua M. Autry, Esquire
> Pennsylvania Bar No. 208459
> 225 Market Street, Suite 304
> P.O. Box 1245, Harrisburg, PA 17108-1245
> (717) 233-6633 (phone)
> (717) 233-7003 (fax)
> flavery@laverylaw.com
> jautry@laverylaw.com
> Attorneys for the City of Harrisburg, Mayor Papenfuse, and Chief Carter

Dated: February 20, 2015

## Certificate of Service

I certify that on February 20, 2015, I served a true and correct copy of this filing via the ECF System to the following:

Joshua Prince, Esquire
joshua@princelaw.com

>            /s/ *Aimee L. Paukovits*
>            Aimee L. Paukovits
>            Legal Secretary to Frank Lavery, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, Kim Stolfer, and Joshua First, Plaintiffs | : : : | 1:15-cv-322 |
| | : | Judge Kane |
| v. | : | |
| City of Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter, Defendants | : : : : | Jury Trial Demanded |

## Order

This Court dismisses the claims arising under the U.S. Constitution, and remands the remaining state law claims.

By the Court:

_____

Judge Yvette Kane

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, and Joshua First, | : | |
| Plaintiffs | : | Judge Kane |
| v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
| Defendants | : | Jury Trial Demanded |

## Certificate of Non-Concurrence

I certify that Plaintiffs oppose this motion.

Respectfully submitted,

Lavery Faherty

*/s/Joshua M. Autry*
Joshua M. Autry, Esquire
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
Pennsylvania Bar No. 208459
jautry@laverylaw.com
Attorney for City of Harrisburg,
Mayor Papenfuse, and Chief Carter

Dated: February 20, 2015