**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVNIA**

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST CRIME, KIM STOLFER, and JOSHUA FIRST,** | : : : | **Jury Trial Demanded** |
| Plaintiffs | : : | |
| v. | : : | Judge Yvette Kane |
| **CITY OF HARRISBURG, MAYOR ERIC PAPENFUSE, and POLICE CHIEF THOMAS CARTER,** | : : : : | Docket No. 1:15-cv-322-YK |
| Defendants | : | |

**MOTION FOR ENTRY OF DEFAULT**

Plaintiffs Firearm Owners Against Crime (hereinafter "FOAC"), Kim Stolfer, and Joshua First [collectively, "Plaintiffs"], by and through their counsel, Joshua Prince, Esq., and Prince Law Offices, P.C., hereby submit their Motion for Entry of Default, pursuant to Fed.R.Civ.P. 55(a), and in support thereof, Plaintiffs aver the following:

BACKGROUND

1. On January 16, 2015, Plaintiffs and Mr. Howard Bullock filed a 29-count complaint against Defendants City of Harrisburg, Harrisburg Mayor Eric Papenfuse, and Harrisburg Police Chief Thomas Carter [collectively "Defendants"], in the Dauphin County Court of Common Pleas, alleging violations of 18 Pa.C.S.A. § 6120, Article 1, § 21 of the Pennsylvania Constitution, and the Second Amendment to the United States Constitution. A copy of the Complaint is docketed in this matter as Document 1-1.

1

2. The basis of the lawsuit is Defendants' current enforcement of and refusal to repeal five (5) City Ordinances that are preempted by state law.

3. On January 20, 2015, Defendants were served with the Complaint by the Dauphin County Sheriff's Department. *See,* Defendants' Notice of Removal, ¶ 1, which is docketed in this matter as Document 1.

4. On February 13, 2015, Defendants removed FOAC, Kim Stolfer and Joshua First's claims to this Honorable Court.

5. Plaintiffs FOAC, Kim Stolfer, and Joshua First are the only plaintiffs in this matter, as specified in the Civil Docket. A copy of the Docket is attached hereto and incorporated herein as Exhibit A.

6. On February 20, 2015, Defendants filed a Motion to Dismiss Federal Claims And to Stay or Remand State Claims [hereinafter "Motion to Dismiss"]. A copy of Defendants' Motion to Dismiss is docketed in this matter as Document 4.

7. Nowhere within Defendants' Motion to Dismiss do Defendants use the word "Plaintiff" or "Plaintiffs".

8. Nowhere within Defendants' Motion to Dismiss do Defendants name any of the Plaintiffs – FOAC, Kim Stolfer or Joshua First.

9. The only entity referenced in relation to Defendants' Motion to Dismiss is "Firearm Owners," which is neither a Plaintiff in this matter nor defined anywhere within their pleading. *See*, Exhibit A and Defendants' Motion to Dismiss.

10. Accordingly, Defendants have not filed a motion to dismiss in relation to any of the Plaintiffs in this matter.

11. Further, Defendants have not filed an Answer in relation to any of the Plaintiffs in this matter.

### FED.R.CIV.P. 81(c)

12. Fed.R.Civ.P. 81(c) provides:

    **Removed Actions.**

    (1) Applicability. These rules apply to a civil action after it is removed from a state court.

    (2) Further Pleading. After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:

    (A) 21 days after receiving--through service or otherwise--a copy of the initial pleading stating the claim for relief;

    (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or

    (C) 7 days after the notice of removal is filed.

### FED.R.CIV.P. 55(a)

13. Fed.R.Civ.P 55(a) provides:

    **Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

### ENTRY OF DEFAULT

14. The foregoing paragraphs are incorporated herein as if set forth in full.

15. As Defendants were served with the Complaint on January 20, 2015 and filed their Notice of Removal on February 13, 2015 and have failed to plead or otherwise defend in relation to the Plaintiffs in this matter in the time permitted by

Fed.R.Civ.P. 81(c), Plaintiffs are entitled to the entry of a default against Defendants.

**WHEREFORE**, Plaintiffs respectfully request that the Clerk enter a default in their favor against Defendants.

Respectfully Submitted,

/s/ Joshua Prince
Joshua Prince, Esq.
*Attorney for Plaintiffs*
Pennsylvania Id. No. 306521
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com