IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
| Plaintiffs | : | (Judge Yvette Kane) |
| v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
| Defendants | : | Jury Trial Demanded |

**Brief in Opposition to
Motion to Remand**

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

March 9, 2015

# Table of Contents

I.   **Procedural History:** .......................................................................................... **3**

II.  **Facts:** ................................................................................................................ **5**

III. **Question Presented:** ........................................................................................ **5**

IV.  **Argument:** ....................................................................................................... **6**

   A.   This Court has jurisdiction over the Section 1983 claim. ............................... 6

   B.   This Court cannot decline jurisdiction over a federal claim. ......................... 7

   C.   This Court has supplemental jurisdiction over all state law claims. .............. 9

   D.   The federal claims predominate. .................................................................. 12

   E.   This Court should not abstain. ...................................................................... 14

   F.   Defendants removed the entire case. ............................................................ 15

   G.   Defendants notified Plaintiffs and the state court. ....................................... 17

   H.   This Court should not remand because of procedural defect. ....................... 17

   I.   This Court should excuse the caption error. ................................................. 20

   J.   This Court should excuse the cover sheet error. ........................................... 20

   K.   Plaintiffs did not seek concurrence. ............................................................. 23

V.   **Conclusion:** .................................................................................................... **25**

# Table of Authorities

**Cases**

*Albert v. Bayerische Motorenwerke*, 45 F. App'x 170 (3d Cir. 2002)....................18

*Barney v. Latham*, 103 U.S. 205 (1880) ................................................................15

*Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995) ......... 5, 11, 13

*Bowman v. Weeks Marine*, 936 F. Supp. 329 (D.S.C. 1996)..................................15

*Boyce v. St. Paul Fire & Marine Ins.*, 1993 WL 21210 (E.D. Pa. Jan. 28, 1993)...19

*Busby v. Capital One*, 759 F.Supp.2d 81 (D.D.C.2011).........................................16

*Cain v. Hyatt*, 1989 WL 17551 (E.D. Pa. Mar. 1, 1989) ........................................20

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988) ...................................6

*Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156 (1997)................................ 5, 9, 14

*Cintron v. Union Pac. R.*, 813 F.2d 917 (9th Cir. 1987) ........................................20

*Cosper v. Frederick*, 73 B.R. 636 (Bankr. N.D.Fla. 1986)....................................20

*Covington v. Indem. Ins.*, 251 F.2d 930 (5th Cir. 1958).........................................17

*Disher v. Citigroup Global Markets*, 487 F. Supp. 2d 1009 (S.D.Ill. 2007)...........15

*Dri Mark Products, Inc. v. Meyercord*, 194 F. Supp. 536 (S.D.N.Y. 1961) ...........19

*Early v. Bankers Life & Cas.*, 853 F. Supp. 268 (N.D.Ill. 1994) ...........................21

*Efford v. Milam*, 368 F. Supp. 2d 380 (E.D. Pa. 2005) ...........................................18

*Evans v. Johns Hopkins Health Sys.*, 2000 WL 1670985 (D.Md. Oct. 16, 2000)...22

*Fetters v. Paragon Way*, 2010 WL 5174989 (M.D. Pa. Dec. 15, 2010) .................23

*Grecco v. Sanofi Winthrop Pharm.*, 1997 WL 68551 (N.D.Cal. Feb. 13, 1997) ....22

*Henderson v. Harrah's Marina Hotel Casino*, 110 F.R.D. 66 (E.D. Pa. 1986) ......21

*In re Horob*, 54 B.R. 693 (Bankr. D.N.D. 1985)....................................................20

*In re Soares*, 2014 WL 3397674 (Bankr. N.D.Cal. July 11, 2014).........................20

*Khan v. Bank of Am.*, 2012 WL 1495592 (D.N.J. Apr. 27, 2012)...........................16

*La Maina v. Brannon*, 804 F. Supp. 607 (D.N.J. 1992) .........................................16

*Miller v. Lovett*, 879 F.2d 1066, 1072 (2d Cir.1989)................................................12

*Miller v. Trometter*, 2012 WL 5933015 (M.D. Pa. Nov. 27, 2012) ........................19

*Mincy v. Staff Leasing*, 100 F. Supp. 2d 1050 (D.Ariz. 2000) .............................5, 8

*Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966)..........................................8, 11

*Moses H. Cone Mem'l Hosp. v. Mercury Const.*, 460 U.S. 1, 26 (1983)................14

*Paluch v. Rambo*, 453 F. App'x 129 (3d Cir. 2011) ................................................17

*Plumb v. C.I.R.*, 2005 WL 2249118 (S.D.Fla. Aug. 16, 2005)................................20

*Polyplastics v. Transconex,* 713 F.2d 875 (1st Cir. 1983).......................................15

*Quackenbush v. Allstate*, 517 U.S. 706, 721 (1996)...............................................14

*Scheibler v. Highmark Blue Shield*, 243 F. App'x 691 (3d Cir. 2007) ...................17

*Scheibler v. Highmark Blue Shield*, 243 F. App'x 691, 694 (3d Cir. 2007) ..... 17, 21

*Schmidt v. Cnty. of Nevada*, 2011 WL 445836, at *4 (E.D.Cal. Feb. 8, 2011) 11, 14

*The Pers. Touch v. Lenox*, 122 F.R.D. 470 (E.D.Pa. 1988)....................................22

**Statutes**

28 U.S.C. §1331 ................................................................................5, 18
28 U.S.C. §1441 .....................................................................................7
28 U.S.C.A. §1367 ..............................................................................8, 9
42 U.S.C. §1983 ...................................................................................19

**Treatise**

Wright & Miller, 14B Fed. Prac. & Proc. Juris. §3722.3 (4th ed.) ..........................8

## I.    Procedural History:

Plaintiffs filed suit in state court on January 16th against Harrisburg, Mayor Papenfuse, and Chief Carter. Kim Stolfer and Plaintiffs' attorney Joshua Prince verified the Complaint. Ex. 1. Howard Bullock and Joshua First did not.

The Complaint was served on the Defendants on January 20th. Ex. 2. On January 28th, defense counsel entered their appearance for Defendants. Ex. 3. Defense counsel inadvertently left Howard Bullock off the caption. On January 29th, Bullock and First submitted verifications. Ex. 4.

Defendants timely filed a notice of removal with the Complaint attached on February 13th, and promptly served notice on the state court that same day (Ex. 5) with the notice of removal and Complaint attached. Defendants served Plaintiffs' counsel by mail and through ECF. As with the entries of appearance, defense counsel mistakenly left Bullock out of the caption of these documents and the civil cover sheet.

Defendants timely moved to dismiss the case on February 20th, accidentally without mentioning Bullock as with the prior filings. The state court transferred the case that same day. (Ex. 6). Defense counsel did not learn of this error until Plaintiffs filed their motion to remand on February 22nd, arguing that Bullock's claims—identical to the other individual Plaintiffs—remain in state court due to

defense counsel's clerical error. As the Clerk's direction, Plaintiffs refiled the brief in support of remand as a separate entry the following day.

Defense counsel received 10 day notices of Bullock's intent to seek a default in state court on February 24th. Ex. 7. On February 27th, Defendants filed a motion in state court to strike the 10 day notices, arguing that the entire case was removed in spite of counsel's error and that the state court lacks jurisdiction. Ex. 8. That night, Plaintiffs filed a motion for default in this Court. At the Clerk's direction, Plaintiffs filed a proposed order on March 2nd.

On March 3rd, Bullock filed a praecipe for default in state court (Ex. 9), and the prothonotary entered a judgment against Defendants (Ex. 10), as a pure ministerial act. Judge Dowling has scheduled a conference on the matter for March 17th. (Ex. 11).

## II.    Facts:

Defense counsel failed to include Howard Bullock in the caption when they entered their appearances in January and when they removed the case in February.

## III.    Question Presented:

Does this Court have jurisdiction over the Section 1983 claim? Yes.

Does this Court have jurisdiction over the related state claims? Yes.

Should this Court remand the Section 1983 claim because of defense counsel's clerical error? No.

Should this Court remand because of related state claims? No.

**IV.   Argument:**

**A. <u>This Court has jurisdiction over the Section 1983 claim.</u>**

A claim under Section 1983 clearly asserts a federal question. *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 785 (3d Cir. 1995). This Court has original jurisdiction over any claim arising under the federal Constitution or laws. 28 U.S.C. §1331. A claim under Section 1983 arises under both. Further, Section 1343(a)(3) and (4) give original jurisdiction over civil rights actions specifically.

Plaintiffs did not have to bring the federal claim, but made a conscious decision to do so. Because of their choice, removal was proper. *See City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 166 (1997)("The District Court's original jurisdiction derives from ICS' federal claims, not its state law claims."); *Mincy v. Staff Leasing*, 100 F. Supp. 2d 1050, 1053 (D.Ariz. 2000)("Plaintiffs chose to plead a federal cause of action under FLSA, thus subjecting themselves to possible removal.").

Even where a case involves non-removable state claims, this Court still has jurisdiction over federal claims. *Int'l Coll. of Surgeons*, 522 U.S. at 168 ("ICS' view that the district courts lack jurisdiction even over the *federal* claims in its actions stems from the mistaken idea… that the other, nonfederal claims somehow take the complaints in their entirety (including the federal claims) out of the federal

courts' jurisdiction."). As explained below, this Court has jurisdiction over the state claims too.

### B. __This Court cannot decline jurisdiction over a federal claim.__

Section 1441(c) now makes clear that this Court cannot decline federal question jurisdiction in a removed case. Plaintiffs rely upon *Borough of W. Mifflin*, but that case was interpreting the 1990-version of Section 1441(c), which stated:

> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.[1]

In 2011, Congress amended Section 1441(c) to state:

> (1) If a civil action includes—
>
> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute,

---

[1] For the same reason, Plaintiffs' citation to *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988), is not helpful. *Carnegie-Melon* relied on Congress's silence at the time. *Carnegie-Mellon* also involved discretion to remand or dismiss state claims *after dismissal of the federal claims* whereas Plaintiffs seek remand of the *federal* and state claims.

the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. …

Subsection (c) by its terms does not apply here because all claims are "within the original or supplemental jurisdiction of the district court…" §1441(c)(1)(B). Even if it *did* apply, "the entire action may be removed…" §1441(c)(1). Further, the remedy for removal of non-removable claims is not complete remand, but only severance of non-removable claims and partial remand of those claims. §1441(c)(2).

Wright and Miller explain that, where courts used to wrestle with determinations of whether supplemental claims are removable, the analysis is simple: all claims are initially removed and this Court thereafter severs and remands any non-removable claims:

Section 1441(c) as amended in 2011 eliminates these interpretive difficulties. It does so by focusing on two sets of claims: federal question claims and claims within supplemental jurisdiction, on the one hand, and claims that fall within neither federal question nor supplemental jurisdiction or that have been made not removable by statute, on the other hand. The statute eliminates any middle ground, and makes claims that fall within neither federal question nor supplemental jurisdiction (and claims that have been made not removable by statute)

8

> removable if but only if they are part of a civil action
> along with a federal question claim that falls within the
> jurisdiction of the federal courts under 28 U.S.C.A. §
> 1331.

14B Fed. Prac. & Proc. Juris. § 3722.3 (4th ed.). It is now clear that this Court

cannot decline jurisdiction over federal claims simply because a case also includes

non-removable claims. In this case, all claims are removable, rendering Section

1441(c)'s severance provision inapplicable.

### C. **This Court has supplemental jurisdiction over all state law claims.**

Under 28 U.S.C.A. §1367(a), this Court has "supplemental jurisdiction over

all other claims that are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution." All claims here are based upon the same facts and

form the same case and controversy.

"Federal courts are reluctant to remand state claims, once they obtain

original jurisdiction based on federal question, where all the claims derive from the

same set of facts." *Mincy*, 100 F. Supp. 2d at 1053. The question is whether the

claims arise from a "common nucleus of operative fact." *United Mine Workers of

Am. v. Gibbs*, 383 U.S. 715, 725 (1966). "But if, considered without regard to their

federal or state character, a plaintiff's claims are such that he would ordinarily be

expected to try them all in one judicial proceeding, then, assuming substantiality of

the federal issues, there is power in federal courts to hear the whole." *Id.*

9

The Supreme Court explained in *International College of Surgeons*:

> [O]nce the case was removed, the District Court had original jurisdiction over ICS' claims arising under federal law, and thus could exercise supplemental jurisdiction over the accompanying state law claims so long as those claims constitute "other claims that ... form part of the same case or controversy." § 1367(a). We think it clear that they do. The claims for review of the Commission's decisions are legal "claims," in the sense that that term is generally used in this context to denote a judicially cognizable cause of action. And the state and federal claims "derive from a common nucleus of operative fact," Gibbs, supra, at 725, 86 S.Ct., at 1138, namely, ICS' unsuccessful efforts to obtain demolition permits from the Chicago Landmarks Commission. That is all the statute requires to establish supplemental jurisdiction (barring an express statutory exception, see § 1367(a)).

*Int'l Coll. of Surgeons*, 522 U.S. at 165-66.

It is true that "district courts can decline to exercise jurisdiction over pendent claims…" *Id.* at 172. Those reasons are "if—

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

28 U.S.C. §1367(c). But this Court cannot decline jurisdiction over federal claims.

In *Borough of West Miflin*, the Court held that the following claims were part of the same case and controversy:

> (1) state law claims of malicious prosecution, malicious abuse of process, assault, and conspiracy against all defendants; (2) a negligence claim against the municipal defendants; (3) a negligence claim against the DeBartolo defendants; and (4) a federal claim under 42 U.S.C. § 1983 which alleged that the municipal defendants and the DeBartolo defendants conspired to deprive Lindsey and Coughanour of their civil rights through harassment, assault, false arrest, malicious prosecution, and abuse of process in violation of the 4th, 5th, and 14th amendments.

45 F.3d at 783-84, 787.

Under *Borough of West Mifflin,* this Court has clear supplemental jurisdiction over the pendant state constitutional claim and preemption claim. The preemption claim derives from the same nucleus of operative facts as the Second Amendment claim under Section 1983. Further, this Court will analyze the elements of Harrisburg's gun ordinances and the related Pennsylvania gun laws in deciding the Second Amendment claim anyway.

The state law preemption does involve different issues of standing under Act 192 of 2014, which is subject to the Commonwealth Court challenge. This Court should simply stay consideration of that claim until the Commonwealth Court resolves the matter. If Act 192 is struck down, then Plaintiffs will have to satisfy

the traditional standing requirement and the law on standing in federal and state courts both require proof of actual or imminent harm.

### D. __The federal claims predominate.__

Plaintiffs argue that the preemption claim predominates. As mentioned above, dismissal of the *federal* claim is not permissible on this basis under Section 1441(c). Nor is dismissal of the state claim.

"[W]hen a plaintiff alleges a violation of constitutional rights under 42 U.S.C. § 1983, it is highly unlikely that state law tort claims will substantially predominate." *Schmidt v. Cnty. of Nevada*, 2011 WL 445836, at *4 (E.D.Cal. Feb. 8, 2011). The Third Circuit has explained the narrowness of this exception:

> When a district court exercises its discretion not to hear state claims under § 1367(c)(2), the advantages of a single suit are lost. For that reason, § 1367(c)(2)'s authority should be invoked only where there is an important countervailing interest to be served by relegating state claims to the state court. This will normally be the case only where "a state claim constitutes the real body of a case, to which the federal claim is only an appendage," *Gibbs*, 383 U.S. at 727, 86 S.Ct. at 1140—only where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.

*Borough of W. Mifflin*, 45 F.3d at 789.

In this case, "[i]t is true that the state claims here outnumber the federal claims. The 'substantially predominate' standard, however, is not satisfied simply

by a numerical count of the state and federal claims the plaintiff has chosen to assert on the basis of the same set of facts." *Id.* at 789.

The Section 1983 claim is not a mere appendage to the Complaint. The Complaint in reality has three claims for each ordinance: the ordinance violates the federal right to bear arms, the state right to bear arms, and the preemption statute. The right to bear arms claims are identical under federal and state law as Pennsylvania courts have not held the state constitutional provision to be any broader in scope that its federal counterpart. *Id.* at 790 (overlap between state and federal standards supports federal jurisdiction). *Cf. Miller v. Lovett*, 879 F.2d 1066, 1072 (2d Cir.1989)(abuse of discretion to dismiss state claims for assault and negligence even though Section 1983 involves higher standard for liability).

By ruling on the Second Amendment claims, this Court will rule on *two-thirds* of the case. This is not a tail wagging the dog scenario. The Complaint repeatedly refers to the federal right to bear arms and Section 1983 throughout, even explaining recent U.S. Supreme Court case law. Plaintiffs argue that, if they prevail on the preemption claims, then they do not need the right to bear arms claims to obtain an injunction. Plaintiffs' arguments—if accepted—would apply in every, single case seeking injunctive relief under federal and state law. As explained below, abstention should be the exception, not the rule.

13

The Third Circuit has held that Plaintiffs' argument *favors* federal jurisdiction:

> The remedy sought based on the state claims is the same remedy sought based on the federal claims—damages for the same set of injuries to the plaintiffs. …[T]he difficulty of avoiding duplicative recoveries is a factor tending to weigh against litigating related federal and state claims in different fora.

*Borough of W. Mifflin*, 45 F.3d at 789. Further, Plaintiffs' argument is incorrect. The Section 1983 claim will not vanish if Plaintiffs receiving injunctive relief on the preemption claim. Under Section 1983, Plaintiffs seek declaratory relief, injunctive relief, attorney fees, and damages. These claims will remain until judgment is entered on the claims.

This Court is best suited to consider the federal constitutional question. This Court's early resolution of qualified immunity is essential, which protects the Mayor and Chief *from* the burdens of litigation. As explained in the motion to dismiss brief, qualified immunity hinges upon Third Circuit precedent. In addition, if qualified immunity is denied by this Court, the Mayor and Chief have a right to seek interlocutory appeal directly to the Third Circuit. For these reasons, this Court has substantial reason to resolve the federal claim.

### E.  **This Court should not abstain.**

The abstention doctrine does not permit abstention over the Section 1983 claim. "Although in some rare circumstances the presence of state-law issues may

14

weigh in favor of that surrender, the presence of federal-law issues must always be a major consideration weighing against surrender." *Moses H. Cone Mem'l Hosp. v. Mercury Const.*, 460 U.S. 1, 26 (1983). Further, abstention does not permit remand of claims for damages. *Schmidt*, 2011 WL 445836, at *5(citing *Quackenbush v. Allstate*, 517 U.S. 706, 721 (1996))

Under the abstention doctrine, "district courts may be obligated not to decide state law claims (or to stay their adjudication) where one of the abstention doctrines articulated by this Court applies." *Int'l Coll. of Surgeons*, 522 U.S. at 174. Generally, the Supreme Court has approved abstention "only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." *Quackenbush*, 517 U.S. at 719(collecting cases). Accordingly, abstention (even if appropriate) would only justify staying the preemption claim.

But courts should rarely grant abstention, and only in extraordinary and narrow circumstances. *Id.* at 728. For example, abstention is typically due to an interest in not disturbing complex administrative regimes in state court. *Id.* at 723-27. This case does not involve any extraordinary circumstances warranting abstention.

F. **Defendants removed the entire case.**

Plaintiffs claim that Bullock's lawsuit is still in state court. Plaintiffs cite no authority for their claim that a defendant can *partially* remove a case. As explained herein, removal brought the entire case to federal court. It is for this Court, not the state court, to determine whether removal was proper and whether complete or partial remand should occur.

A notice of removal, even if defective, operates to remove the entire action:

> Polyplastics' premise—that the claim against Rios remained in Humacao court—is simply incorrect. … Removal… extends to the "case" or "action"—i.e., to the whole case and all parties and claims. *See* 28 U.S.C. §§ 1441 (removal of "civil action"), 1446(a) ("civil action"), 1446(e) (state court to proceed no further when "civil action" is removed unless and until "case" is remanded).

*Polyplastics v. Transconex,* 713 F.2d 875, 877 (1st Cir. 1983). *See Disher v. Citigroup Global Markets*, 487 F. Supp. 2d 1009, 1017 n.5 (S.D.Ill. 2007)(state court lacks power to act after removal *even if removal was improper*); *Bowman v. Weeks Marine*, 936 F. Supp. 329, 331 n.1 (D.S.C. 1996) (same).

Section 1441(a) speaks of removing "any civil action," not claims or parties. Section 1441(c)(2) permits this Court to sever off and remand any non-removable "claims." But event Subsection (c) is clear that, where an action contains non-removable "claims," removal still operates to bring "the entire action" to federal court unless and until this Court severs and remands non-removable claims. *See Barney v. Latham*, 103 U.S. 205, 213 (1880)("…Congress determined that the

removal of the separable controversy to which the judicial power of the United States was, by the Constitution, expressly extended, should operate to transfer the whole suit to the federal court.").

### G. Defendants notified Plaintiffs and the state court.

Section 1446 requires that Defendants file a notice of removal with this Court and promptly notify the state court and Plaintiffs. Defendants notified Plaintiffs' counsel and the state court the very day of removal. Courts recognize that "a good faith effort to provide written notice to the plaintiff satisfies the requirement absent any prejudice to the plaintiff…." *Busby v. Capital One*, 759 F.Supp.2d 81, 86 (D.D.C.2011)(collecting cases). *See Khan v. Bank of Am.*, 2012 WL 1495592, at *3 (D.N.J. Apr. 27, 2012).

Plaintiffs cite *La Maina v. Brannon*, 804 F. Supp. 607, 613-14 (D.N.J. 1992), for the proposition that the state court retains jurisdiction until notified of removal. But here, the state court and Plaintiffs had immediate and full knowledge of removal, and the state court transferred the case on February 20th—well before the Prothonotary entered the March 3rd default.

### H. This Court should not remand because of procedural defect.

This Court has clear jurisdiction over the Section 1983 claim. This Court should not let Plaintiffs keep a federal question out of federal court by elevating form over substance.

Procedural defects in a notice of removal do not deprive this Court of jurisdiction. *Covington v. Indem. Ins.*, 251 F.2d 930, 933 (5th Cir. 1958). The Third Circuit has recognized that allegations of procedural defect in a notice of removal lack merit absent prejudice to the plaintiffs:

> We similarly find that Scheibler's arguments regarding lack of notice of removal and other so-called "procedural defects" are without merit. The Notice of Removal provided by the Defendants contains a Certificate of Service indicating that Scheibler's counsel was served with the Notice. Indeed, the record contains evidence that the District Court called Scheibler's attorney to inquire about the removal. In addition, Scheibler was in no way prejudiced by the Defendants' failure to file a Disclosure Statement under Federal Rule of Civil Procedure 7.1. Such statements are intended to provide judges with information to determine if any financial interests require the judge to disqualify him or herself from the case. There is no indication that the District Judge in this case had any financial stake in the Defendant corporations that would require recusal, and indeed the same District Judge was presiding over the ERISA action between these parties when the Notice of Removal was filed. As such, we conclude that there is no merit to any of the arguments advanced by the Appellant in this appeal.

*Scheibler v. Highmark Blue Shield*, 243 F. App'x 691, 694 (3d Cir. 2007).

More recently, in *Paluch v. Rambo*, 453 F. App'x 129 (3d Cir. 2011), this Court denied remand even though the notice of removal was filed about four months late. *Id.* at n.2. The Third Circuit held that this Court properly did so, because the matter was purely procedural, not jurisdictional:

18

Critically, "§ 1446(b)'s thirty-day time limit for removal is a procedural provision, not a jurisdictional one." *Farina v. Nokia, Inc.*, 625 F.3d 97, 115 (3d Cir.2010). Because the District Court properly exercised federal-question jurisdiction under 28 U.S.C. § 1331 throughout the proceedings below, any violation of § 1446(b) would be considered a procedural defect only. *See Parrino v. FHP, Inc., 146 F.3d 699*, 703 (9th Cir.1998), *superseded by statute on other grounds; Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076–77 (10th Cir.1999); *see also Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 574, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). Such procedural defects give way to concerns of judicial economy where the District Court's ultimate exercise of subject matter jurisdiction is proper and its resolution of the merits is correct. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 74, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996) (rejecting party's argument that "an 'all's well that ends well' approach" is inappropriate in removal cases). This can be true even where the party opposing removal objects in a timely manner and the federal court incorrectly proceeds in spite of that objection. *See Caterpillar, Inc.*, 519 U.S. at 74–76, 117 S.Ct. 467; *Huffman*, 194 F.3d at 1079.

*Id.* at 132.[2]

Plaintiffs have suffered no prejudice. They received notice the very day of removal. Defendants, on the other hand, will suffer if deprived of a federal forum due to a clerical error by their counsel. Courts have found similar claims lacking in merit. *See Efford v. Milam*, 368 F. Supp. 2d 380, 383 (E.D. Pa. 2005)("plaintiffs'

---

[2] *Albert v. Bayerische Motorenwerke*, 45 F. App'x 170, 171 (3d Cir. 2002), relied upon by Plaintiffs, is inapposite as that case addresses whether remand for a procedural defect is *appealable*.

procedural challenge to defendants' removal petition is without merit" because defendant cured defects); *Boyce v. St. Paul Fire & Marine Ins.*, 1993 WL 21210, at *3 (E.D. Pa. Jan. 28, 1993); *Dri Mark Products, Inc. v. Meyercord*, 194 F. Supp. 536, 538 (S.D.N.Y. 1961)(procedural defect "argument has not merit").

The federal removal notice clearly informed Plaintiffs of the intent to remove the entire action. The opening indicates that "Defendants hereby remove this case." The notice refers to "Plaintiffs" collectively and to "a federal question," "a claim under 42 U.S.C. §1983," and "this action." The removal notice attaches the entire Complaint as Exhibit A. At no point does the removal notice express an intent to bifurcate this case into two. Further, the state court notice directs, "The state court shall proceed no further."

## I.   This Court should excuse the caption error.

The only Rule of Civil Procedure to address captions is Rule 10(a), which only requires a *complaint* to name all the parties. Other pleadings can use *et. al.* or some other designation. But a notice of removal is not even a pleading at all, meaning that it need not list *any* party under the rules. In any event, Defendants will seek leave to amend to cure the error. *See Miller v. Trometter*, 2012 WL 5933015, at *9 (M.D. Pa. Nov. 27, 2012) (granting leave to amend to add party to caption of complaint).

## J.   This Court should excuse the cover sheet error.

"Form JS 44 is not a pleading." *Cain v. Hyatt*, 1989 WL 17551, at *1 (E.D. Pa. Mar. 1, 1989). No statute or rule of procedure requires a cover sheet. "There is no express code provision or rule requiring that a complaint be accompanied by a cover sheet and filing fee before the Clerk is allowed to accept it for filing." *Cosper v. Frederick*, 73 B.R. 636, 637 (Bankr. N.D.Fla. 1986). Rather, "a deficiency in a civil cover sheet is a lack of conformity with a form requirement…" *Plumb v. C.I.R.*, 2005 WL 2249118, at *2 (S.D.Fla. Aug. 16, 2005). Accordingly, courts do not punish plaintiffs on the merits for failing to file a cover sheet at all or for errors in the cover sheet. *Cintron v. Union Pac. R.*, 813 F.2d 917, 920 (9th Cir. 1987). *See In re Soares*, 2014 WL 3397674, at *2 (Bankr. N.D.Cal. July 11, 2014) (rejecting argument that claims not listed in cover sheet are not raised); *In re Horob*, 54 B.R. 693, 696 (Bankr. D.N.D. 1985) ("the failure to provide an adversary cover sheet should not operate to foreclose the Credit Union from proceeding to the merits of its claim").

The Third Circuit has held that a plaintiff's arguments regarding defects in a civil cover sheet on removal lack merit:

> We also find no merit to Scheibler's complaints regarding defects in the civil cover sheet the Defendants filed with the Notice of Removal. "The civil cover sheet, of course, is merely an administrative aid to the court clerk, and is therefore not typically considered part of a litigant's pleading papers." *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir.1989).

21

*Scheibler*, 243 F. App'x at 694.

Indeed, the form, on top of both pages, indicates that it has no force in law:

> The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.

Doc. #1-2. Of particular note, the form does not even direct the use of a cover sheet for notices of removal, only "for each civil complaint filed."

Highlighting the frivolity of a plaintiff's claim that his jury demand designation on a cover sheet, reflected on the docket, constituted a valid jury demand, one Court explained:

> It is axiomatic that a civil cover sheet notation reflecting a jury demand does not comply with the demand procedures specified under Fed.R.Civ.P. 38(b). Further, the administrative information, including jury demands, contained in the civil docket sheets are derived from the civil cover sheets. Thus, the court will not discuss this point any further.

*Early v. Bankers Life & Cas.*, 853 F. Supp. 268, 271 n. 4 (N.D.Ill. 1994)(collecting cases). *See Henderson v. Harrah's Marina Hotel Casino*, 110 F.R.D. 66, 67 (E.D. Pa. 1986)(defendant's mistakenly checking "Yes" for jury trial demand on cover

sheet not binding); *Evans v. Johns Hopkins Health Sys.*, 2000 WL 1670985, at *1 n.

7 (D.Md. Oct. 16, 2000)(claims mentioned in cover sheet not part of case).

Likewise, the docket sheet information, which comes from the cover sheets,

is purely for administrative purposes. "The civil docket sheet is merely an

administrative instrument utilized by the court to assist it in the management of its

cases." *The Pers. Touch v. Lenox*, 122 F.R.D. 470, 471 (E.D.Pa. 1988). In any event,

Defendants will seek leave to amend the cover sheet to sure the error on the cover

sheet and docket. *Grecco v. Sanofi Winthrop Pharm.*, 1997 WL 68551, at *2

(N.D.Cal. Feb. 13, 1997)(granting leave to amend cover sheet where defendant

mistakenly listed principal place of business as in California rather than New York).

**K. Plaintiffs did not seek concurrence.**

Plaintiffs did not seek concurrence as required by Local Rule 7.1 before

filing their motion to remand. While ordinarily defense counsel would not bring

such matters to the Court's attention, Plaintiffs failure prejudiced Defendants.

Notice of the caption error would have given Defendants an opportunity to cure the

defect.

On Wednesday, February 18th, Attorney Autry spoke to Attorney Prince

seeking concurrence in Defendants' motion to dismiss (filed Friday, February

20th). On that call, Attorney Prince did not mention Plaintiffs' then-forthcoming

motion to remand (filed Sunday, February 22nd). If he had done so, Defendants

could have amended the notice of removal without leave of court as the 30 day

deadline to remove was Thursday, February 19th. Because Plaintiffs' failure to seek

concurrence prejudiced Defendants, this Court should deny remand. *See Fetters v.*

*Paragon Way*, 2010 WL 5174989, at *4 n.5 (M.D. Pa. Dec. 15, 2010) ("The Court

notes that Plaintiff's motion would also be rightly stricken for failure to include a

certificate of non-concurrence in accordance with Local Rule 7.1.") (Judge Kane).

## V.      Conclusion:

This Court should not remand this case.

                              Respectfully submitted,

                              Lavery Law

                              *s/ Frank J. Lavery*
                              Frank J. Lavery, Esquire
                              Pennsylvania Bar No. 42370

                              *s/ Joshua M. Autry*
                              Joshua M. Autry, Esquire
                              Pennsylvania Bar No. 208459
                              225 Market Street, Suite 304
                              P.O. Box 1245, Harrisburg, PA 17108-1245
                              (717) 233-6633 (phone)
                              (717) 233-7003 (fax)
                              flavery@laverylaw.com
                              jautry@laverylaw.com
                              Attorneys for Harrisburg, Mayor Papenfuse,
                              and Chief Carter

March 9, 2015

## **Certification of Counsel**

I certify that this brief complies with the word limit in Local Rule 7.8. The brief contains 4,938 words, including footnotes. I use the word count feature in Microsoft Word to obtain this number.

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire

Dated: March 9, 2015

## **Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing through

this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire

Dated: March 9, 2015