Neil A. Grover
Acting City Solicitor
Email: ngrover@cityofhbg.com



City Government Center
10 North Second Street Suite 402
Harrisburg, PA 17101
Phone:    (717) 255-3065
Facsimile: (717) 255-3056

# City of Harrisburg
## Office of the City Solicitor

DATE: ___1/20/15___

NO. OF PAGES (INCLUDING THIS PAGE): __113__

TO:   NAME: _____

COMPANY/FIRM: ____GALLAGHON / BASSETT____

ADDRESS: _____

FAX NO.: ____800-748-6159____

FROM: ____MICHAEL BROWNSWELON____

RE: ____2015-CV-354-EQ____

SENDER
COMMENTS: ___FIREARM OWNERS AGAINST CRIME___
                              V
              ___City OF HBG, Et AL___

CONFIDENTIALITY NOTE: This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone at (717) 255-3065, and return the original message to us at the address listed above via the U.S. Postal Service. Thank you.

01-20-'15 10:55 FROM-                                      T-066   P0002/0111   F-122

RECEIVED
OFFICE OF
PROTHONOTARY

2015 JAN 16 PM 12: 57

DAUPHIN COUNTY
PENNA

Joshua Prince, Esquire
Attorney ID: 306521
646 Lenape Road
Bechtelsville, PA 19505-9135
1-610-845-3803                                              Attorney for Plaintiff

## IN THE COURT OF COMMON PLEAS OF DAUPHIN COUNTY, PENNSYLVANIA

Firearm Owners Against Crime, et al.          :
                            PLAINTIFFS :
                                              :   NO. 2015- CV- 354- EQ
            VS:                               :
                                              :   CIVIL ACTION - LAW
City Of Harrisburg, et al.                    :
                            DEFENDANTS :

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court wihtout further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

### AVISO

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las pa?ginas siguientes, usted debe tomar accio?n en el plazo de veinte (20) di?as a partir de la fecha en que se le hizo entrega de la demanda y la notificacio?n, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podri?a dictarse un fallo por el juez en contra suya sin notificacio?n adicional y podri?a ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 NORTH FRONT STREET
HARRISBURG, PA 17101
1-717-232-7536

01-20-'15 10:56 FROM-                                                                    T-066  P0004/0111  F-122

Joshua Prince, Esq.
Attorney ID # 306521
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803
610-845-3903 (fax)
Joshua@PrinceLaw.com



**2015 JAN 16  PM 12: 57**

DAUPHIN COUNTY
PENNA

Attorney for Plaintiffs

## IN THE COURT OF COMMON PLEAS
## OF DAUPHIN COUNTY, PENNSYLVANIA

FIREARM OWNERS AGAINST
CRIME;                                               :
                                                    :
KIM STOLFER;                                        :         Jury Trial Demanded
                                                    :
JOSHUA FIRST; and                                  :
                                                    :
HOWARD BULLOCK,                                    :
                                                    :
            Plaintiffs,                            :         Civil Action
                                                    :
                    vs.                             :
                                                    :         No. 2015-CV-354-EQ
CITY OF HARRISBURG;                                :
                                                    :
MAYOR ERIC PAPENFUSE; and                         :
                                                    :
POLICE CHIEF THOMAS CARTER                        :
                                                    :
            Defendant.                             :

---

### COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE
### RELIEF FROM THE CITY OF HARRISBURG'S ILLEGAL,
### UNENFORCEABLE AND UNCONSTITUTIONAL ORDINANCES

Plaintiffs, Firearm Owners Against Crime, Kim Stolfer, Joshua First, and Howard

Bullock, as well as on behalf of all similarly situated individuals to which Ordinances 3-

345.1 - Possession of firearms by minors, 3-345.2 - Discharging weapons or firearms, 3-

345.4 - Lost and stolen firearms, 3-355.2 - Emergency measures, and 10-301.13 -

Hunting, firearms and fishing, will be enforced against or aggrieved by, by and through

their attorneys, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this

Complaint for declaratory and injunctive relief against Defendants, Mayor Eric

Papenfuse, Police Chief Thomas Carter, and the City of Harrisburg, and its officials,

agents and employees, for violating Article 1, Section 21 of the Pennsylvania

Constitution, 18 PA.C.S. § 6120, and the Second Amendments to the U.S. Constitution

and in support thereof state the following:

## JURISDICTION

1.  This court has jurisdiction under 42 Pa.C.S.A. §§ 931, 7532, 7533, and 7536 of
    the Declaratory Judgments Act and 42 U.S.C. § 1983, pursuant to the Supremacy
    Clause of Article VI of the U.S. Constitution, as the acts of all Defendants related
    to this Complaint occurred in Dauphin County, Pennsylvania.

2.  Venue is proper pursuant to 42 Pa.C.S. § 931 and Pa.R.C.P. No. 1006, as the acts
    of all Defendants related to this Complaint occurred in Dauphin County,
    Pennsylvania.

## PARTIES

3.  Plaintiff Firearm Owners Against Crime (hereinafter "FOAC") is a statewide,
    non-partisan Political Action Committee ["PAC"] and membership organization
    with 1,649 members, which actively works to defend, preserve, and protect the
    constitutional and statutory rights of lawful firearm owners, through, *inter alia*,
    Article 1, Section 21 of the Pennsylvania Constitution and the 2nd Amendment of
    the U.S. Constitution.  FOAC was formed in 1993, formally becoming a statewide
    PAC in 1994, and has members who legally possess firearms under Federal and

2

State law throughout the Commonwealth, including in Dauphin County. FOAC
represents those members in this action.

4. Plaintiff Kim Stolfer (hereinafter "Mr. Stolfer") is an adult resident of the
Borough of McDonald, Allegheny County, Pennsylvania, as well as, the President
of FOAC, who lawfully possesses firearms under State and Federal law. He
frequents the City of Harrisburg, Dauphin County, for political purposes both as
an individual and in his capacity as President of FOAC.

5. Plaintiff Joshua First (hereinafter "Mr. First") is an adult resident of the City of
Harrisburg, Dauphin County, Pennsylvania, who lawfully possesses firearms
under state and Federal law, and is a member of FOAC.

6. Plaintiff Howard Bullock (hereinafter "Mr. Bullock") is an adult resident of
Lower Paxton Township, Dauphin County, Pennsylvania, who works in the City
of Harrisburg, lawfully possesses firearms under State and Federal law, and is a
member of FOAC.

7. Defendant City of Harrisburg (hereinafter, "Harrisburg" or "City") is a municipal
corporation duly organized, existing and operating under and pursuant to the
applicable laws of the Commonwealth of Pennsylvania, currently a City of the
Third Class, pursuant to 53 P.S. § 35101, *et seq.*, located within the County of
Dauphin, Pennsylvania, and at all relevant times owns, manages, operates, directs
and controls the Harrisburg Police Department, Harrisburg Department of Parks,
Harrisburg Department of Arts, Culture, and Tourism, and all City officials,
agents, and employees. Defendant City is a "person" under 42 U.S.C. § 1983 and
at all times relevant to this case acted under color of law.

3

8. Defendant Mayor Eric Papenfuse (hereinafter "Mayor Papenfuse") is an adult, who at all times relevant was the Mayor of the City of Harrisburg. At all relevant times, Mayor Papenfuse was a policymaker with decision-making authority and was responsible for implementing and enforcing policies, regulations and ordinances of the City of Harrisburg, including implementation and enforcement of Ordinances 3-345.1 - Possession of firearms by minors, 3-345.2 - Discharging weapons or firearms, 3-345.4 - Lost and stolen firearms, 3-355.2 - Emergency measures, and 10-301.13 - Hunting, firearms and fishing. At all relevant times, Mayor Papenfuse was acting under color of state law. He is being sued in both his official and individual capacities and is a "person" under 42 U.S.C. § 1983.

9. Defendant Police Chief Thomas Carter (hereinafter "Chief Carter") is an adult, who at all times relevant was the Police Chief of the City of Harrisburg and responsible for hiring, training and supervision of the police officers of the City of Harrisburg, as well as, directing the enforcement of Ordinances 3-345.1 - Possession of firearms by minors, 3-345.2 - Discharging weapons or firearms, 3-345.4 - Lost and stolen firearms, 3-355.2 - Emergency measures, and 10-301.13 - Hunting, firearms and fishing. At all relevant times, Chief Carter was acting under color of state law. He is being sued in both his official and individual capacities and is a "person" under 42 U.S.C. § 1983.

## THE PENNSYLVANIA UNIFORM FIREARMS ACT

10. Pennsylvania's Uniform Firearms Act (hereinafter, "UFA") can be found at 18 PA.C.S. § 6101, et seq.

4

11. Pennsylvania's UFA provides for "Limitation on the regulation of firearms and ammunition" in 18 PA.C.S. § 6120(a), which declares: "No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth."

12. Section 6120(a.2) declares, "A person adversely affected by an ordinance, a resolution, regulation, rule, practice or any other action promulgated or enforced by a county, municipality or township prohibited under subsection (a) or 53 Pa.C.S. § 2962(g) (relating to limitation on municipal powers) may seek declaratory or injunctive relief and actual damages in an appropriate court."

13. Section 6120(a.3) goes on to declare, "A court shall award reasonable expenses to a person adversely affected in an action under subsection (a.2) for any of the following: (1) A final determination by the court is granted in favor of the person adversely affected. (2) The regulation in question is rescinded, repealed or otherwise abrogated after suit has been filed under subsection (a.2) but before the final determination by the court."

14. Section 6120(b) defines a "person adversely affected" as any of the following: "(1) A resident of this Commonwealth who may legally possess a firearm under Federal and State law. (2) A person who otherwise has standing under the laws of this Commonwealth to bring an action under subsection (a.2). (3) A membership organization, in which a member is a person described under paragraph (1) or (2).

5

. 15. Additionally, 18 PA.C.S. § 6119 provides that a violation of Pennsylvania's UFA, including for Section 6120, constitutes a misdemeanor of the first degree.

### ATTORNEY GENERAL'S DETERMINATION

16. On August 24, 2009, then-Attorney General Tom Corbett issued a letter to the Adams County Office of the District Attorney regarding the issue of Section 6120's preemption, informing District Attorney Wagner that local municipalities are precluded from enacting ordinances regarding the possession of firearms. A copy of that letter is attached hereto and incorporated herein as Exhibit A.

### OFFICIAL OPPRESSION

17. 18 PA.C.S. § 5301 provides, "A person acting or purporting to act in an official capacity or taking advantage of such actual or purported capacity commits a misdemeanor of the second degree if, knowing that his conduct is illegal, he:

(1) subjects another to arrest, detention, search, seizure, mistreatment, dispossession, assessment, lien or other infringement of personal or property rights; or

(2) denies or impedes another in the exercise or enjoyment of any right, privilege, power or immunity.

### ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSITUTION

18. Section 21. Right to Bear Arms: "The right of the citizens to bear arms in defense of themselves and the State shall not be questioned."

### ARTICLE I, SECTION 25 OF THE PENNSYLVANIA CONSITUTION

19. Section 25. Reservation of Powers in People: "To guard against transgressions
of the high powers which we have delegated, we declare that everything in this
article is excepted out of the general powers of government and shall forever
remain inviolate."

### THE SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION

20. Amendment II to the United States Constitution: "A well regulated militia,
being necessary to the security of a free state, the right of the people to keep and
bear arms, shall not be infringed."

### CASE LAW

### Pennsylvania

21. The Pennsylvania Supreme Court in Ortiz v. Commonwealth, 681 A.2d 152, 156

(Pa. 1996), finding that both Article I, Section 21 of the Pennsylvania

Constitution and 18 Pa.C.S. § 6120 preempted *any* regulation of firearms or

ammunition, declared,

> Because the ownership of firearms is <u>constitutionally protected</u>, its
> regulation is a matter of statewide concern. The constitution does not
> provide that the right to bear arms shall not be questioned in any part of
> the commonwealth except Philadelphia and Pittsburgh, where it may be
> abridged at will, but that it shall not be questioned in any part of the
> commonwealth. Thus, regulation of firearms is a matter of concern in all
> of Pennsylvania, not merely in Philadelphia and Pittsburgh, and the
> General Assembly, not city councils, is the proper forum for the
> imposition of such regulation. (Emphasis added).

22. In finding that the Pennsylvania Supreme Court's holding in Ortiz was "crystal clear," the Pennsylvania Commonwealth Court held that even regulation by a municipality *consistent with* the UFA was preempted. *See,* National Rifle Ass'n v. City of Philadelphia, 977 A.2d 78, 82 (Pa. Cmwlth. 2009).

23. In Clarke v. House of Representatives, 957 A.2d 361 (Pa. Cmwlth. Ct. 2008), the Commonwealth Court dealt with seven ordinances enacted by the City of Philadelphia and found *all* of them to be preempted by Section 6120. The ordinances included: (1) limit of one handgun per month and prohibition on straw purchaser sales; (2) reporting of lost or stolen firearms; (3) requiring a license to acquire a firearm in Philadelphia or bring a firearm into Philadelphia; (4) requiring annual renewal of a gun license; (5) permitting confiscation of firearms from someone posing a risk of harm; (6) prohibiting the possession or transfer of assault rifles; and (7) requiring any person selling ammunition to report the purchase and purchase to the police department.

24. In Dillon v. City of Erie, 83 A.3d 467, 473 (Pa. Cmwlth. 2014), the Commonwealth Court found that the City of Erie's ordinance precluding firearms in city parks, *which was identical to Defendant City's Ordinance 10-301.13,* violated Article 1, Section 21 and Section 6120.

### United States

25. The U.S. Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 628-30 (2008) declared, "the inherent right of self-defense has been central to the Second Amendment right," that a prohibition on the "core lawful purpose of self-defense"

8

is unconstitutional and that the "nonexistence of a self-defense exception" in a statute is violative of the Second Amendment.

26. Further, the Court defined "bear arms" as "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." Id. at 584.

27. In McDonald v. City of Chicago, 561 U.S. 742 (2010), the U.S. Supreme Court would declare that the Second Amendment applies to the States through the Fourteenth Amendment of the U.S. Constitution.

## CITY ORDINANCES AT ISSUE

### Pursuant to Chapter 3-345: Weapons and Explosives

28. 3-345.1 - Possession of firearms by minors, provides:

It shall be unlawful for any minor under the age of 18 years to have in his or her possession, except in his or her place of residence, any firearm, flobert rifle, air gun, spring gun or any implement which impels with force a metal pellet of any kind, unless said minor is accompanied by an adult.

29. 3-345.2 - Discharging weapons or firearms, provides:

No person shall fire any cannon, gun, rifle, pistol, toy pistol, or firearms of any kind within the City, except at supervised firing ranges in bona fide educational institutions accredited by the Pennsylvania Department of Education and with the approval of the Mayor or Chief of Police, or at a firing range operated by the Bureau of Police.

30. 3-345.4 - Lost and stolen firearms, provides:

A. Any person who is the owner of a firearm that is lost or stolen shall report the loss or theft of that firearm to an appropriate local law enforcement official within 48 hours after discovery of the loss or theft

B. For the purpose of this section, the term "firearm" shall be defined as any pistol or revolver with a barrel length less than 15 inches, any shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than 16

inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches. The barrel length of a firearm shall be determined by measuring from the muzzle of the barrel to the face of the closed action, bolt, or cylinder, whichever is applicable.

31. 3-345.99 - Penalty, provides:

Any person who violates the provisions of this chapter shall be subject to Chapter 3-399, Penalty, of these Codified Ordinances.

32. 3-399 - Penalty, provides:

A.  Whoever violates any provision of Part 3, General Offenses, of Title 3 shall, upon conviction thereof, be guilty of a summary offense for each separate violation respectively and, where no specific penalty or fine is provided therefor, subject to a fine of not less than $50 nor more than $1,000 plus costs or imprisonment in the Dauphin County prison for not more than 90 days for each separate violation, or both. Further, any personal property, including a motor vehicle, used in connection with activity that violates any provision of Part 3, General Offenses, of Title 3 may be seized at the time of arrest and permanently forfeited upon conviction for such violation as part of the penalty for such violation or pursuant to other provisions of City or state law.

B.  The application of the above penalty shall not prevent the City from pursuing any other remedy available at law or equity for enforcement of Part 3, General Offenses, of Title 3. Prosecution for violation of a provision of Part 3, General Offenses, of Title 3 shall not exclude prosecution for violation of any other applicable City, state or federal law but rather shall be in addition thereto.

C.  Upon conviction for a violation of any provision of Part 3, General Offenses, of Title 3 pursuant to Subsection A, in addition to any fines, fees or penalties levied in accordance with Subsection A, an additional neighborhood mitigation penalty shall be levied in the amount of $25. All such penalties levied and collected by any division of the Unified Judicial System existing under Section 1 of Article V of the Constitution of Pennsylvania and 42 Pa.C.S.A. § 301 shall be remitted to the City for deposit into the Neighborhood Mitigation Fund to finance additional community and neighborhood policing programs and operations throughout the City. If the fine is paid in installments, the proportionate amount of the neighborhood mitigation penalty shall be remitted on each installment.

## Pursuant to Chapter 3-355: State of Emergency

33. 3-355.2 – Emergency measures, provides:

A.  Whenever the Mayor declares that a state of emergency exists, the following emergency prohibitions shall thereupon be in effect during the period of said emergency and throughout the City:

   (1) The sale or transfer of possession, with or without consideration, the offering to sell or so transfer and the purchase of any ammunition, guns or other firearms of any size or description.

   (2) The displaying by or in any store or shop of any ammunition, guns or other firearms of any size or description.

   (3) The possession in a public place of a rifle or shotgun by a person, except a duly authorized law enforcement officer or person in military service acting in an official performance of his or her duty.

B.  The Mayor may order and promulgate all or any of the following emergency measures, in whole or in part, with such limitations and conditions as he or she may determine appropriate; any such emergency measures so ordered and promulgated shall thereupon be in effect during the period of said emergency and in the area or areas for which the emergency has been declared:

   (1) The establishment of curfews, including but not limited to the prohibition of or restrictions on pedestrian and vehicular movement, standing and parked, except for the provision of designated essential services such as fire, police and hospital services, including the transportation of patients thereto, utility emergency repairs and emergency calls by physicians.

   (2) The prohibition of the sale of any alcoholic beverage as defined in the Liquor Code.

   (3) The prohibition of the possession on the person in a public place of any portable container containing any alcoholic beverage.

   (4) The closing of places of public assemblage with designated exceptions.

   (5) The prohibition of the sale or transfer of possession, with or without consideration, of gasoline or any other flammable or combustible liquid, except by delivery into a tank properly affixed to an operative motor-driven vehicle, bike, scooter, or boat and necessary for the propulsion thereof.

   (6) The prohibition of the possession in a public place of any portable container containing gasoline or any other flammable or combustible liquid.

(7) The prohibition or limitation of the number of persons who may gather or congregate upon the public highways or public sidewalks or in any other public place, except only persons who are awaiting transportation, engaging in recreational activities at a usual and customary place or peaceably entering or leaving buildings.

(8) The prohibition of the possession in a public place or park of weapons, including but not limited to firearms, bows and arrows, air rifles, slingshots, knives, razors, blackjacks, billy clubs, or missiles of any kind.

34. 3-355.99 – Penalty, provides:

Any person who violates the provisions of this chapter shall be subject to Chapter 3-399, Penalty, of these Codified Ordinances.

## Pursuant to Chapter 10-301: Parks

35. 10-301.13 – Hunting, firearms and fishing, provides:

A. No person shall hunt, trap or pursue wildlife in any park at any time, except in connection with bona fide recreational activities and with the approval of the Director by general or special order or rules or regulations.

B. No person shall use, carry or possess firearms of any description, or air rifles, spring guns, bow and arrows, slings or any other form of weapons potentially inimical to wildlife and dangerous to human safety, or any instrument that can be loaded with and fire blank cartridges, or any kind of trapping device in any park.

C. No person shall shoot or propel any object from any of the foregoing into park areas from beyond park boundaries or while in a park.

D. No person shall fish in Italian Lake.

36. 10-301.99 – Penalty, provides:

A. For the purposes of enforcing the provisions of this chapter, any warning or notice of a violation shall be given by park rangers, police officers, Department of Parks, Recreation and Enrichment officials or any other person authorized to enforce ordinances. Whenever a park ranger or any other official authorized to enforce this chapter observes or by information becomes aware of a violation, that person is hereby authorized to issue a citation pursuant to Rule 51 of the Pennsylvania Rules of Criminal Procedure.

B.  Any person who violates the provisions of this chapter shall be subject to the general code penalty, § 1-301.99 of these Codified Ordinances.

37. 1-301.99 – General penalty, provides:

Whenever in the Codified Ordinances or in any ordinance of the City any act is prohibited or is made or declared to be unlawful or an offense, or whenever in the Codified Ordinances or in any ordinance the doing of any act is required or the failure to do any act is declared to be unlawful, where no specific penalty or fine is provided therefor, the violator of any such provision or any ordinance pertaining to building, housing, property maintenance, health, fire or public safety shall be fined not more than $1,000, plus all costs, or imprisoned for not more than 90 days, or both. The violator of water, air and noise pollution or any other ordinance or provision or part thereof shall be fined no more than $600, plus all costs, or imprisoned for not more than 90 days, or both. Each day that a violation continues shall be deemed a separate offense. This penalty shall in no way be construed to negate or preclude any additional liability, punishment, enforcement action, or remedy and shall apply in addition to any other fines or penalties.

38. All the above-specified Ordinances, including penalties, are hereinafter

collectively referred to as "Ordinances."

## STATEMENT OF FACTS

### Facts Related to Defendant Harrisburg

39. The foregoing paragraphs are incorporated herein as if set forth in full.

40. Defendant City is a municipal corporation duly organized, existing and operating

under and pursuant to the applicable laws of the Commonwealth of Pennsylvania,

currently a City of the Third Class, pursuant to 53 P.S. § 35101, *et seq.*, located

within the County of Dauphin, Pennsylvania.

41. Defendant City is a municipality as defined by 18 Pa.C.S. § 6120.

42. At all relevant times, Defendant City owns, manages, operates, directs and

controls the Harrisburg Police Department, Harrisburg Department of Parks,

13

01-20-'15 10:58 FROM-   T-008  P0017/0111 F-122

Harrisburg Department of Arts, Culture, and Tourism, and all City officials, agents, and employees.

43. Defendant City is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

## Facts Related to Defendant Mayor Papenfuse

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. Defendant Mayor Papenfuse is an adult, who at all times relevant was the Mayor of the City of Harrisburg.

46. At all relevant times, Mayor Papenfuse was a policymaker with decision-making authority and was responsible for implementing and enforcing policies, regulations and ordinances of the City of Harrisburg, including, but not limited to, implementation and enforcement of Ordinances 3-345.1 - Possession of firearms by minors, 3-345.2 - Discharging weapons or firearms, 3-345.4 - Lost and stolen firearms, 3-355.2 - Emergency measures, and 10-301.13 - Hunting, firearms and fishing.

47. At all relevant times, Mayor Papenfuse was acting under color of state law.

48. Defendant Mayor Papenfuse is a "person" under 42 U.S.C. § 1983.

## Facts Related to Defendant Chief Carter

49. Defendant Police Chief Thomas Carter is an adult, who at all times relevant was the Police Chief of the City of Harrisburg.

14

01-20-'15 10:58 FROM-                                    T-068  P0018/0111 F-122

50. Defendant Chief Carter, at all relevant times, was responsible for hiring, training and supervision of the police officers of the City of Harrisburg, as well as, directing the enforcement of Ordinances 3-345.1 - Possession of firearms by minors, 3-345.2 - Discharging weapons or firearms, 3-345.4 - Lost and stolen firearms, 3-355.2 - Emergency measures, and 10-301.13 - Hunting, firearms and fishing.

51. At all relevant times, Chief Carter was acting under color of state law.

52. Defendant Chief Carter is a "person" under 42 U.S.C. § 1983.

### Facts Related to FOAC

53. The foregoing paragraphs are incorporated herein as if set forth in full.

54. FOAC is a statewide, non-partisan PAC, which actively works to defend, preserve, and protect constitutional and statutory rights of lawful firearm owners, including through Article 1, Section 21 of the Pennsylvania Constitution and the Second Amendment to the U.S. Constitution.

55. FOAC actively educates and informs its members, the General Assembly, and the public on all issues pertaining to firearms, firearm safety, constitutional provisions, statutes, case law and all other issues related to or intersecting with Article 1, Section 21 of the Pennsylvania Constitution, the Second Amendment of the U.S. Constitution, and firearms and ammunition in general.

56. FOAC was formed in 1993, formally becoming a statewide PAC in 1994, as a result of the City of Pittsburgh's illegal firearm and ammunition ban.

57. Plaintiff Mr. Stolfer is the current President of FOAC.

58. FOAC has 1,649 members within the Commonwealth, including in Dauphin County, who, under information and belief, may legally possess firearms under Federal and State law.

59. FOAC has over a half-dozen members, under the age of 18, who, under information and belief, may legally possess firearms under Federal and State law.

60. FOAC has a member, under the age of 18, from the City of Harrisburg, Dauphin County, who legally possesses firearms under Federal and State law.

61. Plaintiffs Mr. Stolfer, Mr. First and Mr. Bullock are members of FOAC and at all times can and lawfully do possess firearms under Federal and State law.

62. FOAC's members have raised concern over the threat of prosecution by Defendants.

63. FOAC fears that the Defendants, pursuant to the Ordinances, will unlawfully prosecute its members, based on the statements made by the Defendants that they will enforce the Ordinances. See ¶¶ 87-94, infra.

## Facts Related to Kim Stolfer

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. Mr. Stolfer is a member and the President of FOAC.

66. Mr. Stolfer may and lawfully does possess firearms under State and Federal law.

67. Mr. Stolfer owns rifles, shotguns and handguns.

68. Mr. Stolfer frequents, at least on an average bi-weekly basis, the City of Harrisburg, Dauphin County, for political purposes both as an individual and in his capacity as President of FOAC.

16

69. Mr. Stolfer fears prosecution by Defendants pursuant to the Ordinances, as the Defendants have stated that they will enforce the Ordinances.

### Facts Related to Joshua First

70. The foregoing paragraphs are incorporated herein as if set forth in full.

71. Mr. First is a resident of the City of Harrisburg, Dauphin County, and a member of FOAC.

72. Mr. First may and lawfully does possess firearms under State and Federal law.

73. Mr. First owns rifles, shotguns and handguns.

74. Mr. First fears prosecution by Defendants pursuant to the Ordinances, as the Defendants have stated that they will enforce the Ordinances.

### Statement of Facts of Howard Bullock

75. The foregoing paragraphs are incorporated herein as if set forth in full.

76. Mr. Bullock is a resident of the Lower Paxton, Dauphin County, and a member of FOAC.

77. Mr. Bullock may and lawfully does possess firearms under State and Federal law.

78. Mr. Bullock owns rifles, shotguns and handguns.

79. Mr. Bullock works, and therefore commutes daily, into the City of Harrisburg.

80. Mr. Bullock fears prosecution by Defendants pursuant to the Ordinances, as the Defendants have stated that they will enforce the Ordinances.

## Statement of Facts of All Plaintiffs

81. The foregoing paragraphs are incorporated herein as if set forth in full.

82. The City is a municipality against which 18 Pa.C.S. § 6120 applies.

83. FOAC, Mr. Stolfer, Mr. First and Mr. Bullock (hereinafter collectively "Plaintiffs") own, possess, use, and bear firearms for all lawful purposes, including, but not limited to, self-defense, hunting, firearms training/education, and target shooting.

84. All legal firearms owners are permitted to openly carry firearms, absent a license to carry firearms, throughout the Commonwealth of Pennsylvania, with the sole exception being the City of Philadelphia.[1]

85. Plaintiffs are licensed to carry concealed firearms within the Commonwealth of Pennsylvania.

86. Plaintiffs bring this action as a result of the City's illegal Ordinances, which in addition to violating Section 6120, deprive them of their rights pursuant to the Pennsylvania and U.S. Constitutions.

87. Accordingly, Plaintiffs are "person[s] adversely affected" by the Defendants illegal Ordinances.

88. In an egregious and direct violation of Section 6120, the City of Harrisburg, Mayor Papenfuse and Chief Carter (hereinafter collectively "Defendants"), acting under color of state law, have promulgated, enacted, enforced, and seek to continue enforcement of Ordinances 3-345.1 - Possession of firearms by minors, 3-345.2 - Discharging weapons or firearms, 3-345.4 - Lost and stolen firearms, 3-

---

[1] *See*, 18 Pa.C.S. § 6108.

355.2 - Emergency measures, and 10-301.13 - Hunting, firearms and fishing, and their associated penalties.

89. Although the undersigned counsel informed the Defendants of their violations of state law and afforded them an opportunity, prior to filing this action, to repeal the unlawful Ordinances, on December 29, 2014, Mayor Papenfuse stated publicly that he intends to continue to enforce the Ordinances and that he will not repeal them.

90. Specifically, Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." A copy of the article is attached hereto and incorporated herein as Exhibit B.

91. In that same article, Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." *See*, Exhibit B.

92. Several days later, Mayor Papenfuse stated to ABC 27 News reporter Dave Marcheskie: "Police do cite people for [the discharge ordinance] on a regular basis. That is a sensible measure." A copy of the article is attached hereto and incorporated herein as Exhibit C.

93. Each of these Ordinances regulate firearms and ammunition and are patently unenforceable, unconstitutional, illegal, violate statewide preemption and clearly established precedent of the Supreme Courts of the United States and Pennsylvania. *See*, Heller and Ortiz.

94. In defiance of clearly established rights of the citizens, acting under color of state law, the Defendants have promulgated, enacted, ratified, condoned and enforced these gun control ordinances knowing that they have no authority to pass such ordinances, and knowing that such are violating the U.S. and Pennsylvania Constitutions, statutory law and the established precedent of the Commonwealth Courts, specifically the Supreme and Commonwealth Courts, which have issued binding precedent on the Courts of this Commonwealth that the City of Harrisburg has no authority or power to regulate firearms or ammunition.

95. Plaintiffs assert that their rights under Article 1, Section 21 of the Pennsylvania Constitution and under the Second Amendment to the United States Constitution are now unconstitutionally rendered illegal, curtailed and burdened by the passage and enforcement, or threat thereof, of these Ordinances, which has resulted in a chilling effect upon their rights.

96. Plaintiffs are likely to face criminal charging, prosecution and penalties, for violating the City's unlawful Ordinances.

### COUNT I: DECLARATORY RELIEF -- 18 PA.C.S. § 6120 -- ORDINANCE 3-345.1 -- POSSESSION OF FIREARMS BY MINORS
*(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

97. The foregoing paragraphs are incorporated herein as if set forth in full.

98. For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

99. For purposes of this Count, "Defendants" refers to all named Defendants.

100. Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

20

101.      3-345.1 - Possession of firearms by minors, provides:

It shall be unlawful for any minor under the age of 18 years to have in his or her
possession, except in his or her place of residence, any firearm, flobert rifle, air
gun, spring gun or any implement which impels with force a metal pellet of any
kind, unless said minor is accompanied by an adult.

102.      Ordinance 3-345.1 was promulgated, enacted, enforced and continues to

be enforced by Defendants.

103.      Ordinance 3-345.1 is not limited to residents of, or individuals within, the

City; rather, it encompasses all minors throughout the Commonwealth and even

the United States.[2]

104.      Ordinance 3-345.1 is overbroad, as it applies to any minor in the

Commonwealth and even the United States.

105.      Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The

city's not going to repeal its ordinances, because our police department feels that

they are in the public interest, and I do too." *See,* Exhibit B.

106.      Chief Carter declared that "officers regularly cite violators for reckless

discharge of guns in the city and when minors are caught in possession of

firearms." Id.

107.      A present controversy exists,[3] as Defendants have publicly stated both

their intention to enforce the ordinance and their current prosecution of

individuals pursuant to the ordinance.

---

[2] *See,* Ordinance 3-345.2 limiting the prohibited conduct to within the City. Accordingly,
if the City sought to limit Ordinance 3-345.1 to only occurrences within the City, it was
aware of how to draft such language.
[3] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General
Assembly has conferred standing where a municipality either promulgates or enforces
"an ordinance, resolution, regulation, rule, practice or any other action."

108.    The current enforcement of this Ordinance has a chilling effect on the

Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer

and possess firearms, in violation of Article 1, Section 21 of the Pennsylvania

Constitution, 18 Pa.C.S. § 6120 and the binding precedent.[4]

109.    Pursuant to 18 Pa.C.S. § 6110.1, the General Assembly has only precluded

minors, with several exceptions, from possessing and transporting, generally,

handguns.[5]

110.    Even if the General Assembly had prohibited minors from possessing and

transporting rifles and shotguns, which it has not, Defendants are prohibited from

promulgating, enacting, or enforcing any ordinance *consistent* with such law,

pursuant to Article 1, Section 21 of the Pennsylvania Constitution, 18 Pa.C.S. §

6120, and the Commonwealth Court's holdings in NRA v. City of Philadelphia

and Clarke v. House of Representatives, *supra*.

111.    Members of FOAC under the age of 18, who lawfully possess firearms

pursuant to State and Federal law, including one living in the City of Harrisburg,

have raised concern with FOAC over their possible charging and prosecution,

because of the Defendants' statements that they will enforce Ordinance 3-345.1,

which applies to individuals across the Commonwealth.

---

[4] The federal courts have analyzed Second Amendment issues under a First Amendment
analysis. See United States v. Marzzarella, 614 F.3d 85, 97 (3d Cir. 2010); Piszozatoski
v. Filko, 840 F.Supp.2d 813, 834 (D.N.J. 2012).
[5] In Section 6110.1, the statutory language uses the term "firearm," which is defined by
18 Pa.C.S. § 6102 as "Any pistol or revolver with a barrel length less than 15 inches, any
shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than
16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26
inches."

112.    Members of FOAC, who have children under the age of 18, and whose children lawfully possess firearms pursuant to State and Federal law, including one living in the City of Harrisburg, have raised concern with FOAC over their children's possible charging and prosecution, because of the Defendants statements that they will enforce Ordinance 3-345.1, which applies to individuals across the Commonwealth.

113.    FOAC fears prosecution of its members, especially those under the age of 18, within the Commonwealth, who lawfully possess firearms, pursuant to State and Federal law, because of the Defendants statements that they will enforce Ordinance 3-345.1, which applies to individuals across the Commonwealth.

114.    Plaintiffs, pursuant to 18 Pa.C.S. § 6120, are "person[s] adversely affected.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

a.    Finding that Ordinance 3-345.1 violates 18 Pa.C.S. § 6120;

b.    Declaring that Ordinance 3-345.1 is unlawful;

c.    Enjoining Defendants from enforcing Ordinance 3-345.1;

d.    Directing that Defendants pay reasonable expenses, including attorney fees and costs, pursuant to 18 Pa.C.S. § 6120(a.3); and

e.    Such other relief as the Court deems just and equitable.

## COUNT II: INJUNCTIVE RELIEF – 18 PA.C.S. § 6120 –
## ORDINANCE 3-345.1 – POSSESSION OF FIREARMS BY MINORS
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

115.     The foregoing paragraphs are incorporated herein as if set forth in full.

116.     For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

117.     For purposes of this Count, "Defendants" refers to all named Defendants.

118.     Plaintiffs' injuries are imminent and immediate and will not be adequately

redressed through money damages.

119.     Plaintiffs have a well-grounded fear of imminent prosecution for violation

of Ordinance 3-345.1, as the City, by and through its representatives, Mayor

Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will

continue to be enforced.

120.     Violations of constitutional and statutory rights are *per se* injuries, which,

in this case, result in criminal liability of the City and its officials, agents and

employees.

121.     Enforcement of these ordinances will have a chilling effect on the

otherwise lawful right to sell, transfer and possess lawful firearms.

122.     Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs

will face criminal charging and prosecution, whereby Plaintiffs will be deprived

of their constitutional and statutory rights, in violation of Article 1, Section 21 of

the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

123.     If the injunction is granted, Plaintiffs and Defendants will remain in the

position they were prior to the wrongful conduct of the City enacting Ordinance

3-345.1.

124.    An injunction is the appropriate method to stay the enforcement of a law

enacted in contravention of state law and is the minimum action necessary.

125.    An injunction will not be adverse to the public interest, as it will enjoin

Defendant from enforcing a law enacted in contravention of Pennsylvania

Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 3-345.1;

    b.  Requiring that Defendants repeal Ordinance 3-345.1;

    c.  Directing that Defendants pay reasonable expenses, including attorney

       fees and costs, pursuant to 18 Pa.C.S. § 6120(a.3); and

    d.  Such other relief as the Court deems just and equitable.

### COUNT III: DECLARATORY RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 3-345.1 – POSSESSION OF FIREARMS BY MINORS
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

126.    The foregoing paragraphs are incorporated herein as if set forth in full.

127.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

128.    For purposes of this Count, "Defendants" refers to all named Defendants.

129.    Plaintiffs may "have determined any question of . . . validity arising under

. . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other

legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

130.    **3-345.1 - Possession of firearms by minors, provides:**

> It shall be unlawful for any minor under the age of 18 years to have in his or her possession, except in his or her place of residence, any firearm, flobert rifle, air gun, spring gun or any implement which impels with force a metal pellet of any kind, unless said minor is accompanied by an adult.

131.     Ordinance 3-345.1 was promulgated, enacted, enforced and continues to be enforced by Defendants.

132.     Ordinance 3-345.1 is not limited to residents of, or individuals within, the City, but rather encompasses all minors throughout the Commonwealth and even the United States.[6]

133.     Ordinance 3-345.1 is overbroad, as it applies to any minor in the Commonwealth and even the United States.

134.     Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

135.     Chief Carter declared that: "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

136.     A present controversy exists,[7] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

---

[6] *See*, Ordinance 3-345.2 limiting the prohibited conduct to within the City. Accordingly, if the City sought to limit Ordinance 3-345.1 to only occurrences within the City, it was aware of how to draft such language.

[7] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

137.    The current enforcement of this Ordinance has a chilling effect on the

Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer

and possess firearms, in violation of Article 1, Section 21 of the Pennsylvania

Constitution, 18 Pa.C.S. § 6120 and the binding precedent.

138.    Pursuant to 18 Pa.C.S. § 6110.1, the General Assembly has only precluded

minors, with several exceptions, from possessing and transporting, generally,

handguns.[8]

139.    Even if the General Assembly had prohibited minors from possessing and

transporting rifles and shotguns, which it has not, Defendants are prohibited from

promulgating, enacting, or enforcing any ordinance *consistent* with such law,

pursuant to Article 1, Section 21 of the Pennsylvania Constitution, 18 Pa.C.S. §

6120, and the Commonwealth Court's holdings in NRA v. City of Philadelphia

and Clarke v. House of Representatives, *supra.*

140.    Members of FOAC, under the age of 18 and who lawfully possess

firearms pursuant to State and Federal law, including one living in the City of

Harrisburg, have raised concern with FOAC over their possible charging and

prosecution, because of the Defendants statements that they will enforce

Ordinance 3-345.1, which applies to individuals across the Commonwealth.

141.    Members of FOAC, who have children under the age of 18 and whose

children lawfully possess firearms pursuant to State and Federal law, including

---

[8] In Section 6110.1, the statutory language uses the term "firearm," which is defined by
18 Pa.C.S. § 6102 as "Any pistol or revolver with a barrel length less than 15 inches, any
shotgun with a barrel length less than 18 inches or any rifle with a barrel length less than
16 inches, or any pistol, revolver, rifle or shotgun with an overall length of less than 26
inches."

one living in the City of Harrisburg, have raised concern with FOAC over their

children's possible charging and prosecution, because of the Defendants

statements that they will enforce Ordinance 3-345.1, which applies to individuals

across the Commonwealth.

142.       FOAC fears prosecution of its members, especially those under the age of

18, within the Commonwealth, who lawfully possess firearms, pursuant to State

and Federal law, because of the Defendants statements that they will enforce

Ordinance 3-345.1, which applies to individuals across the Commonwealth.


WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.  Finding that Ordinance 3-345.1 violates Article 1, Section 21 of the

       Pennsylvania Constitution;

    b.  Declaring that Ordinance 3-345.1 is unlawful;

    c.  Enjoining Defendants from enforcing Ordinance 3-345.1;

    d.  Directing that Defendants pay reasonable expenses, including attorney

       fees and costs; and

    e.  Such other relief as the Court deems just and equitable.


### COUNT IV: INJUNCTIVE RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 3-345.1 – POSSESSION OF FIREARMS BY MINORS
### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

143.       The foregoing paragraphs are incorporated herein as if set forth in full.

144.       For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

145.    For purposes of this Count, "Defendants" refers to all named Defendants.

146.    Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

147.    Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-345.1, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

148.    Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

149.    Enforcement of these ordinances will have a chilling effect on the otherwise lawful right to sell, transfer and possess lawful firearms.

150.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

151.    If the injunction is granted, Plaintiffs and Defendants will remain in the position they were prior to the wrongful conduct of the City enacting Ordinance 3-345.1.

152.    An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

153.    An injunction will not be adverse to the public interest, as it will enjoin

Defendant from enforcing a law enacted in contravention of Pennsylvania

Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 3-345.1;

    b.  Requiring that Defendants repeal Ordinance 3-345.1;

    c.  Directing that Defendants pay reasonable expenses, including attorney

       fees and costs; and

    d.  Such other relief as the Court deems just and equitable.

## COUNT V: DECLARATORY RELIEF – SECOND AMENDMENT TO THE
### UNITED STATES CONSTITUTION –
## ORDINANCE 3-345.1 – POSSESSION OF FIREARMS BY MINORS
### (FOAC V. ALL DEFENDANTS)

154.    The foregoing paragraphs are incorporated herein as if set forth in full.

155.    For purposes of this Count, "Plaintiff" refers to FOAC.

156.    For purposes of this Count, "Defendants" refers to all named Defendants.

157.    3-345.1 - Possession of firearms by minors, provides:

It shall be unlawful for any minor under the age of 18 years to have in his or her
possession, except in his or her place of residence, any firearm, flobert rifle, air
gun, spring gun or any implement which impels with force a metal pellet of any
kind, unless said minor is accompanied by an adult.

158.    42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom,
or usage, of any State or Territory or the District of Columbia, subjects, or

causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

159.    State courts, pursuant to the Supremacy Clause of Article VI of the U.S. Constitution, have authority hear Section 1983 causes of action. Felder v. Casey, 487 U.S. 131 (1988).

160.    The U.S. Supreme Court has held that membership organizations may bring a claim, in the absence of injury to itself, on behalf of its members, where at least one member has been threatened with injury. Warth v. Seldin, 422 U.S. 490, 510-11 (1975).

161.    The U.S. Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 628-30 (2008) declared, "the inherent right of self-defense has been central to the Second Amendment right," that a prohibition on the "core lawful purpose of self-defense" is unconstitutional and that the "nonexistence of a self-defense exception" in a statute is violative of the Second Amendment.

162.    Further, the Court defined "bear arms" as "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." Id. at 584.

31

163.    In <u>McDonald v. City of Chicago</u>, 561 U.S. 742 (2010), the U.S. Supreme Court declared that the Second Amendment applies to the States through the Fourteenth Amendment of the U.S. Constitution.

164.    Ordinance 3-345.1 was promulgated, enacted, enforced and continues to be enforced by Defendants.

165.    Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

166.    Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." <u>Id.</u>

167.    A present controversy exists,[9] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

168.    Ordinance 3-345.1 is not limited to a resident of, or individuals within the City, but rather encompasses all minors throughout the Commonwealth and even the United States.[10]

169.    Ordinance 3-345.1 is overbroad, as it applies to any minor in the Commonwealth and even the United States.

---

[9] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

[10] *See*, Ordinance 3-345.2 limiting the prohibited conduct to within the City. Accordingly, if the City sought to limit Ordinance 3-345.1 to only occurrences within the City, it was aware of how to draft such language.

170.     The current enforcement of this Ordinance has a chilling effect on the Plaintiff's, and its members', otherwise lawful and constitutionally protected right to keep and bear arms, including the right to self-defense.

171.     Members of FOAC, under the age of 18, who lawfully possess firearms pursuant to State and Federal law, including one living in the City of Harrisburg, have raised concern with FOAC over their possible charging and prosecution, because of the Defendants statements that they will enforce Ordinance 3-345.1, which applies to individuals across the Commonwealth.

172.     Members of FOAC, who have children under the age of 18, whose children lawfully possess firearms pursuant to State and Federal law, including one living in the City of Harrisburg, have raised concern with FOAC over their children's possible charging and prosecution, because of the Defendants statements that they will enforce Ordinance 3-345.1, which applies to individuals across the Commonwealth.

173.     FOAC fears prosecution of its members, especially those under the age of 18, within the Commonwealth, who lawfully possess firearms, pursuant to State and Federal law, because of the Defendants statements that they will enforce Ordinance 3-345.1, which applies to individuals across the Commonwealth.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a.  Finding that Ordinance 3-345.1 violates the Second Amendment of the U.S. Constitution;

b.  Declaring that Ordinance 3-345.1 is unlawful;

c.  Enjoining Defendants from enforcing Ordinance 3-345.1;

d.  Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C.

    § 1988, including attorney fees and costs; and

e.  Such other relief as the Court deems just and equitable.

## COUNT VI: INJUNCTIVE RELIEF – SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION – ORDINANCE 3-345.1 – POSSESSION OF FIREARMS BY MINORS
### (FOAC V. ALL DEFENDANTS)

174.  The foregoing paragraphs are incorporated herein as if set forth in full.

175.  For purposes of this Count, "Plaintiff" refers to FOAC.

176.  For purposes of this Count, "Defendants" refers to all named Defendants.

177.  Plaintiff's members' injuries are imminent and immediate and will not be adequately redressed through money damages.

178.  Plaintiff's members' have a well-grounded fear of imminent prosecution for violation of Ordinance 3-345.1, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

179.  Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

180.  The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful and constitutionally protected right to self-defense and to hunt.

01-20-'15 11:01 FROM-                                    T-066   P0038/0111   F-122

181.    Ordinance 3-345.1 is overbroad, as it applies to any minor in the Commonwealth and even the United States.

182.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiff's members will face criminal charging and prosecution, whereby Plaintiff's members will be deprived of their constitutional rights, pursuant to the Second Amendment of the U.S. Constitution.

183.    If the injunction is granted, Plaintiffs and Defendants will remain in the position they were prior to the wrongful conduct of the City enacting Ordinance 3-345.1.

184.    An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

185.    An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

     a.  Enjoining the Defendants from enforcing Ordinance 3-345.1;

     b.  Requiring that Defendants repeal Ordinance 3-345.1;

     c.  Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C. § 1988, including attorney fees and costs; and

     d.  Such other relief as the Court deems just and equitable

## COUNT VII: DECLARATORY RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 3-345.2 – DISCHARGING WEAPONS OR FIREARMS
### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

186.    The foregoing paragraphs are incorporated herein as if set forth in full.

187.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

188.    For purposes of this Count, "Defendants" refers to all named Defendants.

189.    Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

190.    3-345.2 - Discharging weapons or firearms, provides:

> No person shall fire any cannon, gun, rifle, pistol, toy pistol, or firearms of any kind within the City, except at supervised firing ranges in bona fide educational institutions accredited by the Pennsylvania Department of Education and with the approval of the Mayor or Chief of Police, or at a firing range operated by the Bureau of Police.

191.    Ordinance 3-345.2 was promulgated, enacted, enforced and continues to be enforced by Defendants.

192.    Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." See, Exhibit B.

193.    Chief Carter declared that: "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

194.    A present controversy exists,[11] as Defendants have publicly stated both

their intention to enforce the ordinance and their current prosecution of

individuals pursuant to the ordinance.

195.    The current enforcement of this ordinance has a chilling effect on the

Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer

and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as, their

constitutionally protected rights to self-defense and to hunt.

196.    Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for

self-defense or hunting.

197.    Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for

private or commercially owned firing ranges.


**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

a.   Finding that Ordinance 3-345.2 violates 18 Pa.C.S. § 6120;

b.   Declaring that Ordinance 3-345.2 is unlawful;

c.   Enjoining Defendants from enforcing Ordinance 3-345.2;

d.   Directing that Defendants pay reasonable expenses, pursuant to 18 Pa.C.S.

§ 6120(a.3), including attorney fees and costs; and

e.   Such other relief as the Court deems just and equitable.

---

[11] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General
Assembly has conferred standing where a municipality either promulgates or enforces
"an ordinance, resolution, regulation, rule, practice or any other action."

37

## COUNT VIII: INJUNCTIVE RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 3-345.2 – DISCHARGING WEAPONS OR FIREARMS
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

198. The foregoing paragraphs are incorporated herein as if set forth in full.

199. For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

200. For purposes of this Count, "Defendants" refers to all named Defendants.

201. Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

202. Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-345.2, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

203. Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

204. The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

205. Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

. 38

206.    If the injunction is granted, Plaintiffs and Defendants will remain in the

position they were prior to the wrongful conduct of the City enacting Ordinance

3-345.2.

207.    An injunction is the appropriate method to stay the enforcement of a law

enacted in contravention of state law and is the minimum action necessary.

208.    An injunction will not be adverse to the public interest, as it will enjoin

Defendant from enforcing a law enacted in contravention of Pennsylvania

Constitution and state law.


WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 3-345.2;

    b.  Requiring that Defendants repeal Ordinance 3-345.2;

    c.  Directing that Defendants pay reasonable expenses, including attorney

        fees and costs, pursuant to 18 Pa.C.S. § 6120(a.3); and

    d.  Such other relief as the Court deems just and equitable.


## COUNT IX: DECLARATORY RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 3-345.2 – DISCHARGING WEAPONS OR FIREARMS
### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

209.    The foregoing paragraphs are incorporated herein as if set forth in full.

210.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

211.    For purposes of this Count, "Defendants" refers to all named Defendants.

212.     Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

213.     3-345.2 - Discharging weapons or firearms, provides:

> No person shall fire any cannon, gun, rifle, pistol, toy pistol, or firearms of any kind within the City, except at supervised firing ranges in bona fide educational institutions accredited by the Pennsylvania Department of Education and with the approval of the Mayor or Chief of Police, or at a firing range operated by the Bureau of Police.

214.     Ordinance 3-345.2 was promulgated, enacted, enforced and continues to be enforced by Defendants.

215.     Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

216.     Chief Carter declared that: "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

217.     A present controversy exists,[12] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

218.     The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer

---

[12] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

219.    Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for self-defense or hunting.

220.    Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for private or commercially owned firing ranges.


**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

a.   Finding that Ordinance 3-345.2 violates Article 1, Section 21 of the Pennsylvania Constitution;

b.   Declaring that Ordinance 3-345.2 is unlawful;

c.   Enjoining Defendants from enforcing Ordinance 3-345.2;

d.   Directing that Defendants pay reasonable expenses, including attorney fees and costs; and

e.   Such other relief as the Court deems just and equitable.


### COUNT X: INJUNCTIVE RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 3-345.2 – DISCHARGING WEAPONS OR FIREARMS
*(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

221.    The foregoing paragraphs are incorporated herein as if set forth in full.

222.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

223.    For purposes of this Count, "Defendants" refers to all named Defendants.

41

224.    Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

225.    Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-345.2, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

226.    Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

227.    The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

228.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

229.    If the injunction is granted, Plaintiffs and Defendants will remain in the position they were prior to the wrongful conduct of the City enacting Ordinance 3-345.2.

230.    An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

231.    An injunction will not be adverse to the public interest, as it will enjoin

Defendant from enforcing a law enacted in contravention of Pennsylvania

Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 3-345.2;

    b.  Requiring that Defendants repeal Ordinance 3-345.2;

    c.  Directing that Defendants pay reasonable expenses, including attorney

       fees and costs; and

    d.  Such other relief as the Court deems just and equitable.

## COUNT XI: DECLARATORY RELIEF – SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION – ORDINANCE 3-345.2 – DISCHARGING WEAPONS OR FIREARMS (ALL PLAINTIFFS V. ALL DEFENDANTS)

232.    The foregoing paragraphs are incorporated herein as if set forth in full.

233.    For purposes of this Count, Plaintiffs refers to all named Plaintiffs.

234.    For purposes of this Count, Defendants refers to all named Defendants.

235.    3-345.2 - Discharging weapons or firearms, provides:

> No person shall fire any cannon, gun, rifle, pistol, toy pistol, or firearms of any kind within the City, except at supervised firing ranges in bona fide educational institutions accredited by the Pennsylvania Department of Education and with the approval of the Mayor or Chief of Police, or at a firing range operated by the Bureau of Police.

236.    The Second Amendment to the United States Constitution protects an

individual's right to keep and bear arms, especially for the purpose of self-

43

defense. *See*, District of Columbia v. Heller; McDonald v. City of Chicago, *supra*.

237.     Thus, any statute or ordinance that "defeats the core lawful purpose of self defense . . . is hence unconstitutional." Heller, 128 S.Ct. at 629.

238.     Ordinance 3-345.2 was promulgated, enacted, enforced and continues to be enforced by Defendants.

239.     There is no self-defense exception within Ordinance 3-345.2.

240.     Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

241.     Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

242.     A present controversy exists,[13] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

243.     42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

---

[13] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

244. State courts, pursuant to the Supremacy Clause of Article VI of the U.S. Constitution, have authority hear Section 1983 causes of action. Felder v. Casey, 487 U.S. 131 (1988).

245. The U.S. Supreme Court has held that membership organizations may bring a claim, in the absence of injury to itself, on behalf of its members, where at least one member has been threatened with injury. Warth v. Seldin, 422 U.S. 490, 510-11 (1975).

246. The U.S. Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 628-30 (2008) declared, "the inherent right of self-defense has been central to the Second Amendment right," that a prohibition on the "core lawful purpose of self-defense" is unconstitutional and that the "nonexistence of a self-defense exception" in a statute in violative of the Second Amendment.

247. Further, the Court defined "bear arms" as "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." Id. at 584.

248. In McDonald v. City of Chicago, 561 U.S. 742 (2010), the U.S. Supreme Court would declare that the Second Amendment applies to the States through the Fourteenth Amendment of the U.S. Constitution.

249. Plaintiffs are licensed to carry concealed firearms within the Commonwealth of Pennsylvania.

250.    All legal firearms owners are permitted to openly carry firearms, absent a

license to carry firearms, throughout the Commonwealth of Pennsylvania, with

the sole exception being the City of Philadelphia.[14]

251.    The current enforcement of this Ordinance has a chilling effect on the

Plaintiffs' otherwise lawful and constitutionally protected right to self-defense

and to hunt.

252.    Ordinance 3-345.2 deprives Plaintiffs of "the core lawful purpose" of the

Second Amendment.

253.    Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for

Plaintiffs' constitutionally protected right to self-defense or hunting.

254.    Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for

private or commercially owned firing ranges.


**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

a.  Finding that Ordinance 3-345.2 violates the Second Amendment of the

U.S. Constitution;

b.  Declaring that Ordinance 3-345.2 is unlawful;

c.  Enjoining Defendants from enforcing Ordinance 3-345.2;

d.  Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C.

§ 1988, including attorney fees and costs; and

e.  Such other relief as the Court deems just and equitable

---

[14] *See*, 18 Pa.C.S. § 6108.

46

## COUNT XII: INJUNCTIVE RELIEF – SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION – ORDINANCE 3-345.2 – DISCHARGING WEAPONS OR FIREARMS
### (ALL PLAINTIFFS V. ALL DEFENDANTS)

255.     The foregoing paragraphs are incorporated herein as if set forth in full.

256.     For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

257.     For purposes of this Count, "Defendants" refers to all named Defendants.

258.     Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

259.     Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-345.2, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

260.     Violations of constitutional and statutory rights are *per se* injuries and which, in this case, result in criminal liability of the City and its officials, agents and employees.

261.     The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful and constitutionally protected right to self-defense and to hunt.

262.     Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for Plaintiffs' constitutionally protected right to self-defense or hunting, thus depriving Plaintiffs of "the core lawful purpose" of the Second Amendment.

263.     Ordinance 3-345.2 is overbroad, as it fails to provide any exceptions for private or commercially owned firing ranges.

47

264.     Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution; whereby, Plaintiffs will be deprived of their constitutional rights, pursuant to the Second Amendment to the U.S. Constitution.

265.     If the injunction is granted, Plaintiffs and Defendants will remain in the position they were prior to the wrongful conduct of the City enacting Ordinance 3-345.2.

266.     An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

267.     An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 3-345.2;

    b.  Requiring that Defendants repeal Ordinance 3-345.2;

    c.  Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C. § 1988, including attorney fees and costs; and

    d.  Such other relief as the Court deems just and equitable.

### COUNT XIII: DECLARATORY RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 3-345.4 – LOST AND STOLEN FIREARMS
#### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

268.     The foregoing paragraphs are incorporated herein as if set forth in full.

269.   For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

270.   For purposes of this Count, "Defendants" refers to all named

271.   Plaintiffs may "have determined any question of . . . validity arising under

. . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other

legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

272.   3-345.4 - Lost and stolen firearms, provides:

   A.  Any person who is the owner of a firearm that is lost or stolen shall
       report the loss or theft of that firearm to an appropriate local law
       enforcement official within 48 hours after discovery of the loss or
       theft.

   B.  For the purpose of this section, the term "firearm" shall be defined as
       any pistol or revolver with a barrel length less than 15 inches, any
       shotgun with a barrel length less than 18 inches or any rifle with a
       barrel length less than 16 inches, or any pistol, revolver, rifle or
       shotgun with an overall length of less than 26 inches. The barrel length
       of a firearm shall be determined by measuring from the muzzle of the
       barrel to the face of the closed action, bolt, or cylinder, whichever is
       applicable

273.   In Clarke, 957 A.2d 361 (Pa. Cmwlth. Ct. 2008), the Commonwealth

Court already held that the City of Philadelphia's Lost and Stolen Firearm

ordinance violated Section 6120.

274.   Ordinance 3-345.4 was promulgated, enacted, enforced and continues to

be enforced by Defendants.

275.   Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The

city's not going to repeal its ordinances, because our police department feels that

they are in the public interest, and I do too." See, Exhibit B.

49

276.    Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

277.    A present controversy exists,[15] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

278.    The current enforcement of this ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of Article I, Section 21 of the Pennsylvania Constitution, 18 Pa.C.S. § 6120 and the binding precedent.

279.    Ordinance 3-345.4 is not limited to a resident of or individuals within the City, but rather encompasses all individuals throughout the Commonwealth and even the United States.[16]

280.    Ordinance 3-345.4 is overbroad, as it applies to any individual in the Commonwealth and even the United States.

281.    Plaintiffs fear prosecution if one of their firearms are lost and stolen based on the statements of the Defendants.


WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

---

[15] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

[16] See, Ordinance 3-345.2 limiting the prohibited conduct to within the City. Accordingly, if the City sought to limit Ordinance 3-345.1 to only occurrences within the City, it was aware of how to draft such language.

a.  Finding that Ordinance 3-345.4 violates 18 Pa.C.S. § 6120;

b.  Declaring that Ordinance 3-345.4 is unlawful;

c.  Enjoining Defendants from enforcing Ordinance 3-345.4;

d.  Directing that Defendants pay reasonable expenses, pursuant to 18 Pa.C.S.
    § 6120, including attorney fees and costs; and

e.  Such other relief as the Court deems just and equitable.

## COUNT XIV: INJUNCTIVE RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 3-345.4 – LOST AND STOLEN FIREARMS
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

282.   The foregoing paragraphs are incorporated herein as if set forth in full.

283.   For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

284.   For purposes of this Count, "Defendants" refers to all named Defendants.

285.   Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

286.   Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-345.4, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

287.   Violations of constitutional and statutory rights are *per se* injuries and which, in this case, result in criminal liability of the City and its officials, agents and employees.

288.   Enforcement of this Ordinance will have a chilling effect on the otherwise lawful right to sell, transfer and possess lawful firearms.

289.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs

will face criminal charging and prosecution, whereby Plaintiffs will be deprived

of their constitutional and statutory rights, in violation of Article 1, Section 21 of

the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

290.    If the injunction is granted, Plaintiffs and Defendants will remain in the

position they were prior to the wrongful conduct of the City enacting Ordinance

3-345.4.

291.    An injunction is the appropriate method to stay the enforcement of a law

enacted in contravention of state law and is the minimum action necessary.

292.    An injunction will not be adverse to the public interest, as it will enjoin

Defendant from enforcing a law enacted in contravention of Pennsylvania

Constitution and state law.


**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

a.  Enjoining the Defendants from enforcing Ordinance 3-345.4;

b.  Requiring that Defendants repeal Ordinance 3-345.4;

c.  Directing that Defendants pay reasonable expenses, including attorney

fees and costs, pursuant to 18 Pa.C.S. § 6120(a.3); and

d.  Such other relief as the Court deems just and equitable.

COUNT XV: DECLARATORY RELIEF – ARTICLE 1, SECTION 21 OF THE
PENNSYLVANIA CONSTITUTION –
ORDINANCE 3-345.4 – LOST AND STOLEN FIREARMS
*(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

293.　　The foregoing paragraphs are incorporated herein as if set forth in full.

294.　　For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

295.　　For purposes of this Count, "Defendants" refers to all named Defendants.

296.　　Plaintiffs may "have determined any question of . . . validity arising under
. . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other
legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

297.　　3-345.4 - Lost and stolen firearms, provides:

    A. Any person who is the owner of a firearm that is lost or stolen shall
report the loss or theft of that firearm to an appropriate local law
enforcement official within 48 hours after discovery of the loss or
theft.

    B. For the purpose of this section, the term "firearm" shall be defined as
any pistol or revolver with a barrel length less than 15 inches, any
shotgun with a barrel length less than 18 inches or any rifle with a
barrel length less than 16 inches, or any pistol, revolver, rifle or
shotgun with an overall length of less than 26 inches. The barrel length
of a firearm shall be determined by measuring from the muzzle of the
barrel to the face of the closed action, bolt, or cylinder, whichever is
applicable

298.　　Ordinance 3-345.4 was promulgated, enacted, enforced and continues to
be enforced by Defendants.

299.　　Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The
city's not going to repeal its ordinances, because our police department feels that
they are in the public interest, and I do too." *See*, Exhibit B.

300.  Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

301.  A present controversy exists,[17] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

302.  The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of Article 1, Section 21 of the Pennsylvania Constitution, 18 Pa.C.S. § 6120 and the binding precedent.

303.  Ordinance 3-345.4 is not limited to residents of, or individuals within, the City, but rather encompasses all individuals throughout the Commonwealth and even the United States.[18]

304.  Ordinance 3-345.4 is overbroad, as it applies to any individual in the Commonwealth and even the United States.

305.  Plaintiffs fear prosecution if one of their firearms are lost and stolen based on the statements of the Defendants.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

---

[17] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

[18] See, Ordinance 3-345.2 limiting the prohibited conduct to within the City. Accordingly, if the City sought to limit Ordinance 3-345.1 to only occurrences within the City, it was aware of how to draft such language.

54

a.   Finding that Ordinance 3-345.4 violates Article 1, Section 21 of the

Pennsylvania Constitution;

b.   Declaring that Ordinance 3-345.4 is unlawful;

c.   Enjoining Defendants from enforcing Ordinance 3-345.4;

d.   Directing that Defendants pay reasonable expenses, including attorney

fees and costs; and

e.   Such other relief as the Court deems just and equitable.

## COUNT XVI: INJUNCTIVE RELIEF -- ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION -- ORDINANCE 3-345.4 -- LOST AND STOLEN FIREARMS
### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

306.   The foregoing paragraphs are incorporated herein as if set forth in full.

307.   For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

308.   For purposes of this Count, "Defendants" refers to all named Defendants.

309.   Plaintiffs' injuries are imminent and immediate and will not be adequately

redressed through money damages.

310.   Plaintiffs have a well-grounded fear of imminent prosecution for violation

of Ordinance 3-345.4, as the City, by and through its representatives, Mayor

Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will

continue to be enforced.

311.   Violations of constitutional and statutory rights are *per se* injuries and, in

this case, result in criminal liability of the City and its officials, agents and

employees.

01-20-'15 11:04 FROM-                                                   T-066   P0059/0111   F-122

312.    Enforcement of this Ordinance will have a chilling effect on the otherwise lawful right to sell, transfer and possess lawful firearms.

313.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

314.    If the injunction is granted, Plaintiffs and Defendants will remain in the position they were in prior to the wrongful conduct of the City enacting Ordinance 3-345.4.

315.    An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

316.    An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

**WHEREFORE,** Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 3-345.4;

    b.  Requiring that Defendants repeal Ordinance 3-345.4;

    c.  Directing that Defendants pay reasonable expenses, including attorney fees and costs; and

    d.  Such other relief as the Court deems just and equitable.

## COUNT XVII: DECLARATORY RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 3-355.2 – EMERGENCY MEASURES
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

317.  The foregoing paragraphs are incorporated herein as if set forth in full.

318.  For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

319.  For purposes of this Count, "Defendants" refers to all named Defendants.

320.  Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

321.  3-355.2 – Emergency measures, provides:

A.  Whenever the Mayor declares that a state of emergency exists, the following emergency prohibitions shall thereupon be in effect during the period of said emergency and throughout the City:

(1) The sale or transfer of possession, with or without consideration, the offering to sell or so transfer and the purchase of any ammunition, guns or other firearms of any size or description.

(2) The displaying by or in any store or shop of any ammunition, guns or other firearms of any size or description.

(3) The possession in a public place of a rifle or shotgun by a person, except a duly authorized law enforcement officer or person in military service acting in an official performance of his or her duty.

B.  The Mayor may order and promulgate all or any of the following emergency measures, in whole or in part, with such limitations and conditions as he or she may determine appropriate; any such emergency measures so ordered and promulgated shall thereupon be in effect during the period of said emergency and in the area or areas for which the emergency has been declared:

(1) The establishment of curfews, including but not limited to the prohibition of or restrictions on pedestrian and vehicular movement, standing and parked, except for the provision of designated essential services such as fire, police and hospital

57

services, including the transportation of patients thereto, utility emergency repairs and emergency calls by physicians.

(2) The prohibition of the sale of any alcoholic beverage as defined in the Liquor Code.

(3) The prohibition of the possession on the person in a public place of any portable container containing any alcoholic beverage.

(4) The closing of places of public assemblage with designated exceptions.

(5) The prohibition of the sale or transfer of possession, with or without consideration, of gasoline or any other flammable or combustible liquid, except by delivery into a tank properly affixed to an operative motor-driven vehicle, bike, scooter, or boat and necessary for the propulsion thereof.

(6) The prohibition of the possession in a public place of any portable container containing gasoline or any other flammable or combustible liquid.

(7) The prohibition or limitation of the number of persons who may gather or congregate upon the public highways or public sidewalks or in any other public place, except only persons who are awaiting transportation, engaging in recreational activities at a usual and customary place or peaceably entering or leaving buildings.

(8) The prohibition of the possession in a public place or park of weapons, including but not limited to firearms, bows and arrows, air rifles, slingshots, knives, razors, blackjacks, billy clubs, or missiles of any kind.

322.     Ordinance 3-355.2 was promulgated, enacted, enforced and continues to be enforced by Defendants.

323.     Ordinance 3-355.2 is overbroad, as it applies to any individual in the City.

324.     Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The

city's not going to repeal its ordinances, because our police department feels that

they are in the public interest, and I do too." *See*, Exhibit B.

325.     Chief Carter declared that "officers regularly cite violators for reckless

discharge of guns in the city and when minors are caught in possession of

firearms." Id.

326.     A present controversy exists,[19] as Defendants have publicly stated both

their intention to enforce the ordinance and their current prosecution of

individuals pursuant to the ordinance.

327.     The current enforcement of this Ordinance has a chilling effect on the

Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer

and possess firearms, in violation of Article 1, Section 21 of the Pennsylvania

Constitution, 18 Pa.C.S. § 6120 and the binding precedent.

328.     Pursuant to 18 Pa.C.S. § 6107, the General Assembly has already

addressed the limitations on the carrying of firearms upon the public streets

during an emergency proclaimed by a State or municipal governmental executive,

and that statutory provision includes exceptions for self-defense and for

individuals with a license to carry firearms.

329.     Even if Ordinance 3-355.2 was not more restrictive than 18 Pa.C.S. §

6107, which it is, Defendants are prohibited from promulgating, enacting, or

enforcing any ordinance *consistent* with such law, pursuant to Article 1, Section

---

[19] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General
Assembly has conferred standing where a municipality either promulgates or enforces
"an ordinance, resolution, regulation, rule, practice or any other action."

21 of the Pennsylvania Constitution, 18 Pa.C.S. § 6120, and the Commonwealth Court's holdings in <u>NRA v. City of Philadelphia</u> and <u>Clarke v. House of Representatives.</u>

330.    Based on the statements of the Defendants, Plaintiffs fear prosecution for carrying their firearm if an emergency were to be declared by the Mayor.

331.    Plaintiffs, pursuant to 18 Pa.C.S. § 6120, are "person[s] adversely affected.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a.  Finding that Ordinance 3-355.2 violates 18 Pa.C.S. § 6120;

    b.  Declaring that Ordinance 3-355.21 is unlawful;

    c.  Enjoining Defendants from enforcing Ordinance 3-355.2;

    d.  Directing that Defendants pay reasonable expenses, including attorney fees and costs, pursuant to 18 Pa.C.S. § 6120; and

    e.  Such other relief as the Court deems just and equitable.

### COUNT XVIII: INJUNCTIVE RELIEF -- 18 PA.C.S. § 6120 -- ORDINANCE 3-355.2 -- EMERGENCY MEASURES
*(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

332.    The foregoing paragraphs are incorporated herein as if set forth in full.

333.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

334.    For purposes of this Count, "Defendants" refers to all named Defendants.

01-20-'15 11:06 FROM-                                    T-068   P0064/0111  F-122

335.    Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

336.    Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-355.2, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

337.    Violations of constitutional and statutory rights are *per se* injuries and which, in this case, result in criminal liability of the City and its officials, agents and employees.

338.    Enforcement of these ordinances will have a chilling effect on the otherwise lawful right to sell, transfer and possess lawful firearms.

339.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

340.    If the injunction is granted, Plaintiffs and Defendants will remain in the position they were in prior to the wrongful conduct of the City enacting Ordinance 3-355.2.

341.    An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

342.    An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

61

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a. Enjoining the Defendants from enforcing Ordinance 3-355.2;

    b. Requiring that Defendants repeal Ordinance 3-355.2;

    c. Directing that Defendants pay reasonable expenses, including attorney fees and costs, pursuant to 18 Pa.C.S. § 6120(a.3); and

    d. Such other relief as the Court deems just and equitable.

### COUNT XIX: DECLARATORY RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 3-355.2 – EMERGENCY MEASURES
*(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

343.    The foregoing paragraphs are incorporated herein as if set forth in full.

344.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

345.    For purposes of this Count, "Defendants" refers to all named Defendants.

346.    Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

347.    3-355.2 – Emergency measures, provides:

    A. Whenever the Mayor declares that a state of emergency exists, the following emergency prohibitions shall thereupon be in effect during the period of said emergency and throughout the City:

        (1) The sale or transfer of possession, with or without consideration, the offering to sell or so transfer and the purchase of any ammunition, guns or other firearms of any size or description.

        (2) The displaying by or in any store or shop of any ammunition, guns or other firearms of any size or description.

    (3) The possession in a public place of a rifle or shotgun by a person, except a duly authorized law enforcement officer or person in military service acting in an official performance of his or her duty.

B.  The Mayor may order and promulgate all or any of the following emergency measures, in whole or in part, with such limitations and conditions as he or she may determine appropriate; any such emergency measures so ordered and promulgated shall thereupon be in effect during the period of said emergency and in the area or areas for which the emergency has been declared:

    (1) The establishment of curfews, including but not limited to the prohibition of or restrictions on pedestrian and vehicular movement, standing and parked, except for the provision of designated essential services such as fire, police and hospital services, including the transportation of patients thereto, utility emergency repairs and emergency calls by physicians.

    (2) The prohibition of the sale of any alcoholic beverage as defined in the Liquor Code.

    (3) The prohibition of the possession on the person in a public place of any portable container containing any alcoholic beverage.

    (4) The closing of places of public assemblage with designated exceptions.

    (5) The prohibition of the sale or transfer of possession, with or without consideration, of gasoline or any other flammable or combustible liquid, except by delivery into a tank properly affixed to an operative motor-driven vehicle, bike, scooter, or boat and necessary for the propulsion thereof.

    (6) The prohibition of the possession in a public place of any portable container containing gasoline or any other flammable or combustible liquid.

    (7) The prohibition or limitation of the number of persons who may gather or congregate upon the public highways or public sidewalks or in any other public place, except only persons who are awaiting transportation, engaging in recreational activities at a usual and customary place or peaceably entering or leaving buildings.

(8) The prohibition of the possession in a public place or park of weapons, including but not limited to firearms, bows and arrows, air rifles, slingshots, knives, razors, blackjacks, billy clubs, or missiles of any kind.

348.    Ordinances 3-355.2 was promulgated, enacted, enforced and continues to be enforced by Defendants.

349.    Ordinance 3-355.2 is overbroad, as it applies to any individual in the City.

350.    Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

351.    Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

352.    A present controversy exists,[20] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

353.    The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of Article 1, Section 21 of the Pennsylvania Constitution, 18 Pa.C.S. § 6120 and the binding precedent.

354.    Pursuant to 18 Pa.C.S. § 6107, the General Assembly has already addressed the limitations on the carrying of firearms upon the public streets

---

[20] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

during an emergency proclaimed by a State or municipal governmental executive, and that statutory provision includes exceptions for self-defense and for individuals with a license to carry firearms.

355.    Even if Ordinance 3-355.2 was not more restrictive than 18 Pa.C.S. § 6107, which it is, Defendants are prohibited from promulgating, enacting, or enforcing any ordinance *consistent* with such law, pursuant to Article 1, Section 21 of the Pennsylvania Constitution, 18 Pa.C.S. § 6120, and the Commonwealth Court's holdings in NRA v. City of Philadelphia and Clarke v. House of Representatives, *supra*.

356.    Based on the statements of the Defendants, Plaintiffs fear prosecution for carrying their firearm if an emergency were to be declared by the Mayor.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

   a.   Finding that Ordinance 3-355.2 violates Article 1, Section 21 of the Pennsylvania Constitution;

   b.   Declaring that Ordinance 3-355.2 is unlawful;

   c.   Enjoining Defendants from enforcing Ordinance 3-355.2;

   d.   Directing that Defendants pay reasonable expenses, including attorney fees and costs; and

   e.   Such other relief as the Court deems just and equitable.

## COUNT XX: INJUNCTIVE RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 3-355.2 – EMERGENCY MEASURES
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

357.    The foregoing paragraphs are incorporated herein as if set forth in full.

358.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

359.    For purposes of this Count, "Defendants" refers to all named Defendants.

360.    Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

361.    Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 3-355.2, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

362.    Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

363.    Enforcement of these ordinances will have a chilling effect on the otherwise lawful right to sell, transfer and possess lawful firearms.

364.    Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution; whereby, Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

365.    If the injunction is granted, Plaintiffs and Defendants will remain in the position they were in prior to the wrongful conduct of the City enacting Ordinance 3-345.1.

366. An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

367. An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

a. Enjoining the Defendants from enforcing Ordinance 3-355.2;

b. Requiring that Defendants repeal Ordinance 3-355.2;

c. Directing that Defendants pay reasonable expenses, including attorney fees and costs; and

d. Such other relief as the Court deems just and equitable.

### COUNT XXI: DECLARATORY RELIEF – SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION – ORDINANCE 3-355.2 – EMERGENCY MEASURES
#### (ALL PLAINTIFFS V. ALL DEFENDANTS)

368. The foregoing paragraphs are incorporated herein as if set forth in full.

369. For purposes of this Count, "Plaintiff" refers to all named Plaintiffs.

370. For purposes of this Count, "Defendants" refers to all named Defendants.

371. 3-355.2 – Emergency measures, provides:

A. Whenever the Mayor declares that a state of emergency exists, the following emergency prohibitions shall thereupon be in effect during the period of said emergency and throughout the City:

01-20-'15 11:06 FROM-                                    T-086  P0071/0111  F-122

(1) The sale or transfer of possession, with or without consideration, the offering to sell or so transfer and the purchase of any ammunition, guns or other firearms of any size or description.

(2) The displaying by or in any store or shop of any ammunition, guns or other firearms of any size or description.

(3) The possession in a public place of a rifle or shotgun by a person, except a duly authorized law enforcement officer or person in military service acting in an official performance of his or her duty.

B. The Mayor may order and promulgate all or any of the following emergency measures, in whole or in part, with such limitations and conditions as he or she may determine appropriate; any such emergency measures so ordered and promulgated shall thereupon be in effect during the period of said emergency and in the area or areas for which the emergency has been declared:

(1) The establishment of curfews, including but not limited to the prohibition of or restrictions on pedestrian and vehicular movement, standing and parked, except for the provision of designated essential services such as fire, police and hospital services, including the transportation of patients thereto, utility emergency repairs and emergency calls by physicians.

(2) The prohibition of the sale of any alcoholic beverage as defined in the Liquor Code.

(3) The prohibition of the possession on the person in a public place of any portable container containing any alcoholic beverage.

(4) The closing of places of public assemblage with designated exceptions.

(5) The prohibition of the sale or transfer of possession, with or without consideration, of gasoline or any other flammable or combustible liquid, except by delivery into a tank properly affixed to an operative motor-driven vehicle, bike, scooter, or boat and necessary for the propulsion thereof.

(6) The prohibition of the possession in a public place of any portable container containing gasoline or any other flammable or combustible liquid.

68

    (7) The prohibition or limitation of the number of persons who may gather or congregate upon the public highways or public sidewalks or in any other public place, except only persons who are awaiting transportation, engaging in recreational activities at a usual and customary place or peaceably entering or leaving buildings.

    (8) The prohibition of the possession in a public place or park of weapons, including but not limited to firearms, bows and arrows, air rifles, slingshots, knives, razors, blackjacks, billy clubs, or missiles of any kind

372.    42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

373.    State courts, pursuant to the Supremacy Clause of Article VI of the U.S. Constitution, have authority hear Section 1983 causes of action. Felder v. Casey, 487 U.S. 131 (1988).

374.    The U.S. Supreme Court has held that membership organizations may bring a claim, in the absence of injury to itself, on behalf of its members, where at least one member has been threatened with injury. Warth v. Seldin, 422 U.S. 490, 510-11 (1975).

375.    The U.S. Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 628-30 (2008) declared, "the inherent right of self-defense has been central to the

Second Amendment right," that a prohibition on the "core lawful purpose of self-defense" is unconstitutional and that the "nonexistence of a self-defense exception" in a statute in violative of the Second Amendment.

376. Further, the Court defined "bear arms" as "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." Id. at 584.

377. In McDonald v. City of Chicago, 561 U.S. 742 (2010), the U.S. Supreme Court would declare that the Second Amendment applies to the States through the Fourteenth Amendment of the U.S. Constitution.

378. Ordinances 3-355.2 was promulgated, enacted, enforced and continues to be enforced by Defendants.

379. Mayor Papenfuse declared to Penn Live reporter Christine Vendel, "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." See, Exhibit B.

380. Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

381. A present controversy exists,[21] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

---

[21] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

70

382.    Ordinance 3-355.2 is overbroad, as it applies to any individual in the City.

383.    Any statute or ordinance that "defeats the core lawful purpose of self

defense . . . is hence unconstitutional." Heller, 128 S.Ct. at 629.

384.    The current enforcement of this Ordinance has a chilling effect on the

Plaintiff's, and its members, otherwise lawful and constitutionally protected right

to keep and bear arms, including the right to self-defense.

385.    Based on the statements of the Defendants, Plaintiffs fear prosecution for

carrying their firearm if an emergency were to be declared by the Mayor.


WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.    Finding that Ordinance 3-355.2 violates the Second Amendment of the

       U.S. Constitution;

    b.    Declaring that Ordinance 3-355.2 is unlawful;

    c.    Enjoining Defendants from enforcing Ordinance 3-355.2;

    d.    Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C.

       § 1988, including attorney fees and costs; and

    e.    Such other relief as the Court deems just and equitable.


### COUNT XXII: INJUNCTIVE RELIEF – SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION – ORDINANCE 3-355.2 – EMERGENCY MEASURES
#### (ALL PLAINTIFFS V. ALL DEFENDANTS)

386.    The foregoing paragraphs are incorporated herein as if set forth in full.

387.    For purposes of this Count, "Plaintiff" refers to all named Defendants.

71

388.　　For purposes of this Count, "Defendants" refers to all named Defendants.

389.　　Plaintiff's members' injuries are imminent and immediate and will not be adequately redressed through money damages.

390.　　Plaintiff's members' have a well-grounded fear of imminent prosecution for violation of Ordinance 3-355.2, as the City, by and through its representatives, Mayor Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

391.　　Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

392.　　The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful and constitutionally protected right to keep and bear arms, including the right to self-defense.

393.　　Ordinance 3-355.2 is overbroad, as it applies to any individual in the City.

394.　　Greater injury would result to Plaintiffs than to Defendants, as Plaintiff's members will face criminal charging and prosecution, whereby Plaintiff's members will be deprived of their constitutional rights, pursuant to the Second Amendment of the U.S. Constitution.

395.　　If the injunction is granted, Plaintiffs and Defendants will remain in the position they were in prior to the wrongful conduct of the City enacting Ordinance 3-355.2.

396.　　An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

72

397.    An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

a.   Enjoining the Defendants from enforcing Ordinance 3-355.2;

b.   Requiring that Defendants repeal Ordinance 3-355.2;

c.   Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C. § 1988, including attorney fees and costs; and

d.   Such other relief as the Court deems just and equitable.

## COUNT XXIII: DECLARATORY RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 10-301.13 – HUNTING, FIREARMS AND FISHING
### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

398.    The foregoing paragraphs are incorporated herein as if set forth in full.

399.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

400.    For purposes of this Count, "Defendants" refers to all named Defendants.

401.    Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

402.    10-301.13 – Hunting, firearms and fishing, provides:

A.   No person shall hunt, trap or pursue wildlife in any park at any time, except in connection with bona fide recreational activities and with the approval of the Director by general or special order or rules or regulations.

73.

B. No person shall use, carry or possess firearms of any description, or air rifles, spring guns, bow and arrows, slings or any other form of weapons potentially inimical to wildlife and dangerous to human safety, or any instrument that can be loaded with and fire blank cartridges, or any kind of trapping device in any park.

C. No person shall shoot or propel any object from any of the foregoing into park areas from beyond park boundaries or while in a park.

. D. No person shall fish in Italian Lake.

403.     In Dillon, 83 A.3d 467 (Pa. Cmwlth. 2014), the Commonwealth Court already held that an identical ordinance of the City of Erie violated Article I, Section 21 of the Pennsylvania Constitution and Section 6120.

404.     Ordinance 10-301.13 was promulgated, enacted, enforced and continues to be enforced by Defendants.

405.     Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." See, Exhibit B.

406.     Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

407.     A present controversy exists,[22] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

408.     The current enforcement of this ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer

_____

[22] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

409.     Ordinance 10-301.13 is overbroad, as it fails to provide any exceptions for self-defense or hunting.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

  a.  Finding that Ordinance 10-301.13 violates 18 Pa.C.S. § 6120;

  b.  Declaring that Ordinance 10-301.13 is unlawful;

  c.  Enjoining Defendants from enforcing Ordinance 10-301.13;

  d.  Directing that Defendants pay reasonable expenses, pursuant to 18 Pa.C.S. § 6120(a.3), including attorney fees and costs; and

  e.  Such other relief as the Court deems just and equitable.

### COUNT XXIV: INJUNCTIVE RELIEF – 18 PA.C.S. § 6120 – ORDINANCE 10-301.13 – HUNTING, FIREARMS AND FISHING
*(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

410.     The foregoing paragraphs are incorporated herein as if set forth in full.

411.     For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

412.     For purposes of this Count, "Defendants" refers to all named Defendants.

413.     Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

414.     Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 10-301.13, as the City, by and through its representatives, Mayor

Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

415. Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

416. The current enforcement of this ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

417. Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

418. If the injunction is granted, Plaintiffs and Defendants will remain in the position they were prior to the wrongful conduct of the City enacting Ordinance 10-301.13.

419. An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

420. An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a.  Enjoining the Defendants from enforcing Ordinance 10-301.13;

    b.  Requiring that Defendants repeal Ordinance 10-301.13;

    c.  Directing that Defendants pay reasonable expenses, including attorney fees and costs, pursuant to 18 Pa.C.S. § 6120; and

    d.  Such other relief as the Court deems just and equitable.

## COUNT XXVI: DECLARATORY RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 10-301.13 – HUNTING, FIREARMS AND FISHING
### (ALL PLAINTIFFS VS. ALL DEFENDANTS)

421.    The foregoing paragraphs are incorporated herein as if set forth in full.

422.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

423.    For purposes of this Count, "Defendants" refers to all named Defendants.

424.    Plaintiffs may "have determined any question of . . . validity arising under . . . statute [or] ordinance . . . and obtain a declaration of rights, status, or other legal relations thereunder" in accordance with 42 Pa.C.S.A. § 7533.

425.    10-301.13 – Hunting, firearms and fishing, provides:

    A.  No person shall hunt, trap or pursue wildlife in any park at any time, except in connection with bona fide recreational activities and with the approval of the Director by general or special order or rules or regulations.

    B.  No person shall use, carry or possess firearms of any description, or air rifles, spring guns, bow and arrows, slings or any other form of weapons potentially inimical to wildlife and dangerous to human safety, or any instrument that can be loaded with and fire blank cartridges, or any kind of trapping device in any park.

C. No person shall shoot or propel any object from any of the foregoing into park areas from beyond park boundaries or while in a park.

D. No person shall fish in Italian Lake.

426. In Dillon, 83 A.3d 467 (Pa. Cmwlth. 2014), the Commonwealth Court *already held* that an identical ordinance of the City of Erie violated Article I, Section 21 of the Pennsylvania Constitution and Section 6120.

427. Ordinance 10-301.13 was promulgated, enacted, enforced and continues to be enforced by Defendants.

428. Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

429. Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

430. A present controversy exists,[23] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

431. The current enforcement of this Ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

---

[23] Pursuant to Section 6120(a.2), an actual controversy need not exist, as the General Assembly has conferred standing where a municipality either promulgates or enforces "an ordinance, resolution, regulation, rule, practice or any other action."

78

432.    Ordinance 10-301.13 is overbroad, as it fails to provide any exceptions for self-defense or hunting.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a.  Finding that Ordinance 10-301.13 violates Article 1, Section 21 of the Pennsylvania Constitution;

    b.  Declaring that Ordinance 10-301.13 is unlawful;

    c.  Enjoining Defendants from enforcing Ordinance 10-301.13;

    d.  Directing that Defendants pay reasonable expenses, including attorney fees and costs; and

    e.  Such other relief as the Court deems just and equitable.

## COUNT XXVII: INJUNCTIVE RELIEF – ARTICLE 1, SECTION 21 OF THE PENNSYLVANIA CONSTITUTION – ORDINANCE 10-301.13 – HUNTING, FIREARMS AND FISHING
### *(ALL PLAINTIFFS VS. ALL DEFENDANTS)*

433.    The foregoing paragraphs are incorporated herein as if set forth in full.

434.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

435.    For purposes of this Count, "Defendants" refers to all named Defendants.

436.    Plaintiffs' injuries are imminent and immediate and will not be adequately redressed through money damages.

437.    Plaintiffs have a well-grounded fear of imminent prosecution for violation of Ordinance 10-301.13, as the City, by and through its representatives, Mayor

Papenfuse and Chief Carter, has publicly stated that Ordinance is being and will continue to be enforced.

438. Violations of constitutional and statutory rights are *per se* injuries and, in this case, result in criminal liability of the City and its officials, agents and employees.

439. The current enforcement of this ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

440. Greater injury would result to Plaintiffs than to Defendants, as Plaintiffs will face criminal charging and prosecution, whereby Plaintiffs will be deprived of their constitutional and statutory rights, in violation of Article 1, Section 21 of the Pennsylvania Constitution and Sections 5301 and 6120 of the Crimes Code.

441. If the injunction is granted, Plaintiffs and Defendants will remain in the position they were prior to the wrongful conduct of the City enacting Ordinance 10-301.13.

442. An injunction is the appropriate method to stay the enforcement of a law enacted in contravention of state law and is the minimum action necessary.

443. An injunction will not be adverse to the public interest, as it will enjoin Defendant from enforcing a law enacted in contravention of Pennsylvania Constitution and state law.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order granting relief as follows:

    a. Enjoining the Defendants from enforcing Ordinance 10-301.13;

    b. Requiring that Defendants repeal Ordinance 10-301.13;

    c. Directing that Defendants pay reasonable expenses, including attorney fees and costs; and

    d. Such other relief as the Court deems just and equitable.

## COUNT XXVIII: DECLARATORY RELIEF – SECOND AMENDMENT OF THE UNITED STATES CONSTITUTION – ORDINANCE 10-301.13 – HUNTING, FIREARMS AND FISHING
### (ALL PLAINTIFFS V. ALL DEFENDANTS)

444.    The foregoing paragraphs are incorporated herein as if set forth in full.

445.    For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

446.    For purposes of this Count, "Defendants" refers to all named Defendants.

447.    10-301.13 – Hunting, firearms and fishing, provides:

    A. No person shall hunt, trap or pursue wildlife in any park at any time, except in connection with bona fide recreational activities and with the approval of the Director by general or special order or rules or regulations.

    B. No person shall use, carry or possess firearms of any description, or air rifles, spring guns, bow and arrows, slings or any other form of weapons potentially inimical to wildlife and dangerous to human safety, or any instrument that can be loaded with and fire blank cartridges, or any kind of trapping device in any park.

    C. No person shall shoot or propel any object from any of the foregoing into park areas from beyond park boundaries or while in a park.

    D. No person shall fish in Italian Lake.

448.    Ordinance 10-301.13 was promulgated, enacted, enforced and continues to be enforced by Defendants.

449.    Mayor Papenfuse declared to Penn Live reporter Christine Vendel: "The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too." *See*, Exhibit B.

450.    Chief Carter declared that "officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms." Id.

451.    A present controversy exists,[24] as Defendants have publicly stated both their intention to enforce the ordinance and their current prosecution of individuals pursuant to the ordinance.

452.    42 U.S.C. § 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

453.    State courts, pursuant to the Supremacy Clause of Article VI of the U.S. Constitution, have authority hear Section 1983 causes of action. Felder v. Casey, 487 U.S. 131 (1988).

---

[24] *See*, Fn 2.

454.     The U.S. Supreme Court has held that membership organizations may bring a claim, in the absence of injury to itself, on behalf of its members, where at least one member has been threatened with injury. Warth v. Seldin, 422 U.S. 490, 510-11 (1975).

455.     The U.S. Supreme Court in District of Columbia v. Heller, 554 U.S. 570, 628-30 (2008) declared, "the inherent right of self-defense has been central to the Second Amendment right," that a prohibition on the "core lawful purpose of self-defense" is unconstitutional and that the "nonexistence of a self-defense exception" in a statute in violative of the Second Amendment.

456.     Thus, any statute or ordinance that "defeats the core lawful purpose of self defense . . . is hence unconstitutional." Heller, 128 S.Ct. at 629.

457.     Further, the Court defined "bear arms" as "wear, bear, or carry ... upon the person or in the clothing or in a pocket, for the purpose ... of being armed and ready for offensive or defensive action in a case of conflict with another person." Id. at 584.

458.     In McDonald v. City of Chicago, 561 U.S. 742 (2010), the U.S. Supreme Court would declare that the Second Amendment applies to the States through the Fourteenth Amendment of the U.S. Constitution.

459.     The current enforcement of this ordinance has a chilling effect on the Plaintiffs' otherwise lawful, and constitutionally protected, right to sell, transfer and possess firearms, in violation of 18 Pa.C.S. § 6120, as well as their constitutionally protected rights to self-defense and to hunt.

460.     Ordinance 10-301.13 is overbroad, as it fails to provide any exceptions for

Plaintiffs' constitutionally protected right to self-defense or hunting.


WHEREFORE, Plaintiffs respectfully request that this Honorable Court issue an Order

granting relief as follows:

    a.  Finding that Ordinance 10-301.13 violates the Second Amendment of the

       U.S. Constitution;

    b.  Declaring that Ordinance 10-301.13 is unlawful;

    c.  Enjoining Defendants from enforcing Ordinance 10-301.13;

    d.  Directing that Defendants pay reasonable expenses, pursuant to 42 U.S.C.

       § 1988, including attorney fees and costs; and

    e.  Such other relief as the Court deems just and equitable


## COUNT XXIX: INJUNCTIVE RELIEF – SECOND AMENDMENT TO THE UNITED STATES CONSTITUTION – ORDINANCE 10-301.13 – HUNTING, FIREARMS AND FISHING
### (ALL PLAINTIFFS V. ALL DEFENDANTS)

461.     The foregoing paragraphs are incorporated herein as if set forth in full.

462.     For purposes of this Count, "Plaintiffs" refers to all named Plaintiffs.

463.     For purposes of this Count, "Defendants" refers to all named Defendants.

464.     Plaintiffs' injuries are imminent and immediate and will not be adequately

redressed through money damages.

465.     Plaintiffs have a well-grounded fear of imminent prosecution for violation

of Ordinance 10-301.13; as the City, by and through its representatives, Mayor

d.  Permanently enjoining Defendants, including all officials, agents and

employees, and their successors, as follows:

  i.   Enjoining Defendants from enforcing the Ordinances in any way;

  ii.  Requiring Defendants repeal the Ordinances; and

  iii. Enjoining Defendant from implementing any other ordinance, law,

or rule that regulates the legal use, possession, or transfer of

firearms;

e.  Awarding Plaintiffs reasonable expenses, including attorney fees and

costs, pursuant to 18 PA.C.S. § 6120 and 42 U.S.C. § 1988; and

f.  Awarding Plaintiffs any additional or further relief this court finds

appropriate, equitable, or just.

Respectfully Submitted,

Joshua Prince, Esq..
Attorney ID No. 306521
Prince Law Offices, P.C.
646 Lenape Rd
Bechtelsville, PA 19505
610-845-3803 ext 81114
610-845-3903 (fax)
Joshua@PrinceLaw.com

01-20-'15 11:08 FROM-                                    T-066  P0089/0111 F-122

## Verification

I, Kim Stolfer, President of Firearm Owners Against Crime verify that I am authorized to make this Verification on behalf of Firearm Owners Against Crime and that all the information contained in the foregoing is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.


January 15, 2015
Date

Kim Stolfer, President
Firearm Owners Against Crime

## Verification

I, Kim Stolfer, verify that I am the Petitioner named in the foregoing and that all the information contained therein is true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

January 15, 2015

Date                                              Kim Stolfer

## Verification

I, Joshua Prince, am Counsel for the Plaintiffs, Firearm Owners Against Crime, Kim Stolfer, Joshua First, and Howard A. Bullock. The signatures of Joshua First and Howard A. Bullock were not available for filing of this Complaint. I verified all statement verbally with Joshua First and Howard A. Bullock. I verify that the statements made in this Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.


1/15/15
Date                                                Joshua Prince, Esq.

# Exhibit A

COMMONWEALTH OF PENNSYLVANIA
**OFFICE OF ATTORNEY GENERAL**
HARRISBURG, PA 17120

TOM CORBETT
ATTORNEY GENERAL

16TH FLOOR
STRAWBERRY SQUARE
HARRISBURG, PA 11120
(717) 787-3391

August 24, 2009

The Honorable Shawn C. Wagner
Adams County Office of the District Attorney
Adams County Courthouse
111-117 Baltimore Street
Gettysburg, PA 17325

Re     *Local Ordinances Concerning Firearms*

Dear District Attorney Wagner:

Recently, my office has received a number of inquiries about the enactment of local ordinances pertaining to the use, possession or acquisition of firearms. These inquiries have chiefly concerned the authority of a political subdivision to legislate in this regard, and the related question of whether an adopted ordinance is legally enforceable. I am writing to share the position that my office has taken because your office, too, may be confronted with these issues and may find this information helpful.

Any review of this issue must, of course, begin with an examination of the Commonwealth's statutory law to determine what, if anything, it provides with respect to a political subdivision's ability to legislate on this subject. Our General Assembly has addressed this matter by enacting, as part of the Crimes Code, the provisions found in 18 Pa.C.S. § 6120 (Limitation on the regulation of firearms and ammunition), which contain this express prohibition: "No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth." § 6120(a). As used in this statute, "firearms" has, with one exception, the same meaning as in 18 Pa.C.S. § 5515 (Prohibiting of paramilitary training): "Any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon."[1]

In the more than thirty-five years since the enactment of § 6120(a), Pennsylvania's courts, including its Supreme Court, have uniformly interpreted its provisions to preempt local governments from legislating with respect to the ownership, use, possession or transportation of firearms. *See, e.g., Schneck v. City of Philadelphia, 383 A.2d 227* (Pa. Cmwlth. 1978)(striking down a Philadelphia ordinance that regulated the acquisition and transfer of firearms). In

---

[1] Air rifles are not "firearms" for purposes of § 6120(a). *See* § 6120(b)(incorporating definition found in 18 Pa.C.S. § 6304). An "air rifle" is: "Any air gun, air pistol, spring gun, spring pistol, B-B gun or any implement that is not a firearm which impels a pellet of any kind with a force that can reasonably be expected to cause bodily harm." It does not include paintball guns or markers. § 6304(g).

The Honorable Shawn C. Wagner August 24, 2009
Page 2 of 4

*Schneck,* the Commonwealth Court, sitting *en banc,* held that §6120(a) "clearly preempts local governments from regulating the lawful ownership, possession and transportation of firearms .... " It declared the ordinance to be invalid and unenforceable.

Nearly two decades later, in *Ortiz v. Commonwealth,* 681 A.2d 152 (Pa. 1996), our Supreme Court provided further guidance when it considered ordinances banning certain types of assault weapons passed by the cities of Philadelphia and Pittsburgh. Although both cities are home rule municipalities, and as such, each "may exercise any power or perform any function not denied by [the Pennsylvania] Constitution, by its home rule charter or by the General Assembly at any time," PA. CONST. art. IX, § 2, the court explained that, in the area of firearms, the General Assembly has, by enacting §6120(a), acted affirmatively to prohibit local regulation of the ownership, possession, use or transfer of firearms, thus denying all municipalities, including those which operate under a home rule charter, the authority to legislate in this regard. 681 A.2d at 155. The court *in Ortiz* also stressed that "[b]ecause the ownership of firearms is constitutionally protected, its regulation is a matter of statewide concern ... Thus, regulation of firearms is a matter of concern in all of Pennsylvania ... and the General Assembly, not city councils, is the proper forum for the imposition of such regulation." *Id.* at 156.

Given this straightforward explication of Pennsylvania law by its highest court, it is, and continues to be, my understanding that any effort by a municipality to legislate in a way that affects the ownership, use, possession, transfer or transportation of a firearm is not legitimate. On those occasions when my office's input has been sought, we have communicated this. Rulings to date in ongoing cases involving this issue support that conclusion.

The issue of firearms-related preemption is currently being litigated in three cases pending in the state appellate courts. All of the cases arise from the enactment of ordinances in Philadelphia. In *Clarke, et al. v. House of Representatives, et al.,* 957 A.2d 361 (Pa. Cmwlth. 2008) ("*Clarke I*"), two members of Philadelphia City Council filed suit in the Commonwealth Court against both houses of the General Assembly seeking a declaratory judgment that seven ordinances, dealing with firearms passed by Philadelphia City Council and signed by the Mayor in May of 2007, were legal and enforceable.[2] In an *en banc* ruling, Commonwealth Court

---

[2] The seven ordinances provided as follows:

Bill 040117-A limits handgun purchases to one per month and prohibits straw purchases and sales. Bill 060700 mandates the reporting of lost or stolen firearms. Bill 040136-A requires a license in order to acquire a firearm within Philadelphia or bring a firearm into Philadelphia. Bill 040137 requires the annual renewal of a gun license. Bill 040312 states that a firearm can be confiscated from someone posing a risk of harm. Bill 040315 prohibits the possession or transfer of assault weapons. Bill 040118-A requires that any person selling ammunition report the purchase and the purchaser to the Police Department.

957 A.2d at 362 (emphasis added).

The Honorable Shawn C. Wagner August 24, 2009
Page 3 of 4

sustained preliminary objections to the petition for review and dismissed the action on the basis it did not state a claim as to which relief could be granted. The court concluded that the ordinances were "not materially different from those presented in *Schneck* and *Ortiz*," and were therefore likewise preempted by §6120(a). The Council members have appealed to the Pennsylvania Supreme Court. Disposition of that appeal, which is docketed at No. 74 MAP 2008, is pending.

Commonwealth Court has addressed the preemption question even more recently in *National Rifle Association, et al. v. City of Philadelphia, et al. ("NRA"),* ___ A.2d ___ 2009  WL 1692390 (Pa. Cmwlth. 06-18-09). That case involved a challenge to five ordinances passed by Philadelphia City Council in April of 2008.[3] The court of common pleas determined, as a threshold matter, that the plaintiffs did not have standing to challenge three of the ordinances, specifically, the "imminent danger," "protection from abuse" and "lost or stolen gun" ordinances.[4] The remaining two, the "straw purchaser" and "assault weapons" ordinances, it concluded, were preempted by §6120(a) and permanently enjoined city officials from enforcing them. The city appealed that ruling to Commonwealth Court which, in *an en banc* decision issued June 18, 2009, affirmed the lower court's ruling in all respects. A petition for allowance of appeal seeking review of Commonwealth Court's ruling was filed in the Pennsylvania Supreme Court on July 17, 2009. The case is docketed in that court at No. 399 EAL 2009.

The petitioners in *Clarke I* filed another suit in Commonwealth Court against the Commonwealth of Pennsylvania also challenging the 2008 ordinances. In that action, *Clarke, et al. v. Commonwealth of Pennsylvania*, No. 284 M.D. 2008 (Pa. Cmwlth.)("Clarke II"), my

---

3 These five ordinances, the court said,

can be summarized as follows: Bill No. 080017, "Imminent Danger Ordinance," authorizes the temporary removal of firearms from persons found by the court, upon affidavit of two police officers or a district attorney, to pose a risk of imminent harm to themselves or others; Bill No. 080018-A, "Protection From Abuse Ordinance," prohibits persons subject to an active protection from abuse order from acquiring or possessing firearms when such order provides for confiscation of the firearms; Bill No. 080032-A, "Lost or Stolen Gun Ordinance," requires gun owners to report their lost or stolen firearms to law enforcement officials within twenty-four hours after discovery of the loss or theft; Bill No. 080033, "Assault Weapons Ordinance," prohibits the possession, sale and transfer of certain offensive weapons, including assault weapons, as well as certain contraband accessories or ammunition; and finally, Bill No. 080035-A, "Straw Purchaser Ordinance," prohibits any person when purchasing a handgun from acting as a straw purchaser and prohibits the purchase of more than one handgun within any thirty-day period, except for any person who is not a straw purchaser.

2009 WL 1692390, *1 (emphasis added).

4 In its decision, the court of common pleas noted that although these three ordinances were not technically at issue in the case because of the lack of standing, it nevertheless felt the same reasoning would apply. In some media accounts of this decision and Commonwealth Court's affirmance, it was reported that these three ordinances had been "approved" by the courts. That is incorrect. Because of the lack of standing, the courts have never had jurisdiction to rule on these issues. If anything, the court of common pleas' remarks suggest a contrary outcome.

The Honorable Shawn C. Wagner August 24, 2009
Page 4 of 4

office, which represents the Commonwealth, filed preliminary objections seeking to dismiss the case on several grounds, including preemption. On December 3, 2008, Commonwealth Court sustained those objections and dismissed the case, based on its ruling in *Clarke I.* An appeal to the Pennsylvania Supreme Court, where is it docketed at No. 92 MAP 2008, is pending.

Obviously, the Supreme Court's forthcoming decisions in *Clarke I and II,* and any decision it might issue in *NRA, if it* chooses to hear the case, will furnish further guidance on this subject. In our view, the existing body of law, and its consistent application of the principles of preemption, at very minimum, counsels great caution in dealing with locally-enacted ordinances which affect firearm use, ownership, possession and transportation. Given what the courts have said, we believe it would be appropriate to treat such enactments as invalid.

I hope that this discussion of this issue will be helpful to you. Please contact Amy Zapp, Deputy Attorney General, Special Litigation Section, at (717) 705-4487, if my office can be of further assistance.

Sincerely,

TOM CORBETT Attorney General

# Exhibit B



# Harrisburg stands firm on gun regulations despite threat of lawsuit

stolen guns.jpg

Harrisburg Police Chief Tom Carter last month displayed two of the 35 guns Harrisburg police recovered after a home burglary in Allison Hill where thieves stole 50 guns. The gun in the foreground is a .50-caliber. The other is a .357 Magnum.

**Christine Vendel | cvendel@pennlive.com** By Christine Vendel | cvendel@pennlive.com
**Email the author | Follow on Twitter**
on December 29, 2014 at 9:15 AM, updated January 13, 2015 at 2:43 PM

4 **UPDATE: Harrisburg faces first legal challenge to gun ordinances**

A showdown over firearms ordinances in the city of Harrisburg has begun.

Four Pennsylvania gun owner groups have notified Harrisburg they plan to sue the cash-strapped capital city under a controversial new state law that gives them standing to challenge the existence of local gun ordinances.

The law, which the National Rifle Association has called "the strongest firearms preemption statute in the country," also allows successful plaintiffs to force municipalities to pay their legal fees, expert witness fees, all court costs and any compensation for lost income.

The law takes effect Jan. 5 and expands a longstanding general rule in the statutes that the state is responsible for gun regulations.

A four-page, double-sided letter from attorney Joshua Prince to Harrisburg's city solicitor dated Dec. 14 asks city officials to rescind five "unlawful" ordinances pertaining to firearms before the law's effective date or face legal action.

Specifically, the ordinances **forbid possession of guns by minors and discharging of guns in the city and in parks; mandate reporting of lost or stolen guns; and prohibit the sale or display of guns while the city is under a state of emergency.**

The groups that retained Prince are the American Gun Owners Alliance, Concerned Gun Owners of Pennsylvania, Firearm Owners Against Crime and Pennsylvanians for Self Protection. Prince noted that other

groups could also take legal action, and Harrisburg could be on the hook for their legal fees, too.

"It seems clear that there will be litigation over your enacted firearms regulations, which will result in substantial additional burdens on taxpayers," Prince wrote.

City officials are still researching their options, but Mayor Eric Papenfuse said the city doesn't plan to rescind its ordinances.

"The city's not going to repeal its ordinances, because our police department feels that they are in the public interest, and I do too," Papenfuse said. "What responsible gun owner believes guns should be recklessly discharged within the city limits?"

Proponents of ordinances that require gun owners to report lost or stolen guns, for example, say its helpful to know and can help prevent illegal gun trafficking by identifying owners who repeatedly have guns "stolen" or repeatedly fail to report "stolen" guns.

Police Chief Tom Carter said officers regularly cite violators for reckless discharge of guns in the city and when minors are caught in possession of firearms. But he could not recall an instance where anyone was cited under the lost/stolen ordinance.

Defending or losing a case under the expanded law, known as Act 192, could cause serious financial damage to Harrisburg, which is trying to claw its way out of near bankruptcy. Still, Papenfuse said the city will not cave to the demands of the gun owner groups.

"I support the responsible use of firearms," he said. "I actually see middle ground here. I feel there's a distinction between law-abiding gun owners and anyone that would want to sue the municipality about a reckless discharge ordinance, especially given the violence we have in the city. I think it's completely irresponsible."

Prince said the specific ordinances or their perceived value are "immaterial" because the "entire area of firearms law is pre-empted by the Legislature."

Allowing municipalities to create firearm ordinances results in a "patchwork" of ordinances that are difficult or impossible to track for lawful gun owners who might travel, Prince said.

He also said such ordinances are ineffective and duplicative since state laws exist to cover the same actions, he said.

Although Prince said the law is "crystal clear" on the state's pre-eminence, city officials disagreed, saying dozens of municipalities across the state have enacted ordinances over the past four decades because they

believed they were legal in doing so.

In fact, Prince said his law firm has contacted about 90 municipalities that have enacted firearms ordinances. His law firm is based in Bechtelsville, in Berks County.

Some other Pennsylvania municipalities have already rescinded their gun ordinances, including Doylestown, or are considering doing so under pressure from their insurance carriers to avoid risk.

Harrisburg is self-insured.

Meanwhile, the law's constitutionality has already been called into question in a lawsuit filed last month by a group of legislators and the cities of Philadelphia, Lancaster and Pittsburgh. The plaintiffs take issue with the fact that the gun ordinance provisions were tacked onto a bill about metal thefts.

The Attorney General has already said her office won't defend the law.

Papenfuse said Dauphin County's decision recently to grant $63,750 in hotel tax tourism money to the National Rifle Association, because they run the annual Great American Outdoor Show, was particularly "irresponsible" given that the NRA pushed for the controversial new law that is now being used against Harrisburg.

"Why do they need subsidized," Papenfuse said of the NRA. "It's another example of irresponsible use of county hotel tax money. Within the context of the public safety crisis we have in this city, it's exactly what we don't need."

Dauphin County Commissioner Jeff Haste said the grant has historically been paid to the organizer of the event, for busing and transportation.

Haste said the Great American Outdoor Show in its first year generated more than $70 million in economic impact to the region and more than $200,000 in amusement taxes for the city.

"When the previous show producer canceled in 2013, our local economy -- hotels, restaurants, small businesses -- took a huge hit," Haste said. "The grant to attract and retain one of the country's biggest outdoor shows is money well spent."

The NRA Foundation recently donated $50,000 to Harrisburg to buy a new police car, which the city accepted. But no city officials appeared at the official check presentation, said Papenfuse, who was initially asked to attend.

"I said I only would come if they understood that I'd be speaking out against Act 192," he said. "I was not

Harrisburg stands firm on gun regulations despite threat of lawsuit            http://blog.pennlive.com/midstate_impact/print.html?entry=/20...

invited."

**UPDATE:** *This article was updated to include that the attorney's four-page letter to Harrisburg was double-sided; to provide a response from Jeff Haste; and to add comments from Police Chief Tom Carter*

© 2015 PennLive.com. All rights reserved.

**Exhibit C**



# Harrisburg mayor fires back against gun ordinance legal threat

By Dave Marcheskie
Published: January 5, 2015, 5:13 pm

A new law took effect today and it could trigger a lawsuit against the City of Harrisburg over its gun ordinances.

Mayor Eric Papenfuse said he was not surprised when a detailed letter landed on his desk from Attorney Joshua Prince. The notice, on behalf of four Pennsylvania pro-gun groups, demanded Harrisburg rescind five of its gun-related city ordinances or else face a lawsuit.

Papenfuse was quick on the draw to defend the City. "These are simply regulations, which the city has had for years, which have helped people, not harmed people," he said.

Monday was the first day where gun advocate groups or individuals could challenge

municipalities on ordinances believed to be restricting gun rights. The law also states, that if a challenging party would win a legal battle, the municipality could be on the hook to pay courts costs and legal fees on both sides.

Abc27 laid out the arguments of Prince last week: http://abc27.com/2014/12/30/harrisburg-gun-laws-may-trigger-lawsuit/ (http://abc27.com/2014/12/30/harrisburg-gun-laws-may-trigger-lawsuit/)

So, when the cash-strapped capital city received such an ultimatum, the mayor quickly noted any legal fight could come at a hefty price. "It's a terrible law, the legislature shouldn't have passed it."

Papenfuse said he tried to reason with Prince and asked for an explanation why an ordinance that bans people from recklessly firing in city limits infringes upon a person's civil rights. "It says you can't walk out in the middle of the street and just start firing your gun," Papenfuse said. "Police do cite people for that on a regular basis. That is a sensible measure."

The mayor said the ordinance that mandates registered gun owners to report lost or stolen guns had a recent success story. A man reported nearly four dozen guns were stolen from his safe. Police reported they were able to track down nearly every single gun based upon the descriptions and serial numbers listed. Papenfuse said that is an example how the ordinance protects the public.

Although the group has the official go ahead to sue, Prince has yet to file a lawsuit. He told abc27 last week there was no strict deadline, but it would happen if municipalities did not comply.

The mayor said with bigger push backs coming from Pittsburgh and Philadelphia, he believes a judge may halt the new law. If not, he implored and challenged leadership at the National Rifle Association to tell other organizations to lower their legal weapons.

Papenfuse pointed to the recent donation from the NRA in December, when they gave $50,000 to purchase a new police cruiser. The mayor said he felt it was a conflict of interest given the threat of a lawsuit.

He said he believes in the right to legal gun ownership and self defense. But, he said there has to be a way where urban areas battling gun problems can protect its citizens without restricting rights. Papenfuse said Harrisburg's ordinances do just that.

"We're not looking for a battle, clearly it's the NRA looking for a battle," he said. "But, we're not simply going to repeal something that we feel is protecting public safety."

Harrisburg mayor fires back against gun ordinance legal threat          http://abc27.com/2015/01/05/harrisburg-mayor-fires-back-again...

**17 Comments**     ABC27.com                                     Login ˅

Sort by Best ˅                                                    Share 🖺  Favorite ☆

 Join the discussion...

 **BryanS** · 8 days ago
If the mayor signed this into law, HE is a criminal. Its in the existing, and old, state law... no one but the duly elected legislature may make laws that relate to firearms.

If he thinks it is so great, why not pass laws against assault, battery, robbery, and murder? Oh... wait.. those are illegal and peple still do them. Usually, those who plead away gun charges.

Stop making laws that apply to the non-violent people who obey the law, and start cracking down on those that do evil deeds.
14 ˄  ˅ · Reply · Share ›

 **Leon Baker** · 8 days ago
I'm sure the gentleman only reported the theft of four dozen guns because of the city ordinance. Give me a break! Don't be whining Mr. Mayor when you are costing your city a bunch of money because of your ego...
12 ˄  ˅ · Reply · Share ›

 **Jay Silla** · 8 days ago
That's a real stretch by the mayor, claiming that a theft was reported only because of the local ordinance. MOST gun owners will report thefts promptly, if for no other reason than the hope of recovering their property.
12 ˄  ˅ · Reply · Share ›

 **TJ** · 8 days ago
If the mayor feels his ordinances are needed, then he should talk to his state representative to create them on a state level. That's what the new law is all about.
8 ˄  ˅ · Reply · Share ›

 **MadAsHellYankee** ⚡ TJ · 8 days ago
It gives pre-emption teeth. The UFA already states that gun laws and regulations are done at the state level ONLY.
7 ˄  ˅ · Reply · Share ›

Harrisburg mayor fires back against gun ordinance legal threat     http://abc27.com/2015/01/05/harrisburg-mayor-fires-back-again...

**ABC27.com**

© Copyright 2000 - 2015 Media General Communications Holdings, LLC. A Media General Company.

Powered by WordPress.com VIP (http://vip.wordpress.com/)

IN THE COURT OF COMMON PLEAS
OF DAUPHIN COUNTY, PENNSYLVANIA

FIREARM OWNERS AGAINST
CRIME;                                          :

KIM STOLFER;                                    :        Jury Trial Demanded

JOSHUA FIRST; and                               :

HOWARD BULLOCK,                                 :

        Plaintiffs,                             :        Civil Action

          vs.                                :

CITY OF HARRISBURG;                             :

MAYOR ERIC PAPENFUSE; and                       :        No. _2015- CV·354-EQ_

POLICE CHIEF THOMAS CARTER                      :

        Defendant.                              :

## ORDER

AND NOW, this _____ day of _____, 2015, upon consideration of

Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief from the City of

Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances, it is hereby

ORDERED and DECREED that Court FINDS:

1. The Pennsylvania General Assembly shall be the sole legislative body

    authorized to enact legislation regulating the use, possession, sale, transfer,

    transportation, discharge, and/or ownership of firearms;

2. The Pennsylvania General Assembly shall be the sole legislative body

    authorized to enact legislation requiring the reporting of lost or stolen firearms

    to any authority or police department within this Commonwealth;

3.  Ordinances 3-345.1; 3-345.2; 3-345.4; 3-355.2; and 10-301.13 are, therefore, preempted by State law;

4.  Ordinances 3-345.1; 3-345.2; 3-345.4; 3-355.2; and 10-301.13, violate 18 PA.C.S. § 6120 and are therefore null and void;

5.  Ordinances 3-345.1; 3-345.2; 3-345.4; 3-355.2; and 10-301.13, violate Article I, Section 21 of the Pennsylvania Constitution, and are therefore null and void;

6.  Ordinances 3-345.1; 3-345.2; 3-345.4; 3-355.2; and 10-301.13, violate the Second Amendment to the United States Constitution, and are therefore null and void;

7.  The City of Harrisburg, its officials, agents, employees and successors are ENJOINED from enforcing Ordinances 3-345.1; 3-345.2; 3-345.4; 3-355.2; and 10-301.13;

8.  The City of Harrisburg, its officials, agents, employees and successors are ENJOINED from enacting any future ordinances regulating firearms in any manner; and

9.  Plaintiff's counsel is directed to file a quantum meruit request with the Court for attorney fees and costs, so that reasonable attorney fees and costs may be awarded pursuant to 18 Pa.C.S.A § 6120(a.3) and 42 U.S.C. § 1988.


BY THE COURT:

_____
                                                        J.

## IN THE COURT OF COMMON PLEAS
## OF DAUPHIN COUNTY, PENNSYLVANIA

FIREARM OWNERS AGAINST
CRIME;                                       :

KIM STOLFER;                                 :          Jury Trial Demanded

JOSHUA FIRST; and                            :

HOWARD BULLOCK,                              :

        Plaintiffs,              :          Civil Action

        vs.                      :

CITY OF HARRISBURG;                         :

                              No. 2015-CV-354-EQ

MAYOR ERIC PAPENFUSE; and                   :

POLICE CHIEF THOMAS CARTER                  :

        Defendant.               :

## PROOF OF SERVICE

    I, Joshua Prince, Esq., hereby certify that I provided the Dauphin County Sheriff with true and correct copies of Plaintiff's Complaint for Declaratory Judgment and Injunctive Relief From the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances, to serve upon the following persons, on January 16, 2015:

City of Harrisburg
c/o Mayor Eric Papenfuse
The Rev. Martin Luther King, Jr. City Government Center
Ten North Second Street
Harrisburg, PA 17101

Mayor Eric Papenfuse
The Rev. Martin Luther King, Jr. City Government Center
Ten North Second Street
Harrisburg, PA 17101

Chief Thomas Carter
123 Walnut Street
PS-211
Harrisburg, PA 17101

Respectfully Submitted,
Prince Law Offices, P.C.

Joshua Prince, Esq.
Attorney for Petitioner
Attorney ID # 306521
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 ext 81114
Joshua@PrinceLaw.com

DATED: January 16, 2015

01-20-'15 11:11 FROM-                                    T-088  P0111/0111 F-122

TRUE COPY ATTESTED

*JR Borak*

SHERIFF OF DAUPHIN CO., PA

RECEIVED

2015 JAN 16 · PM 1: 16

DAUPHIN COUNTY
SHERIFF'S OFFICE
HARRISBURG, PA 17101