IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
| Plaintiffs | : | |
| v. | : | (Judge Yvette Kane) |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
| Defendants | : | Jury Trial Demanded |

**Brief in Support of
Motion for Leave to Amend
<u>Notice of Removal</u>**

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

March 12, 2015

## I.    Procedural History:

Plaintiffs filed suit in state court on January 16th against Harrisburg, Mayor Papenfuse, and Chief Carter. Kim Stolfer and Plaintiffs' attorney Joshua Prince verified the Complaint. Howard Bullock and Joshua First did not.

The Complaint was served on the Defendants on January 20th. On January 28th, defense counsel entered their appearance for Defendants. Defense counsel inadvertently left Howard Bullock off the caption. On January 29th, Bullock and First submitted verifications, which they served on Defendants directly but not on defense counsel.

Defendants timely filed a notice of removal with the Complaint attached on February 13th, and promptly served notice on the state court that same day with the notice of removal and Complaint attached. Defendants served Plaintiffs' counsel by mail and through ECF. As with the entries of appearance, defense counsel mistakenly left Bullock out of the caption of these documents and the civil cover sheet.

Defendants timely moved to dismiss the case on February 20th, accidentally without mentioning Bullock as with the prior filings. The state court transferred the case that same day. Defense counsel did not learn of this error until Plaintiffs filed their motion to remand on February 22nd, arguing that Bullock's claims—identical to the other individual Plaintiffs—remain in state court due to defense counsel's

1

clerical error. As the Clerk's direction, Plaintiffs refiled the brief in support of remand as a separate entry the following day.

Defense counsel received 10 day notices of Bullock's intent to seek a default in state court on February 24th. On February 27th, Defendants filed a motion in state court to strike the 10 day notices, arguing that the entire case was removed in spite of counsel's error and that the state court lacks jurisdiction. That night, Plaintiffs filed a motion for default in this Court. At the Clerk's direction, Plaintiffs filed a proposed order on March 2nd.

On March 3rd, Bullock filed a praecipe for default in state court, and the Prothonotary entered a judgment against Defendants, as a pure ministerial act. Judge Dowling has scheduled a conference on the matter for March 17th.

Defendants attach to the motion to amend as Exhibits 1 and 2, an amended notice of removal and civil cover sheet. The only changes are adding Judge Kane, Howard Bullock, and the docket number to the caption and attaching the other state court filings. A marked up version of the notice is attached as Exhibit 3.

## II.    Facts:

Defense counsel failed to include Howard Bullock in the caption when they entered their appearances in January and when they removed the case in February.

### III.   Question Presented:

Should this Court allow amendment of the notice of removal and civil cover sheet to cure a clerical error in the caption? Yes.

### IV.   Argument:

#### A. **This Court should grant leave to amend.**

This Court acts well within its discretion by allowing amendment of a notice of removal to cure procedural deficiencies. "Under 28 U.S.C. § 1653, a removing party may amend its removal petition to clarify the basis for federal jurisdiction after the 30–day deadline for amendment has passed." *Advanced Technologies & Installation v. Nokia Siemens Networks*, 2011 WL 198033, at *3 (D.N.J. Jan. 20, 2011).

Section 1653 provides, "Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C.A. § 1653. Section 1653 "is an exception to the rule that 'federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.'" *Advanced Technologies*, 2011 WL 198033, at *3 (quoting *Newman–Green. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989).

The Third Circuit has held that District Courts can permit amendment to remedy inadequate jurisdictional allegations in a removal notice:

> Section 1653 gives both district and appellate courts the power to remedy inadequate jurisdictional allegations,

but not defective jurisdictional facts. *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 831–32, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989).10 Moreover, we have held that a district court abused its discretion by not allowing plaintiffs to amend their complaint to allege jurisdiction on diversity grounds where diversity existed but had not been a necessary basis for jurisdiction before the federal claims in the case were dismissed. Scattergood, 945 F.2d at 627.

*USX Corp. v. Adriatic Ins*., 345 F.3d 190, 204 (3d Cir. 2003).

In *USX*, the Third Circuit permitted Ireland to amend its notice of removal "to clarify that Ireland controls, rather than owns, ICAROM through SAT…" *Id.* The Third Circuit also considered an affidavit containing additional facts in support of removal that Ireland filed in opposition to remand and rejected a more restrictive view:

ICAROM submitted the affidavit of Brendan Murphy, its former general manager, in opposition to USX's original motion to remand setting forth the history and purpose of the government's involvement with ICAROM and other facts that pertain not only to the majority ownership analysis but to the organ analysis. The Supreme Court has upheld removal where jurisdictional facts required to support the removal were found in later-filed affidavits rather than in the notice of removal. *Willingham v. Morgan*, 395 U.S. 402, 407 n. 3, 89 S.Ct. 1813, 1816 n. 3, 23 L.Ed.2d 396 (1969) ("This material should have appeared in the petition for removal. However, for purposes of this review it is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits. See 28 U.S.C. § 1653."). Other courts more recently have allowed consideration of facts contained in later-filed affidavits, treating those facts as an amendment of the

4

notice of removal under section 1653. *See, e.g., Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n. 1 (9th Cir.2002) (holding that the district court did not err in construing an affidavit setting forth the facts supporting the amount in controversy in a diversity case as an amendment under section 1653 to the notice of removal which stated summarily, without alleging any underlying facts, that the amount in controversy exceeded $75,000); *cf. Miller v. Principal Life Ins. Co.*, 189 F.Supp.2d 254, 257–58 (E.D.Pa.2002) (holding that, even assuming that the defendant's initial removal petition was defective in that it did not state that a codefendant was only a nominal defendant, Willingham permitted treatment of an amended notice of removal filed more than 30 days after the filing of the original removal notice and after service of a motion to remand as an amendment of the original notice under section 1653). Furthermore, this approach is consistent with 28 U.S.C. § 1446(a), which, borrowing language from the liberal pleading standard of Fed.R.Civ.P. 8(a), was amended in 1988 to require only a "short and plain statement of the grounds for removal." See Charles Alan Wright et al., 14C Federal Practice and Procedure § 3733, at 351–56 (3d ed. 1998) (describing the amendment of section 1446(a) and stating: "[T]he better rule is that detailed grounds for removal need not be set forth in the notice. Rather, it should be sufficient if the court is provided the facts from which removal jurisdiction can be determined. Thus, the same liberal rules employed in testing the sufficiency of a pleading should apply to appraising the sufficiency of a defendant's notice of removal," (footnotes omitted)). Accordingly, although we are mindful that courts construe removal statutes strictly with all doubts resolved in favor of remand, *see Boyer v. Snap–On Tools Corp*., 913 F.2d 108, 111 (3d Cir.1990), we are satisfied that sections 1446(a) and 1653, together with the Supreme Court's opinion in *Willingham*, permit a court to consider jurisdictional facts contained in later-filed affidavits as amendments to the removal petition where, as here, those facts merely clarify (or correct technical deficiencies in)

> the allegations already contained in the original notice. To the extent, if any, that cases like *Fuller v. Exxon Corp.*, 131 F.Supp.2d 1323, 1327 (S.D.Ala.2001), take a more restrictive view of section 1653, we decline to adopt their reasoning.

*Id.* at n. 12.

Finally, the Third Circuit noted that USX suffered no prejudice by the amendment:

> We are satisfied that USX suffered no prejudice as a result of the district court's consideration of the organ prong because ICAROM raised this argument shortly after remand from this court so that USX had ample time to respond to it, and because in part the same facts are relevant under either the ownership or organ prong of section 1603(b)(2) although they could not satisfy the ownership prong here. In this regard we observe that when we asked at oral argument what prejudice that USX suffered by reason of ICAROM's possibly late identification of the organ prong of section 1603 as a basis for foreign state status and thus for district court jurisdiction, USX's attorney was not able to make a specific indication of what it might be. Certainly USX had ample time to develop the facts with respect to ICAROM's organ status.

*Id.* at n. 13.

As in *USX*, amendment to include Bullock in the caption would not prejudice Plaintiffs in any way. Amendment in this case is even more appropriate because this Court's jurisdiction is plain due to the federal question and amendment is not necessary to demonstrate jurisdiction.

Like *USX*, several courts permit amendment in diversity cases to allow more specific and additional allegations of citizenship. *See Dando v. Bimbo Food Bakeries Distribution*, 2014 WL 6991467, at *2 (D.N.J. Dec. 9, 2014); *Pickett v. Marriott Int'l*, 2014 WL 2436191, at *1 (D.N.J. May 29, 2014); *Selkirk v. Gen. Motors*, 2013 WL 3327377, at *3 (E.D. Pa. July 2, 2013); *Godonou v. Rondo,* 2012 WL 1969130, at *1 (E.D. Pa. May 31, 2012); *Advanced Technologies*, 2011 WL 198033, at *3; *Xia Zhao v. Skinner Engine*, 2012 WL 1758145, at *3 (E.D. Pa. May 16, 2012); *Monica v. Accurate Lift Truck*, 2010 WL 1631242, at *2 (E.D. Pa. Apr. 20, 2010); *N. Penn Water Auth. v. Bae Sys. Aerospace Electronics*, 2005 WL 1279091, at *6 (E.D. Pa. May 25, 2005).

Courts also grant amendment to allow defendants to explain the lack of unanimity in removal. *Lewis v. Consol. Freightways*, 2005 WL 503317, at *2-3 (E.D. Pa. Feb. 28, 2005); *Platton v. Kraftmaid Cabinetry*, 2004 WL 350448, at *3 (E.D. Pa. Feb. 24, 2004); *Miller v. Principal Life Ins*., 189 F. Supp. 2d 254, 258 (E.D. Pa. 2002).

This Court routinely gives defendants an opportunity to amend defectives removal notices after the 30 day removal period. *See e.g., Bowen v. Allstate Ins.*, 2013 WL 6448399, at *2 (M.D. Pa. Dec. 9, 2013); *MCF Ltd. Partners v. Seneca Specialty Ins.*, 2012 WL 6681813, at *2 (M.D. Pa. Dec. 21, 2012); *Balajee Trade Link v. Maya Overseas Foods*, 2012 WL 6553668, at *2 (M.D. Pa. Dec. 14, 2012).

This Court has also granted a plaintiff leave to correct a caption where the plaintiff inadvertently left a defendant out of the caption. *See Miller v. Trometter*, 2012 WL 5933015, at *9 (M.D. Pa. Nov. 27, 2012). Likewise, amendment is permissible for civil cover sheets. *Grecco v. Sanofi Winthrop Pharm.*, 1997 WL 68551, at *2 (N.D.Cal. Feb. 13, 1997)(granting leave to amend cover sheet where defendant mistakenly listed principal place of business as in California rather than New York).

Plaintiffs will suffer no prejudice. The original federal removal notice clearly informed Plaintiffs of the intent to remove the entire action. The opening indicates that "Defendants hereby remove this case." The notice refers to "Plaintiffs" collectively and to "a federal question," "a claim under 42 U.S.C. §1983," and "this action." The removal notice attaches the entire Complaint as Exhibit A. At no point does the removal notice express an intent to bifurcate this case into two. Further, the state court notice directs, "The state court shall proceed no further."

As explained in Defendants' brief opposing remand, this Court can ignore the clerical error altogether. Plaintiffs' entire Complaint has been timely lodged before this Court. However, Defendants seek amendment in the alternative in case this Court believes amendment is necessary.

**V.      Conclusion:**

This Court should allow Defendants to amend the notice of removal and

cover sheet.

<div style="margin-left: 40%;">

Respectfully submitted,

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

</div>

March 12, 2015

## Certificate of Service

I, Amyra W. Wagner, an employee of Lavery Law, hereby certify that on this date, I served a true and correct copy of this filing through this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

<div align="right">

*s/ Amyra W. Wagner*
Amyra W. Wagner
Legal Assistant to Josh Autry

</div>

Dated: March 12, 2015