IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
|     Plaintiffs | : | (Judge Kane) |
|   v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
|     Defendants | : | Jury Trial Demanded |

**Brief in Support of
Motion to Vacate State Default Judgment and
<u>Enjoin State Court</u>**

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

March 12, 2015

I.   **Procedural History:**

Plaintiffs filed suit in state court on January 16th against Harrisburg, Mayor Papenfuse, and Chief Carter. Kim Stolfer and Plaintiffs' attorney Joshua Prince verified the Complaint. Howard Bullock and Joshua First did not.

The Complaint was served on the Defendants on January 20th. On January 28th, defense counsel entered their appearance for Defendants. Defense counsel inadvertently left Howard Bullock off the caption. On January 29th, Bullock and First submitted verifications, which they served on Defendants directly but not on defense counsel.

Defendants timely filed a notice of removal with the Complaint attached on February 13th, and promptly served notice on the state court that same day (Ex. 5) with the notice of removal and Complaint attached. Defendants served Plaintiffs' counsel by mail and through ECF. As with the entries of appearance, defense counsel mistakenly left Bullock out of the caption of these documents and the civil cover sheet.

Defendants timely moved to dismiss the case on February 20th, accidentally without mentioning Bullock as with the prior filings. The state court transferred the case that same day. Defense counsel did not learn of this error until Plaintiffs filed their motion to remand on February 22nd, arguing that Bullock's claims—identical to the other individual Plaintiffs—remain in state court due to defense counsel's

clerical error. As the Clerk's direction, Plaintiffs refiled the brief in support of remand as a separate entry the following day.

Defense counsel received 10 day notices of Bullock's intent to seek a default in state court on February 24th. On February 27th, Defendants filed a motion in state court to strike the 10 day notices, arguing that the entire case was removed in spite of counsel's error and that the state court lacks jurisdiction. That night, Plaintiffs filed a motion for default in this Court. At the Clerk's direction, Plaintiffs filed a proposed order on March 2nd.

On March 3rd, Bullock filed a praecipe for default in state court, and the prothonotary entered a judgment against Defendants, as a pure ministerial act. Judge Dowling has scheduled a conference on the matter for March 17th.

Defendants attach to the motion to amend as Exhibits A and B an amended notice of removal and civil cover sheet. The only changes are adding Judge Kane, Howard Bullock, and the docket number to the caption and attaching the other state court filings. A marked up version of the notice is attached as exhibit C.

## II. Facts:

Defense counsel failed to include Howard Bullock in the caption when they entered their appearances in January and when they removed the case in February.

### III. Question Presented:

Did the Dauphin County Prothonotary have jurisdiction to enter default? No.

Should this Court enjoin the state court from acting further? Yes.

### IV. Argument:

#### A. This Court should vacate the state court default.

In a removed action, this Court has authority to vacate a default issued by a state court. This Court recently explained:

> A civil action filed in state court may be removed to a federal district court by filing a notice of removal, as occurred here. See 28 U.S.C. § 1446(a). When such notice of removal is effected, "the State court shall proceed no further unless and until the case is remanded." *Id.* at § 1446(d). Thus, "[a]s far as the default judgment previously entered in the State Court is concerned, there is no question that under the general removal statute it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case." *Kizer v. Sherwood*, 311 F.Supp. 809, 811 (M.D.Pa.1970) (collecting cases) (internal citations omitted).

*Defillipis v. Dell Fin. Servs.*, 2014 WL 3921371, at *2 (M.D. Pa. Aug. 11, 2014) (Judge Mariani).

The Third Circuit "does not favor entry of defaults or default judgments. [It] require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *Defillipis*, 2014 WL 3921371, at *2 (quoting *U.S. v. $55,518.05*, 728 F.2d 192, 194–95 (3d

Cir.1984)). This Court should vacate the judgment here because of "(1) mistake, inadvertence, surprise, or excusable neglect; … (3) …misconduct by an opposing party; (4) the judgment is void; (5) …applying [the judgment] prospectively is no longer equitable; or (6) any other reason that justifies relief." FRCP 60(b).

The Rule 60 standard is well settled:

> In evaluating defendants' argument, the Court considers three factors: (1) whether defendants have a meritorious defense; (2) whether the default was the result of defendants' culpable conduct; and (3) whether plaintiffs will be prejudiced. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984). This standard is construed liberally, and any "doubts should be resolved in favor of [a] petition to set aside [a default] judgment so that cases may be decided on their merits." *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir.1976). Moreover, "the decision to vacate a default judgment is left to the sound discretion of the trial court." *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir.1988).

*J.K. ex rel. Kpakah v. CSX Transp.*, 2014 WL 4632356, at *2 (E.D. Pa. Sept. 16, 2014).

Initially, default is inappropriate because the state court lacked jurisdiction to enter it. *Dukes v. S. Carolina Ins.*, 770 F.2d 545, 547 (5th Cir. 1985). As explained in Defendants brief opposing remand, this Court—not the state court—has jurisdiction to determine whether removal was proper and whether to permit amendment.

4

Further, Defendants timely filed a motion to dismiss, which means they have defended this action and have not defaulted. *Kearney v. Hibner*, 2013 U.S. Dist. LEXIS 169775, at *4 (M.D. Pa. Dec. 2, 2013). Further, Defendants filed a motion to strike the 10 day default notices in state court before the entry of default.

More important than that, Defendants have briefed valid defenses and this Court should reach their merits. Indeed, the Mayor and Chief assert qualified immunity, which is a protection from liability and litigation itself. *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009).

In addition, the state default was procedurally improper on several levels. Bullock did not verify the complaint originally as required by Pa.R.C.P. 1024(a). The exception permitting a person to verify for a plaintiff only exists for plaintiffs outside this Court's jurisdiction. 1024(c). But the Complaint alleged that Bullock is a Dauphin County resident, rendering this exception unavailable.

Bullock's attempts to cure the Complaint's defect and to seek a default come with additional rule violations. Bullock never served his praecipe to substitute verification on defense counsel.[1] Finally, the returns of service do not have an accurate caption and list the City of Harrisburg as the only Defendant.

---

[1] Plaintiffs claim that Defendants' defect in form is fatal. Plaintiffs themselves repeatedly ignored federal, statewide, and local procedural rules. Specifically, Plaintiffs did not seek concurrence in either their default motion or remand motion in this Court. Bullock's praecipe to substitute verification and praecipe to enter judgment also do not leave three inches of space at the top, in violation of

Defendants are also not culpable for the default. Default is not appropriate for "innocent procedural error." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984). *See Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir. 1983) (default inappropriate for "marginal failure to comply with the time requirements imposed by the Rules"). A default in this case elevates form over substance.

Plaintiffs will not be prejudiced if this Court lifts the default. To show prejudice, the plaintiffs must show that lifting the default will harm their ability to prosecute the case in some way:

> In determining whether a plaintiff will be prejudiced from setting aside a default judgment, courts consider factors such as "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Ci r.1982). The "fact that a plaintiff will have to litigate an action on the merits rather than proceed by default does not constitute prejudice." *Choice Hotels Int'l, Inc. v. Pennave Associates, Inc*., 192 F.R.D. 171, 174 (E.D.Pa.2000).

---

Pennsylvania Rule of Civil Procedure 204.1(3). Both praecipes are single-spaced, in violation of 204.1(4). And Bullock's praecipes do not contain any contact information on the top left-hand corner in violation of Dauphin County Local Rule 205.2(a)(1)(j). Bullock's motion to strike Defendant's motion to strike the ten day notices suffers the same flaw. The Complaint violates the same requirement by not having Attorney Prince's e-mail address. Bullock's motion to strike also lacks a proposed order as required by Dauphin County Local Rule 205.2(a)(3), and Bullock did not provide a *verbatim* copy of the motion to Defendants prior to filing as required by Local Rule 208.2(d).

6

*Id.* at *3. Plaintiffs will not suffer in any way by a decision to vacate the default. For these reasons, this Court should vacate the state court default that issued when that court lacked any jurisdiction.

### B. This Court should enjoin the state court from further proceedings.

The state court is currently proceeding in violation of Section 1446. This Court should stop it from proceeding further in order to protect this Court's control over the case and to prevent duplication of the litigation and possibly conflicting rulings.

"[A]ll courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C.A. §1651(a). "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.A. §2283. But "Federal courts may... issue such injunctions to protect exclusive federal jurisdiction of a case that has been removed from state court." *In re Diet Drugs*, 282 F.3d 220, 234-35 (3d Cir. 2002).

"Although the removal statute only commands the state court to stay the case that was actually removed, the courts have been unanimous in concluding 'a plaintiff's fraudulent attempt to subvert the removal statute implicates the

'expressly authorized' exception to the Anti–Injunction Act and may warrant the granting of an anti-suit injunction.'" *Freedom Twp. v. Bd. of Assessment Appeals of Adams Cnty.*, 2010 WL 4644417, at *2 (M.D. Pa. Nov. 9, 2010) (Judge Kane) (granting injunction against further state proceedings) (collecting cases and quoting *Davis Int'l v. New Start Grp.*, 488 F.3d 597, 605 (3d Cir.2007)). Bullock is currently trying to subvert this Court's jurisdiction, and this Court should prevent him from doing so.

 This Court should prevent the state court from ruling on whether removal was proper—a purely federal question. Defendants are currently forced to litigate in two forums because of Plaintiffs' attempts to get a *state* court ruling on the alleged procedural defect in removal. This Court should prevent Plaintiffs from doing so. It is for this Court to decide whether to remand the case and for this Court to decide whether to permit amendment of the caption.

## V.     Conclusion:

This Court should vacate the state court default and enjoin the court from acting further.

Respectfully submitted,

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse, and Chief Carter

March 12, 2015

## **Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

            *s/ Amyra W. Wagner*
            Amyra W. Wagner
            Legal Assistant to Josh Autry

Dated: March 12, 2015