## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Firearm Owners Against Crime,   :
Kim Stolfer, and Joshua First,    :     No. 1:15-cv -322
               Plaintiffs  :
                       :     Honorable Yvette Kane
      v.                   :
                       :
City of Harrisburg, Mayor Eric    :
Papenfuse, and Police Chief Thomas :     Jury Trial Demanded
Carter,                     :
              Defendants  :

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO REMAND OR, ALTERNATIVELY, TO SEVER AND REMAND STATE LAW CLAIMS AND HOLD FEDERAL CLAIMS IN ABEYANCE

Respectfully Submitted,

Prince Law Offices, P.C.

_Joshua Prince_

Joshua Prince, Esq.
*Attorney for Plaintiffs*
Pennsylvania Id. No. 306521
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

March 20, 2015

# **TABLE OF CONTENTS**

I.   Introduction…………………………………………………………1

II.  Plaintiffs' Motion Was Properly Presented……………………………...2

III. This Court Should Decline to Exercise Jurisdiction……………………..4

     A. General Principles of Federal Subject Matter Jurisdiction…………...4

     B. This Court Has Discretion to Decline to Exercise Jurisdiction……....5

          1.  The Section 1983 Cause of Action…………………………..5

          2.  The State Law Causes of Action……………………………6

          3.  The Removability of the State Law Cause of Action……….8

     C. This Court Should Exercise Discretion to Decline to Act on the
        Merits………………………………………………………...9

          1.  The State Law Issues Predominate………………………....10

          2.  The State Law Precedents Are Unequivocal………………13

          3.  Parallel Proceedings Already Pending in State Court
              Demonstrate that Judicial Efficiency Cannot be
              Accomplished By Addressing These Issues in Federal
              Court………………………………………………….....14

          4.  The Constitutionality of Act 192 is a State Law Issue……..15

IV.  If the Court Does Not Remand in Full, It Should Remand the State
     Law Causes of Action and Abstain from Addressing the Merits of
     the Federal Issues…………………………………………………16

V.   Conclusion…………………………………………………………..19


Certification of Counsel……………………………………………………20

Certificate of Service………………………………………………………21

i

# TABLE OF AUTHORITIES

**Cases**

*Atlantic City Assoc., LLC v. Carter & Burgess Consultants, Inc.,* 453 Fed. Appx. 174 (3d Cir. 2011)…………………………………………………………...Fn 7

*Borough of West Mifflin v. Lancaster,* 45 F.3d 780 (3d Cir. 1995)……………..6, 8

*Boyer v. Snap-On Tools Corp.,* 913 F.2d 108 (3d Cir. 1990)………………...…...5

*Caba v. Weaknecht,* 64 A.3d 39 (Pa. Cmwlth. Ct.)……………………………....11

*Clarke v. House of Representatives,* 957 A.2d 361 (Pa. Cmwlth. 2008)………...13

*Dillon v City of Erie,* 83 A.3d 467 (Pa. Cmwlth. 2014)…………………………13

*Finley v. United States,* 490 U.S. 545 (1989)…………………………………...4, 5

*Firearm Owners Against Crime, et al. v. Lower Merion Township*, No. 2015-06187……………………………………………………………………15

*Harlow v. Fitzgerald,* 457 U.S. 800 (1982)…………………………………...…12

*Leach v. Commonwealth of Pennsylvania,* No. 585 MD 2014…………………..16

*Louisiana Power & Light Co. v. Thibodaux,* 360 U.S. 25 (1959)………………18

*Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149 (1908)……………………4

*Morley v. Philadelphia Police Dep't,* No. CIV. A. 03-6165, 2004 WL 620128 (E.D. Pa. Mar. 29, 2004)…………………………………………………………11

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp,* 460 U.S. 1 (1983)…………………………………………………………………………17

*National Rifle Ass'n v. City of Lancaster,* No. CI-15-00246……………………14

*National Rifle Ass'n v. City of Philadelphia,* 977 A.2d 78 (Pa. Cmwlth. 2009)….13

*National Rifle Ass'n v. City of Philadelphia,* No. 150101620…………………....15

*National Rifle Ass'n v. City of Pittsburgh,* No. GD-15-000715…………………..14

*Ortiz v. Commonwealth*, 681 A.2d 152 (Pa. 1996)………………………………13

*Pearson v. Callahan,* 555 U.S. 223 (2009)………………………………………12

*Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1 (1987)…………………………………18

*Railroad Commission of Texas v. Pullman Co.,* 312 U.S. 496 (1941)……………18

*Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100 (1941)………………………5

*Strawbridge v. Curtis,* 7 U.S. (3 Cranch) 267 (1806)……………………………..4

*U.S. Law Shield, LLC,* ex rel. *Todd Hoover v. City of Harrisburg,*

No. 2015-cv-255…………………………………………………………....14

*Younger v. Harris,* 401 U.S. 37 (1971)……………………………………......18

## Constitutional Provisions

Second Amendment to the United States Constitution………………10, 11, 14, 16

Article 1, Section 21 of the Pennsylvania Constitution…………………………..11

## Statutes

28 U.S.C. section 1361…………………………………………………………….7

28 U.S.C. section 1367(c)…………………………………………………………7

28 U.S.C. section 1441(c)………………………………………………………6, 7, 8

28 U.S.C. section 1442…………………………………………………………….8

28 U.S.C. section 1443…………………………………………………………….8

28 U.S.C. section 1444…………………………………………………………….8

28 U.S.C. section 1446…………………………………………………………….8

42 U.S.C. section 1983………………………………………………………1, 5, 8

18 Pa. C.S. § 6101……………………………………………………………….13

18 Pa. C.S. § 6120……………………………………………………………….13

## Public Laws

Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L.

112-63, Title I, § 102(a), 125 Stat. 758, 759………..………………………...Fn 5

**Rules**

Fed. R. Civ. P. 11(c)(2)…………………………………………………………………….3

L.R. 7.1…………………………………………………………………………………..2, 4

**Treatises and Other Legal Resources**

Restatement (Second) of Judgments §§ 18-19…………………………………………..9

Plaintiffs Firearm Owners Against Crime ("FOAC"), Kim Stolfer, and Joshua First[1] (collectively "Plaintiffs"), by and through their counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this Reply Memorandum in Support of Plaintiffs' Motion to Remand or, Alternatively, to Sever and Remand State Law Claims and Hold Federal Claims in Abeyance (Doc. 5).

## I.   <u>INTRODUCTION</u>

Four distinct plaintiffs (the three captioned here plus Howard Bullock) brought suit in State court challenging certain local ordinances against three defendants (captioned above and referenced herein collectively as "Defendants") who adopted or are responsible for enforcing those ordinances.  The Complaint (Doc. 1-1) alleged causes of action under State law and under 42 U.S.C. section 1983 for violation of the Second Amendment.  All Defendants joined in a timely Notice of Removal with respect to the above-captioned Plaintiffs but omitting Bullock.  With no indication that Bullock's claims against the Defendants had been

---

[1]  Despite acknowledging that they omitted Plaintiff Howard Bullock's name from the Notice of Removal (Doc. 1) and related papers and having filed a still-pending motion to amend the Notice (Doc. 12) on which this Court has not yet acted, Defendants unilaterally added Bullock's name to the caption in their Brief in Opposition to Motion to Remand (Doc. 11).  Defendants thus assume the resolution of an important question before the Court:  whether Bullock's claim was ever properly removed.  Resolution of that issue has bearing directly on the subject of this Motion.

removed to this Court and no timely response by the Defendants, the State court
entered default judgment in favor of Bullock and against the Defendants.[2]

Regardless of how this Court resolves the motions respecting Bullock, there
are ample independent reasons to grant the relief sought by this Motion.[3]  To the
extent that this Court concludes that the omission of Bullock invalidates the
removal process with respect to the Plaintiffs, that the State court had jurisdiction
to enter default judgment, or both, that only provides additional weight to the
arguments for avoiding the piecemeal litigation of the issues presented by this case.
Granting this Motion on any of the independent grounds would likely moot the
issues raised in the motions respecting Bullock.

## II.    PLAINTIFFS' MOTION WAS PROPERLY PRESENTED

Defendants assert (Doc. 11, pp. 23-24) that the failure to include a certificate
of non-concurrence as required by Local Rule 7.1 would constitute a sufficient
basis for striking a motion.  Yet, as the docket in this matter clearly indicates,
Plaintiffs did indeed file a certificate of non-concurrence together with their
Motion to Remand (Doc. 5-3).  Defendants' carefully-phrased argument stops short

---

[2]  Defendants subsequently filed a motion in this Court asking that it vacate the
State court's entry of judgment as well as enjoining any further State court
proceedings (Doc. 14).

[3]  The issues relating to Bullock are addressed in the context of the motions more-
specifically directed to those issues rather than in this Reply Memorandum.

of asserting the demonstrably false statement that the notice of non-concurrence was not filed but certainly seems phrased to make that misleading suggestion.

Defendants do, however, assert (Doc. 11, pp. 23-24) that "Plaintiffs did not seek concurrence" and that "Attorney Prince did not mention Plaintiffs' then-forthcoming motion to remand."  As the undersigned explains in his sworn statement attached hereto as Exhibit 1, there is no truth to either assertion.  A careful reading of Defendants' argument seems to suggest that their overstatements are directed to a much narrower point of contention.

What seems to be the actual crux of Defendants' objection is that the undersigned did not volunteer all of the bases upon which the Motion would be based -- when Defendants did not even ask for such information before stating they would oppose the Motion -- so that Defendants did not have called to their attention their own error[4] in omitting Bullock from the Notice of Removal and Civil Cover Sheet until the filing of the Motion itself, by which time the deadline for removal had passed.  In the rare circumstances where the rules governing the adversarial process impose the requirement of detailing all the arguments in favor of a motion prior to filing it, that obligation is explicit.  *E.g.,* Fed. R. Civ. P. 11(c)(2).  Defendants do not represent that any of their consultations seeking to

---

[4]  Defendants acknowledge they "left Howard Bullock off the caption" in the Notice of Removal, entries of appearance, civil cover sheet, and Motion to Dismiss (Doc. 11, p. 4).

determine whether Plaintiffs concurred in or opposed any of their motions met such a stringent standard.

Defendants characterize their supposed harm *only* in not having had their omission of Bullock called to their attention and not in any other way (Doc. 11, pp. 23-24). Plaintiffs respectfully suggest that Local Rule 7.1 was fully satisfied and that there is no mandate for voluntary disclosure to opposing counsel of his or her own errors. If the rule were otherwise, one might expect defense counsel in every case to undertake to advise plaintiffs of additional available claims prior to the running of the applicable statute of limitations. Clearly, an attorney's duty of zealous representation of his or her own client constrains the imposition of such a duty to opposing parties and their attorneys.

## III.   THIS COURT SHOULD DECLINE TO EXERCISE JURISDICTION

A. *General Principles of Federal Subject Matter Jurisdiction*

The U.S. Supreme Court has repeatedly advised that statutory grants of jurisdiction are to be narrowly construed so that a subsequent Congress may more clearly grant, define, and delimit such authority. *See, e.g., Strawbridge v. Curtis,* 7 U.S. (3 Cranch) 267 (1806) (construing statutory grant of diversity jurisdiction as requiring "complete diversity"); *Louisville & Nashville R.R. v. Mottley,* 211 U.S. 149 (1908) (construing statutory grant of federal question jurisdiction as requiring the question to be presented as part of a "well-pleaded complaint"); *Finley v.*

4

*United States,* 490 U.S. 545 (1989) (construing statutory grants of jurisdiction to prohibit judicially-crafted expansion to include pendent parties).   That approach preserves separation of powers and avoids unnecessary friction both with Congress and with State courts.   As a result, when federal court jurisdiction is invoked by the defendants, it is the defendants who bear the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements.   *See Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied*, 498 U.S. 1085 (1991).   Removal statutes are to be strictly construed and all doubts resolved in favor of remand.   *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108-09 (1941); *Boyer,* 913 F.2d at 111.

In this matter, Defendants have failed to meet their burden.

B.      *This Court Has Discretion to Decline to Exercise Jurisdiction*

1.      *The Section 1983 Cause of Action*

Defendants assert that this Court has jurisdiction and, rather than explain why Plaintiffs are mistaken in suggesting that the Court decline to exercise any jurisdiction, Defendants argue that the Court lacks any discretion to do so. Defendants argue (Doc. 11, pp. 6-7) that the Section 1983 cause of action arises under federal law and thus is within the scope of this Court's jurisdiction.   Plaintiffs never suggested otherwise except with respect to the issues regarding Bullock which are the subject of other pending motions.

Defendants argue that this Court "cannot decline jurisdiction over a federal claim" (Doc. 11, p. 7).  But the case reporters are filled with examples where courts do, in fact, decline to exercise jurisdiction.  Several of the abstention doctrines, the political question doctrine, and concepts of prudential standing, all illustrate that federal courts exercise discretion in determining whether to act on the merits of even claims arising under *federal* law.  Plaintiffs identified authority for such discretion in their memorandum in support of this motion (Doc. 6) and, in response, Defendants do not explain how their arguments against abstention (Doc. 11, pp. 14-15), which implicitly recognize the authority of federal courts to decline to act on a federal cause of action, are at all consistent with their assertion that the Court lacks even the discretion to decide to do so.  The issue of whether this Court should exercise that discretion is addressed below in Part III(C).

2.    *The State Law Causes of Action*

Defendants also argue that this Court must address the state law causes of action.  In support of that argument (Doc. 11, pp. 7-9), Defendants seek to distinguish *Borough of West Mifflin v. Lancaster,* 45 F.3d 780, 789 (3d Cir. 1995), on the basis that it pre-dated the most recent amendment to 28 U.S.C. section 1441(c).  Although it is true that section 1441(c) was amended in 2011,[5]

---

[5]  *See* Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, Title I, § 102(a), 125 Stat. 758, 759.

6

Defendants seem to have turned the rationale for the amendment on its head.  As explained in the House Report's section-by-section analysis of the bill (attached hereto as Exhibit 2), the perceived defect in the pre-2011 version of section 1441(c) was that it seemingly authorized federal courts in removed actions to adjudicate State law causes of action that were unrelated to any federal claim and thus outside the scope of what could originally have been filed in federal court under statutory supplemental jurisdiction defined in 28 U.S.C. section 1361.  *See* H.R. Rep. 112-10, at 12, *reprinted in* 2011 U.S.C.C.A.N. 576, 580 (stating some "courts have declared the provision unconstitutional or raised constitutional concerns because, on its face, subsection 1441(c) purports to give courts authority to decide state law claims for which the Federal courts do not have original jurisdiction") (attached hereto as Exhibit 2).  Congress addressed the constitutional concern by providing that federal courts would sever and remand State law causes of action that could not have been originally filed in federal court.  *Id*.  In short, Congress required that certain State law causes of action *must* be remanded.  But Defendants misconstrue that amendment as silently repealing the discretion afforded the Court under 28 U.S.C. section 1367(c) (providing "courts *may* decline to exercise supplemental jurisdiction" (emphasis added)) with respect to other State law causes of action as well as numerous well-established doctrines designed to

promote comity and judicial efficiency.[6]  In Plaintiffs' memorandum in support of remand (Doc. 6), the *Borough of West Mifflin* precedent was identified solely with respect to the analysis of whether State law issues predominate and, consequently, whether this Court should exercise its discretion to remand -- issues as to which the subsequent amendment to section 1441(c) are completely inapposite.

3.   *The Removability of the State Law Causes of Action*

Defendants argue (Doc. 11, pp. 9-10) that because the Section 1983 cause of action arises under federal law, all of the State law causes of action by Plaintiffs (*i.e.,* FOAC, Stolfer, and First) fall within the scope of statutory removal authority. But that argument attacks a straw man.  The issues regarding removability (as distinguished from the decision to exercise jurisdiction to address the removed causes of action) relate to whether Defendants complied with the proper procedure for removal when they omitted Bullock from the Notice of Removal and related papers.  Section 1441 defines the conditions that are *necessary,* not all of the conditions that are *sufficient,* to support removal.  Procedures for invoking removal under section 1441 (as well as 42 U.S.C. sections 1442 through 1444) are specified in section 1446.  Section 1441 is not a substitute for section 1446 but rather specifies additional requirements.  Whether Defendants' errors in removal process

---

[6]  As noted above, several of the abstention doctrines, the political question doctrine, and concepts of prudential standing all illustrate that federal courts exercise discretion in determining whether to act on the merits of even claims arising under *federal* law.  *See* Part III(B)(1) *supra.*

relating to the omission of Bullock from the Notice of Removal and related papers undermines this Court's jurisdiction is addressed in the motions specifically directed to that matter and need not be resolved on this Motion as there are independent grounds for remand.

      C.    *This Court Should Exercise Discretion to Decline to Act on the Merits*

      Each of the four plaintiffs who originally filed this action in State court has an independent claim against the Defendants.  That is, no plaintiff asserts a legal right that is derivative of the legal rights of another plaintiff.  In support of that legal right -- the right to be free of unlawful regulation by the Defendants -- each plaintiff asserts several different causes of action relying upon different legal theories supporting the invalidation of those regulations.  Despite the different legal theories, however, each plaintiff has but one claim.  *See generally* Restatement (Second) of Judgments §§ 18-19, 24-25.  If all of the different causes of action asserted a right to an award of damages as a remedy, each plaintiff would be entitled to but one recovery regardless of the number of legal theories supporting relief.  As a result, resolution of any one of the legal theories in favor of a plaintiff would moot the need to determine any of the other legal theories.  In this

action, none of the plaintiffs seek an award of damages[7] so that this analysis is

merely illustrative of the fact that each plaintiff asserts but a single claim.[8]

> 1.    *The State Law Issues Predominate*

In an effort to double-count the issues involving federal law, Defendants'

argue (Doc. 11, p. 13) that analysis of the Pennsylvania State Constitution would

simply track analysis under the Second Amendment to the federal Constitution.

Defendants boldly assert:  "The right to bear arms claims are *identical* under

federal and state law as Pennsylvania courts have not held the state constitutional

provision to be any broader in scope than its federal counterpart." *Id.* (emphasis

added).  It is not the case that Pennsylvania courts treat the Second Amendment as

coextensive with the State constitutional right.  Rather, as the Pennsylvania

Commonwealth Court observed, Pennsylvania has long interpreted the right

---

[7] The Complaint expressly seeks declaratory and injunctive relief only,
emphasizing the unavailability of money damages as one of the bases for
injunctive relief, and the only mention of the possibility of relief that would require
payment by the Defendants is for reasonable costs and attorney fees.  "Attorneys'
fees are not properly viewed as a form of consequential damages
-- or damages at all." *Atlantic City Assoc., LLC v. Carter & Burgess Consultants,
Inc.,* 453 Fed. Appx. 174, 181 (3d Cir. 2011).  As a result, the concern Defendants
raise (Doc. 11, p. 14) regarding "duplicative recoveries" is inapplicable.

[8] In that respect, this action is unlike the situation where a landlord sues a
delinquent tenant for failure to pay rent during three separate months where three
separate recoveries would be available.  Throughout this paragraph the terms
"action" and "claim" and "cause of action" are used as precise terms of art to
distinguish the concepts but it is understood that often the terms are used
interchangeably, even in statutes and rules and case law, thereby sowing confusion.

10

preserved by the State constitution broadly even when the scope of the Second

Amendment seemed unclear:

> Though the United States Supreme Court has only recently
> recognized "that individual self-defense is 'the central
> component' of the Second Amendment right," the right to bear
> arms in defense of self has never seriously been questioned in
> this Commonwealth.   It is an enumerated right predating even
> the ratification of the Second Amendment.   Though our state
> constitution has changed throughout the history of this
> Commonwealth, the right to bear arms in defense of self has
> survived each iteration.   Today, the right is set forth in Section
> 21 of the Declaration of Rights in the Pennsylvania Constitution
> . . . .

*Caba v. Weaknecht,* 64 A.3d 39, 58 (Pa. Commw. Ct.), *reconsideration denied*

(Mar. 27, 2013), *appeal denied,* 621 Pa. 697, 77 A.3d 1261 (2013) (citations

omitted).  As a result, when a federal court previously examined the issue of

whether federal Second Amendment issues were "intrinsic and central" to

resolution of allegations of a violation of the Pennsylvania Constitution's

protection of the right to bear arms, it answered that question in the negative and

remanded the matter to State court for resolution of the issue as a matter of State

law.  *See Morley v. Philadelphia Police Dep't,* No. CIV. A. 03-6165, 2004 WL

620128, at *2 (E.D. Pa. Mar. 29, 2004) (attached hereto as Exhibit 3).  So,

although Defendants correctly note that the issues presented by the case fall into

three groups -- preemption of the ordinances by State statute, violation of the State

11

constitutional right, and violation of the federal constitutional right -- they are

mistaken in asserting that the majority of those issues implicate federal law.

If Plaintiffs prevail on the basis that the State statute expressly preempts the

field *or* that the ordinances conflict with State statute *or* that the ordinances violate

the rights preserved by the State constitution, they will receive complete relief

without the need for the federal issues to ever be addressed.  Defendants argue

(Doc. 11, p. 14) that this Court should exercise jurisdiction so as to resolve the

question of whether they have qualified immunity under Third Circuit precedent

and that they would take an interlocutory appeal in the result of an adverse

decision.  Defendants fail to explain why any court would ever need to address

qualified immunity doctrine under federal law if relief were afforded solely on the

basis of State law.  Moreover, it is well-established that "[t]he doctrine of qualified

immunity protects government officials 'from liability for civil damages,'" *Pearson

v. Callahan,* 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S.

800, 818 (1982)), and so has no applicability in a case like the one at bar that seeks

declaratory and injunctive relief.  The issue is a red herring but the suggestion of

an interlocutory appeal illustrates the lengths to which Defendants go in seeking to

avoid a straight-forward resolution of the dispute.

## 2.    *The State Law Precedents Are Unequivocal*

The State legislature has not only enacted a comprehensive scheme of regulation in the Pennsylvania Uniform Firearms Act, 18 Pa. C.S. § 6101 *et seq.,* it has expressly provided occupied the field, leaving no room for local ordinances on such matters, *id.* § 6120(a).  In unequivocal terms, the statute provides:  "No county, municipality or township may in any manner regulate the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported for purposes not prohibited by the laws of this Commonwealth."  *Id.*  The Pennsylvania Supreme Court agreed that the regulation of firearms is a subject to Statewide statute rather than a patchwork of local ordinances.  *Ortiz v. Commonwealth*, 681 A.2d 152, 156 (Pa. 1996).  In finding that the Pennsylvania Supreme Court's precedent was "crystal clear", the Pennsylvania Commonwealth Court held that such preemption of the field invalided even local ordinances that might appear *consistent* with the State statute.  *National Rifle Ass'n v. City of Philadelphia,* 977 A.2d 78, 82 (Pa. Cmwlth. 2009).  As a result, State courts have invalidated numerous local ordinances either identical or similar to those at issue in this case.  *E.g., Clarke v. House of Representatives,* 957 A.2d 361 (Pa. Cmwlth. 2008); *Dillon v City of Erie,* 83 A.3d 467, 473 (Pa. Cmwlth. 2014).

In opposing this Motion to Remand, Defendants have not attempted to distinguish those authorities that would seem determinative of the narrowest grounds for relief.  Where State law is so clear, it is baffling to suggest that this Court should turn the doctrine of constitutional avoidance on its head.  It is because the clearest and narrowest grounds for relief is afforded under State law that State law predominates.  Issues relating to the Second Amendment do constitute the proverbial tail wagging the dog.

3.  *Parallel Proceedings Already Pending in State Court Demonstrate that Judicial Efficiency Cannot Be Accomplished By Addressing These Issues in Federal Court*

Plaintiffs identified (Doc. 5, pp. 2-3) the numerous actions currently pending in State court presenting the same sort of challenges as are at issue in this case. Because those cases will go forward in State court, no efficiency will be gained by addressing this case in federal court.

U.S. Law Shield has a case pending in State court against these same Defendants challenging the same ordinances but exclusively under State law:  *U.S. Law Shield, LLC,* ex rel. *Todd Hoover v. City of Harrisburg,* No. 2015-cv-255. That case continues to proceed in the same court where Plaintiffs filed this action.

Throughout Pennsylvania, several other cases are pending that challenge similar ordinances of other municipalities:  *National Rifle Ass'n v. City of Lancaster,* No. CI-15-00246, *National Rifle Ass'n v. City of Pittsburgh,* No. GD-

14

15-000715, *National Rifle Ass'n v. City of Philadelphia,* No. 150101620, and *Firearm Owners Against Crime, et al. v. Lower Merion Township*, No. 2015-06187.  It should thus be evident that Pennsylvania's State court system will necessarily address the State law issues presented in this case regardless of any determination this Court makes on the merits.  Moreover, as this Court cannot possibly issue a definitive ruling on a matter of State law, judicial efficiency favors remand for resolution in State court.  The pendency of these other actions constitutes the sort of "exceptional circumstances" that justify remand.

Defendants seem to have simply ignored the presence of these other cases in opposing remand.  To those cases previously identified, one more may now be added – *Firearm Owners Against Crime, et al. v. City of Harrisburg, et al.*, No. 2015-CV-354-EQ.  Final judgment has been entered against the Defendants on the claim presented by Bullock.  To the extent Defendants fail to overcome their admitted error that seemingly left Bullock's claim in State court and their compounded error of not filing a timely response in State court, it is all the more reason to remand.

4.    *The Constitutionality of Act 192 is a State Law Issue*

The only basis on which Defendants argue there may be any uncertainty in State law is with regard to Act 192 (Doc. 11, pp. 11-12).  But that amendment to the Pennsylvania Uniform Firearms Act only expands the scope of the remedy; it

does not in any way change the statutory preemption analysis and, as such, it further illustrates Defendants' efforts to cloud the issues.

Defendants do acknowledge (Doc. 11, pp. 11-12) that yet another pending State court action addresses the validity of Act 192 under the State constitution. The pendency of *Leach v. Commonwealth of Pennsylvania,* No. 585 MD 2014, demonstrates yet another issue of State law that this Court could not definitively resolve.

If Defendants were correct that the validity of Act 192 were pertinent to resolution of the merits in this case, that would only serve to demonstrate the presence of novel issues of State law, which, in turn, would provide an additional reason to remand this matter to State court.

## IV.   IF THE COURT DOES NOT REMAND IN FULL, IT SHOULD REMAND THE STATE LAW CAUSES OF ACTION AND ABSTAIN FROM ADDRESSING THE MERITS OF THE FEDERAL ISSUES

As explained above, the issues of State law predominate and present the narrowest and clearest grounds for resolution of this dispute.  It is extremely unlikely that *any* Court would need to address the issues relating to the Second Amendment to grant relief in this case.  Yet, if this Court were concerned that it might prove necessary to resolve the questions of federal law, it could retain jurisdiction over that matter and remand the rest.  If the Court were to do so,

judicial efficiency would best be served by holding the federal constitutional issues in abeyance.

The only argument Defendants raise (Doc. 11, p. 14) against such a course of action rests on the mistaken premise that Plaintiffs seek an award of damages. Examination of the Complaint demonstrates that is not the case. Otherwise, the very authorities Defendants cite refute their own arguments. Although Defendants assert (Doc. 11, p. 14) "abstention doctrine does not permit abstention over the Section 1983 claim" the quote that immediately follows is from a case that did not even involve litigation under 42 U.S.C. § 1983. *Moses H. Cone Memorial Hospital v. Mercury Construction Corp,* 460 U.S. 1 (1983), involved a dispute under a construction contract and whether the Federal Arbitration Act required arbitration rather than any litigation. Moreover, on its face the quote suggests only that it would not typically be the case that abstention would be appropriate merely due to the presence of parallel state court proceedings. The U.S. Supreme Court advised that the determination whether to abstain depended on a careful balancing of a number of important factors including inconvenience of the federal forum, avoidance of piecemeal litigation, and the order in which the concurrent fora obtained jurisdiction. *Id.* at 935-37.

Because the predominance of issues in this case arise under State law, the federal forum may be said to be inconvenient -- it cannot definitively address

17

matters of State law.  Due to the number of other pending State court actions,

piecemeal litigation cannot be avoided by addressing the federal issue in this case.

As this case is the lone matter pending in federal court, it is the removal by

defendants (rather than any abstention by this Court) that results in piecemeal

litigation.  And all the State court actions, except *Firearm Owners Against Crime,*

*et al. v. Lower Merion Township*, were filed before Defendants sought to remove

this action to federal court.

To the extent Defendants suggest (Doc. 11, p. 15) that abstention doctrine

only applies "due to an interest in not disturbing complex administrative schemes",

it seems that they considered only one of the many abstention doctrines, the so-

called *Burford* abstention.  The U.S. Supreme Court has found abstention proper

when a State court's determination of an issue of State law may obviate the need

for a federal court ruling on constitutional grounds, *see Railroad Commission of*

*Texas v. Pullman Co.,* 312 U.S. 496 (1941), which is precisely the situation here.

The U.S. Supreme Court has authorized abstention when a federal court may be

called upon to rule on unclear State law, *see Louisiana Power & Light Co. v.*

*Thibodaux,* 360 U.S. 25 (1959), which would be the case if the Court were to

determine that somehow Act 192 jumbled what has been well-established State

law.  The U.S. Supreme Court has held that federal courts should generally abstain

from enjoining pending State court proceedings in civil actions, *see Pennzoil Co. v.*

*Texaco, Inc.,* 481 U.S. 1 (1987) (extending abstention under *Younger v. Harris,* 401 U.S. 37 (1971)), an issue now presented by a separate motion in which Defendants urge this Court to enjoin the State court.  In short, there are multiple, independent bases why this Court should abstain from addressing the merits of the case while remanding the State law issues for definitive resolution in State court.

## V.     **CONCLUSION**

For these reason and the reason specified in Plaintiffs' Memorandum in Support of Their Motion to Remand or Alternatively to Sever and Remand State Law Claims and Hold Federal Claims in Abeyance, Plaintiffs respectfully request that this Honorable Court remand the entire action to the Dauphin County Court of Common Pleas. In the alternative, Plaintiffs respectfully request that this Honorable Court remand the State law issues and hold the federal issues in abeyance.

Respectfully Submitted,
Prince Law Offices, P.C.


Joshua Prince, Esq.
*Attorney for Plaintiffs*
Pennsylvania Id. No. 306521
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

19

## **Certification of Counsel**

I certify that this brief complies with the word limit in Local Rule 7.8. The brief contains 4,540 words, including footnotes. I utilized the word count feature in Microsoft Word to obtain this number

Respectfully Submitted,
Prince Law Offices, P.C.


Joshua Prince, Esq.
*Attorney for Plaintiffs*
Pennsylvania Id. No. 306521
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

Dated: March 23, 2015

## **CERTIFICATE OF SERVICE**

I, Joshua Prince, Esq., hereby certify that on March 23, 2015, I served a true and correct copy of Plaintiffs' *Reply Memorandum in Support of Their Motion to Remand or, Alternatively, to Sever and Remand the State Law Claims and Hold the Federal Claims in Abeyance* on the following parties via this Courts electronic filing system:

Frank J. Lavery, Esq.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245

Respectfully Submitted,

Joshua Prince, Esq.
PA Attorney Id. No. 306521
*Attorney for Plaintiffs*
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com