# Exhibit 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVNIA

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST CRIME, KIM STOLFER, and JOSHUA FIRST,** | : : : | **Jury Trial Demanded** |
| Plaintiffs | : : | |
| v. | : : | **Judge Yvette Kane** |
| **CITY OF HARRISBURG, MAYOR ERIC PAPENFUSE, and POLICE CHIEF THOMAS CARTER,** | : : : : | **Docket No. 1:15-cv-322-YK** |
| Defendants | : | |

### Declaration of Joshua Prince, Esq.

I, Joshua Prince, Esq., am competent to state and declare the following based on my personal knowledge:

1. I represent the Plaintiffs, Firearm Owners Against Crime, Kim Stolfer and Joshua First, in the above-captioned matter, as well as Howard Bullock, the additional plaintiff in the State court action who was omitted from the Notice of Removal naming the Plaintiffs captioned above.

2. On Wednesday, February 18, 2015, around 12 P.M., my office received a call from Attorney Joshua Autry requesting that I call him back as soon as possible.

3. Shortly thereafter, at 12:48 P.M., I returned his call and spoke directly with Attorney Autry.

4. Attorney Autry informed me that he was preparing a Motion to Dismiss the Second Amendment claims and stay the state law claims in the above-captioned matter.

5. He further advised that the purpose for his call was to inquire as to my concurrence or opposition, pursuant to the local rules.

6. I responded that my clients did oppose any motion to dismiss and that if the Court granted his motion to dismiss, the Court would lack subject matter jurisdiction in the remaining causes of action, as there would no longer exist any federal claims, and that the case would have to be remanded to the state court.

7. Attorney Autry responded that he had not thought of this.

8. At that point, I advised that we were planning to file a Motion to Remand the matter to the state court and that I assumed his clients would oppose but that I wanted to confirm such with him.

9. Attorney Autry did not inquire as to the bases for our forthcoming motion.

10. He responded that his clients would oppose the remanding of the matter to state court, while any federal issues were outstanding; however, if we were willing to withdraw the Second Amendment claims, he believed his clients would not be opposed to the remanding of the matter to the state court.

11. At this time, I again responded that if the Second Amendment claims were withdrawn, the Court would lack subject matter jurisdiction and the remaining claims must be remanded.

12. At that point, he conceded such and we ended our call.

13. Attached hereto as Exhibit A is a true and accurate print out of the automated call log indicating that the conversation lasted more than three and a half minutes, longer than would have been necessary for a simple *pro forma* exchange.

14. In accordance with my discussion with Attorney Autry, I drafted a Certification of Opposition, which was filed with the Motion to Remand to State Court and which is Document 5 – 3 in the Docket.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 20th day of March, 2015.

_____
Joshua Prince, Esq.

# EXHIBIT A - TO DECLARATION OF JOSHUA PRINCE, ESQ

