# Exhibit 3

2004 WL 620128
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

John H. MORLEY, Jr., Plaintiff,
v.
PHILADELPHIA POLICE
DEPARTMENT, et al., Defendants.

No. Civ.A. 03-6165.    |    March 29, 2004.

**Attorneys and Law Firms**

John H. Morley, Jr., Philadelphia, PA, pro se.

Lynne A. Sitarski, City of Philadelphia, Law Dept., Deputy City Solicitor, Philadelphia, PA, for Defendants.

## *MEMORANDUM*

KELLY, J.

**\*1** Presently before this Court is the Motion to Remand filed by *pro se* Plaintiff John H. Morley, Jr. [1] For the reasons discussed below, Plaintiff's Motion is granted. As a result, the case is remanded to the Court of Common Pleas, Philadelphia County.

### I. BACKGROUND

In this case, Plaintiff is suing Defendants, the Philadelphia Police Department, Police Commissioner Sylvester Johnson, Bradford A. Richman, Detective Steven Caputo and former Police Commissioner John F. Timoney alleging deprivation of his constitutional right to bear arms and conspiracy in furtherance of such deprivation. Plaintiff's action is based upon the revocation of his license to carry a firearm by the City of Philadelphia following his arrest for brandishing a firearm in a bar during an altercation. [2] The instant case was originally filed in the Court of Common Pleas, Philadelphia County. On November 10, 2003, Defendants timely removed this case from the Court of Common Pleas to this Court. In their Notice of Removal, Defendants assert that the case is removable under the artful pleading doctrine because Plaintiff's claim regarding a constitutional violation of his right to bear arms constitutes a federal cause of action. Specifically, Defendants argue that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff's constitutional right to carry a firearm claim is provided for under the Second Amendment of the United States Constitution and implicates a potential violation of Section 1983. [3] (*See* Defs.' Notice of Removal).

Plaintiff seeks to remand the instant action by arguing that it was improperly removed. Plaintiff asserts that his right to carry a firearm claim is based upon the Pennsylvania Constitution, not the United States Constitution. Plaintiff argues that *Morley I* addresses his federal claims, including his right to bear arms under the United States Constitution, in association with the City of Philadelphia's revocation of his license to carry a firearm. As for the instant action, Plaintiff contends that he is seeking a "parallel track" in state court regarding his state law claims, including his claim under the Pennsylvania Constitution, pertaining to the revocation of his license.

### II. STANDARD

Under 28 U.S.C. § 1441(a), the federal removal statute, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant or defendants, to the district court." 28 U.S.C. § 1441(a). "Removability is determined from a plaintiff's pleadings at the time of removal." *Phillips v. Selig,* 157 F.Supp.2d 419, 424 (E.D.Pa.2001)(citing *Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 95 L.Ed. 702 (1951)). "A defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction to hear the matter." *Id.* at 425 (citing 28 U.S.C. § 1441(b); *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990)). Importantly, it is the defendant who bears the burden of establishing removal jurisdiction and compliance with all pertinent procedural requirements. *Id.* (citing *Boyer,* 913 F.2d at 111). "Once the case has been removed, the court may remand if the removal is procedurally defective or subject matter jurisdiction is lacking." *Id.* (citing 28 U.S.C. § 1447(c))(providing that a case shall be remanded back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction"). "Removal statutes are to be strictly construed and all doubts resolved in favor of remand." *Shadie v. Aventis Pasteur, Inc.,* 254 F.Supp.2d 509, 514 (M.D.Pa.2003) (citations omitted).

### III. DISCUSSION

**\*2** "It is well settled that federal question jurisdiction is governed by the 'well-pleaded complaint rule.' " *Bauchelle*

*v. AT & T Corp.,* 989 F.Supp. 636, 640 (D.N.J.1997). The well-pleaded complaint rule "provides that federal subject matter jurisdiction exists only when a federal question is pleaded on the face of a properly pleaded complaint." *Id.* (citation omitted). As master of the complaint, "a plaintiff ... may avoid federal jurisdiction by exclusive reliance on state law." *Id.* (citation omitted); *see also Campbell v. SmithKline Beecham,* 919 F.Supp. 173, 175 (E.D.Pa.1996)("As a rule, a plaintiff may immunize herself against federal jurisdiction by drafting a complaint which fails to clearly state a federal cause of action."). In this case, Defendants do not claim that Plaintiff's Complaint raises a federal issue on its face. Rather, Defendants claim that an exception to the well-pleaded complaint rule, the artful pleading doctrine, supports federal subject matter jurisdiction.

The artful pleading doctrine is one exception to the well-pleaded complaint rule. *County of Del. v. Gov't Sys., Inc.,* 230 F.Supp.2d 592, 597 (E.D.Pa.2002). "The artful pleading doctrine permits a court to look beyond the plaintiff's allegations to the substance of the plaintiff's complaint." *Id.; see also Guckin v. Nagle,* 259 F.Supp.2d 406, 410 (E.D.Pa.2003)(stating that the artful pleading doctrine "allows federal courts to exercise jurisdiction, even when a federal claim does not appear on the face of the plaintiff's complaint, if ... a federal question, not pleaded in the plaintiff's complaint, is nonetheless both intrinsic and central to the plaintiff's cause of action"). "This approach prevents a plaintiff from 'defeat[ing] removal by failing to plead necessary federal questions.' " *Id.* (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Meier v. Hamilton Standard Elec. Sys., Inc.,* 748 F.Supp. 296, 299 (E.D.Pa.1990)).

Defendants argue that the artful pleading doctrine applies in this case because Plaintiff's claim regarding his right to carry a firearm arises under the United States Constitution, rather than the Pennsylvania Constitution.[4] Plaintiff argues that he has already asserted his right to carry a firearm claim under the United States Constitution in *Morley I,* and has filed the instant action as a state court action to address his state law claims.[5] Plaintiff asserts that his Complaint in the instant action, which he refers to as his state court action, is premised upon the Pennsylvania Constitution. In support of his argument, Plaintiff states that his Complaint only cites to the Pennsylvania Constitution. Thus, Plaintiff argues that he "seeks relief from the defendants' deprivation of [his] state rights as by the Pennsylvania Constitution." (Pl.'s Mem. Law Supp. Mot. to Remand at 2).

The Complaint in this action is filed *pro se.* "[W]hen the plaintiff is a *pro se* litigant, a court has a special obligation to construe the complaint liberally." *Bardsley v. Lawrence,* 956 F.Supp. 570, 572 (E.D.Pa.1997), *aff'd,* 124 F.3d 185 (3d Cir.1997)(citing *Zilich v. Lucht,* 981 F.2d 694 (3d Cir.1992)). Upon construing Plaintiff's Complaint liberally, this Court concludes that it lacks federal question jurisdiction over the instant action.

**\*3** Plaintiff has made a strategic decision to file parallel actions in the federal and state courts. *See Mints v. Educ. Testing Serv.,* 99 F.3d 1253, 1255 (3d Cir.1996)(noting that the plaintiff in that case filed parallel actions in state and federal courts by relying, in part, upon the observation that plaintiff intentionally chose to omit federal causes of action from his state court complaint); *see also Epps v. Lauderdale County,* 139 F.Supp.2d 859, 865 (W.D.Tenn.2000)("Although duplicative litigation is to be avoided between federal courts, generally the pendency of a parallel state court action is no bar to the Federal court having jurisdiction."). Plaintiff chose to limit *Morley I* to his federal claims. Regarding the instant action, Plaintiff intentionally chose to base his claims on Pennsylvania law. Thus, Plaintiff's Complaint arises under state law, not federal law. Plaintiff's strategic decision to split his action into federal and state actions "reflects his status as the master of the complaint." *Thomas v. Hanley,* No. 97-2443, 1997 WL 563402, at \*5 (E.D.Pa. Sept.2, 1997) (citations omitted). Plaintiff's choice to split his action is an inefficient means to prosecute his claims, however, such inefficiency does not confer removal jurisdiction over Plaintiff's state law action under 28 U.S.C. § 1441(a).[6]

In *Morley I,* this Court could have exercised supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution ....") (emphasis added). However, the ability to assert supplemental jurisdiction over Plaintiff's state law claims in *Morley I* does not mean that there is original jurisdiction to hear the instant matter. Plaintiff chose not to assert his state law claims in this Court along with his federal claims and, as such, "the state and federal claims were filed separately, the state claims are not pendent, nor within original federal jurisdiction, and

do not arise under federal law." *Sullivan v. First Affiliated Sec., Inc.,* 813 F.3d 1368, 1375 (9th Cir.1987); *see also* Briddelle v. T & J Foods, Inc., 18 F.Supp.2d 611, 612 (D.Md.1998)(declaring that "there is no authority for the proposition that the supplemental jurisdiction statute might serve as a stand-alone basis for the removal of an action filed in state court which contains no federal claims"); Pointer v. Crown Cork & Seal Co., Inc., 791 F.Supp. 164, 165 (S.D.Tex.1992)(stating the fact that the court could have exercised supplemental jurisdiction over plaintiff's state law claims does not confer removal jurisdiction over the state court action given that plaintiff chose not to assert his state claims in federal court).

**\*4** As previously explained, an action is properly removed only when a federal court could have exercised original jurisdiction over the matter. *See supra* p. 3. In the instant case, Plaintiff has made the strategic decision to prosecute his claims in parallel actions in the federal and state courts. While this Court acknowledges that Plaintiff's *pro se* Complaint is ambiguous, examination of the face of the Complaint reveals that it is apparently based exclusively upon state law. Applying the artful pleading doctrine by looking beyond Plaintiff's allegations to the substance of the Complaint results in the conclusion that Plaintiff has solely relied upon state law to litigate the instant action. As such, this Court does not have federal question jurisdiction. Plaintiff's decision to file parallel actions is questionable, however, this fact does not change the circumstance that this Court is without original jurisdiction over this case. Strictly construing 28 U.S.C. § 1441(a), and resolving all doubts in favor of remand, this Court concludes that the instant action has been improperly removed and, therefore, must be remanded to the Court of Common Pleas, Philadelphia County.

An appropriate Order follows.

## ORDER

AND NOW, this 29 th day of March, 2004, upon consideration of Plaintiff's Motion to Remand, and the Response thereto, it is hereby ORDERED that:

1. Plaintiff's Motion to Remand (Doc. No. 5) is GRANTED;

2. the action is REMANDED to the Court of Common Pleas, Philadelphia County; and

3. Defendants' Motion to Dismiss (Doc. No. 3) is DENIED as moot.

Footnotes

1   Plaintiff has filed an objection to removal in his Answer to Defendants' Motion to Dismiss. (*See* Doc. No. 5). This Court shall consider his objection as a Motion to Remand.

2   This is the second action that Plaintiff has filed against the same Defendants regarding the City of Philadelphia's revocation of his license to carry a firearm. The first action, entitled *Morley v. Philadelphia Police Department,* C.A. 03-880 (*"Morley I"*), raises the same issues presented by this lawsuit, but is based solely upon federal law. Specifically, *Morley I* includes claims regarding violations of Plaintiff's Second Amendment rights under the United States Constitution, 42 U.S.C. § 1983 and a conspiracy claim under 42 U.S.C. § 1985. This Court dismissed Plaintiff's Second Amendment claim by an Order dated March 28, 2003. (Doc. No. 7).

3   Examination of the Complaint reveals that there is no diversity jurisdiction in this case. *See* 28 U.S.C. § 1332 (providing for federal court jurisdiction in "diversity of citizenship" cases). Thus, removal of this action is predicated upon the existence of a federal question. *See* 28 U.S.C. § 1331 (providing for federal court jurisdiction in "federal question" cases). Federal question jurisdiction exists when the civil action arises "under the Constitution, laws, or treaties of the United States." *Id.*

4   Defendants argue that Plaintiff fails to state a claim under state law because the Pennsylvania Constitution does not confer a private right of action. (Defs.' Resp. Pl.'s Mot. to Remand at 2). Therefore, Defendants argue that by implication Plaintiff must be pursuing a federal claim. (*Id.*) "However, the existence (or nonexistence) of a state law cause of action is irrelevant to the issue [of] ... whether plaintiff's complaint states a claim arising under federal law." Campbell, 919 F.Supp. at 175 n. 2. Nevertheless, even if Plaintiff does not have a viable claim under the Pennsylvania Constitution, there still remains a state law conspiracy claim.

5   In *Morley I,* Plaintiff's right to bear arms claim under the United States Constitution was dismissed with prejudice. (*See* Doc. No. 7). Thus, if this Court was to accept the instant action as being asserted under the United States Constitution, Plaintiff's right to bear arms claim would be dismissed for the same reasons as the dismissal of the identical claim in *Morley I.* This type of posturing would effectively result in the removal of the instant case based upon the premise that plaintiff's right to bear arms claim is federal in nature, and then dismissal of the claim upon which federal jurisdiction was founded.

| | |
|---|---|
| 6 | Besides judicial concerns of efficiency, Plaintiff has exposed himself to the risks of *res judicata* by filing parallel actions against the same Defendants based upon an identical claim. |

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.