**EXHIBIT B**



COMMONWEALTH OF PENNSYLVANIA
OFFICE OF ATTORNEY GENERAL
HARRISBURG, PA 17120

KATHLEEN G. KANE
ATTORNEY GENERAL

16TH FLOOR
STRAWBERRY SQUARE
HARRISBURG, PA 17120
(717) 787-3391

August 5, 2014

William H. Ryan, Jr., Chairman
Pennsylvania Gaming Control Board
P.O. Box 69060
Harrisburg, PA 17106-9060

    Re:    Request for Legal Advice Concerning the Pennsylvania Gaming Control Board's Authority to Limit the Possession of Firearms Inside a Licensed Casino Facility

Dear Chairman Ryan:

    On behalf of the Pennsylvania Gaming Control Board ("Board"), you have requested a legal opinion, pursuant to the Commonwealth Attorneys Act, 71 P.S. § 732-204, concerning whether the Board has the authority, under 58 Pa.Code § 465a.13, to limit the possession of firearms in the state's licensed casino facilities by persons who possess a valid permit to carry a concealed firearm pursuant to 18 Pa.C.S. § 6109 et seq. From the outset, please understand that the forthcoming opinion pertains only to the legality of the Board's authority to regulate the possession of firearms in the state's licensed casino facilities. That is to say, this opinion is not an evaluation of whether the private owner(s) of a state-licensed casino facility may or may not limit the possession of firearms in his/her privately-owned casino.

    As a threshold matter and for purposes of precision and clarity, in your May 5, 2014, letter, you seem to use the terms "weapon(s)," "deadly weapon(s)", "firearm(s)," "concealed weapon," and "firearm concealed" in an interchangeable fashion. However, because 18 Pa.C.S. § 6109 et seq. relates exclusively to firearms and not weapons or deadly weapons this opinion accordingly addresses only the former terminology.

    On October 11, 2008, the Board implemented 58 Pa.Code § 465a.13. In pertinent part, this regulation provides:

> (a) Individuals, including security department personnel, are prohibited from possessing any deadly weapon as defined in 18 Pa.C.S. § 2301 (relating to definitions), stun gun or other device designed to injure or incapacitate a person within a licensed facility without the express written approval of the Board.
>
> (b) The prohibition in subsection (a) does not apply to:
>
>     (1) Pennsylvania State Police assigned to its Gaming Enforcement Office.
>
>     (2) An on-duty officer or agent of any local, State or Federal law enforcement agency when the officer or agent is acting in an official capacity.

58 Pa. Code § 465a.13.

William H. Ryan, Jr., Chairman
August 5, 2014
Page 2

On June 28, 2011, the Governor signed into law HB40.[1] Known also as Act 10 of 2011, HB40 amended Titles 18 (Crimes and Offenses) and 42 (Judiciary and Judicial Procedure). Among other things, HB40 added new language to Section 6109 of Title 18 as follows:

(m.3) Construction.--Nothing in this section shall be construed to:

\*\*\*

(2) Authorize any Commonwealth agency to regulate the possession of firearms in any manner inconsistent with the provisions of this title.

18 Pa.C.S. § 6109(m.3).

It would now appear that the Board's regulation at 58 Pa.Code § 465a.13(a) contravenes 18 Pa.C.S. § 6109(m.3). If there is a conflict between a statute and regulation, the statute controls. See generally Commonwealth v. DeFusco, 549 A.2d 140, 145 (1988); Dep't of Transportation v. Colonial Nissan, Inc., 691 A.2d 1005, 1009 (1997); Heaton v. Dep't of Public Welfare, A.2d 1350, 1355 (1986). Section 465a.13(a) regulates the possession of firearms in a licensed casino facility. Section 6109(m.3), on the other hand, prohibits a Commonwealth agency from regulating the possession of firearms in any manner inconsistent with Title 18. The Board is a Commonwealth agency. Title 18 enumerates those specific locations in which individuals are prohibited from possessing firearms and such does not include a licensed casino facility. See 18 Pa.C.S. §§ 912-913, 5122. Accordingly, the Board's regulation is inconsistent with the provisions of Title 18 inasmuch as it regulates the possession of firearms in a location (licensed casino facility) not contemplated by Title 18.

In summary, for the reasons set forth herein, it is our opinion, and you are so advised, that the Board does not have the authority, under 58 Pa.Code § 465a.13, to limit the possession of firearms in the state's licensed casino facilities by persons who possess a valid permit to carry a concealed firearm pursuant to 18 Pa.C.S. § 6109 et seq.

Finally, you are advised that, in accordance with Section 204(a)(1) of the Commonwealth Attorneys Act, 71 P.S. § 732-204(a)(1), you are required to follow the advice set forth in this opinion and shall not in any way be liable for doing so.

Sincerely,

KATHLEEN G. KANE
Attorney General

---

[1] Act of Jun. 28, 2011, P.L. 48, No. 10.