# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, Kim Stolfer, and Joshua First, | : : : | No. 1:15-cv -322 |
| Plaintiffs | : : | Honorable Yvette Kane |
| v. | : : | |
| City of Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter, | : : : : | Jury Trial Demanded |
| Defendants | : | |

## PLAINTIFFS' MEMORANDUM IN OPPOSTION TO DEFENDANTS' MOTION FOR LEAVE TO AMEND NOTICE OF REMOVAL

Respectfully Submitted,

PRINCE LAW OFFICES, P.C.

DATED: March 26, 2015

_____
Joshua Prince, Esq.
PA ID 306521
*Attorney for Plaintiffs*

PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

Plaintiffs Firearm Owners Against Crime, Kim Stolfer, and Joshua First,[1] (collectively "Plaintiffs") by and through their counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this Memorandum in Opposition to Defendants' Motion for Leave to Amend Notice of Removal.

## I. PROCEDURAL HISTORY

Plaintiffs, Firearm Owners Against Crime, Kim Stolfer, and Joshua First, filed suit against the city of Harrisburg, Mayor Papenfuse, and Chief Carter, on January 20, 2015. Defense counsel entered appearance for Defendants on January 28, 2015. As they have acknowledged, Defendants failed to mention Howard Bullock 1) on their Notice of Removal, 2) their captions of their Entries of Appearance, 3) their Civil Cover Sheet, and 4) their Motion to Dismiss.[2] (Doc. 11, p. 4; Doc. 12; Doc. 13, p. 2-3). With no indication that Bullock's claims against the Defendants had been removed to this Court and no timely response by the Defendants, in reliance thereof, the

---

[1] Currently before the Court is the issue of whether Plaintiff Howard Bullock was removed. Defendants have expressly acknowledged that they omitted Mr. Bullock's name from the notice of removal and civil cover sheet and filed this Motion on which this Court has not yet acted. Defendants' caption now including Howard Bullock is incorrect, and should be stricken. *See* Plaintiff's Motion and Brief in Opposition to Remand.

[2] Defendants also failed to mention Howard Bullock at any time in the State Court proceeding prior to their Motion to Strike the 10 Day Notices.

1

State court entered default judgment in favor of Bullock and against the Defendants, on March 3, 2015.

## II. QUESTIONS PRESENTED

1. Is 28 U.S.C. Section 1653 procedurally available to the Defendants as a means to amending the Notice of Removal and the Civil Cover Sheet?

    ***Suggested Answer in the Negative.***

2. Have the Defendants met the relatively high burden justifying leave to amend their Notice of Removal?

    ***Suggested Answer in the Negative.***

3. Would the Court's grant of leave to amend cause undue prejudice to Plaintiff, Bullock, and disturb a valid State Court judgment?

    ***Suggested Answer in the Affirmative.***

## III. DISCUSSION

*A. Section 1653 is intended as a means to correct defects only to Pleadings.*

In desperation, the Defendants maintain that this Court has authority to grant an amendment of the notice of removal under 28 U.S.C. section 1653. But that statutory provision deals only with *pleadings*. The

Defendants have yet to file any pleading in this Court. The Federal Rules of Civil Procedure are clear and exhaustive in listing those submissions to the court that constitute "pleadings"; neither notices of removal nor civil cover sheets are listed. *See* Fed. R. Civ. P. 7(a). Indeed, the statutory provision enacted to specify the process for removal of a civil action itself, § 1146, distinguishes between the "notice of removal" and the "pleadings" to be filed with the notice. 28 U.S.C. § 1446(a).[3] The Defendants cite no pertinent authority for the proposition that a notice of removal may be amended to include an omitted plaintiff after the period specified for removal has run. This is evidence that Federal jurisprudence well understands the distinction between pleadings and other documents.

   B. *Amendments to notices of removal pursuant to Section 1635 are limited to permitting "earlier-served" Defendants a means of removal.*

Recognizing that removal is an exception to the general proposition that a plaintiff may choose the forum, Congress strictly limited removal both by requiring that all defendants concur in the notice of removal and that the

---

[3] "A defendant or defendants desiring to remove any civil action from a State court shall file…a notice of removal…together with a copy of all process, pleadings."

3

notice be filed within thirty days.  28 U.S.C. § 1446(b)(1).  The only situation in which Congress authorized a defendant to amend a notice of removal is when the time had not yet run for a later-served defendant and an earlier-served defendant sought to join in the later-served defendant's timely notice of removal.  28 U.S.C. § 1446(b)(2)(C).  The fact that Congress authorized the amendment of a notice of removal in a different context – when the notice was still timely with respect to at least one defendant – further supports the conclusion that Congress did not authorize such an amendment when it would be untimely as to *all* the defendants, as is the case here.

Removal jurisdiction exists solely by statute and, as the U.S. Supreme Court has repeatedly held, grants of jurisdiction to federal courts are to be narrowly construed, *e.g. Marbury v. Madison,* 5 U.S. 137 (1803), particularly when a State-court forum is available to hear the claims of all parties.  *See Aldinger v. Howard,* 427 U.S. 1 (1976).  The U.S. Supreme Court rejected judicially-created bases for ancillary and pendant jurisdiction in the absence of statutory authority.  *Finley v. United States,* 490 U.S. 545 (1989).

Thus, Defendants' Motion for Leave to Amend is outside the scope of Section 1653 and without basis.

### C. *In the Alternative, if 28 U.S.C. § 1653 Applies, Section 1653 and F.R.C.P § 15(a) set high standards for leave to amend.*

Defendants, nevertheless, claim that 28 U.S.C § 1653 governs a Court's discretion to permit leave to amend a notice of removal. (Doc. 13, p. 3). Assuming, *arguendo*, that Section 1653 provides a Court discretion in granting leave to amend in this matter, any right to amend is far from absolute. *Heine v. City of Garfield, et al.*, 2013 WL 2352646 (D.N.J May 29, 2013); *Zamora v. Wells Fargo Home Mortg.*, 831 F.Supp.2d 1284, 1304 (D.N.M. Jul. 11, 2012). The United States Supreme Court in *Forman v. Davis*, stated "apparent or declared reasons" when leave to amend should be denied are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendments, etc." *Forman v. Davis*, 371 U.S. 178, 182 (1962)(*citing* 3 Moore, Federal Practice (2d ed. 1948), 15.08, 15.10).

Contrary to Defendants' characterization, "the right of a defendant to amend a notice of removal under § 1653 is a limited one because amendments are permitted solely to cure 'defective allegations of jurisdiction' and cannot be made to amend 'jurisdictional facts'." *See*

5

*Newman-Green, Inc. v. Alfonzo-Lorrain*, 490 U.S. 826, 830-32 (1989). Indeed, "…the majority of courts refuse to permit an amendment to a removal petition to correct procedural defects following the close of the thirty day period." *Pinnacle Choice, Inc. v. Silverstein* 2008 WL 2003759, *4, (D.N.J. May 6, 2008)(citing *Ogletree v. Barnes*, 851 F.Supp. 184, 190 (E.D.Pa. 1994); *Leuzzi v. Dollar Tree Stores, Inc.*, 2005 WL 2972982, at *2 (E.D.Pa. Nov. 4, 2005)). Significantly, a court determining the appropriateness of leave to amend a notice of removal should determine whether the defect sought to be cured is an "allegation of jurisdiction" or an "allegation of fact", the former being (generally) excusable, the latter being prohibited. *Newman-Green*, at 826-7.

D. *In the Alternative, if Section 1653 applies, the omission of Howard Bullock is one of "Jurisdictional Fact" that renders this Court without Subject Matter Jurisdiction over him.*

It is self-serving, circular logic on the part of the Defendants to assert that their failure to include the name of Howard Bullock was *de minimis*.[4] It

---

[4] Despite acknowledging that they omitted State court Plaintiff Howard Bullock's name from their Notice of Removal (Doc. 1) and related papers on which this Court has yet to act, Defendants unilaterally added Bullock's name to their Leave to Amend Brief – Doc. 13. To Plaintiffs, this is

is a well-accepted principle of Federal subject matter jurisdiction that there is an inherent presumption against removal and that all doubts should be resolved, against the movant, and in favor of remand. *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d. Cir. 1985).

  The Third Circuit's holding in *USX Corp. v. Adriatic Ins.* is not to the contrary, as Defendants would have this Court believe, as the issue involved was whether the court should grant permission to Defendant ICAROM to clarify that it was controlled by, but not owned by, the Nation of Ireland and is readily distinguishable.[5]  In *USX Corp*, ICAROM did not seek, as Defendants do here, to *wholly add or exclude* a party not previously mentioned.  Rather, the leave to amend sought by ICAROM was merely a technical "clarification," seeking to replace words denoting the Republic of Ireland's ownership of the organization with words denoting Ireland's sufficient control of the organization. *Id.*, at 204.  Again, and distinguished from the present issue regarding Howard Bullock, ICAROM was at all times named in that action. Defendant ICAROM specifically sought leave to allege "organ theory" proving it to be an agent or instrumentality of a foreign country, thus clarifying Federal subject matter jurisdiction under The

---

procedurally dubious as Defendants thus assume the resolution of an important question before the Court.
[5] *See* Defendants' Leave to Amend Brief and their discussion of *USX Corp. v. Adriatic Ins.*, 345 F.3d 190 (3d Cir 2003). (Doc. 13, pp. 4-7).

7

Foreign Sovereign Immunities Act ("FSIA"). ICAROM did not seek to retroactively add or omit a party, as Defendants do here. It follows then that the issue before the 3rd Circuit in *USX Corp.* was clearly distinguishable as simply a matter of adding a "jurisdictional allegation," presumably one of several alternative averments propounded by Defendants in that case proving Federal subject matter jurisdiction under FSIA, as permitted by *Newman-Green*. That is, ICAROM sought only to correct statements about jurisdiction that already existed and did not seek to proffer or redact original bases of jurisdictional fact. Therefore, Defendants likening ICAROM to themselves is plainly incorrect.

Granting leave to amend the caption of the Notice of Removal and Civil Cover Sheet by adding Howard Bullock would, at this late juncture, amount to impermissibly adding an "allegation of jurisdictional fact," contrary to the holding in *Newman-Green* and dispositive of any subject matter jurisdiction of this Court over Bullock. A very basic element of Art. III jurisdiction is the "case and controversy" requirement. *See Flast v. Cohen*, 392 U.S. 83, 94 (1968). As the claims presented by Bullock have not been removed to this Court, as evidenced by his absence in the Notice of Removal and Civil Cover Sheet to which Defendants admit,[6] the Court lacks

---

[6] *See*, Doc. 11, p. 4.

subject matter jurisdiction over him, a jurisdictional fact, which precludes this Court from considering an amendment retroactively creating subject matter jurisdiction over Bullock, pursuant to *Newman-Green*. *See also*, *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979).

Further, not a single case cited by Defendants stands for the proposition they seek – the cure of an outright omission affecting the establishment of a jurisdictional fact. More specifically, none of the cases cited by Defendants evidence a court permitting a litigant to add a party entirely not specified by an earlier pleading or notice. Rather, the present situation evidences an omission that is "neither a 'mere defect' in the jurisdictional allegation nor an issue of mere 'choice of verbiage'". *Covert v. Automotive Credit Corp.*, 968 F.Supp.2d 746, 751 (D. Md. 2013). What Defendants seek (with regards to naming Howard Bullock) is to "add entirely new information to the original notice of removal"; therefore, impermissibly "furnish[ing] a missing allegation". *Dragani v. Genesse Valley Investors*, 2011 WL 2491066 *6 (D.N.J. Jun. 6, 2011).

### E. *Granting leave to amend would prejudice Plaintiffs*

"[A] case is not removable after the state court has rendered a final judgment." *Aiken v. Waffle House, Inc.*, 509 F.Supp.2d 541, 544 (D. S.C.

9

Jun. 14, 2007)(*citing Four Keys Leasing & Maint. Corp. v. Simithis*, 849 F.2d 770, 774 (2d Cir.1988) *holding* "It would be a perversion of the removal process to allow a litigant who is subject to a final judgment to remove that final judgment to the federal courts for further litigation"). *See also,* 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3721).

Further, absent a final judgment, it is a well-accepted principle of Federal subject matter jurisdiction that all doubts should be resolved against the party seeking to invoke the court's jurisdiction, and in favor of remand.[7] *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d. Cir. 1985). It is also accepted that prejudice to the non-moving party is considered the touchstone in a court's determination of leave to amend. *Lorenz v. CSX Corp.*, 1 F3.d 1406, 1414 (*citing Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)). Determining "prejudice" requires the court to focus on the hardship to be caused to the non-movants if the amendment were permitted. *Cureton v. National Collegiate Athletic Ass'n.*, 252 F.3d 267, 272-3 (3d. Cir. 2001)(*citing Adams v. Gould*, 739 F.2d 858, 868 (3d. Cir. 1984)). Among the specific factors

---

[7] Pending currently before this Court is Plaintiffs' Motion to Remand. *See*, Docs. 5, 6, and 21.

that the Court is to consider are effort and expense to the non-movant. *Cureton*, supra.

In this matter, Mr. Bullock has a final judgment, a default judgment, from the State court, which precludes his removal to this Court. Further, even if the Court were to consider Defendants' Motion to Amend/Correct, Defendants are unable to meet their burden due to the resultant prejudice that Mr. Bullock would incur. Even after receiving the State 10 Day Notices of February 19, 2015, Plaintiffs' Motion to Remand in this matter based, in part, on Howard Bullock's claims remaining with the State Court on February 22, 2015, and their filing of a Motion to Strike the 10 Day Notices on February 27, 2015 in State court, it was not until March 12, 2015, almost two weeks later and after the Default Judgment was entered on March 3, 2015, that Defendants filed anything with this Court in an attempt to take corrective action.[8]

Moreover, permitting Defendants to add Howard Bullock to this case, in contradiction of the duly entered default judgment in his favor, would be highly and unduly prejudicial, as he has continued to litigate his claims in State court and incurred substantial attorney fees and costs, as a result. The

---

[8] Defendants concede that they were aware of this issue as early as February 22, 2015, per their Brief in Opposition to Motion to Remand (Doc. 11, p. 4.); yet, they took no action in this matter until March 12, 2015.

11

cost of requiring Mr. Bullock to re-litigate his claims in Federal court, despite a judgment in his favor at the State court, would be substantial and in light of Defendants' lack of diligence in his removal and untimely contest with this Court of his removal, would be patently unfair.[9]  Mr. Bullock is entitled to rely on the entry of judgment, which was entered over a week prior to Defendants filing anything regarding his removal with this Court.

### F. *Denying leave to amend would not prejudice Defendants*

The essential purpose of the default judgment rule is vindicated if this Court rejects the retroactive addition of Mr. Bullock as proposed by Defendants.  The rules authorizing entry of default judgments are to prevent a dilatory defendant from impeding the plaintiff in establishing his claim.  *Attlix v. Lehman*, 925 A.2d 864, 866 (Pa.Super. 2007).  Had they been reasonably diligent, Defendants could have easily added Mr. Bullock to the Notice of Removal and Civil Cover Sheet or moved to amend the Notice of Removal and Civil Cover Sheet prior to the expiration of the thirty-day window. Defendants also had the opportunity to timely file a contest with this Court regarding Mr. Bullock's removal, instead of waiting almost a

---

[9] Plaintiffs respectfully request that if the Court nevertheless grants Defendants' Motion, it should at least order Defendants to pay attorneys fees and costs associated with responding to the myriad of motions made necessary by Defendants repeated errors.

month after the 10-Day Notices, three weeks after Plaintiffs' Motion to Remand (Doc. 5) and almost ten day after the Default Judgment, to file this Motion to Amend/Correct.

The consequence of their failure to properly remove Mr. Bullock and timely challenge with this Court whether he was removed, led to judgment against them.  This outcome is not overly prejudicial to Defendants, as they were provided a 10-day notice, as required by Pennsylvania Rule of Civil Procedure 237.3, prior to the entry of the default judgment.  This case with regards to the current Plaintiffs ("FOAC", Kim Stolfer, and Joshua First) is still before this Court.  Regardless of whether it remains here or is remanded as Plaintiffs request, Defendants will "have their day" to fully litigate the issues on the merits in relation to the current Plaintiffs.

### III. CONCLUSION

For the foregoing reasons, this Court should deny Defendants' Motion for Leave to Amend Notice of Removal and Civil Cover Sheet, with regards to Howard Bullock.

|  |  |
|---|---|
|  | Respectfully Submitted, |
|  | PRINCE LAW OFFICES, P.C. |
| DATED: March 26, 2015 | *[signature]*<br>Joshua Prince, Esq.<br>PA ID 306521<br>*Attorney for Plaintiffs* |
|  | PRINCE LAW OFFICES, P.C.<br>646 Lenape Road<br>Bechtelsville, PA 19505<br>(610) 845-3803 (t)<br>(610) 845-3903 (f)<br>Joshua@PrinceLaw.com |

**CERTIFICATE OF SERVICE**

I, Joshua Prince, Esq., hereby certify that on March 26, 2015, I served a true and correct copy of Plaintiffs' *Memorandum in Opposition to Defendants' Motion for Leave to Amend Notice of Removal* to the following parties via the Court's ECF system:

Frank J. Lavery, Esq.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
flavery@laverylaw.com

Joshua M. Autry, Esq.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
jautry@laverylaw.com
*Attorneys for Defendants*

                    Respectfully Submitted,

                    PRINCE LAW OFFICES, P.C.

                    */s/ Joshua Prince*
                    Joshua Prince, Esq.
                    PA ID 306521
                    *Attorney for Plaintiffs*

                    PRINCE LAW OFFICES, P.C.
                    646 Lenape Road
                    Bechtelsville, PA 19505
                    (610) 845-3803 (t)
                    (610) 845-3903 (f)
                    Joshua@PrinceLaw.com