2011 WL 2491066
Only the Westlaw citation is currently available.
NOT FOR PUBLICATION
United States District Court,
D. New Jersey.

Sarah DRAGANI, Plaintiff,
v.
GENESSE VALLEY INVESTORS, LLC, High Street Properties, LLC, High Street Property Management, LLC, 116 Main Street Geneseo, LLC, 118 Main Street Geneseo, LLC, Riverside Apartments–Highrise, LCC, the Scoville Building, LLC, Rocco Dragani, Mario Dragani, Marilyn Dragani, Tazio Dragani, 64 Court Street Geneseo, LLC, 80 Court Street Geneseo, LLC, 86 Court Street Geneseo, LLC, 81 Main Street Geneseo, LLC, and 114 Main Street Geneseo, LLC, Defendants.

No. 11–1193 (WJM)(MF).    |    June 6, 2011.

**Attorneys and Law Firms**

Antonietta M. Monaco, Monaco & Monaco, LLP, Westfield, NJ, for Plaintiff.

John David Coyle, Day Pitney LLP, Parsippany, NJ, for Defendants.

*REPORT AND RECOMMENDATION*

FALK, United States Magistrate Judge.

 *1  This case comes before the Court on Plaintiff's motion to remand. See CM/ECF No. 3. Defendants oppose the motion. See CM/ECF No. 23. The Honorable William J. Martini, U.S.D.J., referred the motion for Report and Recommendation pursuant to 28 U.S.C. § 636(b) (1)(B). Oral argument was not heard.Fed.R.Civ.P. 78(b). For the reasons set forth below, it is respectfully recommended that Plaintiffs' motion to remand should be **granted.**

*I. BACKGROUND*

The underlying case is part of a contentious divorce action between Plaintiff Sarah Dragani and Defendant Rocco Dragani, currently pending in New Jersey Superior Court, Hudson County. After initiating divorce proceedings on grounds of extreme cruelty, Plaintiff allegedly learned that her husband fraudulently transferred marital properties in which she held an interest to newly formed limited liability companies ("LLCs") and used marital funds to purchase real estate. Plaintiff alleges that her husband did this to defraud her of her marital share and to affect the pending divorce case in Superior Court. Plaintiff thereafter filed the present action in state court to void the fraudulent transfer of her marital properties, for replevin, and other relief. Defendant Rocco Dragani removed the case on March 2, 2011, and Plaintiff moved to remand within 30 days. See CM/ECF Nos. 1, 3.

*A. Parties*

Plaintiff Sarah Dragani married Defendant Rocco Dragani in 2004 (Notice of Mot. to Remand Attach. 4 ("Sarah Aff.") ¶ 2). At the time of their marriage, the couple resided in Hoboken, New Jersey (*Id.*). After marrying, Plaintiff and Rocco Dragani became involved in various businesses, including Defendant High Street Properties, LLC ("HSP") and Defendant Genesee Valley Investors, LLC ("GVI"). Also named as Defendants are Dragani family members Mario Dragani, Marilyn Dragani, Tazio Dragani, and numerous LLCs that Plaintiff claims were involved in the attempt to defraud her. Mario, Marilyn, and Tazio Dragani all reside in upstate New York (Notice of Mot. to Dismiss Attach. 3 ¶ 3).

HSP is an LLC organized under New York law (Notice of Removal Ex. A ("Compl.") Ex. A–2). The couple used HSP as an investment company to manage securities and real estate, and to purchase a yacht named "Sarafina" (presumably after Plaintiff) that is currently docked in Jersey City (Sarah Aff. ¶¶ 8–9). Plaintiff worked as a manager for the business (*Id.* ¶ 12, Ex. D). She claims that during the marriage she was "made a member in [HSP] with one-half interest"(*Id.* ¶ 10). This was allegedly part of a broader marital promise by Rocco Dragani to make Plaintiff a one-half owner of all his assets (*Id.*).

GVI is an LLC organized under New York law that owned residential and commercial real estate (Defs.' Opp'n to Mot. to Remand ("Opp'n Br.") Attach. 4 ("Marilyn Aff.") ¶ 4, Ex. C). Plaintiff was officially granted a small ownership interest in the company in September of 2008 (*Id.*Ex. A). Her ownership interest is reflected in federal and state schedule K–1 forms (Sarah Aff. Ex. F).

*B. Alleged Fraudulent Transfers*

**\*2** On or around February 1, 2009, the couple separated, and Plaintiff moved in to a new apartment in Hoboken (Sarah Aff. ¶ 2). Defendant Rocco Dragani moved to Mississippi the following February (Notice of Mot. to Dismiss Attach. 4 ¶ 3). Plaintiff then initiated divorce proceedings on March 23, 2010, in Hudson County Superior Court, No. FM–09–1894–10 (Sarah Aff. Ex. A).

According to the complaint in this case, Defendant Rocco Dragani fraudulently transferred title in all of the real properties owned by GVI to three (3) separate LLCs recently formed in Nevada in which Marilyn and Mario Dragani were the only members at about the same time that Plaintiff moved out of the couple's Hoboken residence (Compl. Ex s. B–D; Am. Notice of Removal ("ANOR") ¶¶ 20–22). Shortly after Plaintiff's divorce complaint was filed, Rocco Dragani also purchased a series of real properties with marital funds, titling each in a newly formed Nevada LLC in which some combination of Marilyn, Mario, Tazio, or Rocco Dragani were the only members (Compl. Exs. F–I; ANOR ¶¶ 24–28). All of this was allegedly done by Rocco Dragani to convert marital assets, defraud Plaintiff out of her marital share, and to "improperly effect plaintiff's [pending] divorce proceeding" (Compl.*passim* ).

*C. Procedural History*
On January 5, 2011, after learning about these property transfers, Plaintiff brought the present case in Hudson County Superior Court. *See* CM/ECF No. 1 Ex. A. On March 2, 2011, Defendant Rocco Dragani removed the case pursuant to 28 U.S.C. § 1441 on the basis of diversity jurisdiction, *id.* § 1332(a).*See* CM/ECF No. 1. Because the original notice of removal only alleged the principle place of business and state of formation for each LLC, Defendants attempted to file an amended notice of removal on April 15, 2011, that specifically identifies the citizenship of each LLC. *See* CM/ECF No. 22.

Plaintiff filed the present motion to remand pursuant to 28 U.S.C. § 1447(c) on March 31, 2011. *See* CM/ECF No. 3. She argues that the Court lacks jurisdiction because her membership in HSP and GVI destroys complete diversity (Notice of Mot. to Remand Attach. 3 ("Remand Br.") 5; Pl.'s Reply Br. in Supp. of Mot. to Remand 2). She also contends that the original notice of removal fails to plead sufficient allegations to establish diversity jurisdiction (Remand Br. 7).

*II. DISCUSSION*

The removal statute provides that a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil cases "between ... citizens of different States" that place over $75,000 into controversy. *Id.* § 1332(a).

The party asserting federal jurisdiction in a removal case bears the heavy burden of "showing, at all stages of the litigation, that the case is properly before the federal court."*Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir.2007) (citing *Samuel–Bassett v. KIA Motors Am., Inc.,* 357 F.3d 392, 396 (3d Cir.2004)). To carry its burden, a removing party must prove diversity of citizenship by a preponderance of evidence. *See McCann v. Newman Irrevocable Trust,* 458 F.3d 281, 286 (3d Cir.2006) (citing *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). Removal is "strictly construed" and all doubts are resolved in favor of remand. *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985).

*A. No Complete Diversity*
**\*3** To establish diversity jurisdiction, there must be "complete diversity" between all plaintiffs and all defendants. *Caterpillar Inc. v. Lewis,* 519 U.S. 651, 68 (1996) (citations omitted). In other words, no plaintiff can hold the same state citizenship as any defendant. *See In re Briscoe,* 448 F.3d 201, 215 (3d Cir.2006) (citations omitted). The parties to this case include natural persons and a variety of LLCs. Under binding Third Circuit precedent, the citizenship of an LLC is "determined by the citizenship of *each* of its members."*Zambelli Fireworks Mfg. Co. v. Wood,* 592 F.3d 412, 420 (3d Cir.2010) (emphasis added).

Plaintiff is a New Jersey citizen. To satisfy the rule of complete diversity, no Defendant can be a New Jersey citizen. Plaintiff alleges that she is a member of both Defendant HSP and Defendant GVI. Her membership in either would destroy complete diversity for purposes of removal. *See Wisc. Dept. of Corrections v. Schacht,* 524 U.S. 381, 388, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (citing *Caterpillar,* 519 U.S. at 68–69); *Baer v. United Servs. Auto. Ass'n,* 503 F.2d 393, 395 (2d Cir.1974) (citing *Rosendale v. Phillips,* 87 F.2d 454 (2d

Cir.1934)). The Court may only exercise jurisdiction over this matter if Plaintiff is not in fact a member of GVI or HSP.

*1. GVI*

It is undisputed that Plaintiff was at one point a member of GVI. Defendants nevertheless argue that Plaintiff's membership in GVI was formally "redeemed" when it unilaterally issued her a check in the supposed amount of her interest (Opp'n Br. 8; Marilyn Aff. Ex. B). They claim that after Plaintiff's interest was redeemed that the only members of GVI were Defendants Mario and Marilyn Dragani (ANOR ¶¶ 17–18). Plaintiff forcefully denies she ever agreed to relinquish her ownership in GVI and alleges that the check was fraudulent, back-dated, and "prepared by Rocco Dragani specifically for this litigation" (Pl.'s Opp'n to Mot. to Dismiss Ex. F ¶ 6). In addition, Plaintiff never deposited the check (*Id.*). The only documentary evidence offered by Defendants is a copy of GVI's 2010 federal tax return indicating that Plaintiff's interest was terminated earlier in the year (Marilyn Aff. Ex. C). The tax return, however, was prepared on April 17, 2011, *after* the present motion was filed. The tax return was apparently prepared on behalf of Defendants and Rocco Dragani and reflects their position, which is strenuously denied under oath by Plaintiff, who has submitted a tax return that shows her as a member.

*2. Citizenship of HSP*

The citizenship of HSP is also in dispute. Plaintiff swears that she is a "one-half" member in HSP pursuant to an agreement with her husband Defendant Rocco Dragani. She submits an HSP credit card bearing her name, together with a detailed description of her job duties at HSP and documents memorializing HSP's interest in the Sarafina yacht in Jersey City (Sarah Aff. Exs. B–D). Defendants assert that Plaintiff could not legally become a member of HSP based on the alleged agreement. That is not so. A cursory review of the New York Limited Liability Company Law ("NYLLCL") demonstrates that a member of an L LC may assign all or part of their interest to another individual. N.Y. Ltd. Liab. Co. Law § 602(b)(2). Whether an assignment that conforms to this provision actually occurred is impossible to determine from the papers submitted in connection with this motion.

*3. Defendants Fail to Establish Complete Diversity*

 **\*4** The ownership of GVI and HSP is in dispute. Indeed, the ownership and entitlement to these companies is one of the ultimate issues to be determined in the pending state court divorce case. The Court cannot and need not determine definitively whether Plaintiff is a member of these companies. Plaintiff has credibly asserted her membership and submitted proof in support thereof. As is common in some matrimonial disputes, Defendant Rocco Dragani takes a sharply divergent position. However, Defendants have not conclusively refuted Plaintiff's claim of ownership. Ultimately, the issue may require a full trial involving an assessment of the credibility of the parties, to be determined by the divorce court.

For present purposes, Defendants have failed to carry their burden of establishing complete diversity by a preponderance of evidence. To the extent there is any uncertainty as to the citizenship of an LLC, the present motion must be decided against Defendants. *See Abels,* 770 F.2d at 29 (removal is strictly construed and all doubts are resolved in favor of remand).

*B. Other Considerations*

This case stems from and is part of a pending divorce. It appears that much of what is included in this case is more appropriately part of the ongoing divorce action in the Family Court. Indeed, the intention to have all marital disputes resolved in the divorce proceeding is so strong that New Jersey courts regularly apply the entire controversy to family actions. *See Oliver v. Ambrose,* 152 N.J. 383, 394, 705 A.2d 742 (1998) (collecting cases and commentary).

New Jersey's entire controversy doctrine, codified in New Jersey Court Rule 4:30A, requires that parties to a litigation join all claims against one another that arise from the same underlying transaction. *See, e.g., Highland Lakes Country Club v. Nicastro,* 201 N.J. 123, 124, 988 A.2d 90 (2009) (citing *Cogdell ex rel. Cogdell v. Hosp. Ctr. at Orange,* 116 N.J. 7, 15, 560 A.2d 1169 (1989)). More specifically, the New Jersey Supreme Court has expressly held that all tort claims arising from the marital relationship must be brought together with an action that seeks the dissolution of a marriage. *See Brennan v. Orban,* 145 N.J. 282, 290, 678 A.2d 667 (1996); *Tevis v. Tevis,* 79 N.J. 422, 425, 400 A.2d 1189 (1979). The Court has explained its reasoning as follows:

> Since the circumstances of the marital tort and its potential for money damages [are] relevant in the matrimonial proceedings, the claim should not have been held in abeyance; it should, under the "single controversy" doctrine have

been presented in conjunction with ... [the divorce action] as part of the overall dispute between the parties in order to lay at rest all their legal differences in one proceeding and avoid the prolongation and fractionalization of litigation.

*Tevis,* 79 N.J. at 434, 400 A.2d 1189.

Plaintiff alleges that Defendant Rocco Dragani fraudulently transferred jointly-held properties, improperly used marital funds, and committed other state law torts in an attempt to affect the outcome of the pending divorce action. The true ownership of the relevant properties and the potential for money damages flowing from these torts are fundamentally questions best resolved by the divorce court. *See Isko v. Engelhard Co.,* 2006 WL 1716139, at *6 (N.J.App. Div. June 23, 2006). In a leading decision authored by Judge Sylvia Pressler, P.J.A.D., the Appellate Division held in a divorce-related case that "a party whose constituent claim arises *during the pendency* of the action risks its loss unless he apprises the court and ... submits to judicial discretion the determination of whether it should be joined in that action or reserved." *Brown v. Brown,* 208 N.J.Super. 372, 382, 506 A.2d 29 (App.Div.1986) (emphasis added). Many courts, including the Third Circuit and the New Jersey Supreme Court, have since endorsed this view. *See, e.g., O'Shea v. Amoco Oil Co.,* 886 F.2d 584, 591 (3d Cir.1989); *Brennan,* 145 N.J. at 291, 678 A.2d 667.

**\*5** The Court makes no determination that the entire controversy doctrine applies here nor need it. However, the factual and procedural scenario presented underscores the reason this case should be remanded. *See, e.g., Brown v. Fancis,* 75 F.3d 860, 865 (3d Cir.1996) ("If there is any doubt as to the propriety of removal, that case should not be removed to federal court.").

### C. Jurisdictional Allegations

Because Defendants fail to prove that diversity jurisdiction exists, the Court need not address any procedural defects in the removal notice to reach the conclusion that remand is warranted. However, for the sake of completeness, the Court will briefly address the issue.

The removal statute specifies that the notice of removal must contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). In a case removed on diversity, the notice should therefore identify the citizenship of each party. *Stevens v. Nichols,* 130 U.S. 230, 231, 9 S.Ct. 518, 32 L.Ed. 914 (1889); *cf. Schultz v. Cally,* 528 F.2d 470, 473 (3d Cir.1975) (complaint originally filed in federal court on basis of diversity is defective for failing to allege citizenship). A notice that fails to contain this information is defective. *See, e.g., Rolling Greens v. MHP, L.P. v. Comcast SCH Holdings, L.L.C.,* 374 F.3d 1020, 1022 (11th Cir.2004); *In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir.1993); *see also*14C Charles Alan Wright et al., *Federal Practice & Procedure* § 3733, at 642 (4th ed. 2009) ("[A] notice of removal that fails to contain an allegation of a defendant['s] citizenship ... is defective when complete diversity of citizenship is the basis for removal.").

Plaintiff maintains that the original notice of removal is facially insufficient to establish jurisdiction because it contains no allegations as to the citizenship of each LLC. Defendants submitted an amended notice of removal to cure this omission outside of the 30–day removal period set by § 1446(b). Plaintiff's argument therefore turns on the ability of Defendants to amend the notice of removal more than 30 days after being served with the initial papers.

A party may freely amend the notice of removal within the 30–day period provided by § 1446(b) to remove an action. *USX Corp. v. Adriatic Ins. Co.,* 345 F.3d 190, 205 n. 13 (3d Cir.2003) (citing *Shaw v. Dow Brands Inc.,* 994 F.2d 364, 368 (7th Cir.1993)). [1] After this 30–day window expires, courts distinguish between amendments that seek to add jurisdictional information and those that seek to add procedural information. *See Pinnacle Choice, Inc. v. Silverstein,* No. 07–5857, 2008 WL 2003759, at *4 (D.N.J. May 6, 2008). In cases predicated on diversity, allegations pertaining to citizenship are jurisdictional in nature. *See, e.g., Guerrino v. Ohio Cas. Ins. Co.,* 423 F.2d 419, 421 (3d Cir.1979). Jurisdictional amendments are permitted only to the extent that they clarify or correct allegations already contained in the original notice. *USX Corp.,* 345 F.3d at 205 n. 12 (citing 28 U.S.C. § 1653).

**\*6** Defendants' amended notice would likely be impermissible because it seeks to add entirely new information to the original notice of removal. The original notice contained no information regarding the *citizenship* of each LLC. Indeed, the only information on each LLC related to their state of formation and principle place of business. While an amendment made after the 30–day window of § 1446(b) will be permitted to "correct an

imperfect statement of citizenship," defendants may not "furnish missing allegations." 14C *Federal Practice & Procedure* § 3733, at 655; *see also Gilberg v. Stepan Co.,* 24 F.Supp.2d 325, 347 (D.N.J.1998) ("An imperfect or defective allegation is distinguished from a missing allegation, which may not be added by amendment after the 30–day period ... has expired" (citations omitted)).

### III. CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to remand should be **granted.**

Footnotes

1   The 30–day period established by § 1446(b) begins to run upon the effectuation of formal service of process and the receipt, "by service or otherwise," of the complaint. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347–48, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999).

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.