2005 WL 2972982
Only the Westlaw citation is currently available.
United States District Court,
E.D. Pennsylvania.

John LEUZZI Jr., Deveta Leuzzi, H/W, Plaintiffs
v.
DOLLAR TREE STORES INC., Dollar Express,
Whitman Plaza Dollar Tree, South-Whit Shopping
Associates, Wilbur F. Breslin, Defendants

No. 05-4814. | Nov. 4, 2005.

**Attorneys and Law Firms**

Vincent F. Presto, Law Offices of Vincent F. Presto, Philadelphia, PA, for Plaintiffs.

David S. Santee, Rawle & Henderson LLP, Lynda M. Volpe, Law Offices of J. Mark Pecci, II, Philadelphia, PA, for Defendants.

*MEMORANDUM*

STENGEL, J.

 *1  Plaintiffs John and Deveta Leuzzi brought this personal injury action in a Pennsylvania state court. Defendant Dollar Tree Stores, Inc. then removed the case to Federal Court claiming diversity jurisdiction. Based upon the reasoning set out below, I will now grant the Leuzzis' motion to remand.

**I. BACKGROUND**

On August 11, 2005, the Leuzzis filed a complaint against Dollar Tree Stores Inc., Dollar Express, Whitman Plaza Dollar Tree, South-Whit Shopping Center Associates, and William Breslin in the Court of Common Pleas of Philadelphia County. On September 8, 2005, defendant Dollar Tree Stores, Inc. ("DTSI") filed a Notice of Removal and removed the case to this Court. In its Notice of Removal, DTSI averred that Dollar Express and Whitman Plaza Dollar Tree do not exist. Further, DTSI averrs that William Breslin and South-Whit Shopping Center Associates were not properly served in the state court cause of action and as such did not have to agree to the removal of this case. In its motion to remand, the Leuzzis claim all defendants must agree to remove a cause of action and that only one of the five named defendants in this case has so agreed.

Defendants South-Whit Shopping Center Associates and William Breslin now agree with the removal and request this Court deny the Leuzzis' motion to remand. (Docket # 9, filed on 10/26/05)

**II. STANDARD of REVIEW**

A defendant has the statutory right to remove a civil cause of action from a state court to federal district court. 28 U.S.C. § 1441. However, all facts are to be strictly construed against removal, and all doubts are to be resolved in favor of remand. *Ogletree v. Barnes,* 851 F.Supp. 184, 186-87 (E.D.Pa.1994) (citing *Boyer v. Snap-On Tools Corp.,* 913 F.2d 108, 111 (3d Cir.1990)). In a case with multiple defendants, the decision to remove must be unanimous. *Ogletree* at 186-87. Furthermore, "all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b)" *Id.* (citing references omitted) [1] The defendants' agreement to removal must be official and unambiguous, and mere entry of appearance in federal court by the non-moving defendant is not enough to show agreement. *See Morganti v. Armstrong Blum Mfg. Co.,* Civ. No. 00-6343, 2001 U.S. Dist. 2951 (E.D.Pa.2001) (Reed, J.) (removal/remand case in which the court found the defendants' notice of removal lacked unanimity).

**III. DISCUSSION**

The Leuzzis' only argument in favor of remand is that the defendants have not complied with the strict statutory requirement of unanimity for notices of removal. The defendants respond by arguing that there is no proper proof they were served during the state court proceeding and as such fall within a judicially established exception to the unanimity requirement. *See Lewis v. Rego Co.,* 757 F.2d 66, 68 (3d Cir.1985) (removal/remand case in which the court recognized an exception to the unanimity requirement where some of the defendants were not served in the state court). In support of this contention the defendants submitted official court dockets from the Court of Common Pleas for Philadelphia County showing that at the time of defendant DTSI's notice of removal, Leuzzi had not filed proof of service for defendants South-Whit Shopping Center Associates or Wilbur Breslin. [2]

**\*2** According to the strict formalities laid out in *Morganti.* [3] DTSI needs to amend their original notice in order to document the defendants' South-Whit Shopping Center Associates' and Wilbur Breslin's unambiguous and official approval of the removal. However, given the statute's thirty (30) day time limit, the notice must have been amended within thirty (30) days after service of process. The Leuzzis have provided evidence that the three existing defendants were served on August 15, 2005; thus, the defendants likely had until September 14, 2005, to amend/collectively file their fully agreed upon notice of removal. [4] The defendants did not meet that time frame and now say the only reason why they did not meet it was because the Leuzzis purposefully muddled their communications with them. After researching a sample of similar cases: *Prowell v. West Chemical Products, Inc.,* 678 F.Supp. 553 (E.D.Pa.1988); *Eagle Nursing Home v. Erie Ins. Group,* 981 F.Supp. 932 (D.Md.1997); *Pianovski v. Laurel Motors,* 924 F.Supp. 86 (N.D.Il.1996); *Cohen v. Hoard,* 696 F.Supp. 564 (D.Kan.1988); I believe the Leuzzis were not responsible for facilitating any contact between the defendants. The burden of removing a case to federal court rests solely upon the defendants. This case is distinguishable from *Lewis* because DTSI, regardless of whether they had been properly served, knew South-Whit Shopping Center Associates and Wilbur Breslin were named defendants at the time they filed their notice of removal. Although no counsel of record had been entered on the other defendants' behalf, the law imposes upon DTSI the duty to insure that all defendants agreed to the removal. DTSI failed to meet that high burden. Furthermore, DTSI served Wilbur F. Breslin and South-Whit Shopping Center Associates with the notice of removal on September 9, 2005. Wilbur Breslin and South-Whit Shopping Center Associates needed to give this Court notice of their official and unambiguous acceptance of that notice within the thirty (30) days of being served with the Leuzzis' complaint.

### IV. CONCLUSION

Although it is now clear that all defendants want this case to remain in federal court, the fact that they did not comply with the notice of removal's strict statutory requirements can not be overlooked. All of the defendants had until September 14, 2005, to fully agree with a notice of removal. The defendants did not meet that time frame and I will now grant the Leuzzis' motion to remand. An appropriate order follows.

*ORDER*

AND NOW, this day of November, 2005, upon consideration of the plaintiffs' Motion to Remand (Docket # 7), it is hereby ORDERED that the motion is GRANTED. This case is hereby remanded to the Court of Common Pleas of Philadelphia County for all further proceedings.

This case shall be marked closed for all purposes by the Clerk of Courts.

---

Footnotes

1  28 U.S.C. § 1446(b) provides that a defendant must file a motion to remove within 30 days after service of process.
2  Defendants South-Whit Shopping Center Associates and William Breslin now argue they requested a copy of service from Leuzzi on September 13, 2005, and, in an attempt to thwart the unanimity of the defendant's notice of removal, Leuzzi did not comply.
3  Although not precedential authority, I am persuaded by Judge Reed's reasoning.
4  The defendants do not specifically claim they did not receive notice of Leuzzi complaint on August 15, 2005. Rather, the defendants argue there was no record of service at the time DTSI filed its notice of removal, and when the defendants South-Whit Shopping Center Associates and Wilbur Breslin requested proof of service on Sept. 13, 2005, the Leuzzis did not respond.

---