# EXHIBIT 3

2014 WL 3921371
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

Shana DEFILLIPIS, Plaintiff,
v.
DELL FINANCIAL SERVICES, et al., Defendants.

No. 3:14–CV–00115.　|　Signed Aug. 11, 2014.

**Attorneys and Law Firms**

Joseph T. Sucec, Gardners, PA, for Plaintiff.

Doressia L. Hutton, Kimball R. Anderson, Winston & Strawn LLP, Chicago, IL, Timothy E. Foley, Foley, Cognetti, Comerford & Cimini, Scranton, PA, for Defendants.

*MEMORANDUM OPINION*

ROBERT D. MARIANI, District Judge.

**I.** *Introduction*

*1 Presently before the Court is a Motion to Set Aside the Default Judgment previously entered in the Lackawanna County Court of Common Pleas against the Defendant in the above-captioned removal action. (*See* Doc. 10.) For the reasons discussed below, the Court will grant the Motion.

**II.** *Procedural History*

On December 9, 2013, Plaintiff, Shana Defillipis, filed a Complaint in the Lackawanna County Court of Common Pleas, alleging a class action to recover damages for harassing phone calls that she received from Defendant Dell Financial Services. (*See generally* Compl., Doc. 1–3, at 1.) On December 16, according to the exhibits submitted by the Plaintiff, the Complaint was delivered by Certified Mail to a Dell address in Austin, Texas. (*See* Pl.'s Br. in Opp. to Mot. to Set Aside Default J., Doc. 15, at Exs. 2–3.) With no response forthcoming, a Notice of Intent to Take a Default Judgment was later either mailed or faxed [1] to the Defendant. (*See id.* at 2; Def.'s Mem. in Supp. of Mot. to Set Aside Default J., Doc. 11, Ex. 3, at ¶ 9.) After receiving no response to the Notice, a default judgment was entered on January 21, 2014. (*See* Doc. 15, Ex. 1.)

Defendant, however, argues that, as of January 21, it was unaware of any impending default judgment. (*See* Doc. 11 at 2.) Thus, Defendant submits correspondence sent by its own counsel to Plaintiffs counsel on January 20, 2014—the day before default judgment was entered—which expresses Defendant's desire to arbitrate the matter. (*See* Doc. 11, Ex. 1 A.) On January 22—the day after entry of default judgment—Defendant removed the case to federal Court, (*see generally* Notice of Removal, Doc. 1), and filed a Motion to Dismiss, (see Doc. 4). According to Defendant, it was only during the course of reading Plaintiff's Brief in Opposition to the Motion to Dismiss that Defendant was first informed that a default judgment had been entered in state court. (Doc. 11 at 4.) This, Defendant states, comes from a series of improprieties involving the service of the Complaint and of the Notice of Default. In its Motion to Set Aside Default, it elaborated:

> [S]ervice was fatally defective in at least three respects. First, in violation of Pennsylvania Rules of Civil Procedure 405(c) and (e), Plaintiff neither obtained nor filed a return receipt signed by [Defendant] demonstrating service. Second, Plaintiff has not presented any evidence showing that service was made upon a proper agent of [Defendant]. Indeed, Plaintiff mailed the Complaint to a post office box for customer service correspondence rather than mailing it to [Defendant's] registered agent for service. Third, in violation of Rule 401(c), the Complaint mailed to the post office box for customer service correspondence was neither attested by the prothonotary nor certified by Plaintiff to be a true copy.

(*Id.* at 7.) Likewise, Defendant argues that the Notice of Default Judgment contained various procedural defects, chief among which was that it was never served on Defendant, but rather was faxed to a third party Canadian customer service provider. (*Id.* at 14–17.)

*2 Defendant also seeks an award of "the attorneys' fees and costs it had to incur in moving to set aside the improperly obtained default judgment."(Mot. to Set Aside Default J., Doc. 10, at 2.)

The Court shall now address these arguments.

### III. *Standard of Review*

Federal Rule of Civil Procedure 55(c) authorizes the Court to "set aside a default judgment under Rule 60(b)."Fed.R.Civ.P. 55(c). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ...
>
> (4) the judgment is void; ...
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). [2]

"A default judgment entered when there has been no proper service of the complaint is, a *fortiori,* void, and should be set aside" under Rule 60(b)(4).*Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir.1985)."*Gold Kist* involved a service of a summons and complaint in a manner that did not conform with Pennsylvania law."*United States v. One Toshiba Color Television,* 213 F.3d 147, 156 (3d Cir.2000)."Because of the complaint's improper service ... the *Gold Kist* panel refrained from considering other factors that could also justify the setting aside of a default judgment."*Id.* That is because the traditional factors for setting aside a default judgment "only apply when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default. Obviously, if the default judgment was improperly entered, the district court erred as a matter of law in refusing to set it aside."*Gold Kist,* 756 F.2d at 19.

It is also necessary to briefly discuss the permissibility of this Motion in light of the fact that the actions complained of occurred prior to removal.

A civil action filed in state court may be removed to a federal district court by filing a notice of removal, as occurred here. *See*28 U.S.C. § 1446(a). When such notice of removal is effected, "the State court shall proceed no further unless and until the case is remanded."*Id.* at § 1446(d). Thus, "[a]s far as the default judgment previously entered in the State Court is concerned, there is no question that under the general removal statute it is within the power of a Federal Court to set aside a default judgment rendered by a State Court before removal of a particular case."*Kizer v. Sherwood,* 311 F.Supp. 809, 811 (M.D.Pa.1970) (collecting cases) (internal citations omitted). [3]

Finally, the Third Circuit "does not favor entry of defaults or default judgments. [It] require[s] doubtful cases to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"*United States v. $55,518.05 in U.S. Currency,* 728 F.2d 192, 194–95 (3d Cir.1984) (quoting *Tozer v. Charles A. Krause Milling Co.,* 189 F.2d 242, 245 (3d Cir.1951)).

### IV. *Analysis*

**a. Validity of Service**

*i. Service of the Complaint*

\*3 Plaintiff does not appear to dispute that the Complaint was mailed to a post office box in Austin, Texas. However, she argues that service was nonetheless valid under Pennsylvania Rule of Civil Procedure 403, which states that if, as here, *see*Pa. R. Civ. P. 404(2), "a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail,"Pa. R. Civ. P. 403. Plaintiff produced a certified mail receipt, tracking information, and a signature to show that service was in fact properly effected. (*See* Doc. 15, Exs. 2–4.)

However, this argument does not adequately address the improprieties cited in Defendant's Brief. Even if Plaintiff mailed service to an address maintained by Defendant in Austin, that does not necessarily make service proper under the rules. Pennsylvania Rule of Civil Procedure 424 provides the rules for serving corporations like the Defendant:

> Service of original process upon a corporation or similar entity shall be made by handing [4] a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
>> h(1) an executive officer, partner or trus tee of the corporation or similar entity, or
>>
>>> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

(3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424. According to the evidence submitted by Defendant, (*see* Nohemi Aldape Decl., Doc. 11, Ex. 3, at ¶ 9; Doc. 11, Ex. 3B, at 41 (envelope containing original complaint with Defendant's Austin address)), which Plaintiff dismisses but does not rebut, (see Doc. 15 at 11), the Complaint was sent to a post office box for customer service correspondence, which is not held out to receive service of legal process and is maintained by a third-party vendor. This post office box clearly satisfies none of the criteria listed in Rule 424 and therefore "service" effected upon it is invalid.

The fact that Defendant ultimately received the Complaint—as it admits to have done, (see Aldape Decl. at ¶ 9.)—does not make service proper. "Where the person served is not an agent on whom proper service could be made, the fact that he may have advised the proper corporate official of the complaint is irrelevant."*Alloway v. Wain–Roy Corp.,* 52 F.R.D. 203, 205 (E.D.Pa.1971).

Plaintiff's other argument, that service was proper under *Mullane v. Central Hanover Bank and Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), likewise fails. Plaintiff—without citation—interprets that case to mean that a serving party is only "required to provide notice in a manner that a reasonable individual who desired to contact the defendant would utilize" and that "w hen there are no methods of service of process that meet the 'reasonably calculated' standard, the method of service must not be less likely to effectuate service than other feasible and traditional means."(Doc. 15 at 9.) This interpretation comes from *Mullane's* famous statement that due process in civil proceedings requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."(*See id.*(citing *Mullane,* 339 U.S. at 314, 70 S.Ct. at 657).)

 ***4** But *Mullane* concerned the means of providing notice of a trust fund to a class of beneficiaries whose identities and whereabouts were not all known, *see generally Mullane,* 339 U.S. at 316–20, 70 S.Ct. at 658–60, whereas, here, the Defendant is an established business with a fixed location and a registered agent for service of process. Accordingly, the practical problems in effecting service that necessitated other alternatives identified in *Mullane* do not apply. In the absence of such, Plaintiff is not entitled to attempt alternative methods of service which she deems "reasonably calculated" to provide notice w hen the Pennsylvania Rules specify the exact method by which a known corporate defendant such as Dell Financial Services is to be served.

These defects in the service of process render service improper. "The rules relating to service of process must be strictly followed, and jurisdiction of the court over the person of the defendant is dependent upon proper service having been made."*Sharp v. Valley Forge Med. Ctr. & Heart Hosp., Inc.,* 422 Pa. 124, 221 A.2d 185, 187 (Pa.1966). Because here the rules relating to service were not only not strictly followed, but, by Plaintiff's own indication, Plaintiff merely adopted her own method of service that was "not less likely" to be effective than "other feasible and traditional means," (Doc. 15 at 9), service was improper and default judgment was void *ab initio.*Though the Court finds that this impropriety alone is enough to justify setting aside default judgment under *Gold Kist,* it will briefly discuss the other reasons why default judgment was void from the initiation.

*ii. Other Deficiencies*
In addition to the improper method of effecting service, Defendant cites a host of other procedural deficiencies with the Complaint. These are:

1. The record does not contain a return receipt signed by an agent of the Defendant as required by Pennsylvania Rule of Civil Procedure 405(c);

2. The Complaint was neither attested by the Prothonotary nor certified by Plaintiff to be a true copy, in violation of Pennsylvania Rule 401(c);

3. The Notice of Intent to Take Default Judgment was not signed by Plaintiff's counsel and does not contain his address, in violation of Pennsylvania Rules 237.1(a)(2), (4) and 237.5;

4. Plaintiff faxed the Notice of Default Judgment to a third party vendor maintained to manage Defendant's customer service faxes w hen Defendant did not consent to service via fax;

5. The Notice of Default Judgment was faxed on January 13, 2014 and Default Judgment was entered eight days later in violation of Pennsylvania Rule 237.1(a)(2), which requires at least ten days' notice, and there is no evidence substantiating Plaintiff's contention that Notice was mailed on a different date.

(Doc. 11 at 2–3.)

Plaintiff barely addresses these alleged deficiencies, except to deny them and to question why they were not mentioned sooner. (*See* Doc. 15 at 11.) However, after an examination of the exhibits, the Court makes the following conclusions, taking the points enumerated above in the order of enumeration:

> ***5** 1. Pennsylvania Rule of Civil Procedure 405(c) provides: "Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant."Pa. R. Civ. P. 405(c). Return of service "shall be filed with the prothonotary."*Id.* at 405(e). In response to this point, Plaintiff submits a certified mail receipt and a signature purporting to be that of an agent of the Defendant. (*See* Doc. 15, Exs. 2, 4.) Defendant argues that "certified mail receipts" and "return receipts" are different, as evidenced by the U.S. Postal Service's website, which treats them separately. (*See* Doc. 19 at 2–3 (citing United States Postal Service, *Add Insurance and Extra Services,* https://www.usps.com/ship/insurance-and-extra-services.htm (last accessed July 30, 2014).) This appears to be a distinction without a difference, because the description of the two services on the Postal Service website indicates that both receipts serve the same purpose for which they are required under the Rules, i.e., they both show the signature of the person accepting the package. Nonetheless, there is no evidence in the record that any receipts procured were ever filed with the Prothonotary. Moreover, because the Court has already found that service at the address to which it was mailed was unauthorized by Rule 423, t hen any return signature from that address cannot be the signature of an authorized agent. Indeed, Defendant has submitted declarations indicating that the signature was an automated signature on file, which is generated any time anything mail a signature is sent to that customer service box. (*See* Gary Savercool Decl., Doc. 19, Ex. 1, at ¶ 6.) Therefore, it appears that Plaintiff has not fulfilled all of the technical requirements of Rule 405. In this determination, the Court is guided by the Pennsylvania Supreme Court's statement, cited *supra,* that "the rules governing the service of process set forth in the Pennsylvania Rules of Civil procedure must be strictly followed" and that "[t]here is no presumption as to the validity of the service and the return itself is required to set forth service in conformance with the rules."*Sharp,* 221 A.2d at 187.

> 2. Pennsylvania Rule 401(c) provides: "The copy of the original process to be served upon the defendant shall be attested by the prothonotary *or* certified by the plaintiff to be a true copy."Pa. R. Civ. P. 401(c) (emphasis added). On its face, the rule only requires one signature, by either the Prothonotary or the Plaintiff. The copy of the Complaint submitted by Defendant is sworn as true and correct by a signature bearing the initials "SD." (*See* Doc. 11, Ex. 3B, at 40.) In the absence of evidence to the contrary, the Court must assume that this is signature belongs to the Plaintiff, Shana Defillipis. Thus, the Court finds compliance with Rule 401(c).

> 3. Defendant's argument on point 3 appears factually correct on the face of the record, and is uncontradicted. (*See* Doc. 11, Ex. 3A, at 6–7 (copy of notice of default judgment as sent to Defendant, verified as a true and correct copy by Nohemi Aldape in Doc. 11, Ex. 3, at ¶ 7).)

> ***6** 4. Point 4 also finds evidentiary support in the declaration of Nohemi Aldape, a paralegal at the Defendant corporation. (*See* Aldape Decl., Doc. 11, Ex. 3, at ¶¶ 4–8.) Plaintiff does not contradict this information, though she had the opportunity to do so in her Brief in Opposition. Because the validity of service of process may not be assumed and because of the Third Circuit's disfavor of default judgments, the Court will assume that a violation of the Rules governing Notice of Default has been shown and that this also weighs in favor of setting aside default.

> 5. Point 5 relies on the same portions of the Aldape Declaration. Attached to that Declaration is a copy of the Notice of Default with a fax cover sheet dated January 13, 2014. Plaintiff asserts without citation or support that the Notice was sent by mail on January 9. Again, the Court cannot assume that service was valid based on Plaintiff's bare assertion, especially w hen documentary evidence and a sworn declaration indicate the contrary. Therefore, the Court finds sufficient evidence that Notice of Default was not provided within the requisite ten days as required by the Pennsylvania Rules.

"When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."*Stranahan Gear Co., Inc. v.*

*NL Industries, Inc.,* 800 F.2d 53, 56 (3d Cir.1986) (quoting *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.,* 733 F.2d 1087, 1089 (4th Cir.1984)).

The Court finds that service of the Complaint and notice of default were improper in four of the five discrete areas mentioned, even aside from the fatal errors in effecting services discussed in the preceding section. While some of these errors may be technical errors that would not justify setting aside default judgment by themselves (e.g., points 1 and 3 in this section), taken as a whole they illustrate a carelessness that made service of the Complaint and of the Notice of Default woefully deficient. Moreover, the errors in regard to the Notice of Default are serious ones, and could have-and apparently did-prevent notice of the actual default in the same way that improper service would prevent notice of the entire lawsuit.

### *iii. Conclusion*

For all the reasons discussed in this section, the Court finds ample reason to set aside the default judgment.

In so doing, the Court is thoroughly unpersuaded by Plaintiffs entreaties that setting aside default judgment would permit behavior by Defendant "that, taken out of a corporate context, would be deemed criminal in Pennsylvania" and cause "the Court to validate [the] harassment" that Plaintiff alleged in her Complaint. (Doc. 15 at 4–5.) The underlying merits of the case are not at issue at this stage. All that is at issue is the procedural question of whether Plaintiff acted properly in procuring a default judgment. Plaintiff has the same obligations as Defendant to follow the law and she may not circumvent those obligations to win her case by default. Therefore, due to the many improprieties cited herein, Plaintiff's default judgment is void under *Gold Kist, supra,* and is hereby set aside. Her allegations that Defendant acted unlawfully will need to be proved on their merits.

### b. Attorneys' Fees

 *\*7*  Defendant also requests an award of the attorneys' fees and costs that it incurred in connection with the time and effort spent filing and briefing this Motion. (Doc. 10 at 1–2.) It does not brief this issue and relies only on the inherent powers of the Court and on 28 U.S.C. § 1927 as authorizing attorneys' fee for "unreasonable and vexatious" conduct. (*Id.*)

"Although the traditional American rule ordinarily disfavors the allowance of attorneys' fees in the absence of statutory or contractual authorization, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require." *Hall v. Cole,* 412 U.S. 1, 4–5, 93 S.Ct. 1943, 1945–46, 36 L.Ed.2d 702 (1973).

The Court does not find that this case warrants a departure from the traditional American rule. Though Plaintiff made many errors in service, there is insufficient evidence of bad faith or other vexatiousness or unreasonablenees-as opposed to mere repeated inadvertence-that would justify departing from the traditional rule.

### c. Validity of Removal

Finally, Plaintiff argues in her brief that removal to federal court was improper because it occurred thirty-seven days after "service" of the Complaint, despite the fact that 28 U.S.C. § 1446(b) requires a notice of removal to be filed within thirty days of service. (Doc. 15 at 7–8.)

The Court need not rule on this issue. If Plaintiff believed that removal was improper, then she could have filed a motion to remand to state court within 30 days of the filing of the Notice of Removal, as required by 28 U.S.C. § 1447(c). But she never did so.

However, even if this issue were properly before the Court, the Court could not grant a motion to remand. The Notice of Removal can only be considered untimely if the service of the Complaint can be considered proper so as to have thereby started the time period for removal to run. As detailed extensively in this Opinion, service was improper, so the thirty days did not begin to run until at least seven days after the Complaint was delivered in Austin on December 16, and probably occurred even later. As such, removal was timely.

### V. *Conclusion*

For the foregoing reasons, Defendant's Motion to Set Aside Default Judgment (Doc. 10) is **GRANTED.** A separate Order follows.

Footnotes

| | |
|---|---|
| 1 | There is some dispute as to w hen and by what means the Notice of Default was sent. The issue is discussed in more depth at p. 12, *infra*. |
| 2 | Defendant only relies on sub-subsections (4) and (6), so all other bases for relief are omitted. (*See* Doc. 11 at 6.) |
| 3 | In deciding whether to set aside a default judgment entered in state court, the federal district court is not confronted with the choice of law problems that Plaintiff mentions in her brief, (*See* Doc. 15 at 5–6.) On the one hand, the question of whether service was proper is a question of Pennsylvania law, because it was under Pennsylvania law that Plaintiff attempted service. *See, e.g .,  Wallace v. Microsoft Corp.,* 596 F.3d 703, 706 (10th Cir.2010) ("[F]ederal courts in removed cases look to the law of the forum state ... to determine whether service of process was perfected prior to removal.") (citing *Freight Terminals, Inc. v. Ryder Sys., Inc.,* 461 F.2d 1046, 1052 (5th Cir.1972)); *Usatorres v. Marina Mercante Nicaraguenses, S.A.,* 768 F.2d 1285, 1286 n. 1 (11th Cir.1985) (noting that, when service was effected in pre-removal state proceedings, a "federal court may consider the sufficiency of process after removal and does so by looking to the state law governing process") (citing 14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3738 (4th ed.2009) (current version)).<br><br>On the other hand, once this case was removed to federal court, federal procedural law applies.*See Hanna v. Plumer,* 380 U.S. 460, 465, 85 S.Ct. 1136, 1141, 14 L.Ed.2d 8 (1965) ("The broad command of *Erie* [*R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] was: ... federal courts are to apply state substantive law and federal procedural law."); *see also id.* at 473, 85 S.Ct. at 1145 (holding that the relevant case law "cast[s] no doubt on the long-recognized power of Congress to prescribe housekeeping rules for federal courts [i.e., through the Federal Rules of Civil Procedure] even though some of those rules will inevitably differ from comparable state rules" and that "a Federal Rule of Civil Procedure [cannot] cease to function whenever it alters the mode of enforcing state-created rights").<br><br>Accordingly, Plaintiff's contention that this Court can only resolve Defendant's Motion to Set Aside Default Judgment by converting that Motion into its closest analogue under the Pennsylvania Rules of Civil Procedure and then by applying such state procedural law in the removed federal action, (see Doc. 15 at 5–6), is groundless. Except for the question of whether service was properly affected, the Federal Rules of Civil Procedure now apply to this removed case. |
| 4 | "Although Rule 424 appears to require hand delivery of service on a corporation, certified mail is a proper method of service on out-of-state corporations under Pennsylvania law," *Kuntz v. Aetna, Inc.,* 2011 WL 611846, at *3 (E.D.Pa.2011). |

**End of Document** © 2015 Thomson Reuters. No claim to original U.S. Government Works.