# EXHIBIT 4

2014 WL 2605426
Only the Westlaw citation is currently available.
United States District Court,
W.D. Pennsylvania.

Commonwealth of PENNSYLVANIA, Plaintiff,
v.
SIXTY EIGHT THOUSAND NINE HUNDRED FIFTY DOLLARS IN U.S. CURRENCY, ($68,950.00), Defendant.
David Morris Barren, Claimant.

Civil Action No. 14–622.　|　Filed June 10, 2014.

**Attorneys and Law Firms**

David Morris Barren, Bruceton Mills, WV, pro se.

### *MEMORANDUM ORDER*

NORA BARRY FISCHER, District Judge.

**\*1** The above-captioned pro se "Motion For Relief of Judgment Pursuant to Fed.R.Civ.P. Rule 60(b)" (the "Motion"), was received by the Clerk of Court on May 13, 2014, and was referred to Magistrate Judge Maureen P. Kelly for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Civil Rules 72.C and D.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 2, filed on May 22, 2014, recommended that the Motion be dismissed prior to being served because David Morris Barren ("Barren") sought to utilize the Motion to challenge a state court judgment of forfeiture. The Report recommended dismissal because Fed.R.Civ.P. 60 does not apply to state court judgments. Barren was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the local rules, he had a until June 9, 2014 to file objections. Petitioner filed objections. ECF No. 3.

Those objections do not merit extended comment or rejection of the Report. For the first time in his Objections, Petitioner invokes this Court's ancillary jurisdiction pursuant to Fed.R.Crim.P. 41(g), so as to argue that this Court could review the state court judgment of forfeiture and, Barren cites in support thereof, *United States v. Fabela–Garcia,* 753 F.Supp. 326 (D.Utah, 2006) (construing Fed.R .Crim. P. 41(g)). There are several problems with Barren's invocation of Fed.R.Crim.P. 41(g).

First, where issues or arguments are raised for the first time in objections, they are waived. *See, e.g., Marshall v. Chater,* 75 F.3d 1421, 1426 (10th Cir.1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *Jimenez v. Barnhart,* 46 F. App'x 684, 684 (3d Cir.2002) ("because Appellant raised the argument that she is entitled to a closed period of disability for the first time in her objections to the Magistrate Judge's Report and Recommendations, and not in her opening brief, we deem this argument waived.") (citing *Laborers' Int'l Union of N.A. v. Foster Wheeler Corp.,* 26 F.3d 375, 398 (3d Cir.1994)); *Heston v. Commissioner of Social Sec.,* 245 F.3d 528, 535 (6th Cir.2001) ("parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge."); *Ward v. United States,* 208 F.3d 216 (Table), 2000 WL 282648, at \*1 (6th Cir.2000) ("Ward had not raised this argument previously and a claim raised for the first time in objections to a magistrate judge's report is deemed waived."). Accordingly, Barren's argument, raised for the first time in his objections to the Report, that this Court possesses ancillary jurisdiction to review the state court judgment of forfeiture is waived.

Secondly, Barren fails to recognize that *Fabela–Garcia* was abrogated by *Clymore v. United States,* 164 F.3d 569, 571 (10th Cir.1999), *superseded by statute on other grounds as recognized in, Kadonsky v. U.S.,* 3 F. App'x 898 (10th Cir.2001), to the extent *Fabela–Garcis* held federal courts retain jurisdiction over items seized by state authorities because the federal government had constructive possession of the property based upon the contention that the state had deferred to the federal authorities in all aspects of prosecuting the criminal. *United States v. Copeman,* 458 F.3d 1070, 1072–73 (10th Cir.2006). Barren fails to note that *Fabela–Garcia* was abrogated.

**\*2** Lastly, recognizing the futility of attempting to utilize the Federal Rules of Civil or Criminal Procedure to accomplish what he wishes to accomplish, namely, to "vacate" the state court judgment of forfeiture, Plaintiff asks the court to re-characterize the Motion as being a civil rights action. ECF No. 3 at 4, ¶ 13 ("should the Court re-characterize the Rule 60 motion as one filed pursuant to 42 U.S.C. § 1983, ... my complaint will immediately be filed.").

In light of Barren's suggestion, we deem the Motion to constitute a civil rights action, asking this Court to review the state court judgment of forfeiture and, as such, we dismiss the action sua sponte pursuant to the Prison Litigation Reform Act, for failure to state a claim upon which relief can be granted because the *Rooker–Feldman* doctrine bars this Court from reviewing the state court judgment of forfeiture. [Thomas v. Miner, 317 F.App'x 113, 114 n. 1 (3d Cir.2008)](#) ("lower federal courts lack subject matter jurisdiction to engage in appellate review of state court determinations or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'") (quoting [Marks v. Stinson, 19 F.3d 873, 885 n. 11 (3d Cir.1994)](#)).

After de novo review of the pleadings and the documents in the case, together with the Report and Recommendation, the following order is entered:

AND NOW, this 10th day of June 2014;

IT IS HEREBY ORDERED that the Motion is dismissed sua sponte either because Barren cannot utilize a Motion filed pursuant to the Federal Rules to challenge a state court judgment or because, even if construed as a civil rights action, the Rooker–Feldman doctrine bars this suit.

IT IS FURTHER ORDERED that the Report and Recommendation, ECF No. 2, filed on May 22, 2014, by Magistrate Judge Kelly, is adopted as the opinion of the court as supplemented by this memorandum order.

The Clerk is to mark the case closed.

### REPORT AND RECOMMENDATION

[MAUREEN P. KELLY](#), United States Magistrate Judge.

### I. RECOMMENDATION

It is respectfully recommended that this action be dismissed prior to service because David Morris Barren ("Barren" or "Movant") seeks to attack a state court forfeiture judgment, by way of a "Motion For Relief of Judgment Pursuant to [Fed.R.Civ.P. Rule 60(b)](#)" (the "Motion"). [1] Dismissal is recommended because [Federal Rule of Civil Procedure 60](#) does not apply to state court judgments.

### II. REPORT

#### A. Procedural History

Barren initiated these proceedings by submitting to the Clerk's Office the instant Motion. By means of the Motion, he seeks to attack and void his state court judgment of forfeiture of money, which apparently was the proceeds of his illegal drug selling. Barren complains that the forfeiture proceedings in state court violated his due process rights as did the search of his hotel room and seizure of the money contained therein that was forfeited. The Court of Common Pleas of Allegheny County ordered forfeiture of Barren's money on March 13, 2003. ECF No. 1–3.

#### B. Discussion

**\*3** This Court has the inherent power to control its own dockets so as to enable the Court to dismiss improper pleadings prior to service. *See, e.g.,* [Carroll v. Court of Common Pleas of Allegheny County, No. CIV.A. 07–1707, 2008 WL 426272, at \*1 (W.D.Pa. Feb.14, 2008)](#) ("Pursuant to the court's inherent power to control its own dockets, the court recommends that this petition be dismissed pre-service") (footnote omitted) (citing [Chambers v. NASCO, Inc., 501 U.S. 32, 46–47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991)](#)); [Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir.2000)](#) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

In the exercise of the Court's inherent powers, this action should be dismissed before service because the Federal Rules of Civil Procedure do not apply to enable a federal court to void a state court judgment, which is what Barren seeks. ECF No. 1 at 1 ("in the interest of justice the judgment [of forfeiture] entered should be VACATED, and the property in the above captioned matter should be returned to its rightful owner Mr. Barren"). It has long been held that one cannot invoke [Rule 60](#) to attack a state court judgment. *See, e.g.,* [Burnett v. Amrein, 243 F. App'x 393, 395 (10th Cir.2007)](#) ("Last, the district court correctly denied the Burnetts' motion to vacate the state-court judgments. As the court held, [Fed.R.Civ.P. 60(b)](#) 'does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court' "); [Graham v. South Carolina, C.A. No. 6:11–595, 2012 WL 527606, at \*2 (D.S.C., Feb.16, 2012)](#) ("Petitioner misunderstands the import of [Rule 60(b)](#), which provides that a federal district court may provide relief from its own civil judgments. [Rule 60(b)](#) does not authorize a

federal district court to review a state criminal conviction and judgment, as is the case here.").

Because Barren cannot attack his state court judgment, utilizing a Motion, ostensibly filed pursuant to Fed.R.Civ.P. 60, this action should be dismissed pre-service.

Although this Court has discretion to re-characterize the Motion as a Section 2254 Habeas Petition, [2] the Court should decline to exercise such discretion in this case. Even if the Court were to re-characterize the Motion as a Section 2254 Habeas Petition, the re-characterized Section 2254 Habeas Petition would be subject to pre-service dismissal on at least two separate bases. First, a person may not utilize a Section 2254 petition to challenge a judgment of forfeiture. *Tharpe v. Quarterman,* No. 4:07–CV–494, 2007 WL 2491855, at *1 (N.D.Tex., Sept. 5, 2007) ("A federal district court may entertain a state prisoner's application for writ of habeas corpus 'only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2254(a). As petitioner is not endeavoring to challenge the state's custody of his "person" but is only attacking the forfeiture of his property, he cannot proceed under § 2254."). Second, even if Barren could utilize a Section 2254 Petition to attack the forfeiture, such an attack is patently time barred under the one year statute of limitations contained in the Anti–Terrorism and Effective Death Penalty Act, given that the judgment of forfeiture was entered in March 2003, more than eleven years ago. Therefore, re-characterizing the Motion as a Section 2254 Petition would serve no purpose as to the outcome of this case and the law does not require a useless act. *Consolidated Stores Intern. Corp. v. London Insurance and Reinsurance Market Assoc.,* No. C2–96–1047, 2001 WL 1681139, at *6 (S.D.Oh.Oct.24, 2001) ("*Lex non cogit ad inutilia:* the law does not require a useless act.").

*4 In the alternative, to the extent that the Court would be free to re-characterize the Motion as a civil rights action, filed pursuant to 42 U.S.C. § 1983, again, such a re-characterization would serve no purpose, as the doctrines of res judicata and collateral estoppel would seemingly bar such an attack on a final state court judgment here in federal court, not to mention that both the *Rooker–Feldman* doctrine, and the two year applicable statute of limitations (which would have run a long time ago given that the forfeiture judgment was entered more than eleven years ago), definitely bar such a re-characterized civil rights action. *See, e.g., Robinson v. New Jersey Mercer County Vicinage–Family Div.,* 514 F. App'x 146, 150 (3d Cir.2013) ("The Rooker–Feldman doctrine 'precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court.'") (quoting *Madera v. Ameriquest Mortg. Co. (In re Madera),* 586 F.3d 228, 232 (3d Cir.2009)) (some internal quotation marks omitted).

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that this action should be dismissed before being served because Mr. Barren cannot utilize a Motion, ostensibly filed pursuant to Fed.R.Civ.P. 60, in order to attack a state court judgment.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b) (1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. *Brightwell v. Lehman,* 637 F.3d 187, 193 n. 7 (3d Cir.2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Filed May 22, 2014.

### Footnotes

1    Fed.R.Civ.P. 60(b)(4) provides that "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons ..."

2    "At best, in its discretion a district court may choose to interpret a 60(b)(4) motion attacking a state criminal judgment as a § 2254 petition, but all the strictures of AEDPA will apply." *Sherratt v. Friel,* 275 F. App'x 763, 766 n. 1 (10th Cir.2008).

---

**End of Document**      © 2015 Thomson Reuters. No claim to original U.S. Government Works.