**EXHIBIT 5**

2013 WL 6231366
Only the Westlaw citation is currently available.
United States District Court,
M.D. Pennsylvania.

Richard Muliek KEARNEY and
Marc Steven Dorce, Plaintiffs
v.
Gary HIBNER, Cpl. Charles E. Gliechman,
Cpl. William D. Baker, Defendants.

Civil No. 1:13–CV–1892.    |    Dec. 2, 2013.

**Attorneys and Law Firms**

Richard Muliek Kearney, Bellefonte, PA, pro se.

Marc Steven Dorce, Bellefonte, PA, pro se.

Gregory R. Neuhauser, Office of Attorney General, Harrisburg, PA, for Defendants.

### MEMORANDUM

SYLVIA H. RAMBO, District Judge.

*1 In this Section 1983 civil rights action, Plaintiffs have sued several individuals asserting violations of their rights protected by the Fourth, Sixth, and Fourteenth Amendments. Presently before the court is a motion for entry of default (Doc. 30), [1] filed by one of the plaintiffs. [2] Because the record demonstrates Plaintiffs are not entitled to an entry of default, the motion will be denied.

### I. *Background*

Because the court writes primarily for the parties, it will outline only the procedural history essential to its disposition of Plaintiffs' motion.

Proceeding *pro se,* Plaintiffs, Richard M. Kearney and Marc S. Dorce, initiated this action by filing a complaint on July 12, 2013. (Doc. 1.) Following several months of a cooperative effort by the court and the Clerk of Court's office to guide Plaintiffs' filings of the appropriate documents, the court granted Plaintiffs' motions for leave to proceed *in forma pauperis,* and directed the Clerk of Courts to prepare and issue a summons on October 7, 2013 (Doc. 21.) That day, the Clerk of Court issued a summons and provided the same to the United States Marshal for service pursuant to Rule of Civil Procedure 4. (Doc. 22.) Defendants received a request for waiver of summons sent on October 16, 2013. (Doc. 31.) Defendants timely waived service. (*Id.*)

On November 1, 2013, Gregory R. Neuhauser, Esquire, entered his appearance on behalf of Defendants. (Doc. 26.) On November 22, 2013, Defendants filed a joint motion to dismiss for failure to state a claim. (Doc. 29.) Plaintiffs filed the instant motion for entry of default three days thereafter. (Doc. 30.)

In support of their motion, Plaintiffs aver the record "show[s] that the Defendants were served by the United States Marshal with a copy of [the] summons ... and complaint pursuant to [the court's October 7, 2013 order]," but that "[m]ore than [twenty] days have elapsed since the date on which the Defendants ... were served," and that "[t]he Defendants have failed to answer or otherwise defend ... Plaintiff[s]' complaint." (*Id.*) The motion further provides that "Defendants are not in the military service and are not infants or incompetents."(*Id.*) The court disagrees with Plaintiffs' representation that Defendants have failed to "otherwise defend" the action, and will accordingly deny Plaintiffs' motion.

### II. *Legal Standard*

Entry of default judgment is a two-step process. *See*Fed.R.Civ.P. 55(a), (b).Rule 55(a) of the Federal Rules of Civil Procedure provides that "the clerk must enter default" when a defendant has "failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."Fed.R.Civ.P. 55(a). Thus, a party, seeking to obtain a default judgment must first request that the Clerk of Court "enter ... the default" of the party that has not answered the pleading or "otherwise defend[ed]" within the time required by the rules or as extended by court order. *Id.*. The words "otherwise defend," as used in Rule 55(a), have been interpreted to refer to motions to dismiss which may prevent default without pleading to the merits. *See Davis v. Corr. Med. Sys.,* 480 F.Supp.2d 754, 757 (D.Del.2007) ("Timely serving and filing a motion to dismiss under [Rule] 12(b) precludes entry of default.").

*2 Pursuant to Rule 12(a)(1)(A)(i), a defendant must serve an answer within 21 days after being served with the summons and complaint. Fed.R.Civ.P. 12(a)(1)(A). However, if a domestic defendant timely waives service of

the summons, the Rules of Civil Procedure provide him an *additional* period of 39 days in which to serve an answer. *See* Fed.R.Civ.P. 12(a)(1)(A)(ii) (extending the period in which a defendant must respond to sixty days if he timely waives service). Entry of default will not be entered where the defendants have "otherwise defend[ed]" the action by timely filing a motion to dismiss under Rule 12(b). *See* Fed.R.Civ.P. 55. Thus, if a defendant waives service, a Rule 12(b) motion is timely so long as it is filed within sixty days from the date on which the request for waiver was sent. Fed.R.Civ.P. 12(a)(1)(A)(ii).

It is only after a default has been entered when a court can enter a default judgment. *DeTore v. Local No. 245 of the Jersey City Pub. Emp. Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("[N]o default judgment may be entered under either Fed.R.Civ.P. 55(b) (1) or (b)(2) unless a default has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential predicate to any default judgment."). In any event, even if default is properly entered, the entry of judgment by default pursuant to Rule 55(b)(2) is within the discretion of the trial court. *Hritz v. Woma Corp.,* 732 F.2d 1178, 1180 (3d Cir.1984). It is preferable that "cases be disposed of on the merits whenever practicable." *Id.* at 1181 (internal citation omitted); *Lentini v. Ruggiero,* Civ. No. 12–3586, 2013 WL 5913683, *2 (D.N.J. Oct. 31, 2013).

### III. *Discussion*

Disposition of this matter is quite clear.[3] Plaintiffs' statement that the record "show[s] that the Defendants were served" on October 7, 2013 (Doc. 30) mischaracterizes both the court's October 7, 2013 order and the record. In actuality, the October 7, 2013 order simply directed the Clerk of Court to prepare the summons and provide it and copies of the complaint to the United States Marshal to serve upon Defendants. (Doc. 21.) The record demonstrates that the Clerk of Court complied with the court's directive, and prepared and delivered the summons to the United States Marshal that day. (Doc. 22.) The record does not, however, demonstrate that the United States Marshal effectuated service upon Defendants on October 7, 2013; rather, the request for waiver of service was sent on October 16, 2013, and received by Defendants thereafter. (Doc. 31.) The date of service—or the date on which the request for waiver of service was sent provided the defendant waives service—is the date from which Defendants must file an answer or otherwise defend the action.

The request to waive service was sent on October 16, 2013. Defendants agreed to waive service, and accordingly, received the benefit of Rule 12(a)(1)(A)(ii), to wit, an extended period in which they could file an answer or otherwise defend the action. Thus, the operable day is December 16, 2013; sixty days later. Defendants' motion to dismiss was filed before the December 16, 2013 deadline, and was timely pursuant to Rule 12(a).[4] (*See* Doc. 29.) Because the filing of the motion to dismiss demonstrates that Defendants have "otherwise defend[ed]" the action, Rule 55(a) provides Plaintiffs no relief, and entry of default is inappropriate.

### IV. *Conclusion*

 *3 Defendants received the request for waiver of summons on October 16, 2013. Defendants filed their motion to dismiss on November 22, 2013. Thus, for purposes of Rule 55, Defendants have otherwise defended the action within the time prescribed by Rule 12(a)(1)(A) (ii). Accordingly, relief pursuant to Rule 55 is inappropriate, and Plaintiffs' motion for the entry of default will be denied.

An appropriate order will be entered.

### *ORDER*

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that Plaintiff's motion for entry of default (Doc. 30) is **DENIED.**

### Footnotes

1      Plaintiffs entitle their filing "Declaration for Entry of Default." (Doc. 30.) However, the form of the motion and relief requested therein indicates the document is more properly presented in the form of a motion for entry of default. For sake of clarity, the court will refer to the filing by its proper name.

2      Although only Plaintiff Kearney signs his name on the document, the court will refer to the motion as if jointly filed by Plaintiffs. The court also notes the motion appears to have been docketed twice, the first at Docket Entry 30 and the second at Docket Entry 32. The motions are identical, and will be considered jointly.

| | |
|---|---|
| 3 | Normally, such a meritless motion does not prompt the court to issue a memorandum to accompany its denial. However, the court is cognizant of Plaintiffs' *pro se* status and the difficulties they endured in traversing the court's rules for obtaining authorization to proceed *in forma pauperis.* Nevertheless, the court cautions Plaintiffs that they should not become accustomed to receiving an explanation accompanying the denial of a motion to which a summary denial is more appropriate. |
| 4 | The court notes that Plaintiffs appear to be under the impression that a defendant generally has twenty days in which to file an answer or otherwise defend an action under Rule 12(a)(1) (A)(i). (Doc. 30 ("More than (20) Days have elapsed since the date on which the Defendants herein were served with summons and a copy of Plaintiffs' complaint.").) Plaintiffs are advised to refer and cite to the version of the Rules currently in effect. *See* Fed.R.Civ.P. 12 cmt (explaining the times set in the former rule at ten or twenty days have been revised to fourteen or 21 days). In any event, subsection (ii) provides Defendants an extended period of time in which to respond because they waived service. Thus, Plaintiffs' error is immaterial to the court's disposition of the motion *sub judice.* |

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.