IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
|     Plaintiffs | : | |
|       v. | : | (Judge Yvette Kane) |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
|     Defendants | : | Jury Trial Demanded |

**Brief in Support of
Motion to Strike
<u>Plaintiffs' Motion for Default</u>**

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
PA Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
PA Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse, and Chief Carter

March 30, 2015

I. **Procedural History:**

Plaintiffs filed suit in state court on January 16th against Harrisburg, Mayor Papenfuse, and Chief Carter. Kim Stolfer and Plaintiffs' attorney Joshua Prince verified the Complaint. Howard Bullock and Joshua First did not.

The Complaint was served on the Defendants on January 20th. On January 28th, defense counsel entered their appearance for Defendants. Defense counsel inadvertently left Howard Bullock off the caption. On January 29th, Bullock and First submitted verifications, which they served on Defendants directly but not on defense counsel.

Defendants timely filed a notice of removal with the Complaint attached on February 13th, and promptly served notice on the state court that same day with the notice of removal and Complaint attached. Defendants served Plaintiffs' counsel by mail and through ECF. As with the entries of appearance, defense counsel mistakenly left Bullock out of the caption of these documents and the civil cover sheet.

Defendants timely moved to dismiss the case on February 20th, accidentally without mentioning Bullock as with the prior filings. The state court transferred the case that same day. Defense counsel did not learn of this error until Plaintiffs filed their motion to remand on February 22nd, arguing that Bullock's claims—identical to the other individual Plaintiffs—remain in state court due to defense counsel's

1

clerical error. As the Clerk's direction, Plaintiffs refiled the brief in support of remand as a separate entry the following day.

Defense counsel received 10 day notices of Bullock's intent to seek a default in state court on February 24th. On February 27th, Defendants filed a motion in state court to strike the 10 day notices, arguing that the entire case was removed in spite of counsel's error and that the state court lacks jurisdiction. That night, Plaintiffs filed a motion for default in this Court, arguing that defendants must identify each plaintiff by name in the body of a motion to dismiss. At the Clerk's direction, Plaintiffs filed a proposed order on March 2nd. On March 3rd, Bullock filed a praecipe for default in state court, and the Prothonotary entered a judgment against Defendants, as a pure ministerial act.

Defendants filed a brief in support of dismissal on March 6th and in opposition to remand on March 9th. On March 12th, Defendants filed with this Court a motion to amend the caption and supporting brief and a motion to vacate the state default and enjoin the state court and supporting brief. Also that day, Defendants filed in state court a petition to open or strike the default. On March 16th, Defendants filed a motion to strike Plaintiffs federal default motion for failure to file a brief.

Judge Dowling held a status conference on March 17th, at which time the state court set an April 13th deadline for Bullock to file a response to the petition to open or strike.

## II. Facts:

Plaintiffs filed a motion for default and did not file a supporting brief.

## III. Question Presented:

Did Plaintiffs file a brief? No.

## IV. Argument:

**A. Local Rules require a brief in support of a motion.**

On Friday, February 27th, Plaintiffs filed a motion for a default judgment. Pursuant to Local Rule 7.5, Plaintiffs had to file a brief within 14 days of their motion. That deadline was Friday, March 13th, and Plaintiffs have not filed a brief.

Local Rule 7.5 provides three exceptions to the brief requirement: "(a) In support of a motion for enlargement of time if the reasons for the request are fully stated in the motion, (b) In support of any motion which has concurrence of all parties, and the reasons for the motion and the relief sought are fully stated therein, or (c) In support of a motion for appointment of counsel." Clearly, none of those exceptions apply.

Under Local Rule 7.6, it is the filing of a brief in support of a motion that triggers an opposing party's duty to respond. Plaintiffs seek a default based upon

the novel argument that Defendants must identify each Plaintiff by name in the body of a motion to dismiss or else suffer default. Plaintiffs cite no authority for their hyper-technical motion, and Defendants believe none exists. Without a brief in support of the motion, the Court and Clerk have no authority on which to enter a default. Certainly, the Rules of Civil Procedure provide no basis for a default in this circumstance. If Plaintiffs seek a default based upon some obscure legal proposition, they should take the time to type out some authority or admit to the Court that there is none.[1]

---

[1] Plaintiffs also failed to seek concurrence as required by Local Rule 7.1, preventing Defendants from trying to rectify the alleged error before Plaintiffs filed their motion for default.

## V. Conclusion:

This Court should strike Plaintiffs motion for a default.

                Respectfully submitted,

                Lavery Law

                *s/ Frank J. Lavery*
                Frank J. Lavery, Esquire
                PA Bar No. 42370

                *s/ Joshua M. Autry*
                Joshua M. Autry, Esquire
                PA Bar No. 208459
                225 Market Street, Suite 304
                P.O. Box 1245, Harrisburg, PA 17108-1245
                (717) 233-6633 (phone)
                (717) 233-7003 (fax)
                flavery@laverylaw.com
                jautry@laverylaw.com
                Attorneys for Harrisburg, Mayor Papenfuse, and Chief Carter

March 30, 2015

**Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

> *s/ Aimee L. Paukovits*
> Aimee L. Paukovits
> Legal Assistant to Josh Autry

Dated: March 30, 2015