# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Firearm Owners Against Crime,** | : | |
| **Kim Stolfer, and Joshua First,** | : | **No. 1:15-cv -322** |
| Plaintiffs | : | |
| | : | **Honorable Yvette Kane** |
| **v.** | : | |
| | : | |
| **City of Harrisburg, Mayor Eric** | : | |
| **Papenfuse, and Police Chief Thomas** | : | **Jury Trial Demanded** |
| **Carter,** | : | |
| Defendants | : | |

## PLAINTIFF'S MEMORANDUM
## IN OPPOSITION TO DEFENDANTS' MOTION TO
## STRIKE PLAINTIFFS' REQUEST FOR ENTRY OF DEFAULT

Plaintiffs Firearm Owners Against Crime ("FOAC"), Kim Stolfer, and Joshua First[1] (collectively "Plaintiffs"), by and through their counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this Memorandum in Opposition to Defendants' Motion to Strike Plaintiffs' Request for Entry of Default (Doc. 26).

---

[1] Despite acknowledging that they omitted Plaintiff Howard Bullock's name from the Notice of Removal (Doc. 1) and related papers and having filed a still-pending motion to amend the Notice (Doc. 12) on which this Court has not yet acted, Defendants unilaterally added Bullock's name to the caption in their Motion to Strike Plaintiffs' Motion for Default (Doc. 16) and their Brief in Support of Motion to Strike Plaintiffs' Motion for Default (Doc. 26). Defendants thus assume the resolution of an important question before the Court: whether Bullock's claim was ever properly removed.

I.   **PROCEDURAL HISTORY**

Four distinct plaintiffs (the three captioned here plus Howard Bullock) brought suit in State court challenging certain local ordinances against three defendants (captioned above and referenced herein collectively as "Defendants") who adopted or are responsible for enforcing those ordinances.  The Complaint (Doc. 1-1) alleged causes of action under State law and under 42 U.S.C. section 1983 for violation of the Second Amendment.  All Defendants joined in a timely Notice of Removal with respect to the above-captioned Plaintiffs but omitting Bullock.  With no indication that Bullock's claims against the Defendants had been removed to this Court and no timely response by the Defendants, the State court entered default judgment in favor of Bullock and against the Defendants.[2]

Meanwhile, before this Court, on February 27, 2015, the captioned-Plaintiffs requested the Entry of Default against all Defendants (Doc. 8), explicitly citing Federal Rule of Civil Procedure 55(a) (Doc. 8, p.1).  Rather than simply file a response to that request, on March 16, 2015, Defendants countered with their

---

[2] On March 10, 2015, Defendants filed with the State court a Petition to Open or Strike Default Judgment together with proposed preliminary objections.  On March 17, the State court held a status conference with regard to the pending motions (Doc. 19).

Motion to Strike the Motion for Entry of Default (Doc. 16) in which they

mistakenly asserted Plaintiffs had requested "a default judgment" (Doc. 16, p. 1).[3]

On March 30, 2015, Defendants filed their brief in support of their Motion to

Strike (Doc. 26). This memorandum constitutes Plaintiffs'' brief in opposition to

the Motion to Strike.[4]

## II.   COUNTERSTATEMENT OF FACTS

The Complaint was filed in State court on January 16, 2015, and service was

effectuated by the Sheriff upon each of the Defendants on January 20, 2015.

Defendants' own filings in this Court establish those facts (Docs. 11-2, 11-3).

Defendants filed their Notice of Removal to this Court on February 13,

2015. Defendants'' own filings in this Court (Doc. 1) and the Court's own docket

establish that fact.

As of February 27, 2015, none of the Defendants had filed an Answer in this

Court and as of March 30, 2015, still none of them had done so. The term

---

[3] While some of Defendants' confusion may be attributable to the fact that
Plaintiffs' titled their filing under Rule 55(a) as a "motion", Rule 55(a)
contemplates merely a notation upon the docket by the clerk and not entry of
judgment. Rule 55(a) provides that the facts supporting the entry of default may be
brought to the clerk's attention "by affidavit or otherwise". Moreover, as
explained below, it appears to be the common practice of this Court to docket such
requests as a "motion".

[4] Also pending before this Court at this time is Plaintiffs' Motion to Remand to
State Court (Doc. 5). That motion is now fully briefed (Docs. 6, 11, 21) and
granting of that motion may well moot this present motion to strike as well as the
request for entry of default.

"Answer" is used here in its technical sense as a pleading that responds to the allegations of the plaintiff.  *See* Fed. R. Civ. P. 7(a)(2), 12(a)(1)(A).

The only motion Defendants filed under Federal Rule of Civil Procedure 12 was their February 20, 2015, Motion to Dismiss for Failure to State a Claim and to Remand or Stay Supplemental State Law Claims (Doc. 4).  Neither that motion nor its supporting brief (Doc. 10) asked this Court to dismiss any portion of Plaintiffs' Complaint other than that arising under the Second Amendment.  Rather than allege that any of the permitted bases specified in Rule 12(b)(1)-(7) applied to the right of the Plaintiffs to obtain full relief under State law, Defendants asked this Court either to remand those issues to State court or to hold them in abeyance.

III.  **QUESTIONS PRESENTED**

1.    Were the Plaintiffs required to submit a brief in support of their request for the Entry of Judgment under Rule 55(a)?

      *Suggested Answer in the Negative.*

2.    Were the Plaintiffs required to seek concurrence of Defendants' counsel before requesting the Entry of  Judgment under Rule 55(a)?

      *Suggested Answer in the Negative.*

3.    Should the Court make an Entry of Default against all Defendants?

      *Suggested Answer in the Affirmative.*

IV.   **ARGUMENT**

    A.   *No Brief is Required to Support a Request for the Entry of Default*

Federal Rule of Civil Procedure 55 establishes a two-step process for obtaining a default judgment.  First, a party must request the Entry of Default (or a notation of default upon the docket) pursuant to Rule 55(a).  Second, once the Entry of Default is made, the party may request a Default Judgment pursuant to Rule 55(b).

Plaintiffs requested the Entry of Default under Rule 55(a), not a Default Judgment (Doc. 8, pp. 1, 4; Doc. 9).  Rule 55(a) provides that a party may request the Entry of Default ""by affidavit or otherwise"".  There is no requirement that the party seeking default do so by motion.  All that is required is that the failure of the Defendants ""is shown"".  Fed. R. Civ. P. 55(a).

Plaintiffs' filing is essentially a notice, like the appearance of counsel. Either the affidavit or other form of notice sufficiently illustrates that Defendants have ""failed to plead or otherwise defend"" in which case ""the clerk must enter the party's default"", Fed. R. Civ. P. 55(a), or the clerk will find the notice insufficient to establish the default.  There is little, if anything, to argue and thus no need for a brief.  Indeed, except for the use of the word ""motion"" in the title of the document filed by Plaintiffs, there would be no basis whatsoever for the suggestion that Local Rule 7.5 was applicable.

This Court''s ECF docketing system has a drop-down menu with specified alternatives and the only available choices with regard to ""default"" for regular, non-Social Security related, filings are ""motions"" for entry of default, for default judgment, or to set aside default.  A screen shot of that menu is attached hereto as Exhibit 1A.  Moreover, on March 2, 2015, the Clerk's Office made a docket annotation and requested that Plaintiffs' supply a proposed order for the Entry of Default. Counsel spoke with this Clerk's Office regarding the request and classification of the filing within the ECF docketing system. Counsel was informed that it was acceptable and that if any document were filed incorrectly, the Clerk's Office would inform the filer either by rejecting the filing or providing a docket annotation.  A verified statement memorializing that discussion is attached hereto as Exhibit 1. Thereafter, Plaintiffs immediately filed the proposed order. (Doc. 9).

Plaintiffs respectfully request that when all that is required is a notice to show facts of record sufficient for the clerk to perform a notation upon the docket, the filing does not constitute a ""motion"" within the meaning of Local Rule 7.5. Indeed, Local Rule 7.5 does not even apply to every ""motion"", expressly excepting certain varieties such as motions for an enlargement of time and motions for the appointment of counsel.[5]

---

[5] If this Court determines, nonetheless, that a separate brief was required to support the request for entry of the notice of default, under Local Rule 7.5, "the motion shall be deemed to be withdrawn."  As such, Defendants' Motion to Strike would

B.     *No Consultation is Required Before Requesting the Entry of Default*

All the same reasons that suggest Local Rule 7.5 is inapplicable with regard

to the filing of a notice seeking the Entry of Default, also indicate that the Local

Rule 7.1 requirement that the filing party seek concurrence from opposing counsel

should not apply.  Because all that Rule 55(a) requires is an affidavit or notice of

some sort, a request under that Rule would not seem to constitute a "motion" for

purposes of Local Rule 7.1.

In addition, the very purpose of Rule 55 – to provide a mechanism to move

the case forward when defendants seemingly engage in dilatory tactics to delay

plaintiffs in obtaining an opportunity to present their right to relief – would be

undermined by placing yet another obstacle in the path of plaintiffs.  Rule 55(a)

does not require any particular form of submission, expressly permitting the

requisite showing to be made "by affidavit or otherwise".  Plaintiffs are unaware of

any local practice requiring consultation before filing a notice.

C.     *The Court Should Enter Default Against All Defendants*

---

be superfluous.  It is, however, the understanding of counsel that practice before
this Court does not routinely require briefs in support of a request for the Entry of
Default. Counsel further understands that if an Entry for Default were entered and
a Motion for Default Judgment filed, then the practice before this Court would
require a brief to be filed in support.

There are only two issues in determining whether the Entry of Default is proper.  First, one calculates the appropriate deadlines.  Second, one determines whether a response was filed within that period.

1.    *Any Response Was Due on or Before February 20, 2015*

As Plaintiffs explained in their request for the Entry of Default (Doc. 8), the time period for Defendants to have presented some sort of response has long since passed.  The case was filed in State court on January 16, 2015 and service was completed on all Defendants on January 20.  Twenty-one days from the latter date would seem to fall on February 10, under Federal Rule of Civil Procedure 6(a)(1). The Notice of Removal was filed on February 13, 2015.  Seven days from that date would seem to fall on February 20, 2015.  Under Federal Rule of Civil Procedure 81(c), the Defendants received the benefit of the longest of those three periods, or until February 20.

It would seem that Defendants made the same calculation of the deadline as on that very day, they filed their Motion to Dismiss for Failure to State a Claim and to Remand or Stay Supplemental State Law Claims (Doc. 4).

2.    *No Response Has Been Filed to the State Law Causes of Action*

a.    *Defendants' Sole Timely Response*

Defendants do not content that they filed an Answer and the docket clearly indicates that they still have not done so now more than forty-five days after they

filed their Notice of Removal.  Despite their recent flurry of motions, the only motion they filed on or before February 20 was their Motion to Dismiss for Failure to State a Claim and to Remand or Stay Supplemental State Law Claims (Doc. 4). Although taking the form of a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), yet as the very title of that motion suggests, it did not address each of the various legal theories that would entitle Plaintiffs to relief and, as such, it does not even constitute a motion "under" Rule 12.[6]

While Federal Rule of Civil Procedure 12(a)(4)(A) provides that the effect of filing a motion "under" Rule 12 is to toll the time for an Answer until the court acts on the motion, that provision presupposes a properly framed motion "under" Rule 12.   The court in *Ricke v. Armco. Inc.,* 158 F.R.D. 149 (D. Minn. 1994), *aff'd,* 92 F.3d 720 (8th Cir. 1996), confronted an analogous situation and concluded that the motion filed in that case was ineffective for purposes of Rule 12(a)(4)(A), observing that the defendant labeled its filing as "a 'Motion to Dismiss' simply to *avoid* filing an answer" and that "[s]uch an attempt to manipulate the Federal Rules of Civil Procedure should not be condoned or encouraged". *Id.* at 150.  At least the defendant in that matter prudently filed a motion with the court "to Confirm that an

---

[6]  *See* Scott L. Cagan,  *A "Partial" Motion to Dismiss Under Federal Rule of Civil Procedure 12:  You Had Better Answer,* 39 Fed. B. News & J. 202, 202 (1992) ("A preliminary question which arises is whether a partial motion to dismiss is a motion 'permitted' under Rule 12.").

Answer Need Not be Filed" prior to the court's ruling on its purported Rule 12(b)(6) motion.  *Id.* at 149.  Here, in contrast, the Defendants' took no such precaution even after Plaintiffs requested the Entry of Default.[7]

Even if one assumes that a partial motion to dismiss is one authorized by Rule 12, that does not establish that such a motion automatically extends the time for an Answer to any unchallenged counts.  *See* Cagan, *supra* note 6, at 202.  An incomplete motion to dismiss does not, by its terms, even allege the complaint fails to state a claim for relief and "presents no reason for delaying the progress of litigation with respect to those counts of a complaint which are not addressed by a motion filed under F.R.C.P. 12."  *Gerlach v. Michigan Bell Telephone Co.,* 448 F. Supp. 1168, 1174 (E.D. Mich. 1978).  "Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b)."  *Id.*  "Requiring an answer . . . is consistent with the Rules' underlying

---

[7]  As another court observed that "in response to a motion for entry of default or default judgment, a reasonably competent attorney could be expected, for example, to . . . move the court for an extension of time to move or plead in response to the Complaint."  *Murray v. Solidarity of Labor Org. Int'l Union Benefit Fund,* 172 F. Supp.2d 1134, 1144 (N.D. Iowa), *reconsideration denied,* 172 F. Supp.2d 1155 (N.D. Iowa 2001).  "[A]n attorney who files a partial motion to dismiss would be prudent to either seek permission from opposing counsel to extend its time to answer the unchallenged counts, or move the court for an extension of time to answer the unchallenged counts."  Cagan, *supra* note 6, at 204.

policy that discovery is not automatically stayed during the pendency of a motion"
under Rule 12. Cagan, *supra* note 6, at 204.

The burden on the judiciary to "manage" litigation is too great to permit
defendants to unilaterally grant themselves indefinite extensions of time within
which to file an Answer merely by filing a motion that, on its face, would not be
dispositive. *See Ricke,* 158 F.R.D. at 150 ("A litigant should not be permitted to
gain an advantage by intentionally mislabeling a filing."); *see also* Cagan, *supra*
note 6, at 204 ("requiring a defendant to answer the unchallenged counts
discourages the filing of a partial motion to dismiss solely as a dilatory tactic").[8]

In their Motion, Defendants clearly state that they "ask this Court to dismiss
the Second Amendment claims as baseless in law and to stay or remand the
supplemental state law claims" (Doc. 4, p. 1). And, unilaterally, Defendants have
claimed – seemingly as a matter of right – the very relief they requested in their
Motion, essentially holding the State law matters in abeyance and avoiding those
issues while doggedly insisting that this Court address the federal constitutional
issue despite the fact no possible ruling in favor of Defendants on that basis could
possibly be dispositive of Plaintiffs' right to the requested relief.

---

[8]  Any countervailing consideration regarding the potential for a partial motion to
dismiss to confuse the scope of discovery during its pendency is inapplicable
when, as with the case at bar, the dispute turns predominantly on questions of law.
Moreover, if discovery was an issue, requiring an Answer permits Plaintiffs to
narrowly tailor discovery requests by disclosing what allegations are in contention.

b.      *Each Plaintiff Has But One*
        *"Claim" Against Each Ordinance*

Each of the four plaintiffs who originally filed this action in State court has

an independent claim against the Defendants.  That is, no plaintiff asserts a legal

right that is derivative of the legal rights of another plaintiff.  In support of that

legal right – the right to be free of unlawful regulation by the Defendants with

regard to each ordinance – each plaintiff asserts several different causes of action

relying upon different legal theories supporting the invalidation of those

regulations.  Despite the different legal theories, however, each plaintiff has but

*one* claim with respect to *each* of Defendants' ordinances.  *See Jordine v. Walling*,

185 F.2d 662, 670 (3d Cir. 1950) (explaining that where a case "involved the

violation of but a single right, the right of the plaintiffs to protection against"

enforcement of an invalid law, "it was this violation which constituted the cause of

action").  *See generally* Restatement (Second) of Judgments §§ 18-19, 24-25.  If all

of the different counts addressed to a particular ordinance asserted a right to an

award of damages as a remedy, each plaintiff would be entitled to but one recovery

regardless of the number of legal theories supporting relief.  As a result, resolution

of any one of the legal theories in favor of a plaintiff would moot the need to

determine any of the other legal theories.  In this action, none of the plaintiffs seek

an award of damages[9] so that this analysis is merely illustrative of the fact that each plaintiff asserts but a single claim with respect to each ordinance.

As a result, Plaintiffs may obtain the entire relief they seek without this Court (or any court) addressing the Second Amendment question and, conversely, a determination by this Court that the Plaintiffs did not prevail on the Second Amendment legal theory would not in any way undermine their ability to establish their claims relying exclusively on State law. That conclusion does not require speculation as in the case brought by U.S. Law Shield, the State court has already issued a preliminary injunction against the City of Harrisburg after finding that the plaintiffs in that case were likely to prevail on the merits under exclusively State law theories. *See* Exhibit 2, pp. 4-7. The State court further determined that parties in the same posture as the captioned-Plaintiffs (and Bullock) suffer "immediate and irreparable harm" as a result of those ordinances and that "greater harm would result in refusing the [preliminary relief sought by the plaintiffs] than granting it." *Id.,* p. 10.

---

[9] The Complaint expressly seeks declaratory and injunctive relief only, emphasizing the unavailability of money damages as one of the bases for injunctive relief, and the only mention of the possibility of relief that would require payment by the Defendants is for reasonable costs and attorney fees. "Attorneys' fees are not properly viewed as a form of consequential damages – or damages at all." *Atlantic City Assoc., LLC v. Carter & Burgess Consultants, Inc.,* 453 Fed. Appx. 174, 181 (3d Cir. 2011). As a result, the concern Defendants raise (Doc. 11, p. 14) regarding "duplicative recoveries" is inapplicable.

13

Defendants' Motion asks this Court to remand the State law causes of action to State court but only *after* addressing the federal constitutional issue here.  But a ruling by this Court that the challenged ordinances do not violate the U.S. Constitution will not dispose of the case as the captioned-Plaintiffs (and Bullock) may still prevail in having the ordinances declared invalid under State law.  The only way to avoid that result in light of Defendants' tactics would be if this Court were to declare all the challenged ordinances do violate the U.S. Constitution.  It is indeed bizarre that Defendants seem to insist that this Court either issue a ruling that may serve as nothing more than an academic exercise if it rules *for them* on the federal constitutional arguments, on the one hand, or which would constitute the broadest possible ruling *against them,* on the other hand.  It seems likely that the explanation for such a strange tactic is simply to delay both this Court and the State court from addressing the merits of the dispositive issues under "crystal clear" State law while hoping to exhaust Bullock and the captioned-Plaintiffs through a tangled set of procedural motions, all while never responding to the State law issues by Answer or a proper motion under Rule 12 addressed to those causes of action.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Strike Plaintiffs' Request for Entry of Default and direct the Clerk of Court to enter the Entry of Default.

Respectfully Submitted,

PRINCE LAW OFFICES, P.C.

DATED: APRIL 3, 2015

Joshua Prince, Esq.
PA ID 306521
*Attorney for Plaintiffs*

PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

15

## Certificate of Service

I, Joshua Prince, Esq., hereby certify that on April 3, 2015, I served a true and correct copy of Plaintiffs' *Memorandum in Opposition to Defendants Motion to Strike Plaintiffs Request for Entry of Default* on the following parties via this Courts electronic filing system:

Frank J. Lavery, Esq.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
flavery@laverylaw.com

Joshua M. Autry, Esq.
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
jautry@laverylaw.com
*Attorneys for Defendants*

Respectfully Submitted,

Joshua Prince, Esq.
PA Attorney Id. No. 306521
*Attorney for Plaintiffs*
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com