IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
|       Plaintiffs | : | Judge Kane |
|       v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
|       Defendants | : | Jury Trial Demanded |

**Reply Brief in Support of
Motion to Dismiss Federal Claims
<u>And to Stay or Remand State Claims</u>**

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

April 9, 2015

# **Table of Contents**

I.   Plaintiffs do not show a Second Amendment violation. ...................................4
   A.  No case law invalidates similar restrictions. ...................................4
   B.  Plaintiffs misread *Heller*...................................5
   C.  Strict scrutiny is not appropriate........................................5
   D.  Courts have upheld much broader restrictions. ...................................6
   E.  Ordinances do not need self-defense exceptions...................................7
   F.  Plaintiffs cannot bring overbreadth claims........................................7
   G.  Plaintiffs incorrectly argue that Harrisburg conceded their right to hunt. .......7
   H.  Harrisburg's ordinances do not violate the Second Amendment....................8
     1.  Children:................................................8
     2.  Discharge:................................................9
     3.  Parks ................................................9
     4.  Emergencies: ................................................10
     5.  Reporting:................................................10
II.   The Pennsylvania Constitution grants no greater protection than the U.S. Constitution. ................................................10
III.   Plaintiffs lack standing. ................................................11
   A.  Plaintiffs show no imminent threat of prosecution. ...................................11
   B.  A PAC cannot file a lawsuit unrelated to elections........................................11
   C.  Act 192 violates the Pennsylvania Constitution...................................12
IV.   Plaintiffs do not show preemption................................................13
   A.  The General Assembly has not preempted the field of gun regulation. .........13
   B.  The discharge, minors, and reporting ordinances do not conflict with any statute. ................................................15
   C.  The park ordinance does not conflict with any statute...................................16
   D.  The emergency ordinance does not conflict with any statute. .......................19
V.   Plaintiffs abandon their claim for damages...................................20
VI.   Plaintiffs incorrectly argue that Harrisburg failed to inform this Court of the preliminary injunction in *US Law Shield et al. v. Harrisburg et al.* .......................20
VII.   The motion to dismiss is proper. ................................................20
VIII.   This Court should not strike Harrisburg's caption...................................21

## **Table of Authorities**

**Cases**

*Carroll v. Carman*, 135 S. Ct. 348 (2014)...............................................................4

*City Council of City of Bethlehem v. Marcincin*, 515 A.2d 1320 (Pa. 1986)..........16

*City of Tucson v. Rineer*, 971 P.2d 207 (Ariz.App. 1998)........................................9

*Clapper v. Amnesty Int'l*, 133 S. Ct. 1138 (2013).....................................................11

*Clarke v. House of Representatives*, 957 A.2d 361 (Pa. Commw. 2008)......... 14, 15

*Council of Middletown Twp. v. Benham*, 523 A.2d 311 (Pa. 1987).......................13

*D.C. v. Heller*, 554 U.S. 570 (2008) ............................................................... passim

*Dep't of Licenses & Inspections v. Weber*, 147 A.2d 326 (Pa. 1959).....................16

*Dillon v. City of Erie*, 83 A.3d 467 (Pa. Commw. 2014) ........................... 11, 15, 17

*Drake v. Filko*, 724 F.3d 426 (3d Cir. 2013) ........................................................5, 6

*Embody v. Ward*, 695 F.3d 577 (6th Cir. 2012)........................................................9

*English v. State*, 35 Tex. 473 (1872)......................................................................6, 9

*Glenn v. State*, 72 S.E. 927 (Ga.App. 1911) .............................................................8

*Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977).........................11

*Hunters United for Sunday Hunting v. Pa. Game Comm'n*, 28 F.Supp.3d 340
   (M.D.Pa. 2014) ......................................................................................................7

*Kachalsky v. Cnty. of Westchester*, 701 F.3d 81 (2d Cir. 2012)...............................6

*Kelly v. Riley, 733* S.E.2d 194 (N.C.App. 2012) ......................................................6

*Lane v. Franks*, 134 S. Ct. 2369 (2014)....................................................................4

*Mars Emergency Med. Servs. v. Twp. of Adams*, 740 A.2d 193 (Pa. 1999)..... 14, 16

*Minich v. Cnty. of Jefferson*, 869 A.2d 1141 (Pa.Commw. 2005) (*Minich I*).. 14, 15

*Minich v. Cnty. of Jefferson*, 919 A.2d 356, 361 (Pa. Commw. 2007)
   (*Minich II*)................................................................................ 10, 14, 18

*N.J. Physicians v. President of U.S.*, 653 F.3d 234 (3d Cir. 2011) ........................12

*Norman v. State*, -- So.3d --, 2015 WL 669582 (Fla.App. Feb. 18, 2015)...............6

*NRA v. ATF*, 700 F.3d 185 (5th Cir. 2012)..........................................................5, 8

*NRA v. City of Phila.*, 977 A.2d 78 (Pa. Commw. 2009) ........................... 11, 14, 15

*NRA v. City of Pittsburgh*, 999 A.2d 1256 (Pa. Commw. 2010)..................... 10, 11

*NRA v. McCraw*, 719 F.3d 338 (5th Cir. 2013)........................................................8

*Nutter v. Dougherty*, 938 A.2d 401 (Pa. 2007)................................................ 13, 14

*Ortiz v. Com.*, 681 A.2d 152 (Pa. 1996) ........................................... 13, 14, 15

*People v. Fields*, 2014 Ill.App.1st 130209 (Dec. 31, 2014) .....................................8

*People v. Flores*, 169 Cal.App.4th 568 (2008).........................................................6

*People v. Yarbrough*, 86 Cal.Rptr.3d 674 (Cal.App. 2008) .....................................9

*Perry v. State Civil Serv. Comm'n*, 38 A.3d 942 (Pa.Commw. 2011).....................10

*Peterson v. Martinez*, 707 F.3d 1197 (10th Cir. 2013)..............................................6

*Robertson v. Baldwin*, 165 U.S. 275 (1897) .............................................................6

*Saucier v. Katz*, 533 U.S. 194 (2001) .......................................................................4

*State v. Callicutt*, 69 Tenn. 714 (1878) ........................................................................8
*State v. Knight*, 218 P.3d 1177 (Kan. 2009) ..............................................................6
*U.S. v. Dorosan*, 350 F.App'x 874 (5th Cir. 2009) ....................................................9
*U.S. v. Rene E.*, 583 F.3d 8 (1st Cir. 2009).................................................................8
*US v. Emerson*, 270 F.3d 203 (5th Cir.2001) ............................................................8
*US v. Marzzarella*, 614 F.3d 85 (3d Cir. 2010) .........................................................5
*US v. Skoien*, 614 F.3d 638 (7th Cir. 2010) ...............................................................5
*Warden v. Nickels*, 697 F. Supp. 2d 1221 (W.D.Wash. 2010) ..................................9
*W. Pa. Restaurant Ass'n v. Pittsburgh*, 77 A.2d 616 (Pa. 1951) ............................17
*Younger v. Harris*, 401 U.S. 37 (1971)....................................................................11

**Statutes**

18 Pa.C.S. § 6120........................................................................................ 13, 14, 15
18 Pa.C.S. §505..................................................................................................7, 19
18 Pa.C.S. §6109...................................................................................................18
18 Pa.C.S. §6110.1..................................................................................................8
18 U.S.C. §922........................................................................................................8
25 Pa.C.S. §3241..................................................................................................11
25 Pa.C.S. §3254.1...............................................................................................11
53 Pa.C.S. §36203.................................................................................................19
53 Pa.C.S. §37402.1..............................................................................................17
53 Pa.C.S. §37423........................................................................................ 13, 16, 19
53 Pa.C.S. §37435.................................................................................................18

**Treatises**

Thomas M. Cooley, *Treatise on Constitutional Limitations* (5th ed. 1883) ............8

**Regulations**

17 Pa.Code §11.215 ..............................................................................................18

## I.     Plaintiffs do not show a Second Amendment violation.

### A.     <u>No case law invalidates similar restrictions.</u>

Plaintiffs cannot point this Court to a single judicial decision invalidating an ordinance similar to *any* of the five they challenge herein. Remarkably, Plaintiffs nevertheless claim that case law clearly establishes that all five ordinances violate the Second Amendment.

Plaintiffs base this argument on the simple fact that the Supreme Court established mere existence of a right to bear arms. Plaintiffs must go further though to defeat qualified immunity and must point this Court to some binding case law to show that "it would be clear to a reasonable officer that his conduct was unlawful *in the situation he confronted*." *Saucier v. Katz*, 533 U.S. 194, 201 (2001) (emphasis added). The invalidity of these ordinances is certainly not "beyond debate." *Carroll v. Carman*, 135 S. Ct. 348, 350 (2014) (*per curiam*) (unanimous) (prior Third Circuit decision did not make violation clear). *See Lane v. Franks*, 134 S. Ct. 2369, 2383 (2014) (unanimous) (Eleventh Circuit decisions not sufficiently clear). Indeed, under Plaintiffs' view, qualified immunity would never be available in First or Fourth Amendment cases simply because those rights clearly exist. Qualified immunity applies unless the Mayor and Chief can know the scope of the right.

### B.      Plaintiffs misread *Heller*.

Plaintiffs misread *Heller* as providing an exclusive list of longstanding

regulations. To the contrary, the Court stated, "our list does not purport to be

exhaustive." *D.C. v. Heller*, 554 U.S. 570, 627 n.26 (2008). Plaintiffs do not

believe that longstanding regulations are presumptively lawful, but the Third

Circuit disagrees. The Third Circuit held that longstanding regulations are

*exceptions* to the Second Amendment. *Drake v. Filko*, 724 F.3d 426, 432 (3d Cir.

2013); *US v. Marzzarella*, 614 F.3d 85, 91 (3d Cir. 2010).

Plaintiffs further do not believe that 20th century regulations are

longstanding, but again the Third Circuit disagrees. "[A] firearms regulation may

be 'longstanding' and 'presumptively lawful' even if it was only first enacted in

the 20th century." *Drake*, 724 F.3d at 458 n. 11(citing *US v. Barton*, 633 F.3d 168,

173 (3d Cir. 2011)(1961 felon gun ban), *NRA v. ATF*, 700 F.3d 185, 196–97 (5th

Cir. 2012)(1968 ban on sale to minors); *US v. Skoien*, 614 F.3d 638, 640–41 (7th

Cir. 2010)(1968 gun ban for mentally ill)); *Drake*, 724 F.3d at 422 (1966 "need"

requirement for open carry).

### C.      Strict scrutiny is not appropriate.

In *Drake*, 724 F.3d at 436, the Court held that, whatever scrutiny applies to

the right to bear arms outside the home, it is not strict scrutiny. Plaintiffs misread

Harrisburg's argument as a concession that strict scrutiny applies. Harrisburg first

argues that their ordinances are longstanding and thus outside the scope of the Second Amendment under *Drake*. Harrisburg merely argues in the alternative that its ordinances survive any level of scrutiny.

### D.   Courts have upheld much broader restrictions.

Plaintiffs concede that courts have historically upheld complete bans on concealed carry, *Heller*, 554 U.S. at 626, including the Supreme Court itself. *Robertson v. Baldwin*, 165 U.S. 275, 281-82 (1897). *See also Peterson v. Martinez*, 707 F.3d 1197, 1211 (10th Cir. 2013); *Kelly v. Riley, 733* S.E.2d 194, 198 (N.C.App. 2012); *State v. Knight*, 218 P.3d 1177, 1190 (Kan. 2009); *People v. Flores*, 169 Cal.App.4th 568, 575 (2008); *English v. State*, 35 Tex. 473, 479 (1872).

"During the Founding Era, for instance, many states prohibited the use of firearms on certain occasions and in certain locations." *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, 94-95 & n.20 (2d Cir. 2012). Indeed, Plaintiffs concede that many states completely banned public carrying—whether *open* or concealed. *Id.* at 90, 95 & n.21; *Drake*, 724 F.3d at 432; *Kachalsky v. Cnty. of Westchester*, 701 F.3d 81, (2d Cir. 2012); *Norman v. State*, -- So.3d --, 2015 WL 669582, at *16 (Fla.App. Feb. 18, 2015)(upholding open carry ban).

### E.  Ordinances do not need self-defense exceptions.

Plaintiffs' primary argument is the lack of textual self-defense exceptions. But Plaintiffs concede that they cannot show that Harrisburg has ever or would ever enforce any ordinance against a person acting in self-defense. *See Heller*, 554 U.S. at 633-34 (defending discharge ordinances that lack self-defense exception). Plaintiffs also concede that, even if someone acting in self-defense were cited, the person could raise self-defense under the federal and state Constitutions or 18 Pa.C.S. §505.

### F.  Plaintiffs cannot bring overbreadth claims.

Plaintiffs concede that the Third Circuit "do[es] not recognize an overbreadth doctrine outside the limited context of the First Amendment…" *Barton*, 633 F.3d at 172.

### G.  Plaintiffs incorrectly argue that Harrisburg conceded their right to hunt.

Contrary to Plaintiffs' argument, Harrisburg argued in their motion to dismiss and supporting brief that the right to bear arms is a self-defense right and not a right to recreational hunting. *See* MTD ¶2; MTD Brief p. 3 n.4 (citing *Hunters United for Sunday Hunting v. Pa. Game Comm'n*, 28 F.Supp.3d 340, 346 (M.D.Pa. 2014)). Harrisburg also noted that it does not apply the ordinances to restrict duck hunting, which is the only lawful hunting in Harrisburg. Plaintiffs cite no authority for their right to hunt in any event.

**H.**     **Harrisburg's ordinances do not violate the Second Amendment.**[1]

**1.**     **Children:**

First, Plaintiffs concede that they can obtain no relief because both state and federal law contain child gun bans. 18 U.S.C. §922(x)(2)(A); 18 Pa.C.S. §6110.1.

Second, this 1951 ordinance is longstanding, and Plaintiffs' concede that Courts such gun bans have at least 19th century origins. *State v. Callicutt*, 69 Tenn. 714, 716 (1878); Thomas M. Cooley, *Treatise on Constitutional Limitations* 740 n. 4 (5th ed. 1883).

Third, Plaintiffs concede that courts have universally upheld such restrictions. *NRA v. McCraw*, 719 F.3d 338, 347-49 (5th Cir. 2013); *ATF*, 700 F.3d at 200-04; *U.S. v. Rene E.*, 583 F.3d 8, 16 (1st Cir. 2009); *US v. Emerson*, 270 F.3d 203, 261 (5th Cir.2001); *People v. Fields*, 2014 Ill.App.1st 130209, ¶64 (Dec. 31, 2014); *Glenn v. State*, 72 S.E. 927, 929 (Ga.App. 1911).

Fourth, the ordinances grant two broad exceptions: 1) any child supervised by an adult, and 2) any child inside their home. The ban is reasonably focused and limited.

---

[1] Plaintiffs concede that Harrisburg has a compelling interest in public safety.

### 2.     Discharge:

This ordinance is longstanding as Plaintiffs concede that discharge ordinances have roots in similar founding era laws. *Heller*, 554 U.S. at 633-34. Plaintiffs concede that *Heller* found such ordinances reasonable.

### 3.     Parks

First, this ordinance is longstanding as Plaintiffs concede that gun bans in parks began by at least 1897 when Yellowstone banned guns to be followed by all federal parks.[2]

Second, Plaintiffs concede that the only two courts to address the question have held that gun bans in parks do not violate the right to bear arms. *See Warden v. Nickels*, 697 F. Supp. 2d 1221, 1229 (W.D.Wash. 2010); *City of Tucson v. Rineer*, 971 P.2d 207, 213-14 (Ariz.App. 1998). *See also Embody v. Ward*, 695 F.3d 577, 581 (6th Cir. 2012)(granting qualified immunity).

Plaintiffs also concede that courts have upheld bans in similar public areas. *U.S. v. Dorosan*, 350 F.App'x 874, 875 (5th Cir. 2009)(post office parking lot); *People v. Yarbrough*, 86 Cal.Rptr.3d 674, 687 (Cal.App. 2008)(driveway); *See English*, 35 Tex. at 478-79 ("We confess it appears to us little short of ridiculous, that any one should claim the right to carry upon his person any of the mischievous devices inhibited by the statute, into a peaceable public assembly, as, for instance

---

[2] The 2010 lifting of the gun ban in federal parks does not alter this lengthy history.

into a church, a lecture room, a ball room, *or any other place where ladies and gentlemen are congregated together*.")(emphasis added).

Despite Plaintiffs' arguments to the contrary, a geographic restriction is not a complete ban on carrying in public. Given the history of broad sweeping restrictions on open and concealed carry in the U.S., a limited geographic restriction does not violate Plaintiffs' right to bear arms.

### 4.   Emergencies:

Plaintiffs concede that time and place restrictions on public carrying of guns date back to our founding. Moreover, as with the other ordinances, Plaintiffs cannot identify a single occasion in which this ordinance was used to deny anyone their right to self-defense.

### 5.   Reporting:

Plaintiffs concede that the reporting requirement does not restrict self-defense. *NRA v. City of Pittsburgh*, 999 A.2d 1256, 1260 (Pa. Commw. 2010).

## II.   The Pennsylvania Constitution grants no greater protection than the U.S. Constitution.

Plaintiffs concede that, after *Heller*, the Pennsylvania right to bear arms is coextensive with the federal right to bear arms. *See Perry v. State Civil Serv. Comm'n*, 38 A.3d 942, 955 (Pa.Commw. 2011)(public employer can ban guns); *Minich v. Cnty. of Jefferson*, 919 A.2d 356, 361 (Pa. Commw. 2007)(*en banc*)(*Minich II*)(courthouse can ban guns).

## III.   Plaintiffs lack standing.

### A.   <u>Plaintiffs show no imminent threat of prosecution.</u>

Plaintiffs concede that, to demonstrate traditional standing under federal or state law, they must show a non-speculative threat of imminent prosecution. *Clapper v. Amnesty Int'l*, 133 S. Ct. 1138, 1143 (2013); *Younger v. Harris*, 401 U.S. 37, 42 (1971); *NRA v. City of Phila.*, 977 A.2d 78, 81-82 (Pa. Commw. 2009)(*en banc*) (no standing to challenge reporting requirement); *Dillon v. City of Erie*, 83 A.3d 467, 475 (Pa. Commw. 2014) (*en banc*) (same); *NRA v. City of Pittsburgh*, 999 A.2d at 1259. Plaintiffs further concede by omission that they show no credible threat of imminent prosecution. Indeed, Plaintiffs concede that most or all of the activities Plaintiffs wish to engage in are illegal under state law.

### B.   <u>A PAC cannot file a lawsuit unrelated to elections.</u>

Plaintiffs do not contest the fact that a PAC cannot lawfully file a lawsuit that is unrelated to elections. *See* 25 Pa.C.S. §3254.1, §3241(d)(barring PAC's from spending money on anything not election related). Nor do Plaintiffs dispute that an organization seeking standing must show that "the interests it seeks to protect are germane to the organization's purpose…" *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). Plaintiffs concede by omission that a non-election related lawsuit is not germane to a PAC's lawful purpose.

Plaintiffs cite no authority for the proposition that this Court must wait to rule on standing issues. That is likely because there is none. *See N.J. Physicians v. President of U.S.*, 653 F.3d 234, 237 (3d Cir. 2011) (allegations in complaint must show standing).

Plaintiffs claim that there is nothing in the record that FOAC has spent any money. Plaintiffs miss the point. FOAC must demonstrate that its purpose is germane to the lawsuit. The statute making it illegal for FOAC to spend a dime on anything other than elections shows the organization's purpose: to funnel its donors' moneys to elections.

In any event, the record shows expenditures and litigation requires more. The Dauphin County Prothonotary stamped the complaint as having paid the $197.25 filing fee and the praecipe for default as having paid the $27.25 filing fee. Likewise, the Sheriff's returns of service reflect a $92 fee. In this Court, FOAC is not *in forma pauperis*, meaning it must pay filing fees, transcript costs, etc., like every other party before this Court.

### C.   <u>Act 192 violates the Pennsylvania Constitution.</u>

Plaintiffs concede that Act 192 violates the single subject and original purpose rules in Article III, Sections 1 and 3, of Pennsylvania's Constitution.

**IV.    Plaintiffs do not show preemption.**

  **A.    The General Assembly has not preempted the field of gun regulation.**

There are three types of preemption: express, conflict, and field. *Nutter v. Dougherty*, 938 A.2d 401, 414 (Pa. 2007). Plaintiffs argue that the General Assembly has preempted the entire field of firearm regulation. Plaintiffs concede by omission that the Third Class City Code's express grant of authority to ban discharge and concealed carry. *See* 53 Pa.C.S. §37423. This explicit permission to regulate guns is fatal to Plaintiffs' argument that Pennsylvania preempts the entire field of gun regulation.

"Total preemption is the exception and not the rule." *Council of Middletown Twp. v. Benham*, 523 A.2d 311, 315 (Pa. 1987). The Uniform Firearms Act is clearly limited to regulation of lawful possession, not the entire field:

> No county, municipality or township may in any manner regulate the *lawful* ownership, possession, transfer or transportation of firearms, ammunition or ammunition components when carried or transported *for purposes not prohibited by the laws of this Commonwealth*.

18 Pa.C.S. § 6120(a).

Plaintiffs rely on *Ortiz v. Com.*, 681 A.2d 152 (Pa. 1996), but that case did not address Harrisburg's arguments. That case dealt with an assault weapon ban. Harrisburg makes two additional arguments inapplicable to and not raised in *Ortiz*: 1) the Third Class City Code authorizes its ordinances, and 2) the UFA does not

preempt regulation of unlawful gun possession.

In addition, in 2007, the Pennsylvania Supreme Court noted that it has found field preemption "only in the areas of alcoholic beverages, anthracite strip mining, and banking." *Nutter*, 938 A.2d at 414 (citing *Mars Emergency Med. Servs. v. Twp. of Adams*, 740 A.2d 193, 195 (Pa. 1999)). Notably, the Pennsylvania Supreme Court in *Nutter* and *Mars* was obviously aware of *Ortiz*. It is hard to believe that the Supreme Court would have left gun regulation off of the short list if the Court considered the field preempted.

Admittedly, the Commonwealth Court has been inconsistent in its application of the UFA since *Ortiz*. In *Minich v. Cnty. of Jefferson*, 869 A.2d 1141 (Pa.Commw. 2005) (*Minich I*), the Commonwealth Court agreed with Harrisburg's position herein that the UFA only prohibits regulations of lawful gun possession:

> [T]he County may not enact an ordinance which regulates firearm possession *if* the ordinance would make the otherwise lawful possession of a firearm *unlawful*. Thus, if the County's ordinance pertains only to the unlawful possession of firearms, i.e., possession "prohibited by the laws of this Commonwealth," then section 6120(a) of the Crimes Code does not preempt the County's ordinance.

*Id.* at 1143 (five judge panel). The Court reiterated that holding in *Minich II*, 919 A.2d at 361 (*en banc*). However, the Court held the opposite in *Clarke v. House of Representatives*, 957 A.2d 361, 364 (Pa. Commw. 2008) (five judge panel), and *NRA v. Philadelphia*, 977 A.2d 78, 82 (Pa. Commw. 2009) (*en banc*).

14

Judge Smith-Ribner, concurring and dissenting in both *Clarke* and *Philadelphia*, found that *Ortiz* did not squarely address the question of whether a municipality can regulate unlawful gun possession. *Clarke*, 957 A.2d at 366-67. Judge Smith-Ribner noted that the text of the UFA does not support field preemption and the title of the statute is "limitation" on regulations, not prohibition or elimination. *Id.* at 366-70. Judge Smith-Ribner cited the legislative history where the Bill's sponsor declared that it would not affect Philadelphia's ordinance ban on the acquisition of firearms by children or habitual drunkards in "any way, shape or form." *Id.* at 369. *See also Philadelphia*, 977 A.2d at 83-85 (concurring and dissenting). For the reasons explained in *Minich I* and *II* and by the Judge Smith-Ribner's Dissents, the *Clarke* Majority's interpretation of *Ortiz* is not persuasive.[3] Moreover, this case involves Third Class City Code provisions that explicitly prevent any field preemption.

**B.**   **The discharge, minors, and reporting ordinances do not conflict with any statute.**

But Plaintiffs concede by omission that the discharge ban, child gun ban, and reporting requirement do not conflict with any statute. Plaintiffs cite no statutory language that conflicts with any of these provisions. Plaintiffs further

---

[3] In *Dillon v. City of Erie*, 83 A.3d 467, 473 (Pa. Commw. 2014) (*en banc*), the Court quoted *Clarke*'s rejection of Harrisburg's interpretation, but then seemingly endorsed Harrisburg's interpretation: "Based on the foregoing, Section 6120(a) of the Act… precludes the City from regulating the *lawful* possession of firearms." (emphasis added).

concede that 1) the Third Class City Code authorizes the discharge ban, and 2) the child gun ban and reporting requirements only restrict the unlawful carrying of guns. For these ordinances, Plaintiffs hang their hat on field preemption.

### C.     The park ordinance does not conflict with any statute.

Plaintiffs concede that the General Assembly authorizes Harrisburg to prevent discharge and concealed carry, leaving the only question whether the open carry restriction conflicts with state law. 53 Pa.C.S. §37423. Because Harrisburg's limited restriction on open carry "further[] the salutary scope of the [Uniform Firearms] Act, the ordinance[s] [are] welcomed as an ally, bringing reinforcements into the field of attainment of the statute's objectives." *Dep't of Licenses & Inspections v. Weber*, 147 A.2d 326, 327 (Pa. 1959).

"Where an ordinance conflicts with a statute, the will of the municipality as expressed through an ordinance will be respected unless the conflict between the statute and the ordinance is irreconcilable." *City Council of City of Bethlehem v. Marcincin*, 515 A.2d 1320, 1326 (Pa. 1986). In addition, "where the legislature has assumed to regulate a given course of conduct by prohibitory enactments, a municipal corporation with subordinate power to act in the matter may make such additional regulations in aid and furtherance of the purpose of the general law as may seem appropriate to the necessities of the particular locality and which are not in themselves unreasonable." *Mars*, 740 A.2d at 195 (Pa. 1999) (quoting *Western*

16

*Pennsylvania Restaurant Ass'n v. Pittsburgh*, 77 A.2d 616, 619-20 (Pa. 1951)).

As the Commonwealth Court noted in *Dillon*, third class cities have authority to manage public property and the state bans guns in parks. 83 A.3d at n.9. Accordingly, Harrisburg's gun ban is consistent with, not irreconcilable with, state law.

Plaintiffs mistakenly believe that the General Assembly removed Harrisburg's authority to manage its property last year. The Third Class City Code now provides:

> In exercising its discretion to make decisions that further
> the public interest under terms it deems most beneficial
> to the city, council shall have the power and authority,
> subject to any restrictions, limitations or exceptions as set
> forth in this act, to do any of the following:
>
> (1) …manage real and personal property.

53 Pa.C.S. §37402.1(a). By overlooking this statute, Plaintiffs concede by omission that Harrisburg has such authority.

Plaintiffs do cite to Harrisburg's broad police power provision:

> The council of each city shall have power to enact, make,
> adopt, alter, modify, repeal and enforce in accordance
> with this act ordinances, resolutions, rules and
> regulations, not inconsistent with or restrained by the
> Constitution of Pennsylvania and laws of this
> Commonwealth, that are either of the following:
>
> (1) …necessary for the proper management, care and
> control of the city… and the maintenance of the peace,
> good government, safety and welfare of the city…

53 Pa.C.S. §37435.[4]

Plaintiffs concede that the Commonwealth Court upheld a county courthouse gun ban under similar grants of authority. *Minich II*, 919 A.2d at 361. Plaintiffs argue that §37435 is too broad compared to the more specific UFA provision, and that the more specific statute should control. Yet Plaintiffs ignore two provisions more specific than the UFA: the Third Class City Code authorization to prevent concealed carry and discharge, and the Third Class City Code authorization to manage public property.

Plaintiffs argue that the DCNR gun ban at state parks, 17 Pa.Code § 11.215, violates the following UFA provision added in 2011:

> Construction.--Nothing in this section shall be construed to:
>
> ***
>
> (2) Authorize any Commonwealth agency to regulate the possession of firearms in any manner inconsistent with the provisions of this title.

18 Pa.C.S. §6109(m.3). Plaintiffs claim that the DCNR regulation is inconsistent with the general ability to carry firearms throughout the state in §6109(a).

Plaintiffs argue that §6109(a) authorizes open and concealed carry in Pennsylvania. Plaintiffs are wrong and misquote §6109(a) to support their position. §6109(a) generally allows "concealed carry," not open carry. No statute authorizes

---

[4] Plaintiffs incorrectly cite this statute as 53 Pa.C.S. §37491.1.

open carry. While the General Assembly does not forbid open carry, that does not mean that any open carry restriction conflicts with the UFA. Harrisburg's open carry ban is consistent with the DCNR open carry ban in state parks.

### D.    The emergency ordinance does not conflict with any statute.

Plaintiffs argue that the ordinance conflicts with state law because of the statutory exceptions for concealed carry and self-defense. But Plaintiffs concede that the General Assembly authorizes Harrisburg to prevent discharge and concealed carry, leaving the only question whether the open carry restriction conflicts with state law. 53 Pa.C.S. §37423.

As *Heller* recognized discussing discharge restrictions, an ordinance does not need an explicit self-defense exception. 554 U.S. at 633-34. Plaintiffs have no reason to believe that this ordinance has *ever* been applied to restrict lawful self-defense or ever will be. Even if someone acting in self-defense were cited, the person could raise self-defense under the federal and state Constitutions or 18 Pa.C.S. §505.

Turning to the open carry restriction, Plaintiffs ignore the Mayor's statutory authority during an emergency to prohibit "any other activities as the mayor reasonably believes would cause a clear and present danger to the preservation of life, health, property or the public peace." 53 Pa.C.S. §36203(e)(3)(iv),(vi). The Mayor's discretion under the emergency ordinance to prevent open carrying of

guns during an emergency is consistent with and furthers this authority.

## V.     Plaintiffs abandon their claim for damages.

Plaintiffs falsely state that the Complaint does not seek damages. *See*

Complaint p. 86; state civil cover sheet; default judgment; and praecipe for default.

In any event, Plaintiffs in their briefs abandon their claim for damages and concede

that they cannot lawfully seek damages.

## VI.    Plaintiffs incorrectly argue that Harrisburg failed to inform this Court of the preliminary injunction in *US Law Shield et al. v. Harrisburg et al.*

Harrisburg not only referred this Court to that decision repeatedly, MTD

Brief p. 1, p. 15 n. 9, 16 n. 11, 17 n. 12, 19 n. 14, and 20 n. 15, but Harrisburg

attached the opinion as Exhibit 3 to its opening brief.

## VII.   The motion to dismiss is proper.

Plaintiffs cite no authority for their argument that the motion to dismiss is

deficient. The motion provides much more detail than the minimalistic Form 40

provided with the Rules of Civil Procedure. Moreover, the brief in support detailed

all arguments in depth, and a 5,000 word motion was not necessary.

The motion and brief in support argue that none of the claims are sufficient

as a matter of law. While the motion and brief argue that prudence support

delaying consideration of the preemption claim until the Commonwealth Court

rules on the constitutionality of Act 192 in the *Leach* case, the motion and brief

clearly argue that 1) the ordinances are not preempted, 2) Act 192 violates the

Pennsylvania Constitution, and 3) Plaintiffs lack standing. Finally, as will be explained in the reply brief in support of the motion to strike Plaintiffs' default motion, every Court to address the question since the First Gulf War has ruled that a partial motion to dismiss is proper.

## VIII.  This Court should not strike Harrisburg's caption.

Plaintiffs argue that this Court should strike the caption of Harrisburg's brief. In their reply brief in support of remand, Plaintiffs conceded that no rule of procedure requires a perfect caption on any document other than the Complaint. *See* FRCP 10(a). Plaintiffs do not even cite a rule, much less a judicial decision, in support of their footnote request for relief.

Plaintiffs argue that Harrisburg inappropriately lists Howard Bullock as a Plaintiff in the caption. However, Harrisburg has argued all along that removal brought the entire case before this Court, and that its caption error has no legal effect. To date, Plaintiffs have cited no law to say otherwise.

Respectfully submitted,

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
PA Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
PA Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

April 9, 2015

## **Certification of Counsel**

I certify that this brief complies with the word limit in Local Rule 7.8. The brief contains 3,917 words, including footnotes. I use the word count feature in Microsoft Word to obtain this number.

_s/ Joshua M. Autry_
Joshua M. Autry, Esquire

Dated: April 9, 2015

## **Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing through ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

<em><u>s/ Josh Autry</u></em>

Dated: April 9, 2015