IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
|      Plaintiffs | : | |
|       v. | : | (Judge Yvette Kane) |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
|      Defendants | : | Jury Trial Demanded |

**Reply Brief in Support of
Motion for Leave to Amend
<u>Notice of Removal</u>[1]**

## I.    <u>This Court can grant leave to amend.</u>

Contrary to forty-five years of binding case law, Plaintiffs initially argue that

28 U.S.C. §1653 does not apply because a notice of removal is not a pleading and

the text of 28 U.S.C. §1446 expressly authorize amendment. Plaintiffs' argument

runs contrary to *Newman-Green v. Alfonzo-Lorrain*, 490 U.S. 826, 831-32 (1989),

*Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969), and *USX Corp. v. Adriatic*

---

[1] For the reasons explained in Defendants' reply brief in support of their motion to dismiss, this Court should not strike the caption. Suffice it to say, Plaintiffs cite no authority for the propositions that 1) removal can be partial in the first place to justify leaving Bullock off the caption, or 2) caption errors violate any rule of procedure.

*Ins.*, 345 F.3d 190, 204 (3d Cir. 2003), which clearly hold that this Court has power to allow amendment of a notice of removal.

## II.   <u>Amendment is proper.</u>

Plaintiffs concede that they knew Defendants intended to remove the entire case. As explained in the opening brief, the notice indicates that "Defendants hereby remove this case." The notice refers to "Plaintiffs" collectively and to "a federal question," "a claim under 42 U.S.C. §1983," and "this action." The removal notice attaches the entire Complaint as Exhibit A. At no point does the removal notice express an intent to bifurcate this case into two. Further, the state court notice directs, "The state court shall proceed no further." It is not a "missing allegation" that Defendants intended to remove the entire case.

Even if a "missing allegation," the failure to mention a removable party is not fatal. The notice of removal only need explain this Court's jurisdiction, which Plaintiffs' cannot contest. This Court has jurisdiction because of the federal claim, not because of the names of the parties. Accordingly, the notice of removal properly sets forth the reason and basis for removal.

The caption error did not prevent this Court from taking jurisdiction over the entire case. As explained in Defendants' briefs opposing remand and supporting an injunction against the state proceedings, removal brings an entire case to federal court, not merely certain claims or parties. *Maseda v. Honda*, 861 F.2d 1248, 1251-

53 (11th Cir. 1988); *Polyplastics v. Transconex,* 713 F.2d 875, 877 (1st Cir. 1983).

*Disher v. Citigroup Global Markets*, 487 F. Supp. 2d 1009, 1017 n.5 (S.D.Ill.

2007)(state court lacks power to act after removal *even if removal was improper*);

*Bowman v. Weeks Marine*, 936 F. Supp. 329, 331 n.1 (D.S.C. 1996) (same). *See*

*also Barney v. Latham*, 103 U.S. 205, 213 (1880) ("…Congress determined that

the removal of the separable controversy to which the judicial power of the United

States was, by the Constitution, expressly extended, should operate to transfer the

whole suit to the federal court."). Plaintiffs have not pointed this Court to any

contrary authority in spite of ample opportunity to do so.

Plaintiffs have further conceded that no rule requires a perfect caption on

any filing other than a Complaint. *See* FRCP 10(a). Plaintiffs have also conceded

that 1) a civil cover sheet is not even required in removed cases, and 2) civil cover

sheets lack any legal effect. Plaintiffs do not attempt to distinguish *Miller v.*

*Trometter*, 2012 WL 5933015, at *9 (M.D. Pa. Nov. 27, 2012), where this Court

granted a plaintiff leave to correct a caption where the plaintiff inadvertently left a

defendant out of the caption. *See Miller v. Trometter*, 2012 WL 5933015, at *9

(M.D. Pa. Nov. 27, 2012). Nor do Plaintiffs distinguish *Grecco v. Sanofi Winthrop*

*Pharm.*, 1997 WL 68551, at *2 (N.D.Cal. Feb. 13, 1997), where the Court granted

leave to amend cover sheet where defendant mistakenly listed principal place of

business as in California rather than New York.

While *Miller* did not involve a notice of removal, *USX* held that the same liberal policy in favor of amendment applies to notices of removal. A defendant may amend a notice to "clarify (or correct technical deficiencies in) the allegations already contained in the original notice." *USX*, 345 F.3d at n.12. Plaintiffs argue that amendment to the caption is improper, but "a removing party may amend its removal petition to clarify the basis for federal jurisdiction after the 30–day deadline for amendment has passed." *Advanced Technologies & Installation v. Nokia Siemens Networks*, 2011 WL 198033, at *3 (D.N.J. Jan. 20, 2011). While Plaintiffs attempt to minimize the holding in *USX*, it is clear that the Court took an expansive and permissive view of amendment to notices of removal. To the extent Plaintiffs ask this Court to apply a stringent standard against amendment, *USX* forecloses their argument.

As the numerous cases cited in Defendants' opening brief show, even after the 30 day removal window closes, Courts have routinely permitted amendment for defendants to properly allege citizenship in diversity cases and the reason for lack of unanimity in joining the notice of removal. As in those cases, amendment is proper. Indeed, unlike in those cases, amendment is not even necessary. Amendment here serves to clean up the docket, not to give this Court jurisdiction. This Court has jurisdiction because of the federal claim, not because of Howard Bullock.

## III.   Plaintiffs will suffer no prejudice.

As explained above, Plaintiffs knew Defendants intended to remove the

entire case. Plaintiffs suffer no surprise, and *USX* prohibits a finding of prejudice.

The Court found:

> We are satisfied that USX suffered no prejudice as a
> result of the district court's consideration of the organ
> prong because ICAROM raised this argument shortly
> after remand from this court so that USX had ample time
> to respond to it, and because in part the same facts are
> relevant under either the ownership or organ prong of
> section 1603(b)(2) although they could not satisfy the
> ownership prong here. In this regard we observe that
> when we asked at oral argument what prejudice that USX
> suffered by reason of ICAROM's possibly late
> identification of the organ prong of section 1603 as a
> basis for foreign state status and thus for district court
> jurisdiction, USX's attorney was not able to make a
> specific indication of what it might be. Certainly USX
> had ample time to develop the facts with respect to
> ICAROM's organ status.

345 F.3d at n. 13. As in *USX*, Defendants promptly took action. Defendants moved

to strike the 10 day default notices in state court, opposed remand in this Court,

moved to amend the caption and cover sheet in this Court, and then moved to set

aside the default in both courts after its entry on the state court docket.

To the extent Plaintiffs' complains of duplicitous proceedings, they should

blame Bullock. Bullock could have waited on this Court to rule on the motion to

remand. Instead of doing that, Bullock saw an opportunity (not supported by any

authority) to obtain a judgment with little-to-no effort, and he took it.

The normal process is for this Court to rule on the propriety of removal. If this Court considers removal improper, then this Court remands and the case continues *as one case*. It is Plaintiffs who—without any legal authority—decided to alter the process and seek state relief before this Court rules on their motion to remand. Defendants had no choice but to defend in the state court action. Defendants will suffer, however, if denied a federal forum on the federal claims against them due to their counsel's error.

Respectfully submitted,

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse, and Chief Carter

April 9, 2015

## **Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing

through ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*


                                           *s/ Josh Autry*
Dated: April 9, 2015