IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock | : | |
|       Plaintiffs | : | (Judge Kane) |
|       v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
|       Defendants | : | Jury Trial Demanded |

**Reply Brief in Support of
Motion to Vacate State Default Judgment and
<u>Enjoin State Court</u>**


**I.      This Court should enjoin Plaintiffs.**

**A.      <u>Yesterday, Plaintiffs filed an application to intervene before the
Commonwealth Court.</u>**

This motion has become more pressing as Plaintiffs continue to subvert this

Court's ability to decide whether their claims remain in federal court. Plaintiffs

refuse to let this Court decide whether Defendants properly removed their state law

preemption claim. All four Plaintiffs—including the three Plaintiffs who agree

their claims remain before this Court—filed an application to intervene in the

Commonwealth Court in the *US Law Shield* case. *See* Application to Intervene

(Ex. 1).[1] Plaintiffs did not seek leave from this Court to reassert their claims in a different state action.

Plaintiffs have not cited a single judicial decision holding that a plaintiff that disagrees with removal can reassert their exact same claims in state court before the District Court rules on a motion to remand. Plaintiffs did not ask this Court for an emergency ruling on remand; rather, Plaintiffs continually take matters into their own hands and attempt to take matters out of this Court's grasp. This Court should stop Plaintiffs' efforts to skirt this Court's pending decision on whether to remand the case.

Defendants note that a review of the 10 day notices reflects that *all Plaintiffs*—not just *Bullock*—expressed a desire to seek default in state court after removal. *See* 10 day notices (Ex. 2). Nothing in those notices indicates that Bullock alone sought default. The notices include a caption listing all Plaintiffs and are signed by Plaintiffs' counsel as "attorney for Plaintiffs," not merely Bullock. The certificate of service likewise refers to the notice as "Plaintiffs'" motion, not merely Bullock's motion. It appears that, as of the date of the notices, all Plaintiffs still planned to violate Section 1446. When combined with the attempted intervention, it is now clear that this Court should enjoin *them*. Accordingly,

---

[1] In that case, Judge Dowling issued a preliminary injunction against the minors, emergency, and parks ordinances. Harrisburg has filed an interlocutory appeal as of right.

Defendants attach a new proposed order to do just that.

### B.   The state court lacks jurisdiction.

It is for this Court to decide whether to sever and remand the state law preemption claims. Plaintiffs have not pointed this Court to any case law to support their belief that a state court can rule on whether removal was proper. Nor can they as Section 1446 clearly prohibits state courts from acting after removal. *See Dukes v. S.C. Ins.*, 770 F.2d 545, 547 (5th Cir. 1985); *Maseda v. Honda*, 861 F.2d 1248, 1251-53 (11th Cir. 1988). Plaintiffs try to distinguish the facts in *Dukes*, but they miss the clear holding that the state court lacked jurisdiction to enter a default in the first place.

Further, as explained in Defendants' brief opposing remand, there is no such thing as a partially removed case. *Polyplastics v. Transconex,* 713 F.2d 875, 877 (1st Cir. 1983). *See Disher v. Citigroup Global Markets*, 487 F. Supp. 2d 1009, 1017 n.5 (S.D.Ill. 2007)(state court lacks power to act after removal *even if removal was improper*); *Bowman v. Weeks Marine*, 936 F. Supp. 329, 331 n.1 (D.S.C. 1996) (same). *See also Barney v. Latham*, 103 U.S. 205, 213 (1880) ("…Congress determined that the removal of the separable controversy to which the judicial power of the United States was, by the Constitution, expressly extended, should operate to transfer the whole suit to the federal court."). Plaintiffs' argument otherwise lacks any support.

**C.**     **This Court can protect federal jurisdiction.**

Plaintiffs incorrectly argue that Defendants ignore the Anti-Injunction Act.

Defendants quoted the statute *verbatim* and then cited cases addressing the

applicable exception here: "Federal courts may... issue such injunctions to protect

exclusive federal jurisdiction of a case that has been removed from state court." *In*

*re Diet Drugs*, 282 F.3d 220, 234-35 (3d Cir. 2002). *See also Davis Int'l v. New*

*Start Grp.*, 488 F.3d 597, 605 (3d Cir.2007); *Freedom Twp. v. Bd. of Assessment*

*Appeals of Adams Cnty.*, 2010 WL 4644417, at *2 (M.D. Pa. Nov. 9, 2010) (Judge

Kane). Plaintiffs, on the other hand, ignore this exception and concede by omission

its applicability here.

**D.**     ***Younger* has nothing to do with this case.**

First, abstention (even if appropriate) would justify only a stay of the state

claims, not dismissal. *Quackenbush v. Allstate*, 517 U.S. 706, 719 (1996). Second,

Plaintiffs concede that *Burford* abstention does not apply. Third, neither does

*Younger v. Harris*, 401 U.S. 37 (1971).

The Supreme Court recently stated, "In the main, federal courts are obliged

to decide cases within the scope of federal jurisdiction. Abstention is not in order

simply because a pending state-court proceeding involves the same subject

matter." *Sprint v. Jacobs*, 134 S. Ct. 584, 588, 187 L. Ed. 2d 505 (2013) (citing

*NOPSI v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989) ("[T]here is

no doctrine that... pendency of state judicial proceedings excludes the federal courts.").

Although courts often abstained under *Younger* in the 40 years after the Supreme Court handed down the decision, the Supreme Court has directed courts to scale back the practice:

> *Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution. This Court has extended *Younger* abstention to particular state civil proceedings that are akin to criminal prosecutions, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975), or that implicate a State's interest in enforcing the orders and judgments of its courts, see *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987). We have cautioned, however, that federal courts ordinarily should entertain and resolve on the merits an action within the scope of a jurisdictional grant, and should not "refus[e] to decide a case in deference to the States." *NOPSI*, 491 U.S., at 368, 109 S.Ct. 2506.

> Circumstances fitting within the *Younger* doctrine, we have stressed, are "exceptional"; they include, as catalogued in *NOPSI*, "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *Id.*, at 367–368, 109 S.Ct. 2506.

*Sprint*, 134 S. Ct. at 588.

Under *Sprint*, this Court cannot abstain because this case does not involve 1) a criminal proceeding, 2) a quasi-criminal proceeding, or 3) "civil proceedings

involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." As in *Sprint*, "Because this case presents none of the circumstances the Court has ranked as "exceptional," the general rule governs: "[T]he pendency of an action in [a] state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Id.* (quoting *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

The first two categories are self-explanatory and obviously inapplicable. The third category is a "unique breed." *ACRA Turf Club v. Zanzuccki*, 748 F.3d 127, 142 n.8 (3d Cir. 2014). "Two Supreme Court cases implicate this third category subject to *Younger* abstention." *Id.* (citing *Juidice v. Vail*, 430 U.S. 327, 336 & n. 12 (1977) (civil contempt order); *Pennzoil v. Texaco*, 481 U.S. 1, 13 (1987) (requirement for the posting of bond pending appeal)). Just as criminal and quasi-criminal proceedings, such judicial function cases have no bearing here.

Because this case falls outside these categories, Plaintiffs cannot invoke *Younger* abstention to justify their continued efforts in state court. "[A]bstention from the exercise of federal jurisdiction is the "exception, not the rule." *Sprint*, 134 S. Ct. at 593. This Court cannot abstain simply because Plaintiffs "identify a plausibly important state interest." *Id.* The *Sprint* Court emphasized:

> Federal courts, it was early and famously said, have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 6 Wheat. 264, 404, 5 L.Ed. 257 (1821).

6

> Jurisdiction existing, this Court has cautioned, a federal court's "obligation" to hear and decide a case is "virtually unflagging." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). Parallel state-court proceedings do not detract from that obligation. See ibid.

*Id.* at 590-91. The existence of related state proceedings does not suffice to justify *Younger* abstention.

Nor does Defendants' challenge to Act 192 or Plaintiffs' challenge to Harrisburg's ordinances, both issues also raised in other cases. The Supreme Court recognized in *NOPSI*, "it has never been suggested that *Younger* requires abstention in deference to a state judicial proceeding reviewing legislative or executive action. Such a broad abstention requirement would make a mockery of the rule that only exceptional circumstances justify a federal court's refusal to decide a case in deference to the States." 491 U.S. at 368.

Even before *Sprint*, *Younger* abstention was inappropriate in removed cases. "Abstention under *Younger*, however, is inappropriate where a federal court has exclusive jurisdiction over a claim." *Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Associates*, 77 F.3d 1063, 1071 (8th Cir. 1996) (removed case). The Eleventh Circuit in *Maseda*, likewise rejected *Younger* abstention after removal:

> [W]e find the abstention doctrines inapplicable here. Since this case does not involve a situation where parallel proceedings in both state and federal court were appropriate, the notion of comity which entails proper respect for state functions is not directly presented. In

7

> this case, the state court proceedings were in defiance of
> the removal statute § 1446 since the state court
> proceedings were automatically stayed when the case
> was removed to federal court.

861 F.2d at n. 13 (distinguishing *Younger*).

*Younger* abstention is only appropriate where there are ongoing state proceedings and "the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings." *AmerisourceBergen v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007). Because removal ceases all state proceedings automatically under Section 1446, any "ongoing proceedings" are invalid. In addition, the possibility of a "race to judgment" on the state law preemption claims because of other cases does not require abstention. *Id.* at 1151.

Although an injunction would enjoin a state action *in this case*, the injunction only implements Section 1446's command that the state court proceed no further unless and until this Court remands this case. Accordingly, the "enjoining … state proceedings" element is not met. To hold otherwise would mean that *Younger* abstention applies in every removed case and allow plaintiffs to avoid removal whenever they see fit by continuing to litigate in state court despite removal and then claiming that the federal court must abstain because of their efforts.

**II.    This Court should vacate the default.**

**A.    <u>The state default is void.</u>**

Plaintiffs question whether defaults are disfavored. However, the Third Circuit's holdings are clear. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *U.S. v. $55,518.05*, 728 F.2d 192, 194–95 (3d Cir.1984); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 124 (3d Cir. 1983); *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir.1976).

This Court can set aside the state court default as void under Rule 60(b)(4). As explained, Plaintiffs cite no authority for the state's jurisdiction to enter default in a removed case absent remand, even where the Plaintiffs contest the propriety of removal. It is for this Court to decide whether removal was proper. Because this Court has not remanded, the state court lacked jurisdiction to enter default due to Section 1446. *Dukes*, 770 F.2d at 547; *Maseda*, 861 F.2d at 1251-53.

Plaintiffs argue that Defendants lack a meritorious defense. To the contrary, for the Second Amendment claim, Plaintiffs cannot cite a single decision holding a similar ordinance invalid whereas Defendants draw this Court's attention to a mountain of decisions upholding similar and more stringent restrictions. For the Pennsylvania Constitution claim, Plaintiffs have conceded that it is coextensive with the Second Amendment.

For the state law preemption claim, Plaintiffs have conceded that Act 192's

automatic standing and attorney fee provisions violate the Pennsylvania Constitution. Further, Plaintiffs have conceded that they do not show any imminent threat of prosecution as required to demonstrate standing for any of their claims.

It is clear that defense counsel inadvertently left Bullock off of the notice of removal caption. Indeed, defense counsel had already made the same prior error on the entries of appearance in the state court action. Obviously, defense counsel did not intend to only enter their appearance as to three out of four plaintiffs, especially considering the fact that Bullock asserts no independent causes of action separate from the other Plaintiffs.

Further, when notified of the error, Defendants took every possible action to rectify. Defendants moved to strike the 10 day default notices in state court, opposed remand in this Court, moved to amend the caption and cover sheet in this Court, and then moved to set aside the default in both courts after its entry on the state court docket. Given Defendants comprehensive motion to dismiss, Plaintiffs can hardly say that Defendants have not appeared in this case.

**B.    Plaintiffs violate Section 1446.**

Plaintiffs still cite no authority for their belief that a plaintiff who believes removal improper can continue litigating in state court in violation of Section 1446. Because Bullock's actions in state court are illegal under Section 1446, this Court can set aside the default under Rule 60(b)(3) for "misconduct by an opposing

party."

### C.    <u>**Plaintiffs' abandon their damages claim.**</u>

This Court can set aside the default under Rule 60(b)(5) because "applying [the judgment] prospectively is no longer equitable…" Plaintiffs now (after default) abandon their claim for damages in their briefs, but that is a reason to vacate the default. *Compare* Complaint p. 86 and state civil cover sheet (both claiming that Plaintiffs seek damages). In the praecipe for default, Bullock requested a trial on damages. Ex. 3. The default itself states that damages will be determined at trial. Ex. 4.

Indeed, default makes no sense now that Plaintiffs have abandoned their claim for damages. If Plaintiffs cannot obtain declaratory or injunctive relief by default, then Bullock has not prevailed. Bullock cannot prevail unless and until he obtains prospective relief in his favor. Accordingly, the default awarding attorney fees to him is inappropriate because he has not prevailed *on anything*.

### D.    <u>**This Court should reach the merits.**</u>

This Court can also aside the default under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." This Court should rule on the merits and not uphold a default based upon some hyper-technical interpretation of the propriety of removal, especially one without any judicial support. Plaintiffs still have not cited any judicial case holding that a caption error defeats removal or that

the caption of the notice of removal has any legal effect at all. Further, as explained in the opening brief, Plaintiffs continually violate the federal, state, and local rules of procedure themselves, and a strict application of the rules would prevent default as well.

### E.      Bullock suffers nothing.

To the extent Bullock complains of duplicitous proceedings, his claims are disingenuous. Bullock could have waited on this Court to rule on the motion to remand. Instead of doing that, Bullock saw an opportunity (not supported by any case law) to obtain a judgment with little-to-no effort, and he took it. Defendants have no choice but to seek relief.

Bullock will not be prejudiced if this Court lifts the default. Bullock does not claim that evidence has been lost. Rather, he simply claims that he doesn't want this Court to rule on his federal claims. Bullock did not have to bring federal claims subject to removal. It is unclear why he did, considering the fact that Plaintiffs cannot cite a single judicial decision that would support invalidating any of Harrisburg's ordinance on Second Amendment grounds.

Bullock's arguments appear to boil down to his expectation that he will lose his federal claims and would prefer to reach the merits on his state law preemption claims first, which he considers stronger. Being forced to litigate in federal court when he brought a federal claim is not prejudice. *J.K. ex rel. Kpakah v. CSX*

*Transp.*, 2014 WL 4632356, at \*3 (E.D. Pa. Sept. 16, 2014) (having to litigate merits is not prejudice).

**F.      This Court has power to rule.**

This Court has recognized its power over state issued defaults in removed cases. *Defillipis v. Dell Fin. Servs.*, 2014 WL 3921371, at \*2 (M.D. Pa. Aug. 11, 2014). Plaintiffs cite no cases to the contrary and give no reasons to doubt this holding. Contrary to Plaintiffs' claims, in a removed case, this Court treats defaults issued in state court under the same standards as defaults issued in this Court. *Id.*

*Budget Blinds v. White*, 536 F.3d 244, 258 (3d Cir. 2008), relied upon by Plaintiffs, reaffirmed that "default judgments are generally disfavored in our circuit." Nevertheless, the Court held that, in the case of 60(b)(6) "catch all" motions to set aside another court's judgment, the party seeking to open a default must also show extraordinary circumstances. *Id.* This case does not involve a prior proceeding in another court. The state case is the *same* case, which has been removed to this Court.

Moreover, as explained above, Defendants do not need to demonstrate extraordinary circumstances for defaults not raised under Rule 60(b)(6). In fact, *Budget Blinds* explicitly reaffirms the application of this liberal standard in 60(b)(1) context because of "mistake, inadvertence, surprise, or excusable neglect" and in the (b)(4) context for void judgments. *Id.* at 256-60 & n.15. *Budget Blinds*

did not address whether (b)(3) and (5) would require a higher standard as (b)(6) does, but nothing in its opinion suggests that the higher standard would apply under (b)(3) or (5).

Finally, the circumstances *are* extraordinary. Bullock disagrees with whether removal was proper and, instead of letting this Court rule on that issue, he jumped the gun and obtained a default against Defendants who clearly appeared in this litigation.

## G.       The *Rooker-Feldman* doctrine does not apply.

Plaintiffs cite no case law applying the *Rooker-Feldman* doctrine to permit a state court to continue proceedings after removal in violation of Section 1446. Plaintiffs cite two cases that are inapposite because they do not involve default judgements or removal, but rather involve subsequent federal proceedings brought by plaintiffs who first lost in state court. *See Thomas v. Miner*, 317 F. App'x 113, 115 (3d Cir. 2008) (habeas); *Pennsylvania v. Sixty Eight Thousand Nine Hundred Fifty Dollars in U.S. Currency*, 2014 WL 2605426 (W.D. Pa. June 10, 2014) (forfeiture). Plaintiffs do not cite any case applying *Rooker-Feldman* to limit a District Court's authority in a removed case.

Respectfully submitted,

Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
Pennsylvania Bar No. 42370

*s/ Joshua M. Autry*
Joshua M. Autry, Esquire
Pennsylvania Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

April 9, 2015

## **Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing through ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

<em>s/ Josh Autry</em>

Dated: April 9, 2015