IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock, | : | |
| Plaintiffs | : | Judge Kane |
| v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
| Defendants | : | Jury Trial Demanded |

**Reply Brief in Support of
Motion to Dismiss Federal Claims
And to Stay or Remand State Claims**

## I.    Plaintiffs' motion is a motion.

Plaintiffs argue that their self-titled "motion" is not a motion. This Court has

good reason to reject Plaintiffs' belated and self-serving position. Plaintiffs'

motion cites no legal authority, leaving the Clerk, this Court, and Defendants to

guess as to whether the motion is patently frivolous. Plaintiffs did not file a brief

and should not be able to obtain a Clerk default by filing a motion based upon

obscure legal theories without at least mentioning some authority.

Without a brief, Defendants cannot respond. Under the Local Rules,

Defendants' deadline to respond is triggered by Plaintiffs' brief. Under Plaintiffs'

view, Defendants must just sit idly by and wait to see what the Clerk does.

Plaintiffs place Defendants between a rock and a hard place. Defendants file this

motion to strike to protect themselves from a second baseless default.[1]

Plaintiffs made a conscious choice to not seek concurrence. The requirement

to seek concurrence prevents parties from abusive litigation practices and from

treating the rules of procedure as a minefield for the unwary. Defendants would

have easily sought leave to amend the motion to dismiss to avoid wasteful

litigation over such trivial matters. Defendants would have even filed their entire

5,000 word brief in numbered paragraphs as a "motion" to placate Plaintiffs.

## II.    **Defendants' motion to dismiss complies with the rules.**

Plaintiffs' ironically filed a default motion without citing any legal authority

asserting that Defendants' motion to dismiss needs more detail. Defendants'

motion to dismiss brief hit the word limit ceiling and fully explained their

arguments. Without any legal support, Plaintiffs appear to claim that Defendants

must mention every Plaintiff by name in the body of the motion to dismiss.

Defendants' motion to dismiss complies with the rules. The form motion to

dismiss in the Appendix to the rules is bare bones:

The defendant moves to dismiss the action because:

1. the amount in controversy is less than the sum or value
specified by 28 U.S.C. § 1332;

---

[1] Defendants opposed the state default in a motion to strike the 10 day notices, but
Bullock obtained the Prothonotary's default before Judge Dowling could rule.

2. the defendant is not subject to the personal jurisdiction of this court;

3. venue is improper (this defendant does not reside in this district and no part of the events or omissions giving rise to the claim occurred in the district);

4. the defendant has not been properly served, as shown by the attached affidavits of _____; or

5. the complaint fails to state a claim upon which relief can be granted.

FRCP Form 40. In compliance with Form 40, Defendants could have simply stated "the complaint fails to state a claim upon which relief can be granted."

Form 40 was added in 2007 and comports with modern practice. Parties often use brevity in motions for two reasons: 1) a moving party will develop their arguments in a brief, and 2) an opposing party files a response brief, not an answer, to the motion.[2] The motion to dismiss outlined Defendants' to-be-briefed arguments that Plaintiffs fail to state a claim for a violation of their right to bear arms or for state law preemption. The brief set forth the arguments in more detail.

Plaintiffs complain that Defendants collectively referred to them as "Firearms Owners" in the motion. Defense counsel used this shorthand as all individual Plaintiffs are firearm owners and members of Firearm Owners Against

_____

[2] Unlike motions, briefs do not come in an awkward numbered paragraph format. Briefs must contain sections for procedural history, facts, questions involved, argument, and relief. Lengthy briefs must also contain tables of contents and authorities to allow the reader to skip straight to relevant pages.

Crime; thus, "Firearm Owners" is descriptive of all Plaintiffs. Plaintiffs suffered no prejudice by the term as Defendants' positions are clear in the motion and brief.

Plaintiffs' cite to *Ricke v. Armco,* 158 F.R.D. 149, 150 (D.Minn. 1994). That Court found it "patently obvious" that the defendant sought to seek summary judgment, but found it inappropriate to convert the motion to dismiss into a summary judgment motion. *Ricke* has nothing to do with this case as Defendants do not seek summary judgment at this time. Further, *Ricke* did not enter a default, but permitted the defendant to answer the complaint. Plaintiffs simply cannot cite a single decision to support a default.

## III.    <u>Defendants did not default.</u>

Defendants motion and brief address *every* claim. Defendants argue that none of Plaintiffs' claims can stand. However, in the interests of prudence, Defendants ask this Court to postpone ruling on the preemption claim until the Commonwealth Court rules on the constitutionality of Act 192 in *Leach*.

The rules foreclose Plaintiffs' argument that Defendants should have filed a partial answer:

> (4) Effect of a Motion. Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action…

F.R.C.P. 12(a). "Clearly, the rules contemplate that any motion under Rule 12, whether it is to dismiss the entire Complaint or only portions of the Complaint, suspends the time for the moving defendant to respond to the remainder of the Complaint." *Justice v. Dimon*, 2011 WL 2183146 at *2 (W.D.N.C. June 6, 2011).

Plaintiffs' interpretation conflicts with the plain language of Rule 12(a)(4):

> Although neither the Rule nor the Advisory Committee Notes directly address whether time to answer is extended for unchallenged claims when a Rule 12(b) motion is filed as to only some claims, the court notes that the provisions of Rule 12(a) are cast in terms of "an answer" or "responsive pleading," as a whole, to a "complaint," "cross-claim," or "counterclaim," as a whole, not in terms of individual answers to separate counts or claims. *See* Fed.R.Civ.P. 12(a). Thus, there is a strong implication from the language of Rule 12(a)(4) itself that the rule extends the time to answer the complaint, as a whole, when a Rule 12(b) motion to dismiss is filed, even if the Rule 12(b) motion does not challenge all of the claims asserted in the complaint.

*Ideal Instruments v. Rivard Instruments*, 434 F. Supp. 2d 598, 638 (N.D.Iowa 2006). *See Brocksopp Eng'g v. Bach-Simpson*, 136 F.R.D. 485, 486 (E.D.Wis. 1991) ("Rule 12(a) seems clear to me").

"Plaintiff[s'] argument is meritless as most federal courts… have rejected the minority rule that the service of a Rule 12(b) motion as to only part of a complaint does not enlarge the time for answering the remaining portions of the complaint." *Pisgah Labs v. Mikart*, 2015 WL 996609, at *6 (W.D.N.C. Mar. 5,

2015). Plaintiffs' position would require piecemeal answers to complaints and

unnecessarily complicate proceedings:

> Interpreting Rule 12(a)(4) to allow a party to postpone
> filing a complete responsive pleading until fourteen days
> after the court rules on a partial motion to dismiss
> accords with Fed.R.Civ.P. 1, which directs courts to
> construe the Rules in a manner that will "secure the just,
> speedy, and inexpensive determination of every action
> and proceeding." Fed.R.Civ.P. 1. Indeed, requiring
> parties to file responsive pleadings in a piecemeal fashion
> would undoubtedly create "duplicative sets of pleadings
> in the event that the Rule 12(b) motion is denied" and
> would "cause confusion over the proper scope of
> discovery during the motion's pendency." 5B Wright &
> Miller, *Federal Practice and Procedure* § 1346 (3d ed.).
> Moreover, there does not seem to be any legitimate
> reason in the instant case to require Defendants to
> immediately respond to the claims in Plaintiff's
> Complaint that are not at issue in Defendants' Partial
> Motion to Dismiss.

*Compton v. City of Harrodsburg*, 287 F.R.D. 401, 402 (E.D.Ky. 2012).

Another Court explained, "Requiring the defendant to answer part of the

amended complaint now and part of the amended complaint later (should it survive

the motion to dismiss) would unnecessarily burden the defendant and the Court

with duplicative pleadings." *Low v. Chu*, 2009 WL 4892600 at *1 (N.D.Okla. Dec.

14, 2009). *See also Abbott v. Rosenthal*, 2014 WL 869421 (D.Idaho Mar. 5, 2014)

("Otherwise, a defendant would have to file an answer as to any claims not subject

to the motion to dismiss, only to file a second or amended answer later if the

motion is denied. The important goal of judicial efficiency compels the Court to

conclude that Defendants were not required to answer any part of the Complaint prior to the Court's decision on the partial Motion to Dismiss."); *Ideal Instruments*, 434 F. Supp. 2d at 639 ("it makes no sense to impose upon the parties some kind of "dual-track" litigation involving an answer and further proceedings on some claims, while other claims are subject to review on the motion to dismiss. The inefficiencies for both the parties and the court as well as the potential for confusion and unnecessary procedural convolutions posed by such "dual-track" litigation are obvious.").

       For these reasons, an overwhelming majority of courts has rejected Plaintiffs' position:

> Although some federal courts considering this issue have refused to apply Rule 12(a)'s enlargement of time provision in this context, the weight of the limited authority on this point is to the effect that the filing of a motion that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion.

Wright and Miller, 5B *Fed. Prac. & Proc. Civ.* §1346 (3d ed.). *See Intercom Ventures v. FasTV*, 2013 WL 2357621 at *7 (N.D.Ill. May 28, 2013) ("because the Defendants here filed a timely Rule 12(b)(6) motion that does not challenge all of Intercom's claims, Defendants are not required to file an answer to Count III until 14 days after the Court has issued this Order.").

The only case to the contrary cited by Plaintiffs is the now thirty-six year old decision of *Gerlach v. Michigan Bell*, 448 F. Supp. 1168, 1174 (E.D.Mich. 1978).[3] Plaintiffs conveniently fail to mention any of the nearly fifty cases mentioned herein rejecting their position.[4] On the other hand, only two courts have followed

---

[3] *Gerlach* mistakenly thought it was the first Court to rule on the question, but the Court in *Bus. Incentives v. Sony*, 397 F. Supp. 63, 64 (S.D.N.Y. 1975), ruled that a partial motion to dismiss completely tolls the deadline to answer.

[4] *See Ferk v. Mitchell*, 2014 WL 7369646 at n.1 (S.D.Fla. Dec. 29, 2014); *Gamble v. Boyd Gaming*, 2014 WL 1331034 at *4 (D.Nev. Apr. 1, 2014); *Johnson v. Pope*, 2013 WL 6500752 at *3 (E.D.N.C. Dec. 11, 2013); *Buckles v. Focus on Innovation*, 2013 WL 5305683, at *2 (M.D.Fla. Sept. 20, 2013); *Nat'l Cas. v. OneBeacon Am. Ins.*, 2013 WL 3335022 at *6 (D.Mass. July 1, 2013) *aff'd*, 744 F.3d 25 (1st Cir. 2014); *Dekom v. N.Y.*, 2013 WL 3095010 at *5 (E.D.N.Y. June 18, 2013) *aff'd*, 583 F.App'x 15 (2nd Cir. 2014); *Marie v. Red Cross*, 2013 WL 2417981, at *1 (S.D.Ohio June 3, 2013); *In re Vaughan Co.*, 477 B.R. 206, 226 (Bankr.D.N.M. 2012); *Saman v. LBDP*, 2012 WL 5463031 at n.1 (D.Md. Nov. 7, 2012); *Reddy v. Nuance Coms.*, 2012 WL 4470509 at *2 (N.D.Cal. Sept. 26, 2012); *Rawson v. Source Receivables*, 2012 WL 3835096 at n.1 (N.D.Ill. Sept. 4, 2012); *Sun v. Rickenbacker Collections*, 2012 WL 2838782 at *2 (N.D.Cal. July 10, 2012); *Talbot v. Sentinel Ins.*, 2012 WL 1068763 at *4 (D.Nev. Mar. 29, 2012); *ThermoLife v. Gaspari Nutrition*, 2011 WL 6296833 at *5 (D.Ariz. Dec. 16, 2011); *Barbagallo v. Marcum LLP*, 820 F.Supp.2d 429, 443 (E.D.N.Y. 2011); *Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009); *Aslani v. Sparrow Health*, 2009 WL 736654 at n.10 (W.D.Mich. Mar. 12, 2009); *La Plata Cnty. v. Brown Grp.*, 2008 WL 4527736 at *1 (D.Colo. Oct. 3, 2008); *Harrington v. Sprint*, 2008 WL 2228524 at *5 (E.D.Va. May 29, 2008); *Kent v. Geren*, 2008 WL 150060 at *1 (D.Colo. Jan. 11, 2008); *Beaulieu v. UWF*, 2007 WL 2020161 at *2 (N.D.Fla. July 9, 2007); *Shah v. KIK*, 2007 WL 1876449 at *1 (N.D.Ind. June 26, 2007); *Richter v. Corporate Fin.*, 2007 WL 1164649 at *2 (S.D.Ind. Apr. 19, 2007); *Pestube v. HomeTeam Pest*, 2006 WL 1441014 at *7 (D.Ariz. May 24, 2006); *Rosa v. Cal.*, 2005 WL 1899515 at *3 (E.D.Cal. Aug. 5, 2005) *aff'd* 259 F.App'x 918 (9th Cir. 2007); *Pushko v. Klebener*, 2005 WL 7460162 at *1 (M.D.Fla. June 10, 2005); *Bertaut v. Jefferson Parish*, 2002 WL 31528468 at *1 (E.D.La. Nov. 8, 2002); *Tingley Sys. v. CSC Consulting*, 152 F.Supp.2d 95, 122 (D.Mass. 2001); *Batdorf v. Trans Union*, 2000 WL 635455 at *5 (N.D.Cal. May 8, 2000); *Finnegan v. URMC*,

*Gerlach. See Bull HN Info. v. Am.Ex.,* 1990 WL 48098 at *5 (S.D.N.Y. Apr. 6,

1990); *Greater Buffalo Press v. Harris Corp.*, 1987 WL 18693 at *10 (W.D.N.Y.

Oct. 22, 1987). No Court has followed *Gerlach* in the last twenty-five years.

This Court should follow the lead of every court since the First Gulf War

and reject *Gerlach*. As one Court explained:

> [T]he *Gerlach* opinion, which notably did not cite any
> authority for its ruling, stands alone like an Appaloosa in
> a herd of Thoroughbreds, and this Court declines to
> follow its lead. Interestingly, the *Gerlach* court did not
> strictly adhere to its own ruling in the opinion, as the
> court declined to enter default judgment against the
> defendant on the claims that were not at issue in the
> motion to dismiss and, instead, allowed the defendant an
> extra ten days from the date of the opinion to file an
> answer.

*Compton*, 287 F.R.D. at 402. *See Godlewski v. Affiliated Computer Servs.*, 210

F.R.D. 571, 572 (E.D.Va. 2002) ("The *Gerlach* court's resolution of the issue under

the minority approach is, in this Court's opinion, unnecessarily formalistic at the

expense of sound policy and judicial economy.").

Moreover, granting Plaintiffs relief would elevate form over substance. One

Court explained, "default judgment is a drastic remedy available only when

---

180 F.R.D. 247, 249 (W.D.N.Y. 1998); *Oil Express v. D'Alessandro*, 173 F.R.D.
219, 220 (N.D.Ill. 1997); *Alex. Brown & Sons v. Marine Midland Banks*, 1997 WL
97837 at *7 (S.D.N.Y. Mar. 6, 1997); *Porter v. U.S. Army*, 1995 WL 461898 at *4
(N.D. Ill. July 17, 1995) *aff'd*, 99 F.3d 1142 (7th Cir. 1996); *Circuit City v. Citgo*,
1994 WL 483463 at *4 (E.D.Pa. Sept. 7, 1994); *Baker v. Universal Die Casting*,
725 F. Supp. 416, 420 (W.D.Ark. 1989).

circumstances truly warrant it. Granting such a judgment under these circumstances—particularly when the Defendants have clearly appeared and are defending the lawsuit—would be precipitous and would undoubtedly result in a swift reversal." *Brice v. Resch*, 2010 WL 4674031 at *1 (E.D.Wis. Nov. 9, 2010). *See Schwartz v. Berry Coll.*, 1997 WL 579166 at *1 (N.D.Ga. July 3, 1997) ("the Court has no trouble concluding that, even if Defendants' view of the Federal Rules is mistaken, Defendants had good cause (i.e., supportive authority from at least three federal courts) for their alleged default."); *FDIC v. Heidrick*, 812 F.Supp. 586, 591 (D.Md. 1991) *aff'd*, 995 F.2d 471 (4th Cir. 1993) ("this Court favors resolution of disputes on their merits rather than on procedural technicalities."); *Ricciuti v. NYC Transit  Auth.*, 1991 WL 221110 at *2 (S.D.N.Y. Oct. 3, 1991) ("the procedural complexity of this case could justify the delay or at least preclude the entry of default judgment."). Even *Gerlach* and its two followers refused to enter defaults on unanswered claims. Thus, Plaintiffs cannot cite any case to support a default.

Respectfully submitted,

Lavery Law

_s/ Frank J. Lavery_
Frank J. Lavery, Esquire
PA Bar No. 42370

_s/ Joshua M. Autry_
Joshua M. Autry, Esquire
PA Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245, Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor Papenfuse,
and Chief Carter

Date: April 15, 2015

## **Certificate of Service**

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

*s/ Aimee L. Paukovits*
Aimee L. Paukovits
Legal Secretary to Frank J. Lavery, Jr.,
Esquire and Josh Autry, Esquire

Dated: <u>April 15, 2015</u>