IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock, | : | |
| Plaintiffs | : | (Judge Kane) |
| v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
| Defendants | : | Jury Trial Demanded |

## <u>Motion for Sanctions</u>

All Defendants ask this Court to dismiss this action with prejudice:

1. Plaintiffs mislead either this Court, the state court, or both.

2. To oppose federal jurisdiction, Plaintiffs argue to this Court that they have no claim for damages, whereas, to support default, Bullock—represented by the same attorney—argues to the state court that he has a claim for damages.

3. This fraud cannot be tolerated.

4. This Court has the inherent power to supervise parties before it. *See In re Diet Drugs*, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005) (citing *Chambers v. NASCO,* 501 U.S. 32, 43 (1991)).

5. "Courts of justice are universally acknowledged to be vested,

by their very creation, with power to impose silence, respect, and

decorum, in their presence, and submission to their lawful mandates."

*Chambers*, 501 U.S. at 43 (quoting *Anderson v. Dunn*, 6 Wheat. 204,

227, 5 L.Ed. 242 (1821)).

6.     This inherent power predates the rules of procedure and was

not limited or supplanted by those rules. *Id.* at 43.

7.     This power includes the ability to impose sanctions to punish

abusive litigation practices, up to and including the extreme and drastic

measure of dismissal where warranted by egregious behavior. *Diet*

*Drugs*, 381 F. Supp. 2d at 425 (citing *Roadway Exp. v. Piper*, 447 U.S.

752, 765 (1980)).

8.     The Third Circuit has set forth the following factors to

determine what sanction is appropriate:

> (1) the extent of the party's personal
> responsibility; (2) the prejudice to the adversary
> …; (3) a history of dilatoriness; (4) whether the
> conduct of the party or the attorney was willful or
> in bad faith; (5) the effectiveness of sanctions
> other than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness
> of the claim or defense.

*Poulis v. State Farm*, 747 F.2d 863, 868 (3d Cir.1984).

9.     "[N]ot all of the *Poulis* factors need be satisfied in order to

dismiss a petition." *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992).

10.   For the first factor, there currently exists no reason to believe that the parties lack responsibility for the misrepresentations.

11.   The second factor weighs in favor of dismissal as well.

12.   Defendants have suffered as a result of Plaintiffs' fraud in that Bullock obtained a default in state court, and Defendants have had to litigate this matter in two forums.

13.   If Bullock lacks a claim for damages, then the default makes no sense.

14.   Plaintiffs have conceded in this action that Bullock cannot obtain a default for declaratory or injunctive relief.

15.   Accordingly, Bullock has no entitlement to attorney fees at this point because he has not yet prevailed.

16.   Bullock will not prevail unless and until he obtains a ruling in his favor on the merits.

17.   Defendants also relied on this representation—that Plaintiffs lack a claim for damages—in their reply briefs before this Court. *See* Doc. 28 p. 20, Doc. 30 p. 11.

18.    Further, in cases like this, predicated on a fraud on the Court, this Court should also consider "the impact on the judicial system and the threat to the integrity of the courts." *Diet Drugs*, 381 F. Supp. 2d at 425 (quoting *Derzack v. Allegheny County,* 173 F.R.D. 400, 414 (W.D.Pa.1996)).

19.    This Court recently agreed:

> As noted by the United States Supreme Court:
>
> ... tampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot complacently be tolerated consistently with the good order of society."
>
> *Hazel–Atlas Glass Co. v. Hartford–Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997, 88 L.Ed. 1250 (1944), *overruled on other grounds, Standard Oil v. United States*, 429 U.S. 18 (1976).
>
> In dismissing this case, the Court ensures that litigants who avail themselves of the Court's jurisdiction, conduct themselves according to the rules of the court and within the orderly administration of justice. More importantly, dismissal is warranted here because it is "sufficient to deter repetition of the misconduct or to deter similar conduct by third parties." *Jimenez v. Madison Area Technical Coll.*, 321 F.3d 652, 657 (7th Cir.2003).

*Stafford v. DeRose*, 2015 WL 1499833, at *3-4 (M.D. Pa. Apr. 1, 2015).

4

20.     Plaintiffs' egregious misconduct warrants such a sanction here.

21.     The third factor weighs in favor as well.

22.     Plaintiffs have repeatedly abused the litigation process.

23.     Bullock continued in state court without letting this Court rule on remand and whether removal was proper, duplicating the proceedings.

24.     In state court, Bullock obtained a default from the Prothonotary before the state court could rule on Defendants' motion to strike Bullock's 10 day default notices.

25.     Plaintiffs still cannot cite any contrary authority to dispute Defendants' arguments that 1) the caption and cover sheet errors have no legal effect, 2) that the errors violated no rule of procedure, 3) that removal brings an entire case to federal court and not simply certain claims and parties, or 4) that this Court, not the state court, must decide whether removal was proper.

26.     For the fourth factor, "It is hard to imagine a more willful act than perpetrating a fraud on the court by submitting knowingly falsified documents." *Stafford*, 2015 WL 1499833, at *4.

5

27.     The misstatement by Plaintiffs appears purposeful and in bad faith: to either deceive 1) the state court into upholding default due to a claim for damages, 2) this Court into declining jurisdiction due to the lack of any damages claim, or 3) some combination thereof.

28.     Turning to the fifth factor, the punishment fits the crime.

29.     "[I]n a case of a fraud upon the court such as this, any sanction short of dismissal may be 'inherently inadequate to remedy the harm to the public interest in preserving the integrity of the courts, and in deterring future misconduct on the part of other litigants.'" *Stafford*, 2015 WL 1499833, at *5 (quoting *Derzack*, 173 F.R.D. at 417).

30.     Dismissal is necessary to make an example of Plaintiffs for this outrageous disregard for the integrity of this Court and the state court.

31.     This Court should punish Plaintiffs and deter others from similar behavior from other litigants.

32.     Specifically, this Court should set aside the default obtained by fraud and dismiss this action with prejudice and award attorney fees to Defendants, a number that is continually rising from this duplicitous litigation. *See Chambers,* 501 U.S. at 45-46 (courts also have inherent

authority to assess attorney fees against parties who perpetuate fraud upon court).

33.    Defendants believe that a monetary sanction alone will not sufficiently deter Plaintiffs or others so inclined to deceive courts for their own benefit.

34.    Nevertheless, in the alternative, Defendants request attorney fees alone if this Court determines that a monetary sanction alone will suffice.

35.    As for the sixth factor, the state and federal constitutional claims are frivolous.

36.    To date, despite ample opportunity to do so, Plaintiffs cannot cite a single court nationwide to strike down a similar ordinance as violating the right to bear arms.

37.    Nor do Plaintiffs attempt to distinguish any of the cases cited by Defendants holding that such laws are reasonable and permissible restrictions.

38.    For all claims, Plaintiffs do not show any threat of immediate prosecution to show standing.

39.    Plaintiffs claim automatic standing for the state law

preemption claim under Act 192, but Plaintiffs have not even attempted to defend the constitutionality of that statute as it clearly violates the single subject and original purpose rules in Pennsylvania's Constitution.

40. In any event, dismissal would be appropriate even if this Court finds that Plaintiffs' claims have merit:

> Nonetheless, dismissal is appropriate because a fraud upon the court "goes to the very heart of our judicial system." *In re Diet Drugs*, 381 F.Supp.2d 421, 426 (E.D.Pa.2005). Fraud on the Court is also a much more serious offense than a party's failure to meet court-imposed deadlines and other procedural requisite as was present in *Poulis. Id.* at 425. *See also Derzack*, 173 F .R.D at 412–13 (exhaustively listing cases where litigants attempted to perpetrate a fraud on the court by fabricating evidence and dismissal was found to be an appropriate sanction.) By foisting this fabricated statement on the Court, Plaintiff attempted to mislead and improperly influence the judicial system's ability to adjudicate the matter. This factor therefore weighs in favor of dismissal.

*Stafford*, 2015 WL 1499833, at *5

41. In *Stafford*, this Court dismissed a prison excessive force action that survived summary judgment where this Court learned before trial that the plaintiff had falsely submitted a witness statement.

42.    The witness was ultimately favorable to plaintiff's case, but this Court found that the plaintiff wrote the witness statement himself and altered the witness's would-be testimony.

43.    In *Diet Drugs*, 381 F. Supp. 2d at 426, the Eastern District dismissed an action where the plaintiff submitted a fabricated prescription record as an attachment to the complaint.

44.    The same principles fully apply here.

45.    Plaintiffs cannot reconcile their contradictory statements.

46.    In his April 13th brief to the state court, attached as exhibit 1 to the brief in support of this motion, Bullock—represented by the same attorney as the other Plaintiffs—stated, "Plaintiffs' Request for Relief only includes monetary damages under Section 6120(a.l) and under 42 U.S.C. § 1983."

47.    However, before this Court, Plaintiffs argued on March 23rd, March 26th, and April 3rd that they have never sought damages.

48.    On April 3rd, Plaintiffs argued to this Court, "In this action, none of the plaintiffs seek an award of damages …" Doc. 27 p. 12-13.

49.    In a footnote, Plaintiffs reiterated: "The Complaint expressly seeks declaratory and injunctive relief only, emphasizing the

9

unavailability of money damages as one of the bases for injunctive relief, and the only mention of the possibility of relief that would require payment by the Defendants is for reasonable costs and attorney fees. 'Attorneys' fees are not properly viewed as a form of consequential damages – or damages at all.' *Atlantic City Assoc., LLC v. Carter & Burgess Consultants, Inc.*, 453 Fed. Appx. 174, 181 (3d Cir. 2011). As a result, the concern Defendants raise (Doc. 11, p. 14) regarding 'duplicative recoveries' is inapplicable." *Id.* p. 13 n. 9.

50.    Plaintiffs made these same arguments again to this Court on March 23rd. *See* Doc. 21 p. 10 & n. 7.

51.    Plaintiffs emphasized: "The only argument Defendants raise (Doc. 11, p. 14) against such a course of action [abstention] rests on the mistaken premise that Plaintiffs seek an award of damages. Examination of the Complaint demonstrates that is not the case." *Id.* at 17.

52.    On March 26th, Plaintiffs stated to this Court, "This is not a suit for damages; rather, as stated in both the introduction to the Complaint and the Request for Relief, this is a suit for declaratory and injunctive relief." Doc.  23 p. 27.

53.   In another filing that same day, Plaintiffs explicitly stated that Bullock has no claim for damages either: "The only defense they even attempt to put forward (Doc. 15, p. 6) relates only to the federal cause of action and is not even applicable in that context as Bullock (and the captioned-Plaintiffs) seek only declaratory and equitable relief, not an award of damages. See Doc. 21, pp. 10 n.7, 12." Doc. 25 p. 16.

54.   Plaintiffs' statements cannot be reconciled.

55.   Either they sought damages (as Bullock claims to the state court to support default), or they did not (as Plaintiffs claim to this Court to oppose federal jurisdiction).

56.   Defense counsel sought concurrence form Plaintiffs' counsel, but has not yet heard back. Because of the relief sought, Defendants assume that Plaintiffs oppose this motion.

Because of Plaintiffs' fraud, this Court should vacate the state default, dismiss this action with prejudice, and award attorney fees to Defendants.

Respectfully submitted,


Lavery Law

*s/ Frank J. Lavery*
Frank J. Lavery, Esquire
PA Bar No. 42370

*s/ Josh Autry*
Josh Autry, Esquire
PA Bar No. 208459
225 Market Street, Suite 304
P.O. Box 1245
Harrisburg, PA 17108-1245
(717) 233-6633 (phone)
(717) 233-7003 (fax)
flavery@laverylaw.com
jautry@laverylaw.com
Attorneys for Harrisburg, Mayor
Papenfuse, and Chief Carter

Dated: May 4, 2015

## Certificate of Service

I certify that on this date, I served a true and correct copy of this

filing through this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

> *s/ Amyra W. Wagner*
> Amyra W. Wagner
> Legal Assistant to Josh Autry

Dated: May 4, 2015