**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FIREARM OWNERS AGAINST CRIME, et al., Plaintiffs** | : | **No. 1:15-cv-00322** |
| **v.** | : | **(Judge Kane)** |
| **CITY OF HARRISBURG, et al., Defendants** | : | |

**MEMORANDUM**

Before the Court are five motions: Plaintiffs' motion for entry of default (Doc. No. 8); Defendants' motion to amend or correct the notice of removal and civil cover sheet (Doc. No. 12); Defendants' motion to vacate default judgment and enjoin the state court (Doc. No. 14); and Defendants' motion to strike Plaintiffs' motion for entry of default[1] (Doc. No. 16). For the reasons that follow, the Court will deny Plaintiffs' motion for entry of default (Doc. No. 8); deny as moot Defendants' motion to strike the motion for default (Doc. No. 16); grant Defendants' motion to amend their notice of removal (Doc. No. 12); and grant in part Defendants' motion to vacate the state court default and enjoin further state court action (Doc. No. 14).

## II. BACKGROUND

This case concerns challenges under state and federal law to a series of gun ordinances enacted by Defendant City of Harrisburg. (Doc. No. 1-1.) However, the present memorandum and order do not concern the substance of Plaintiffs' challenge to the ordinances, but are instead

[1] Also pending on the docket are Defendants' motion to dismiss for failure to state a claim (Doc. No. 4) or Plaintiffs' motion to remand to state court (Doc. No. 5). The Court does not address those motions in the present memorandum or order, and they will remain on the docket until a later disposition.

addressed to a clerical error that precipitated a battery of procedural motions.

On January 16, 2015, four plaintiffs, Firearm Owners Against Crime, Kim Stolfer, Joshua First, and Howard Bullock, filed a complaint against Defendants City of Harrisburg, Mayor Eric Papenfuse, and Police Chief Thomas Carter in the Court of Common Pleas for Dauphin County, Pennsylvania. (Doc. No. 1-1 at 4; Dauphin County Court of Common Pleas Docket Sheet, 2015-CV-00354-EQ, at 3.) On February 13, 2015, Defendants removed that action to this Court on the grounds that Plaintiffs' claim under the United States Constitution confers federal question subject matter jurisdiction on this Court. (Doc. No. 1 at 1-2.) In their removal documents, however, Defendants listed only three of the four plaintiffs on their notice of removal and civil cover sheet, omitting Howard Bullock. (Doc. No. 1 at 1.) Evidently, Defendants repeated this error in their notice filed with the Dauphin County Court of Common Pleas. (Dauphin County Court of Common Pleas Docket Sheet, 2015-CV-00354-EQ, at 4.) However, Plaintiff Bullock is listed in the original state court complaint that Defendants furnished to this Court with their notice of removal. (Doc. No. 1-1 at 4.) Defendants filed their substantive motion to dismiss Plaintiffs' federal claims on February 20, 2015, and Plaintiffs responded with their own motion to remand this action back to the state court on February 22, 2015. (Doc. Nos. 4, 5.) In their motion to remand, Plaintiffs alerted Defendants for the first time to the omission of Plaintiff Bullock from their removal documents. (Doc. No. 3 ¶¶ 1-10.) Due to this omission, Plaintiffs argue that "Defendants are now precluded from removing Howard Bullock, pursuant to 28 U.S.C. § 1446." (Id. ¶ 9.)

On February 27, 2015, Plaintiffs separately asked this Court to enter default against Defendants based on alleged deficiencies under Federal Rule of Civil Procedure 8 in

Defendants' filings with the Court – deficiencies unrelated to the clerical error in the notices of removal.[2] (Doc. No. 8.)

Meanwhile, despite removal, Plaintiff Howard Bullock, who was not listed by name in the removal documents, sought and received a default judgment against Defendants in the Dauphin County Court of Common Pleas on March 3, 2015. (Dauphin County Court of Common Pleas Docket Sheet, 2015-CV-00354-EQ, at 4.) In that action, Plaintiff Bullock is represented by the same counsel, Joshua Prince, who is listed for his co-Plaintiffs before this Court. Attorney Prince also verified Plaintiff Bullock's complaint before the state court. (Doc. No. 1-1 at 93.) Defendants are contesting the default rendered against them before the state court, and they also filed motions with this Court on March 12, 2015, (1) for leave to amend their notice of removal and (2) for an order to vacate the state court default and enjoin the state court from further action. (Doc. Nos. 12, 14.) On March 16, 2015, once Plaintiffs' time to file a brief in support of their motion for entry of default with this Court had elapsed with no brief filed, Defendants filed a motion to strike Plaintiffs' motion for entry of default for failure to comply with local briefing rules. (Doc. No. 16.)

## II. DISCUSSION

The Court addresses the motions in two groups, beginning with Plaintiffs' motion for default (Doc. No. 8), and Defendants' motion to strike it (Doc. No. 16). The Court then

[2] Specifically, Plaintiffs seek default in federal court because "[n]owhere within Defendants' Motion to Dismiss do Defendants use the word 'Plaintiff' or 'Plaintiffs' [and] [t]he only entity referenced in relation to Defendants' Motion to Dismiss is 'Firearm Owners,' which is neither a Plaintiff in this matter nor defined anywhere within their pleading. Accordingly, Defendants have not filed a motion to dismiss in relation to any of the Plaintiffs in this matter." (Doc. No. 8 ¶¶ 7-10.)

addresses Defendants' motions to amend their notice of removal (Doc. No. 12), and Defendants' motion to vacate and enjoin state court proceedings (Doc. No. 14).

**A. Motions for default and to strike**

Plaintiffs seek default because Defendants failed to refer to Plaintiffs by name in their motion to dismiss. (Doc. No. 8 ¶¶ 8-10) ("Nowhere within Defendants' Motion to Dismiss do Defendants name any of the Plaintiffs – FOAC, Kim Stolfer or Joshua First[.] The only entity referenced in relation to Defendants' Motion to Dismiss is 'Firearm Owners,' which is neither a Plaintiff in this matter nor defined anywhere within their pleading.") Plaintiffs did not follow their motion filing with a brief in support, and Defendants did not file any opposing papers. Instead, Defendants filed a motion to strike Plaintiffs' motion once the briefing schedule had elapsed. (Doc. No. 16.)

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A motion to dismiss under Federal Rule of Civil Procedure 12 unquestionably precludes the entry of default as to the filer of the motion pending the court's disposition of the motion. See Fed. R. Civ. P. 12(a)(4)(A). In addition, a motion must be "in writing unless made during a hearing or trial;" must "state with particularity the grounds for seeking the [court] order;" and must "state the relief sought." Fed. R. Civ. P. 7(b).

Plaintiffs have raised a technical ground for seeking default, arguing that Defendants' motion was not effective as to Plaintiffs because it did not mention each Plaintiff by exact name. (Doc. No. 8 ¶¶ 8-10.) The Court disagrees, and finds that Defendants have not "failed to plead

or otherwise defend" as a prerequisite for the entry of default. There is no indication that Plaintiffs' substantive positions differ from each other at all, there are no other parties to whom the motion could have been addressed, and Defendants' motion and brief contain arguments addressed to both the entity Plaintiff and the natural person Plaintiffs. (E.g., Doc. Nos. 4 ¶¶ 2, 7; 10 at 16-18.) In addition, even were the entry of default proper, a default judgment based on the alleged deficiencies with Defendants' motion would not be warranted. Courts in this circuit weigh the so-called Poulis factors when considering entering default judgment or lifting a judgment already entered. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912, 919 (3d Cir. 1992). Those factors are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party of the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. (citing Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868-870 (3d Cir. 1984)). In this case, Defendants have not been dilatory: their removal and motion were timely, as have been all of their supporting and opposing briefs. In addition, the somewhat imprecise names in their motion work no prejudice on Plaintiffs, as this alleged deficiency created no confusion as to the global nature of the motion. There is no reason to suspect bad faith. In sum, Plaintiffs have not demonstrated that the entry of default under Federal Rule of Civil Procedure 55(a) was warranted initially, and even if such a showing had been made, the entry of default would not have led to a default judgment. Accordingly, the Plaintiffs' motion for entry of default will be denied, and Defendants' motion to strike Plaintiffs' motion will be denied as moot.

**B. Motions to vacate and enjoin state court and to amend notice of removal**

In their two motions related to removal, Defendants ask this Court to: (1) permit an amendment their notice of removal to properly reflect all four of the plaintiffs in this action; (2) vacate the default judgment entered against them in the lingering state court case; and (3) enjoin the state court from further action. (Doc. Nos. 12, 14.) Plaintiffs counter that there is no legal support for this Court's authority to vacate the state court default, and that the Anti-Injunction Act, 22 U.S.C. § 2283, along with the Younger abstention doctrine and principles of comity and equity counsel against enjoining further state court action. (Doc. No. 25 at 11-23.)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. It is also beyond question that "under removal practice, the entire lawsuit is removable or not removable, not merely the claims against particular defendants."[3] Brown v. Jevic, 575 F.3d 322, 329 (3d Cir. 2009) (quoting Lowery v. Ala. Power Co., 483 F.3d 11184, 1197 (11th Cir. 2007)). Once a defendant has complied with removal procedures, the federal court to which an action has been removed determines the propriety of the removal and must remand the action to the state system if it finds removal was improper. See Batoff v. State Farm Ins. Co., 977 F.2d 848, 851-852 (3d Cir. 1992); see also Lewis v. C.J.

---

[3] Similarly, a defendant may not remove an action vis-a-vis one plaintiff, while opting to keep another plaintiff's action pending in the state court. See 28 U.S.C. § 1441. To borrow an illustration from an adjacent doctrine, absent a specific congressional enactment to the contrary, federal diversity subject matter jurisdiction requires the complete diversity of parties. 28 U.S.C. § 1331. Where a plaintiff names a non-diverse party such that there is no diversity jurisdiction on the face of the complaint, a defendant must either proceed with the case in state court, or remove the entire action to federal court and seek a ruling from the federal court that the non-diverse party was "fraudulently" joined. See Brown, 575 U.S. at 326-328. A defendant may not remove only those plaintiffs who are diverse.

Langenfelder & Son, Jr., Inc., 587 S.E.2d 697, 700 (Va. 2003) ("Only a federal court may determine whether a case has been improperly removed."). Whether a jurisdictional allegation in a notice of removal is defective is also a question for the federal court upon removal. 28 U.S.C. § 1963.

As only entire actions may be removed, the parties to a lawsuit that has been removed to federal court are necessarily identical, at least initially, to the parties from the state court action at the time of removal. The threshold question is therefore whether Defendants' notice of removal was sufficient to remove the state court action at all, because if the notice was sufficient, it was necessarily effective as to all parties.[4] The federal removal statute mandates that compliance with removal procedures "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). The statute informs parties of what must be filed in the federal removal court:

> "A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending [(1)] a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with [(2)] a copy of all process, pleadings, and orders served upon such defendant or defendants in such action . . . . Promptly after the filing of such notice of removal of a civil action the defendant or defendants [(3)] shall give written notice thereof to all adverse parties and [(4)] shall file a copy of the notice with the clerk of such State court . . . ."

28 U.S.C. §§ 1446(a), 1446(e). In the present case, Defendants furnished this Court with a signed notice of removal that identified Plaintiffs' Second Amendment claim as the basis for

[4] It follows that a defective notice of removal is defective as to all parties. Plaintiffs have not taken the position that the removal procedures in this case were defective as to all parties, maintaining instead that only Plaintiff Bullock's claims remain in state court. (See Doc. No. 6 at 5-6.)

federal question jurisdiction, satisfying the first (1) of Section 1446's requirements. (Doc. No. 1.) In addition, Defendants furnished the Court with the complete record of state court proceedings, including the unaltered original complaint that listed all four of the present plaintiffs, satisfying the second (2) of Section 1446's requirements. (Doc. No. 1-1.)

Similarly, there can be little doubt that Plaintiffs, including Plaintiff Bullock, received notice of the removal, because it was provided to Plaintiffs' common counsel.[5] (Doc. No. 1 ¶ 6); see also Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party."). There is also no doubt that Defendants filed a copy of the notice of removal with the Dauphin County Court of Common Pleas: the state court docket sheet contains an entry indicating that the case was transferred to this Court.[6] (Dauphin County Court of Common Pleas Docket Sheet, 2015-CV-00354-EQ, at 4.) In addition, Plaintiffs do not dispute that the notice of removal was effective as to three of the four named plaintiffs from the state court action. (See Doc. No. 5 ¶¶ 8-9) ("[A]ll of Howard Bullock's claims against the Defendants remain pending before the Dauphin County Court of Common Pleas . . . . Defendants' rationale for only removing [Plaintiffs Firearm Owners Against Crime, Kim Stolfer, and Joshua First] in this matter is unknown[.]"). As discussed above, removal is generally effective as to all plaintiffs when it is effective as to one,

---

[5] There is also ample authority to establish that actual notice, rather than formal service, is all that is required for a notice of removal to an adverse party. See 4 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3735 n.2 (collecting cases).

[6] The docket sheet reflects that the notice of removal named "Firearm Owners Against Crime, Kim Stolfer & Joshua First (only)[.]" (Dauphin County Court of Common Pleas Docket Sheet, 2015-CV-00354-EQ, at 4.) However, as discussed above, federal law permits the removal only of entire cases.

and certainly when all of the plaintiffs share the same attorney. As a result, the Court finds that Defendants' notice of removal was effective as to all parties, all Plaintiffs (including Howard Bullock) are therefore parties in the present suit, and the Dauphin County Court of Common Pleas ceased to have jurisdiction over the entire action when the notices required by Section 1446 were filed. Having answered that threshold question, the Court turns to Defendants' specific motion requests.

**1. Motion to amend civil cover sheet and notice of removal**

Defendants have moved for leave to amend their administrative documents to correct their error in failing to list Howard Bullock amongst the Plaintiffs. (Doc. No. 12.) The United States Court of Appeals for the Third Circuit has suggested that a district court may permit amendment of a notice of removal under its statutory authority pursuant to 28 U.S.C. § 1653, or through its equitable authority. A.S. ex rel. Miller v. SmithKline Beecham Corp., 769 F.3d 204, 213-215 (3d Cir. 2014) (citing Scarborough v. Principi, 541 U.S. 401, 417-418 (2004)). The Court has characterized Defendants' omission of Plaintiff Bullock's name from the civil cover sheet and notice of removal as a clerical error, however careless or egregious. As the Court explained above, the notice of removal was effective, even as to Plaintiff Bullock. Because allowing the amendment will have no substantive effect on this litigation, the Court will permit Defendants' to amend their notice of removal. This will also be allowed as to their civil cover sheet, because, as other courts in this circuit have recognized, civil cover sheets are administrative tools with no substantive legal effect. See Hare v. H & R Indus., Inc., 2000-4533, 2001 WL 722514, at *1 (E.D. Pa. June 26, 2001) (collecting cases). Consequently, Defendants' motion to amend will be granted.

**2. Motion to enjoin**

Defendants have also asked the Court to enjoin the state court case that has proceeded to default even after this case was removed. (Doc. No. 14.) Federal courts may only enjoin state court action when the circumstances fit within an exception to the otherwise proscriptive Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act permits federal courts to enjoin state court action in three circumstances: (1) where Congress has expressly authorized the injunction; (2) where an injunction is necessary to preserve the federal court's jurisdiction; and (3) where an injunction is necessary to preserve or effectuate the federal court's judgments. 28 U.S.C. § 2283. These circumstances are exceedingly narrow, and "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy." In re Diet Drugs, 282 F.3d 220, 233 (3d Cir. 2002). However, the removal statute explicitly mandates that once removal has been effected, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). As a result, courts consistently treat Section 1446 as explicit congressional authorization to enjoin further state court action in cases that have been removed to federal court. Mitchum v. Foster, 407 U.S. 225, 234 (1972); see also Davis Int'l, LLC v. New Start Grp. Corp., 488 F.3d 597, 605 (3d Cir. 2007). As explained above, Defendants' notice of removal was effective as to all plaintiffs in the state court action, including Plaintiff Bullock. Accordingly, despite Defendants' error and Plaintiff Bullock's ensuing misadventure seeking a default in state court, an injunction will issue enjoining further proceedings in the state court

case docketed as 2015-CV-00354-EQ, unless and until this action is remanded.[7]

## III. CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' motion for entry of default (Doc. No. 8); deny as moot Defendants' motion to strike the motion for default (Doc. No. 16); grant Defendants' motion to amend their notice of removal (Doc. No. 12); and grant in part Defendants' motion to vacate the state court default and enjoin further state court action (Doc. No. 14). An order consistent with this memorandum follows.

[7] Having enjoined further action, the Court will not at this time grant Defendants' request that the Court vacate the default judgment rendered against them in the Dauphin County Court of Common Pleas. The Court may revisit the issue of the state default in the future, if necessary. See Master Equip., Inc. v. Home Ins. Co., 342 F. Supp. 549, 552 (E.D. Pa. 1972); Lawrence v. Chancery Ct. of Tenn., 188 F.3d 687, 692 93 (6th Cir. 1999).