# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Firearm Owners Against Crime,** | : | |
| **Kim Stolfer, Joshua First,** | : | No. 1:15-cv -322 |
| **and Howard Bullock,** | : | |
| Plaintiffs | : | |
| | : | **Honorable Yvette Kane** |
| v. | : | |
| | : | |
| **City of Harrisburg, Mayor Eric** | : | |
| **Papenfuse, and Police Chief Thomas** | : | **Jury Trial Demanded** |
| **Carter,** | : | |
| Defendants | : | |

## PLAINTIFF'S MOTION FOR LEAVE
## TO AMEND THE COMPLAINT

Plaintiffs Firearm Owners Against Crime ("FOAC"), Kim Stolfer, Joshua First, and Howard Bullock (collectively "Plaintiffs"), by and through their counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this Motion for Leave to Amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) and seek leave of the Court solely for permission to remove apparently-confusing text to clarify the record.[1]

---

[1] Because of the extremely limited nature of the proposed amendment, it would appear that there is no reason for the Defendants to re-file their motion to dismiss (Doc. 4) which is now fully briefed (Docs. 10, 23, 28). Plaintiffs advised the Defendants of their position on this matter in advance of filing this motion (so as to alleviate concern about delaying consideration of the motion to dismiss) but could not obtain concurrence.

1. The Plaintiffs brought suit in State court challenging certain local ordinances against three defendants (captioned above and referenced herein collectively as "Defendants") who adopted or are responsible for enforcing those ordinances.

2. The Complaint (Doc. 1-1) was titled: "Complaint for Declaratory Judgment and Injunctive Relief from the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances" (Doc. 1-1).

3. The proposed order accompanying the Complaint contained findings in its first two paragraphs, declared the ordinances unlawful in the next four paragraphs, enjoined the enforcement of the ordinances in the next two paragraphs, and in the final paragraph provided for consideration of attorneys' fees and costs; it did not propose the award of any damages.

4. Exclusive of exhibits and attachments, the Complaint spanned 87 pages and included 473 numbered paragraphs of averments.

5. Each of the 29 counts were titled either as seeking declaratory relief (Doc. 1-1, counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 26, 28) or injunctive relief (Doc. 1-1, counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 27, 29).

6. Repeatedly, at the close of each and every one of the 29 counts, Plaintiffs presented a list of four lettered elements of relief [2] that addressed requested declaratory and injunctive relief as well as an award of reasonable attorneys' fees and costs but which made no mention of damages.[3]

7. All Defendants joined in a timely Notice of Removal (Doc. 1).

8. In addition to other bases, Defendants' Motion to Dismiss presented defenses pertinent to a request for damages that would not be applicable to declaratory and injunctive relief (Doc. 4 ¶ 12).

9. Defendants' brief in support of their motion addressed those defenses (Doc. 10, pp. 20-22).

10. Plaintiffs' brief in opposition to that motion explained that Plaintiffs did not seek damages and that the sole monetary relief contemplated was an award of attorneys' fees and costs (Doc. 23, pp. 26-27, 30).

---

[2]  A fifth lettered request sought only a finding to support the subsequently identified elements of relief.

[3]  The precise language requests that the Court direct the Defendants "pay reasonable expenses" "including attorney fees and costs" together with citation to the appropriate authority for the Court to do so.  For example, with regard to the counts relying upon the Second Amendment, brought under 42 U.S.C. section 1983, the request for relief identified 42 U.S.C. section 1988.

11. In reply, Defendants asserted that Plaintiffs "abandon their claim for damages and concede that they cannot lawfully seek damages" (Doc. 28, p. 20).

12. In the reply brief supporting the Motion to Dismiss, for the first time Defendants identified the language in the Complaint that they understood as requesting damages other than an award of attorneys' fees and costs (Doc. 28, p. 20).

13. So as to remove any basis for confusion and to assure Defendants that Plaintiffs seek no damages beyond an award of attorneys' fees and costs, Plaintiffs now propose to amend the complaint solely for the purpose of removing the one line of text that is of concern to Defendants.[4]

14. Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings prior to trial.  Plaintiffs do not assert a right to amend the Complaint as a matter of course under Rule 15(a)(1).

15. Consequently, the proposed amendment is permitted either "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

16. Plaintiffs provided Defendants with a written description of the proposed amendment, assurances that Plaintiffs would advise this Court that the

---

[4] Also pending before this Court at this time is Defendants' Motion for Sanctions (Doc. 32).  Plaintiffs will file a separate response in opposition to that motion.

amendment should not side-track consideration of Defendants' already-briefed motion to dismiss, and Plaintiffs' agreement to accept the previously-filed motion to dismiss as a timely response to the Amended Complaint.

17. Nonetheless, Defendants declined to provide written consent to the amendment thereby necessitating this Motion for Leave to Amend.

18. Consistent with Local Rule 15.1, a copy of the Amended Complaint is attached hereto as Exhibit A and a marked version, reflecting the changes to the original Complaint is attached as Exhibit B.

Wherefore, Plaintiffs respectfully request that this Honorable Court grant their Motion for Leave to Amend and direct the Clerk of Court to file the Amended Complaint of record.

Respectfully Submitted,

PRINCE LAW OFFICES, P.C.

DATED: May 14, 2015

_____
Joshua Prince, Esq.
PA ID 306521
*Attorney for Plaintiffs*

PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com