IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Firearm Owners Against Crime,** | : | |
| **Kim Stolfer, Joshua First,** | : | No. 1:15-cv -322 |
| **and Howard Bullock,** | : | |
| Plaintiffs | : | |
| | : | **Honorable Yvette Kane** |
| v. | : | |
| | : | |
| **City of Harrisburg, Mayor Eric** | : | |
| **Papenfuse, and Police Chief Thomas** | : | **Jury Trial Demanded** |
| **Carter,** | : | |
| Defendants | : | |

PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND THE COMPLAINT

Plaintiffs Firearm Owners Against Crime ("FOAC"), Kim Stolfer, Joshua First, and Howard Bullock (collectively "Plaintiffs"), by and through their counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this Memorandum in Support of Plaintiffs' Motion for Leave to Amend the Complaint. This Motion is pursuant to Federal Rule of Civil Procedure 15(a)(2) and seeks leave of the Court solely for permission to remove apparently-confusing text to clarify the record.[1]

---

[1] Because of the extremely limited nature of the proposed amendment, it would appear that there is no reason for the Defendants to re-file their motion to dismiss (Doc. 4) which is now fully briefed (Docs. 10, 23, 28). Plaintiffs advised the Defendants of their position on this matter in advance of filing this motion (so as to alleviate concern about delaying consideration of the motion to dismiss) but could not obtain concurrence.

I.      **PROCEDURAL HISTORY**

The Plaintiffs brought suit in State court challenging certain local ordinances against three defendants (captioned above and referenced herein collectively as "Defendants") who adopted or are responsible for enforcing those ordinances.  The Complaint (Doc. 1-1) was titled:  "Complaint for Declaratory Judgment and Injunctive Relief from the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances" (Doc. 1-1).  The proposed order accompanying the Complaint contained findings in its first two paragraphs, declared the ordinances unlawful in the next four paragraphs, enjoined the enforcement of the ordinances in the next two paragraphs, and in the final paragraph provided for consideration of attorneys' fees and costs; it did not propose the award of any damages.

Exclusive of exhibits and attachments, the Complaint spanned 87 pages and included 473 numbered paragraphs of averments.   Each of the 29 counts were titled either as seeking declaratory relief (Doc. 1-1, counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 26, 28) or injunctive relief (Doc. 1-1, counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 27, 29).  Repeatedly, at the close of each and every one of the 29 counts, Plaintiffs presented a list of four lettered elements of relief [2] that addressed

---

[2]  A fifth lettered request sought only a finding to support the subsequently identified elements of relief.

requested declaratory and injunctive relief as well as an award of reasonable attorneys' fees and costs but which made no mention of damages.[3]

All Defendants joined in a timely Notice of Removal (Doc. 1). In addition to other bases, Defendants' Motion to Dismiss presented defenses pertinent to a request for damages that would not be applicable to declaratory and injunctive relief (Doc. 4 ¶ 12). Defendants' brief in support of their motion addressed those defenses (Doc. 10, pp. 20-22). Plaintiffs' brief in opposition to that motion explained that Plaintiffs did not seek damages and that the sole monetary relief contemplated was an award of attorneys' fees and costs (Doc. 23, pp. 26-27, 30). In reply, Defendants asserted that Plaintiffs "abandon their claim for damages and concede that they cannot lawfully seek damages" (Doc. 28, p. 20).

In the reply brief supporting the Motion to Dismiss, for the first time Defendants identified the language in the Complaint that they understood as requesting damages other than an award of attorneys' fees and costs (Doc. 28, p. 20). So as to remove any basis for confusion and to assure Defendants that Plaintiffs seek no damages beyond an award of attorneys' fees and costs, Plaintiffs

---

[3] The precise language requests that the Court direct the Defendants "pay reasonable expenses" "including attorney fees and costs" together with citation to the appropriate authority for the Court to do so. For example, with regard to the counts relying upon the Second Amendment, brought under 42 U.S.C. section 1983, the request for relief identified 42 U.S.C. section 1988.

now propose to amend the complaint solely for the purpose of removing the one line of text that is of concern to Defendants.[4]

## II. STATEMENT OF FACTS

Throughout the 87 pages of Plaintiffs' "Complaint for Declaratory Judgment and Injunctive Relief from the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances" each of the 29 counts were headed with a title indicating that they sought either declaratory or injunctive relief and each of the 29 counts closed with a request for relief that omitted any reference to an award of damages other than an award of attorneys' fees and costs (Doc. 1-1). Nonetheless, at one point on page 86 there is one line of text that suggests the Plaintiffs seek an award of damages other than attorneys' fees and costs.

Plaintiffs' briefs filed in connection with motions before this Court explained that Plaintiffs do not seek an award of damages other than an award of reasonable attorneys' fees and costs (Doc. 21, pp. 10 n.7, 12; Doc. 23, pp. 26-27, 30; Doc. 25, p. 11). The proposed amendment is consistent with those statements. Consistent with Local Rule 15.1, a copy of the Amended Complaint is attached to the Motion for Leave to Amend the Complaint as Exhibit A and a marked version, reflecting the changes to the original Complaint is attached as Exhibit B.

---

[4] Also pending before this Court at this time is Defendants' Motion for Sanctions (Doc. 32). Plaintiffs will file a separate response in opposition to that motion.

**III.   QUESTION PRESENTED**

Should the Court permit Plaintiffs to amend their "Complaint for Declaratory Judgment and Injunctive Relief from the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances" for the limited purpose of *removing* the one line of text that suggests they seek an award of damages other than attorneys' fees and costs?

**Suggested Answer** in the *Affirmative.*

**IV.   ARGUMENT**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings prior to trial.  Plaintiffs do not assert a right to amend the Complaint as a matter of course under Rule 15(a)(1).  Consequently, the proposed amendment is permitted either "with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Plaintiffs provided Defendants with a written description of the proposed amendment, assurances that Plaintiffs would advise this Court that the amendment should not side-track consideration of Defendants' already-briefed motion to dismiss, and Plaintiffs' agreement to accept the previously-filed motion to dismiss as a timely response to the Amended Complaint.  Nonetheless, Defendants declined to provide written consent to the amendment thereby necessitating this Motion for Leave to Amend.

Under Rule 15(a)(2), "[t]he court should freely give leave when justice so requires." Only when equitable factors indicate that "amendment would be 'unjust' should the court deny leave." *Foman v. Davis,* 371 U.S. 178, 182 (1962); *accord Arthur v. Maersk, Inc.,* 434 F.3d 196, 203 (3d Cir. 2006). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Arthur,* 434 F.3d at 204.

Where, as here, the proposed amendment serves to clarify that narrower (not more-expansive) relief is all that is sought by the Complaint, it takes a bit of a stretch to identify potential prejudice to Defendants. In consultation with regard to whether Defendants would provide written consent to the proposed amendment, Defendants raised a concern that amending the complaint would require that they re-file their motion to dismiss, delaying the Court's consideration of that fully-briefed matter. To alleviate that concern, Plaintiffs agree both (1) that there is no need to re-brief the motion to dismiss because the proposed amendment only serves to narrow the issues in dispute and (2) it would be a meaningless formality and waste of judicial resources to require Defendants to re-file their motion if this narrow amendment is permitted. If this Court permits the amendment on those terms, Plaintiffs respectfully suggest there is no prejudice to Defendants.

In consultation with regard to whether Defendants would concur in this motion, Defendants indicated that they would oppose the motion on the basis that

it is "futile". While it may be true that leave to amend a complaint to add a request for a form of relief unavailable might be denied as futile, here the proposed amendment would serve to clarify and confirm that Plaintiffs do *not* seek an award of damages other than an award of attorneys' fees and costs. Plaintiffs believe that it is likely unnecessary to formally amend the complaint to bring one line of text into conformity with the complaint taken as a whole where Plaintiffs have stated in at least three briefs filed with this Court that they do not seek an award of damages other than an award of attorneys' fees and costs (Doc. 21, pp. 10 n.7, 12; Doc. 23, pp. 26-27, 30; Doc. 25, p. 11). But because Defendants place such weight upon that statement as to suggest this Court should dismiss the entire action (Doc. 32), Plaintiffs seek leave to amend the complaint so as to obviate Defendants' concerns. While perhaps unnecessary, the proposed amendment cannot be considered futile as it seeks to narrow the issues in contention.

"The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Arthur,* 434 F.3d at 206. While the text on page 86 that Plaintiffs propose to remove caused some confusion, amending the complaint can only serve to clarify the record.

## V. **CONCLUSION**

For these reasons, Plaintiffs respectfully request that this Honorable Court grant their Motion for Leave to Amend and direct the Clerk of Court to file the Amended Complaint of record.

                                          Respectfully Submitted,

                                          PRINCE LAW OFFICES, P.C.

DATED: May 14, 2015                /s/ Joshua Prince
                                              Joshua Prince, Esq.
                                              PA ID 306521
                                              *Attorney for Plaintiffs*

                                            PRINCE LAW OFFICES, P.C.
                                            646 Lenape Road
                                            Bechtelsville, PA 19505
                                            (610) 845-3803 (t)
                                            (610) 845-3903 (f)
                                            Joshua@PrinceLaw.com