IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Firearm Owners Against Crime,** | : | |
| **Kim Stolfer, Joshua First,** | : | No. 1:15-cv -322 |
| **and Howard Bullock,** | : | |
| Plaintiffs | : | |
| | : | **Honorable Yvette Kane** |
| v. | : | |
| | : | |
| **City of Harrisburg, Mayor Eric** | : | |
| **Papenfuse, and Police Chief Thomas** | : | Jury Trial Demanded |
| **Carter,** | : | |
| Defendants | : | |

**PLAINTIFF'S MEMORANDUM IN
OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**

Plaintiffs Firearm Owners Against Crime ("FOAC"), Kim Stolfer, Joshua First, and Howard Bullock (collectively "Plaintiffs"), by and through their counsel, Joshua Prince, Esq. and Prince Law Offices, P.C., hereby file this Memorandum in Opposition to Defendants' Motion for Sanctions (Doc. 32).

**I.    PROCEDURAL HISTORY**

The Plaintiffs brought suit in State court challenging certain local ordinances against three defendants (captioned above and referenced herein collectively as "Defendants") who adopted or are responsible for enforcing those ordinances. The Complaint (Doc. 1-1) was titled: "Complaint for Declaratory Judgment and Injunctive Relief from the City of Harrisburg's Illegal, Unenforceable and

Unconstitutional Ordinances" (Doc. 1-1).  The proposed order accompanying the Complaint contained findings in its first two paragraphs, declared the ordinances unlawful in the next four paragraphs, enjoined the enforcement of the ordinances in the next two paragraphs, and in the final paragraph provided for consideration of attorneys' fees and costs; it did not propose the award of any damages.

Exclusive of exhibits and attachments, the Complaint spanned 87 pages and included 473 numbered paragraphs of averments.  Each of the 29 counts was titled either as seeking declaratory relief (Doc. 1-1, counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 26, 28) or injunctive relief (Doc. 1-1, counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24, 27, 29).  Repeatedly, at the close of each and every one of the 29 counts, Plaintiffs presented a list of four lettered elements of relief [1] that addressed requested declaratory and injunctive relief as well as an award of reasonable attorneys' fees and costs but which made no mention of damages.[2]

All Defendants joined in a timely Notice of Removal (Doc. 1).  In addition to other bases, Defendants' motion to dismiss presented defenses pertinent to a request for damages that would not be applicable to declaratory and injunctive

---

[1]  A fifth lettered request sought only a finding to support the subsequently

[2]  The precise language requests that the Court direct the Defendants "pay reasonable expenses" "including attorney fees and costs" together with citation to the appropriate authority for the Court to do so.  For example, with regard to the counts relying upon the Second Amendment, brought under 42 U.S.C. section 1983, the request for relief identified 42 U.S.C. section 1988.

relief (Doc. 4 ¶ 12).  Defendants' brief in support of their motion addressed those defenses (Doc. 10, pp. 20-22).  Plaintiffs' brief in opposition to that motion explained that Plaintiffs did not seek damages and that the sole monetary relief contemplated was an award of attorneys' fees and costs (Doc. 23, pp. 26-27, 30).  In reply, Defendants asserted that Plaintiffs "abandon their claim for damages and concede that they cannot lawfully seek damages (Doc. 28, p. 20).

Not content with the purported concession, Defendants filed with this Court a motion for the imposition of sanctions and requesting a complete dismissal of the action (Doc. 32).  In doing so, Defendants did not employ the mechanism of Federal Rule of Civil Procedure 11 -- which would have required presenting the motion to counsel and providing a period for corrective action -- but instead brought the matter to the Court invoking the Court's inherent power.

In the reply brief supporting their motion to dismiss, for the first time Defendants identified the language in the Complaint that they understood as requesting damages other than an award of attorneys' fees and costs (Doc. 28, p. 20).  So as to remove any basis for confusion and to assure Defendants that Plaintiffs seek no damages beyond an award of attorneys' fees and costs, Plaintiffs sought leave to amend the complaint solely for the purpose of removing the one line of text that is of concern to Defendants (Doc. 37).  Defendants indicated that they would oppose this corrective action.

Meanwhile, in the State court, proceedings continued for a time with respect to plaintiff Howard Bullock, whose name had been omitted from the notice of removal and related papers. In its May 5, 2015 opinion and order this Court determined that Bullock's action had been removed together with the actions of the other plaintiffs (Docs. 34, 35). Thereafter, the State court vacated the default judgment it had granted to Bullock, returning the parties to their positions at the time of the filing of the notice of removal.[3] In the now-vacated default judgment, the sole monetary sum awarded represented the attorneys' fees and costs incurred by Bullock in obtaining the default judgment.

## II.  COUNTERSTATEMENT OF FACTS

Throughout the 87 pages of Plaintiffs' "Complaint for Declaratory Judgment and Injunctive Relief from the City of Harrisburg's Illegal, Unenforceable and Unconstitutional Ordinances" each of the 29 counts were headed with a title indicating that they sought either declaratory or injunctive relief and each of the 29 counts closed with a request for relief that omitted any reference to an award of damages other than an award of attorneys' fees and costs (Doc. 1-1). Nonetheless, at one point on page 86 there is one line of text that suggests the Plaintiffs seek an award of damages other than attorneys' fees and costs. Now pending before this

---

[3]  A copy of the State court's order is attached hereto as Exhibit 1.

Court is Plaintiff's motion for leave to amend the Complaint to remove that text (Doc. 37) so as to avoid any further confusion.

Plaintiffs' briefs filed in connection with motions before this Court explained that Plaintiffs do not seek damages other than an award of reasonable attorneys' fees and costs (Doc. 21, pp. 10 n.7, 12; Doc. 23, pp. 26-27, 30; Doc. 25, p. 11). Defendants acknowledge in their brief in support of their motion for sanctions that Plaintiffs have repeatedly stated to this Court that the only monetary component to the relief sought is an award of reasonable costs including attorneys' fees.

Consistent with the representations in briefs to this Court, the only monetary award sought in the State court default judgment represented the attorneys' fees and costs incurred by Bullock in obtaining the default judgment.  In a few isolated instances, Plaintiffs' briefs unartfully referred to that sum as "damages" but the fact remains that the only sum encompassed within the actual default judgment itself consisted of the expenses in obtaining that default judgment.

In the brief in support of their motion, Defendants quote from a section of Plaintiffs' brief that sought to underscore that no monetary award of any kind (including no request for attorneys' fees) was presented with respect to the counts addressing Pennsylvania's Constitution (Doc. 33, p. 1).  If Plaintiffs sought an award of damages for injuries incurred prior to instituting litigation, there would be no basis for treating such damages any differently when premised on a violation of

5

the Pennsylvania Constitution than under State statute or the Federal Constitution. But both the State statute and 42 U.S.C. section 1983 have corresponding provisions permitting an award of reasonable attorneys' fees.

### III. QUESTION PRESENTED

1. Should the Court impose sanctions on the Plaintiffs for not more-clearly explaining that the only "damages" sought consist entirely of reasonable expenses, including attorneys' fees, where there is statutory authority for such an award?

**Suggested Answer** in the *Negative.*

2. Should the Court dismiss this action rather than adjudicate it on the merits as a penalty for Plaintiffs not more-clearly expressing that the only "damages" sought consist entirely of reasonable expenses, including attorneys' fees, where there is statutory authority for such an award?

**Suggested Answer** in the *Negative.*

### IV. ARGUMENT

A. *The Policy of the Federal Rules Disfavors the Motion*

The policy underlying Federal Rule of Civil Procedure 11 reflects a preference for advising opposing counsel, in detail, of the basis for any request for sanctions with a period for the correction of any errors so as not to burden the court with yet additional motions that do not address the merits of the dispute. Defendants here did not follow that course. Prior to filing their motion,

Defendants never disclosed an intent to seek sanctions on any basis, including under Rule 11, for this putative issue. Had Defendants requested such corrective action, pursuant to Rule 11 or even less formally, Plaintiffs would have agreed to file an amended complaint clarifying and resolving Defendants' concern. Further, Defendants previously had no difficulty reconciling the record when they argued to this Court that the request for damages had been conceded.

Regardless, Plaintiffs requested leave to amend the Complaint so as to remove any possible basis for misunderstanding, clarifying that the Complaint seeks only declaratory and injunctive relief. Plaintiffs are willing to file a similar motion with the State court to correct any misperception that court may have as to the relief sought but hesitate to do so in light of the injunction against further proceedings in State court.

      B.    *The Only Sum Awarded in the Default Judgment Encompassed the Expenses of Obtaining the Default Judgment*

The only monetary award obtained from the State court in the default judgment was the cost of reasonable attorneys' fees and costs accrued to that point in the litigation. Moreover, the only monetary award that would have been sought from the State court at any upcoming hearing based on the default judgment would have been the additional attorneys' fees and costs that accrued after entry of the default as a result of Defendants' various motions to which Bullock had to respond.

Plaintiffs never quantified damages encompassing any other component and never planned to seek damages from the State court on any other basis. That point may have been unartfully expressed at times but there was never any intent to present inconsistent positions. Rather, the confusion is one based in terminology. For example, in the common situation where legal fees and costs are expended in a State proceeding that resulted in a deprivation of federal civil rights, the ensuing federal court action under 42 U.S.C. § 1983 would typically treat those expenses as "damages" as distinct from the legal fees in the federal action itself which might be recovered as attorneys' fees and costs under 42 U.S.C. § 1988.

C. *Sanctions Are Not Warranted*

Defendants encourage this Court to consider the six factors identified in *Poulis v. State Farm,* 747 F.2d 863, 868 (3d Cir. 1984), in determining whether to impose sanctions. Plaintiffs respectfully suggest that the factors indicate that sanctions are not warranted.

*First,* the Third Circuit indicates that the Court should consider "the extent of the *party's* personal responsibility," 747 F.2d at 868 (emphasis added). Here, to the extent unclear language contributed to confusion, it is the responsibility of the undersigned counsel. The scope of what constitutes "damages" as distinct from attorneys' fees and costs that may be recovered under a statute are matters of law. This case is not one where a party provided conflicting factual information in

discovery or at trial. Moreover, even the statements of counsel reflect, at most, only an error in terminology as distinct from an effort to perpetrate a fraud.

*Second,* the Third Circuit instructs that the Court should evaluate "the prejudice to the adversary," 747 F.2d at 868. In this case, Defendants have not yet even filed an Answer. Plaintiffs have sought to amend the Complaint to remove any possible basis for confusion. The default judgment was vacated by the State court. And as for the need to litigate simultaneously in two fora, Plaintiffs respectfully suggest that Defendants' own tactical decisions are the primary cause of that situation. Despite other actions against the same Defendants challenging the same ordinances in State court, it was Defendants who invoked this Court's jurisdiction thereby precluding any consolidation of the cases. While it is also appropriate to consider harm to the judicial system, it is not clear how representations to this Court that Plaintiffs did *not* intend to seek damages as distinct from attorneys' fees and costs amounts to some sort of fraud on this Court.

*Third,* the Third Circuit advises that the Court should consider the party's "history of dilatoriness," 747 F.2d at 868. In this case, Plaintiffs have repeatedly sought to advance consideration of dispositive issues while Defendants have requested that the proceedings be stayed. Accordingly, there should be no doubt that whatever confusion may have resulted from counsel's unartful terminology, it was not part of an effort to delay the proceeding.

*Fourth,* the Third Circuit counsels that the Court should evaluate "whether the conduct . . . was willful or in bad faith," 747 F.2d at 868. The sole authority upon which Defendants rely is a case where a *pro se* party admitted to forging evidence he submitted in opposition to a motion for summary judgment. *See Stafford v. DeRose,* 2015 WL 1499833 (M.D. Pa. 2015). Obviously, that situation is a far cry from -- in the course of hundreds of pages of briefings on motions -- occasionally referring to attorneys' fees and costs as damages. A finding of bad faith requires more than mere negligence. *See, Emerson v. Thiel College,* 296 F.3d 184, 191 (3d Cir. 2002).

*Fifth,* the Third Circuit instructs that the Court should consider "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions," 747 F.2d at 868. "[D]ismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits." *Emerson,* 296 F.3d at 190. Here, there is no allegation that the Plaintiffs failed to comply with any order of this Court, let alone that a prior history of sanctions proved ineffective. In the case upon which Defendants rely, *Stafford v. DeRose,* the court found alternative sanctions ineffective in the context of a *pro se* litigant who was proceeding *in forma pauperis*. In the event sanctions are warranted, there are no similar circumstances suggesting alternative sanctions would be ineffective.

*Sixth,* the Third Circuit requires that the Court evaluate "the meritoriousness of the claim or defense," 747 F.2d at 868.  Here, there is ample reason to believe Plaintiffs will likely prevail on the merits.  In the case brought by U.S. Law Shield, the State court has already issued a preliminary injunction against the City of Harrisburg after finding that the plaintiffs in that case were likely to prevail on the merits under exclusively State law theories with respect to at least three of the challenged ordinances.  *See* Exhibit 2, pp. 4-7.  The State court further determined that parties in the same posture as the Plaintiffs suffer "immediate and irreparable harm" as a result of those ordinances and that "greater harm would result in refusing the [preliminary relief sought by the plaintiffs] than granting it."  *Id.,* p. 10.  Rather than confront the State statutory issues upon which the law has been described as "crystal clear", Defendants again misdirect the Court's attention to independent and alternative legal theories.

The Third Circuit instructs that these six factors are then to be balanced to determine what, if any, sanctions are appropriate.  Plaintiffs respectfully suggest that despite an arguably less-than-perfect presentation of their case, none of the factors suggest that sanctions should be imposed, let alone the ultimate sanction of dismissal with prejudice.

## V. **CONCLUSION**

For these reasons, Plaintiffs respectfully request that this Honorable Court deny the Defendants' request for sanctions.

 

                                                  Respectfully Submitted,

                                                  PRINCE LAW OFFICES, P.C.

DATED: May 18, 2015                      _/s/ Joshua Prince_
                                                  Joshua Prince, Esq.
                                                  PA ID 306521
                                                  *Attorney for Plaintiffs*

                                                  PRINCE LAW OFFICES, P.C.
                                                  646 Lenape Road
                                                  Bechtelsville, PA 19505
                                                  (610) 845-3803 (t)
                                                  (610) 845-3903 (f)
                                                  Joshua@PrinceLaw.com