IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Firearm Owners Against Crime, | : | 1:15-cv-322 |
| Kim Stolfer, Joshua First, and | : | |
| Howard Bullock, | : | |
| Plaintiffs | : | (Judge Kane) |
| v. | : | |
| City of Harrisburg, | : | |
| Mayor Eric Papenfuse, and | : | |
| Police Chief Thomas Carter, | : | |
| Defendants | : | Jury Trial Demanded |

## Reply Brief in Support of
## Motion for Sanctions

Make no mistake. Plaintiffs simultaneously told this Court to decline jurisdiction because they have never sought damages whilst asking the state court for a trial on damages. Plaintiffs misled this Court, the state court, or both.

Plaintiffs still tell this Court that they <u>never</u> sought damages, claiming their lawyer "unartfully" referred to attorney fees as "damages." This most recent falsehood is best refuted by Plaintiffs' own words. Plaintiffs have, in fact, repeatedly told this Court that attorney fees are not "damages."[1] Plaintiffs' new dishonesty shows the need for deterrence to stop Plaintiffs and those like them from perpetuating

---

[1] Doc. 21 p. 10 & n. 7, 14; Doc. 23 p. 27; Doc. 25 p. 16; Doc. 27 p. 12-13 & n. 9.

fraud on the justice system.

I.     Plaintiffs knew the Complaint sought damages.

   A.     <u>Plaintiffs verified the Complaint.</u>

Plaintiffs verified the Complaint that seeks damages. On the cover sheet, Plaintiffs check the boxes for money damages greater than Dauphin County's $50,000 arbitration limits. In the Complaint itself, Section (c) of Plaintiffs' concluding request for relief seeks "damages" under 18 Pa.C.S. § 6120 and 42 U.S.C. § <u>1983</u> while Section (e) seeks "reasonable expenses, including attorney fees and costs" under 18 Pa.C.S. § 6120 and 42 U.S.C. § <u>1988</u>. Complaint pp. 86-87. Plaintiffs intentionally set out two separate forms of relief, explicitly distinguishing Section 1983 damages from Section 1988 attorney fees.

As the verified Complaint explains, 18 Pa.C.S. § 6120(<u>a.2</u>) allows "actual damages," whereas 18 Pa.C.S. § 6120(<u>a.3</u>) allows "reasonable expenses" to prevailing parties. Complaint p. 5 ¶12-13. Plaintiffs understood the distinction between damages and attorney fees. Kim Stolfer, FOAC's head, even helped write the bill. Ex. 2 p. 3-5.[2]

---

[2]<u>http://triblive.com/neighborhoods/yourmckeesport/yourmckeesportmore/7383916-</u>

Plaintiffs chose to plead both damages and attorney fees. *See* Complaint pp. 86-87, Sec. (c),(e). Then, as it best suited them, Plaintiffs and their lawyer chose to take contradictory stances in two forums.

B. **Plaintiffs brought a separate lawsuit because of their claim for damages.**

Plaintiffs brought this case, at least in part, <u>because</u> of the claim for damages. On its website, FOAC—which one Plaintiff runs and of which the others are members—reposted a Patriot News article where Plaintiffs' lawyer cited their claim for damages as a reason for bringing a separate lawsuit against Harrisburg's ordinances:

> <u>The new lawsuit seeks financial damages to cover lost income during litigation and deprivation of civil liberties,</u> said Joshua Prince, who filed the lawsuit. <u>The amount will be determined by the court or a jury</u>, he said.

Ex. 3 (emphasis added).[3] Joshua First posted the story to Facebook as well. Ex. 4 p. 32.[4]

Plaintiffs do not need law degrees to understand their lawyer's

---

74/mifflin-west-borough#axzz3QcP3EOcP
[3] https://foac-pac.org/Firearms-Owners-Against-Crime-Foac-Sues-Harrisburg-For-Its-unlawful-Gun-Ordinances/News-Item/1614
[4] https://www.facebook.com/pages/Josh-First-For-Pennsylvania-Senate-15th-District/262310122474

3

plain statements to the press. Plaintiffs cannot reconcile such a statement with Plaintiffs' representation to this Court: that they <u>never</u> sought damages and mistakenly used the term "damages" to refer to attorney fees.

Later, FOAC and Joshua First reposted another article in which Plaintiffs' lawyer again referenced their claim for damages when asked why Plaintiffs sued Harrisburg:

> [T]he recent amendments to the law now provide for <u>civil damages, costs and attorney fees</u>… Unfortunately, Mayor Papenfuse, Police Chief Carter and City Council elected not to repeal the illegal ordinances, and rather, to continue enforcing the ordinances; thereby, burdening the taxpayers with the <u>cost of litigation, damages and attorney fees</u>.

Ex 5 (emphasis added).[5] *See also* ex. 4 p. 13.[6] FOAC also tweeted the link. Ex. 6. Again, Plaintiffs' lawyer references damages separately from costs and fees, and Plaintiffs' lawyer must know the difference and, in fact, has explained the difference to this Court in no less than

---

[5] https://foac-pac.org/Pa-Preemption-Why-Are-Gun-Rights-Advocates-Suing-Harrisburg-Q-A-With-Tara-Leo-Auchey/Legal-News-Item/168
[6] https://www.facebook.com/pages/Josh-First-For-Pennsylvania-Senate-15th-District/262310122474

4

four briefs.[7]

Plaintiffs cannot credibly say that they lacked any clue that the Complaint seeks damages. As this Court is certainly aware, this case has been widely publicized and contentiously litigated. Plaintiffs are lobbyists and activists with a passion for this case and certainly follow this case closely. It is not plausible that Plaintiffs never spoke to their lawyer about the matter and remained unaware of their filings and their lawyer's repeated statements to the press. <u>Notably, Plaintiffs do not file any declaration attesting to their claimed ignorance.</u>

C. <u>"Damages" is a simple term.</u>

Plaintiffs show their understanding of the term "damages" in the Complaint by separately setting out "damages" from "expenses," such as attorney fees. Complaint p. 5 ¶12-13, p. 86-87 Sec. (c), (e). The terms have simple meanings. A plaintiff's asserted ignorance would possibly have some appeal if their lawyer had, for example, asserted a theory *res ipsa loquitur*, while denying the claim in another court. But that is a far cry from the facts of this case. This Court should not accept Plaintiffs'

---

[7] Doc. 21 p. 10 & n. 7, 14; Doc. 23 p. 27; Doc. 25 p. 16; Doc. 27 p. 12-13 & n. 9.

newly asserted misunderstanding of the word "damages."

Plaintiffs are not uneducated, ignorant, or incompetent; rather, Plaintiffs are political activists, fundraisers, and lobbyists who chose to file a lawsuit under a state law preemption statute that they proposed and pushed through the General Assembly. In addition, Plaintiffs are not *pro se*, but represented by a lawyer.

In common usage, when the word "damage" is plural, it means, "compensation in money imposed by law for loss or injury."[8] Although there are various definitions of "expense," all boil down to spending money on something.[9] Non-lawyers use the terms in everyday parlance, and Plaintiffs cannot credibly deny knowing the difference.

D. <u>Plaintiff Bullock sought damages in state court.</u>

Plaintiff Bullock—a FOAC member represented by the same lawyer as the other Plaintiffs—sought a trial on damages. In Plaintiff Bullock's praecipe for judgment, he sought:

> Pursuant to Pa.R.Civ.P. 1037(b)(1), Plaintiff's <u>current attorney fees</u> are in the amount of $21,140.00, for which Plaintiff is entitled to judgment against Defendants.

---

[8] http://www.merriam-webster.com/dictionary/damages
[9] http://www.merriam-webster.com/dictionary/expenses

> Pursuant to Pa.R.Civ.P, 1037(b)(l), <u>except for the current attorney fees, as the sum of the Plaintiffs damages are not a sum certain, those damages are to be assessed at trial, plus any additional attorney fees incurred</u>.

(emphasis added). The words "except" and "plus" make abundantly clear that Plaintiff Bullock sought a trial for damages "not a sum certain" in addition to current and future attorney fees.

In doing so, Plaintiff Bullock makes three separate requests:

>  1) "current attorney fees,"
> 
>  2) "damages [] not a sum certain," and
> 
>  3) "additional attorney fees incurred."

Plaintiff Bullock—like his lawyer and the other Plaintiffs—understood the Complaint to seek damages incapable of calculation, presumably for pain and suffering. At Plaintiff Bullock's request, the Prothonotary awarded current attorney fees and costs of $21,140 "<u>plus such additional sums as may be assessed at trial</u>."

After the default, Plaintiff Bullock reiterated in his April 13th brief (p. 23) to the state court that Plaintiffs' Complaint sought "monetary damages" under 18 Pa.C.S. § 6120 and 42 U.S.C. § <u>1983</u>. Plaintiff Bullock's citation to Section 1983, as opposed to Section 1988, shows

7

that Plaintiff Bullock wanted compensatory damages.[10]

Plaintiff Bullock continued to represent that Plaintiff's Complaint <u>sought</u> damages to support his default before and after Plaintiffs—represented by the same lawyer—claimed to this Court that the same Complaint <u>did not seek</u> damages. Plaintiffs cannot reconcile their contradictory words.

### E. <u>Plaintiffs knew that Plaintiff Bullock sought damages.</u>

Given Plaintiffs' belief that they had already won through Plaintiff Bullock's default, it is not plausible that Plaintiff Bullock or the other Plaintiffs—represented by the same lawyer—did not know that Plaintiff Bullock sought damages. Plaintiffs' lawyer blogged about Plaintiffs' claimed success and certainly reported the same to his clients. Ex. 7.[11]

Plaintiffs' lawyer mentioned the trial on "additional sums" and posted a PDF of the default and Plaintiff Bullock's request for a trial

---

[10]Plaintiff Bullock mistakenly cited 18 Pa.C.S. § 6120(a.1), which addresses lawsuits against gun dealers.
[11]http://blog.princelaw.com/2015/03/03/default-judgment-entered-against-the-city-of-harrisburg-et-al-in-firearm-preemption-litigation/

because "the sum of the Plaintiff's damages are not for a sum certain."[12]

Ex. 8 p. 3. FOAC and Joshua First reposted the blog post on Facebook. Ex. 4 p. 14;[13] ex. 9 p. 37.[14]

On its website, FOAC also re-posted a Patriot article where Plaintiffs' lawyer indicated his plan to seek a post-default hearing on damages:

> In the near future, Prince said he will petition the court, based on the default judgment, to enter injunctions in relation to all five of the city's gun ordinances. He will ask to schedule a <u>hearing for an assessment of damages and additional attorney fees</u> incurred by Plaintiff Bullock.

Ex. 10 (emphasis added).[15] Given the repeated separation of "damages" from "attorney fees" in their statements, Plaintiffs obviously did not—as they now claim—consider the terms synonymous and use "damages" as short-hand for attorney fees.

---

[12] https://princelaw.files.wordpress.com/2015/03/filed-default-judgment.pdf.
[13] https://www.facebook.com/pages/Josh-First-For-Pennsylvania-Senate-15th-District/262310122474.
[14] https://www.facebook.com/foacpac.
[15] https://foac-pac.org/Pa-Preemption-typo-In-Gun-Lawsuit-Paperwork-Filed-By-Harrisburg-Triggers-Default-Judgment-Against-The-City-Whats-In-A-Name/Legal-News-Item/167

II.  **This Court should sanction Plaintiffs.**

   A.  <u>Plaintiffs' continued dishonesty shows the need for sanctions.</u>

"[F]raud cannot complacently be tolerated consistently with the good order of society." *Stafford v. DeRose*, 2015 WL 1499833 (M.D. Pa. Apr. 1, 2015) (quoting *Hazel–Atlas Glass v. Hartford–Empire*, 322 U.S. 238, 246 (1944)). Plaintiffs had an opportunity to come clean and seek mercy or offer a plausible explanation for their contradictory statements. They have done neither.

Instead, Plaintiffs maintain that they have only sought attorney fees and never damages. Plaintiffs have made too many irreconcilable statements to the contrary, not the least of which included Plaintiff Bullock's request for a trial on damages in state court, and the statement by Plaintiffs' lawyer to the media that his clients want a jury to determine their "financial damages to cover lost income during litigation and deprivation of civil liberties." Ex. 3.[16]

Contrary to their prior representations, Plaintiffs try to mislead this Court to this day by stating they <u>never</u> sought damages. "It is hard

---

[16] https://foac-pac.org/Firearms-Owners-Against-Crime-Foac-Sues-Harrisburg-For-Its-unlawful-Gun-Ordinances/News-Item/1614

to imagine a more willful act than perpetrating a fraud on the court by submitting knowingly falsified documents." *Stafford*, 2015 WL 1499833, at *4. This Court should not tolerate Plaintiffs' nonchalant and careless attitude about candor to this Court.

### B. Plaintiffs prejudiced the judicial system.

Plaintiffs deny prejudice to Harrisburg, but Harrisburg need only show prejudice to the judicial system. In cases like this, predicated on a fraud on the Court, this Court should consider "the impact on the judicial system and the threat to the integrity of the courts." *In re Diet Drugs*, 381 F. Supp. 2d 421, 425 (E.D. Pa. 2005) (quoting *Derzack v. Allegheny County,* 173 F.R.D. 400, 414 (W.D.Pa.1996)). *See also Stafford*, 2015 WL 1499833, at *3-4.

As Plaintiffs now concede by omission, they could not have sought a default without a claim for damages as 1) defaults are not available for declaratory and injunctive relief, and 2) Plaintiffs had not prevailed on their declaratory or injunctive claims to justify any attorney fee award. Meanwhile, Plaintiffs created duplicitous litigation by contradictory claims in two forums, seeking a trial on damages in state

court while telling this Court that they never sought damages in an effort to dissuade this Court from exercising jurisdiction.

Now, Plaintiffs present this Court with a new falsehood: that they "unartfully" referred to their claim for attorney fees as a claim for damages. Plaintiffs' claim is not tenable given 1) the separation of damages and attorney fees in the verified Complaint, 2) the pursuit of a trial on incomputable damages in state court, and 3) the statement by Plaintiffs' counsel that his clients want a jury trial to determine their "financial damages to cover lost income during litigation and deprivation of civil liberties." Ex. 3.[17]

"[F]raud spoils everything it touches." *Rubinsky v. Kosh*, 145 A. 836, 837 (Pa. 1929). Plaintiffs' fraud threatens the integrity of this Court and has wasted valuable resources in two forums.

### C. Plaintiffs also prejudiced Harrisburg.

Even if Harrisburg needed to show prejudice, it has done so. Since removal, however, Harrisburg suffered by Plaintiff Bullock's baseless default in state court <u>before this Court could rule on removal</u>, forcing

---

[17]https://foac-pac.org/Firearms-Owners-Against-Crime-Foac-Sues-Harrisburg-For-Its-unlawful-Gun-Ordinances/News-Item/1614

Harrisburg to litigate in two forums.[18] Harrisburg also relied on Plaintiffs' waiver of damages in multiple briefs only to learn that Plaintiffs continued to seek a trial on damages in state court in Plaintiff Bullock's April 13th state court brief (p. 23).

Plaintiffs continue to fault Harrisburg for removing this case. Plaintiffs, not Harrisburg, chose to obtain a default based upon a claim for damages and then deny the claim to this Court in an attempt to convince this Court to decline jurisdiction. Moreover, Harrisburg and its officials had every right to a federal forum on federal claims against them. Plaintiffs chose to bring federal claims, subjecting this case to federal jurisdiction.

### D. Monetary sanctions will not suffice.

Plaintiffs distinguish *Stafford* based upon Deon Stafford's inability to pay a monetary award, but Plaintiffs have conceded in response to the motion to dismiss that FOAC, a political action committee, cannot lawfully spend any money that is not election related. 25 Pa.C.S. §3254.1, §3241(d).

---

[18]More recently, all Plaintiffs again attempted to thwart removal by re-filing their claims in the *U.S. Law Shield* case as intervenors. Plaintiffs backed down after all parties in that case opposed intervention.

More importantly, as recognized in *Stafford*, dishonesty to the Court is an egregious affront on the administration of justice. Plaintiffs cannot reconcile their simultaneous contradictory representations in this Court and the state court. Plaintiffs made opposite statements in two tribunals and repeatedly.

Context matters. Plaintiffs' contradictory statements came amidst their frivolous efforts to subvert this Court's jurisdiction before this Court could rule on whether removal was proper. Now Plaintiffs make a new misrepresentation: that they did not know that they brought a claim for damages. Just like this Court sanctioned Deon Stafford, in part, for his dishonest explanation when questioned about the false witness statement, Plaintiffs' newest falsehood weighs heavily in favor of strong medicine.

E.     Rule 11 does not apply.

Contrary to Plaintiffs' claims, because Harrisburg seeks sanctions under this Court's inherent authority, the Rule 11 grace period does not apply. *Chambers v. NASCO,* 501 U.S. 32, 43 (1991). Courts can punish fraud even if withdrawn to protect the integrity of the judicial system.

In *Stafford*, this Court dismissed the case, even though 1) Stafford admitted that the witness statement was false, 2) his case involved serious excessive force allegations that survived summary judgment, and 3) the witness would have supported him at trial.

  Plaintiffs do not withdraw their fraud anyway. Plaintiffs continue to mislead this Court, denying that they ever sought damages and feigning ignorance about the claim. This Court should deter Plaintiffs and those like them from perpetuating fraud on the Court.

               Respectfully submitted,

               Lavery Law

               s/ Frank J. Lavery
               Frank J. Lavery, Esquire
               Pennsylvania Bar No. 42370

               s/ Josh Autry
               Josh Autry, Esquire
               Pennsylvania Bar No. 208459
               225 Market Street, Suite 304
               P.O. Box 1245,
               Harrisburg, PA 17108-1245
               (717) 233-6633 (phone)
               (717) 233-7003 (fax)
               flavery@laverylaw.com
               jautry@laverylaw.com
               Counsel for Harrisburg, Mayor
Dated: June 1, 2015       Papenfuse, and Chief Carter

## Certificate of Service

I certify that on this date, I served a true and correct copy of this filing through this Court's ECF to the following:

Joshua Prince, Esquire
*joshua@princelaw.com*

          s/ Josh Autry

Dated: June 1, 2015

16