A⁺ A⁻

## PA Preemption - Why are gun rights advocates suing Harrisburg? Q&A with Tara Leo Auchey :: 03/03/2015

In the last edition of this column, we posed questions to the City of Harrisburg's Solicitor, Neil Grover, about the city's gun laws and legal battles.

Why is Harrisburg being sued over gun laws? Q&A with Tara Leo Auchey

Currently, the City is engaged in multiple lawsuits challenging its five municipal gun ordinances. Last week, Dauphin County Judge Andrew H. Dowling ruled that three of those laws violate Pennsylvania's Uniform Firearms Act.

Despite the ruling, the fight rages on.

Having heard from one side of the debate, we posed the same questions to Joshua Prince, attorney for Firearm Owners Against Crime - one of the parties challenging Harrisburg's gun ordinances.

### Why did the city of Harrisburg get sued?

**Prince**: The City of Harrisburg was sued as a result of its illegal firearm and ammunition ordinances, which it refused to repeal, even after being provided an opportunity to do so by the Plaintiffs.

Since 1974, it has been a misdemeanor of the first degree for any county, municipality or township to regulate, in any manner, the ownership, possession, transfer or transportation of firearms, ammunition or ammunition components. In reviewing the law, the Pennsylvania Supreme Court in Ortiz v. Commonwealth held that the entire field of firearms regulation is preempted, that any municipal regulation of firearms or ammunition is unlawful, and that only the Pennsylvania General Assembly has the power to regulate firearms and ammunition.

In addition to the criminal penalties, the recent amendments to the law now provide for civil damages, costs and attorney fees, where a municipality promulgates or enforces any firearm or ammunition related ordinance, resolution, regulation, rule, practice or other action.

Although the statute does not require any form of notice to a municipality that is violating the law, Firearm Owners Against Crime and several other organizations desired to provide the city with an opportunity to repeal its unlawful firearm and ammunition ordinances, without burdening the taxpayers with the cost of litigation.

Unfortunately, Mayor Papenfuse, Police Chief Carter and City Council elected not to repeal the illegal ordinances, and rather, to continue enforcing the ordinances; thereby, burdening the taxpayers with the cost of litigation, damages and attorney fees.

### Why does Harrisburg have the gun laws it does?

The City seemingly believes that it cannot be held accountable and may violate, where it deems in its sole-discretion appropriate, the Pennsylvania Crimes Code.

The statistical data reflects that these ordinances, which are summary violations of law, have no effect on deterring crime. In fact, the existing state law crimes that would be applicable to scenarios where the city would additionally seek to enforce its ordinances are high-level misdemeanors and felonies, which are apparently insufficient in dissuading criminals from committing crimes.

If a misdemeanor or felony is not going to dissuade a criminal from committing a criminal act, a summary offense, equal to a traffic ticket, is going to have absolutely no influence on the criminal's determination of whether or not to move forward with the criminal act.

*"We need to ask what message the City of Harrisburg and its elected officials are sending to our youth."*

Accordingly, the only reason the city has these laws is because of its belief that it is above the law. We see this same mentality demonstrated by the city in relation to its recent request for donations to fund this litigation. The city is attempting to solicit people to conspire to violate the law in direct violation of the statutory law and binding precedent from the Pennsylvania Supreme Court.

Since the District Attorney has not held the city and its elected officials responsible for their existing

violations of the Crimes Code, they feel empowered to further violate the law, without concern for prosecution.

<u>The ones who are suing Harrisburg aren't from around here, so why do they care about our gun laws?</u>

**Prince**: First, the city's firearm regulations are illegal under the Pennsylvania Crimes Code; yet, the city believes that it and its council members are of a privileged class that cannot be held accountable for their illegal acts. For this reason alone, residents across the Commonwealth are concerned and are demanding that all individuals within the Commonwealth be treated equally, including our publicly elected officials that took an oath to uphold the laws of the Commonwealth.

In this vein, we need to ask what message the City of Harrisburg and its elected officials are sending to our youth and the public. Is it in the public's interest to have our youth believe that our elected officials are above the law and will not be held accountable? If the concern is truly about the public interest, as the city claims, then it is time that our elected officials take responsibility or be held responsible for their actions.

Secondly, the city has purposely misled the public into believing that the plaintiffs are not from Harrisburg. Both Plaintiff Joshua First and Plaintiff Howard Bullock are from and/or work in Harrisburg. Further, Firearm Owners Against Crime has an extensive membership base, with over 1,600 members in the Commonwealth. Numerous members are from or work in Harrisburg.

Lastly, if municipalities were entitled to enact their own firearm and ammunition regulations, it would result in a patchwork of laws across the Commonwealth, which would serve no purpose but to ensnare those who have no intention of violating the law but who unwarily find themselves in a municipality, which imposes restrictions on their rights that the Commonwealth otherwise allows. It is for this reason that the General Assembly, back in 1974, prohibited municipalities from enacting regulations relating to firearms.

**How do you see this unfolding?**

The specific ordinances at issue, in many occasions, have already been held to be unlawful by the Commonwealth Court and the court will likewise rule in this matter. In point of fact, the Commonwealth Court already ruled in Dillon v. City of Erie that an ordinance relating to the prohibition of carrying a firearm in a city park, identical to the City of Harrisburg's, was unlawful.

Additionally, in Clarke v. House of Representatives, the Commonwealth Court held that lost and stolen firearm ordinances are unlawful. In D.C. v. Heller, the US Supreme Court ruled that self-defense is at the core of the Second Amendment to the United States Constitution; therefore, an absolute prohibition on the discharge of a firearm, such as the City's ordinance, clearly violates an individual's Second Amendment rights, as it extinguishes one's right to self-defense.

These are just a few of the legions of cases that have already found that the city's ordinances are unlawful. The city, instead of complying with the Crimes Code and binding precedent, has elected to incur substantial costs and attorney fees in litigating these issues; a cost which will be borne by the taxpayers. Since neither Mayor Papenfuse nor the council members will have to dig into their pockets to fund this litigation or the judgments against the city, it is easy for them to sit back, and challenge the law, all while frivolously spending the taxpayer's dime, in breach of their oath and fiduciary duties.

Thus, the question becomes when will they be held accountable for their actions. While the other lawsuit against the city recently resulted in Judge Dowling enjoining three of the five ordinances, in that matter, they failed to inform the court of the Commonwealth Court's decision in Clarke that held that lost and stolen ordinances are preempted, failed to direct the court's attention to the U.S. Supreme Court's ruling in Heller that a Defendant cannot argue an inherent right to self-defense in an ordinance, and failed to bring a Second Amendment claim. As our complaint addresses these issues and we are prepared to brief them, we anticipate having all five ordinances enjoined.

http://blog.pennlive.com/todays-the-day/2015/03
/qa_with_tara_leo_auchey_4.html#incart_related_stories