## PA Preemption - 'Typo' in gun lawsuit paperwork filed by Harrisburg triggers default judgment against the city What's in a name? :: 03/04/2015

For Harrisburg, one name left off a court filing in a gun lawsuit could cost the city $21,400 in attorney fees.

A Dauphin County prothonotary on Tuesday entered a judgment against the city of Harrisburg for that amount "plus additional sums as may be assessed" because of a typo that left one plaintiff's name off of the city's request to transfer the lawsuit out of state court.

The city is contesting the default judgment, which could represent the second blow in as many weeks in the city's fight to protect its gun ordinances.

Harrisburg is currently defending against two lawsuits, after a new state law went into effect allowing any legal gun owner to sue any municipality in Pennsylvania to challenge gun ordinances. The law, known as Act 192, also allows plaintiffs to collect attorney and legal fees.

Last week, a judge preliminarily struck down three of Harrisburg's gun ordinances as illegal, but left two gun ordinances standing in a lawsuit filed on behalf of a gun rights group known as U.S. Law Shield.

This week's judgment came from a case filed by attorney Joshua Prince, who is representing a gun rights group known as Firearm Owners Against Crime.

Attorneys for the city requested on Feb. 13 that the Firearm Owners lawsuit be transferred to federal court because of the plaintiffs' claims that the city's gun ordinances violate their Second Amendment rights.

The transfer request listed Prince's clients: Joshua First, Kim Stolfer and the gun rights group, Firearm Owners Against Crime. But the request left off the name of an additional plaintiff, Howard Bullock.

This paperwork listing plaintiffs in a gun lawsuit was among the evidence cited in a default judgment because it left off the name of one plaintiff, Howard Bullock.

To Prince, that means Bullock's case remains in Dauphin County Court. And it means that city attorneys didn't file an answer or preliminary objections as required within the 20-day timeline.

Prince filed the proper notice and then sought a default judgment, which is allowed without any further hearings, pleadings or notices.

> I. (a) PLAINTIFFS
> Firearm Owners Against Crime, Kim Stolfer, and Joshua First
>
> (b) County of Residence of First Listed Plaintiff   Dauphin
> (EXCEPT IN U.S. PLAINTIFF CASES)
>
> (c) Attorneys *(Firm Name, Address, and Telephone Number)*
> Joshua Prince, Esquire - Prince Law Offices, P.C.
> 646 Lenape Rd., Bechtelsville, PA 19505

The prothonotary, who is a custodian of civil records, but not an attorney, granted the default judgment Tuesday.

"We are pleased with the Dauphin County prothonotary taking the appropriate action in this matter by entering a default judgment," Prince told PennLive.

City officials said they plan to file a petition to open the default judgment so a judge can rule on the matter. They said the prothonotary does not typically assess legal merits of a case.

"This typo did not harm plaintiffs in any way, and courts do not like to elevate form over substance," the city's outside counsel, Joshua Autry, told PennLive. "We encourage the Court and plaintiffs to reach the merits of the Second Amendment claim, not to dodge it. The Supreme Court has clearly stated that the Second Amendment permits reasonable restrictions."

The city contends that the case, civil case No. 354, was removed from state court, so the state court no longer has authority.

The notice removes the entire case, Autry wrote in a motion to strike the default judgment. "There is no such thing as a partial notice of removal."

But Prince disagrees. He believes Bullock's case remains in state court. And further, he believes the city is now precluded from removing Bullock's claims to federal court.

"A typographical error does not constitute "good cause" as a basis for challenging or correcting their error," Prince said.

Prince has also filed a motion to bring the other plaintiffs' claims back to state court, which would permit the plaintiffs and Bullock "to proceed together, consistent with the original complaint as filed."

In the near future, Prince said he will petition the court, based on the default judgment, to enter injunctions in relation to all five of the city's gun ordinances. He will ask to schedule a hearing for an assessment of damages and additional attorney fees incurred by Bullock.

Gun rights groups have targeted Harrisburg's gun ordinances as illegal because of the state's preeminence in regulating firearms. The National Rifle Association has sued Lancaster, Philadelphia and Pittsburgh over their gun ordinances.

Meanwhile, those three cities have challenged Act 192 in Commonwealth Court as unconstitutional. The court is scheduled to hear arguments in April.

UPDATE: This article was updated to add information about other cities embroiled in legal cases regarding their gun ordinances.

Hbg Motion to Strike

http://www.pennlive.com/midstate/index.ssf/2015/03/harrisburg_gun_lawsuit_judgmen.html