IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY,
PENNSYLVANIA
CIVIL ACTION

FIREARM OWNERS AGAINST CRIME, :
JOSEPH ABRAMSON and KIM STOLFER :
                                  Plaintiffs :   NO. 2015-06187
vs. :
:
LOWER MERION TOWNSHIP :
                                  Defendant :

2015-06187-0019  7/8/2015 3:17 PM   # 10372963
Order
Rcpt#Z2456164  Fee:$0.00
Mark Levy - MontCo Prothonotary

## MEMORANDUM & ORDER

Before the court are Lower Merion Township's (hereinafter referred to as "Defendant") Preliminary Objections to Plaintiffs, Firearm Owners Against Crime, Joseph Abramson, and Kim Stolfer's (hereinafter collectively referred to as "Plaintiffs"), Complaint for Declaratory Judgment and Injunctive Relief from Lower Merion Township's Illegal, Unenforceable and Unconstitutional Ordinances. For the reasons outlined below, said objections are overruled, in part, and affirmed, in part, and the Order that follows is issued.

On March 20, 2015, Plaintiffs filed a Complaint for Declaratory Judgment and Injunctive Relief from Lower Merion Township's Illegal, Unenforceable, and Unconstitutional Ordinances (hereinafter referred to as "Complaint"), wherein Plaintiffs aver that the Lower Merion Township ("Township") Ordinance § 109-16 (Firearms; fireworks)("Ordinance"), which states:

> No person except authorized members of the Police Department shall carry or discharge firearms of any kind in a park without a special permit, unless exempted. The promiscuous use of javelins, arrows, discuses or similar athletic equipment dangerous in character is prohibited unless used under the direct supervision of an authorized playground supervisor. The use of firecrackers, fireworks or rockets is prohibited.

is unlawful and violates Article 1, § 21 of the Pennsylvania Constitution and the Pennsylvania Uniform Firearms Act (18 Pa.C.S. § 6120)("UFA"). Plaintiffs aver that Firearm Owners Against

1

Crime ("FOAC") is a statewide, non-partisan Political Action Committee, which actively works to defend, preserve, and protect the constitutional and statutory rights of lawful firearm owners (Compl. ¶ 3, 31, 52), Kim Stolfer ("Stolfer") is the President of FOAC, who lawfully possesses firearms, and frequents the Township (*Id.* at ¶ 4, 34, 37, 42, 43, 52), and Joseph Abramson ("Abramson") is a Township resident who lawfully possesses firearms (*Id.* at ¶ 5, 37, 46, 47). Plaintiffs also aver that Stolfer and Abramson fear prosecution by Defendant, and FOAC fears prosecution of its members, pursuant to the Ordinance, as Defendant has stated they will enforce the Ordinance, (*Id.* at ¶ 44, 49, 90). Furthermore, Plaintiffs aver that a present controversy exists as Defendant has publicly stated both its intention to enforce its Ordinance and to take no action in repealing its illegal Ordinance. (*Id.* at ¶ 84). Specifically, Plaintiffs aver that the Township's representative, Commissioner Dan Bernhein, has publicly stated that the Ordinance is being and will continue to be enforced. (*Id.* at ¶ 96). Plaintiffs argue that the Ordinance has a chilling effect on Plaintiffs' otherwise lawful and constitutionally protected right to possess firearms as they are likely to face criminal charges, prosecution and penalties, for violating the Township's unlawful Ordinance. (*Id.* at ¶70, 71, 86).

On March 16, 2015, Defendant filed the instant Preliminary Objections, raising three (3) objections. In the first objection, which was raised in the nature of demurrer pursuant to Pa.R.C.P. 1028(a)(4), Defendant argues that Plaintiffs lack standing to seek declaratory or injunctive relief, as Plaintiffs are not aggrieved by the challenged Ordinance, and have not alleged any direct and immediate harm they have suffered as a result of said Ordinance. In the second objection, which was also raised pursuant to Pa.R.C.P. 1028(a)(4), in the nature of demurrer, Defendant argues that Plaintiffs fail to state a claim for which relief can be granted as the Ordinance, on its face, does not regulate the lawful ownership, possession, transfer or

transportation of firearms in violation of the UFA. In the last objection, raised pursuant to Pa.R.C.P. 1028(a)(2) to strike scandalous and impertinent matter, Defendant argues that five (5) averments contained in the Complaint should be stricken as they refer to criminal liability of Defendant and Plaintiffs, which is not at issue in the present case.

On May 1, 2015, Plaintiffs filed an Answer to Defendant's objections. Plaintiffs rely on *Dillon v. City of Erie*, 83 A.2d 467, 473 (Pa. Cmwlth. 2014) to argue that they have sufficiently averred that they are aggrieved by the Ordinance, and therefore establish standing. With regard to Defendant's argument that Plaintiffs fail to state a cause of action, Plaintiffs argue that the Ordinance violates § 6120 as held by the Commonwealth Court in *National Rifle Association v. City of Philadelphia*, 977 A.2d 78, 82 (Pa. Cmwlth. 2009). Lastly, Plaintiffs argue that the Complaint does not contain any scandalous or impertinent matter.

## DISCUSSION

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. *Cooper v. Frankford Health Care Sys., Inc.*, 2008 PA Super 248, ¶ 17, 960 A.2d 134, 143 (2008) *citing Cardenas v. Schober*, 783 A.2d 317, 321 (Pa.Super.2001). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Id.* All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.*

### Standing

"In general, to have standing in a declaratory judgment action, a plaintiff must show that he or she is aggrieved." *McConville v. City of Philadelphia*, 80 A.3d 836, 842 (Pa. Commw. Ct.

3

2013) *citing Nat'l Rifle Ass'n v. City of Pittsburgh*, 999 A.2d 1256, 1258 (Pa.Cmwlth.2010). In order to be aggrieved by an action, and, thereby have standing to challenge an action, a party's interest in the subject matter of a lawsuit must be substantial, direct, and immediate. *Id.* An interest is "substantial" when there is a discernible adverse effect to an interest of the aggrieved individual that differs from the abstract interest of the public generally in having others comply with the law; it is "direct" when the aggrieved person can show a causal connection between the alleged harm to his or her interest and the matter complained of; and it is "immediate" when the causal connection is not too remote. *N.-Cent. Pennsylvania Trial Lawyers Ass'n v. Weaver*, 827 A.2d 550, 554 (Pa. Commw. Ct. 2003), *as amended* (June 25, 2003) *citing Wm. Penn Parking Garage Inc. v. City of Pittsburgh*, 464 Pa. 168 (1975); *S. Whitehall Twp. Police Serv. v. S. Whitehall Twp.*, 521 Pa. 82, 86–7, 555 A.2d 793, 795 (1989). "An association, as a representative of its members, may have standing to bring a cause of action even in the absence of injury to itself; the association must allege that at least one of its members is suffering immediate or threatened injury as a result of the challenged action." *Id. citing Pennsylvania School Boards Ass'n v. Commonwealth Ass'n of School Administrators, Teamsters Local 502*, 696 A.2d 859 (Pa.Cmwlth.1997).

"While one does not have to wait for an actual prosecution to have standing, '[i]njunctive relief is not available to eliminate a possible remote future injury or invasion of rights.'" *Dillon*, 83 A.3d at 475 *citing Jamal v. Department of Corrections*, 121 Pa.Cmwlth. 42, 549 A.2d 1369, 1371 (1988), *appeal denied*, 520 Pa. 620, 554 A.2d 512 (1989).

The Commonwealth Court addressed the issue of standing to seek declaratory and injunctive relief from ordinances that regulate firearms in *Nat'l Rifle Ass'n v. City of*

*Philadelphia, supra, Nat'l Rifle Ass'n v. City of Pittsburgh, supra,* and *Dillon v. City of Erie, supra.*

In *Nat'l Rifle Ass'n v. City of Philadelphia, supra,* the National Rifle Association ("NRA"), some of its individual members, and gun retailers, filed a complaint seeking declaratory and injunctive relief asserting that five (5) ordinances were unconstitutional. The trial judge, now Justice Greenspan, found that the plaintiffs had standing with respect to the Assault Weapon Ordinance and Straw Purchaser Ordinance, and permanently enjoined the City from enforcing said ordinances. At the same time, Justice Greenspan found that the plaintiffs failed to establish any injury sufficient to confer standing with respect to the Imminent Danger Ordinance, Protection from Abuse Ordinance, and the Lost or Stolen Gun Ordinance. The Commonwealth Court affirmed Justice Greenspan's order, and adopted the opinion entered in *Nat'l Rifle Association v. City of Philadelphia*, 2008 WL 3819269 (2008). In Justice Greenspan's opinion, she explains that the plaintiffs had standing to challenge the Assault Weapon and Straw Purchaser Ordinances because the ordinances affect a constitutionally protected right to own, possess, transfer, or purchase firearms. With regard to the Lost or Stolen Firearm Ordinance, the PFA Ordinance, and the Imminent Threat Ordinance, Judge Greenspan found that plaintiffs' averments that they could possibly lose a weapon, or be subjected to a PFA, or be deemed an "imminent danger," and be subjected to the ordinances was too remote, attenuated, and speculative to confer standing. *Id.*

In *Nat'l Rifle Ass'n v. City of Pittsburgh, supra,* the Commonwealth Court also found that the NRA and local gun owners did not have standing to seek declaratory or injunctive relief from the Pittsburgh ordinance that required the reporting of loss or stolen guns. The Court noted that although one of the plaintiffs did aver that he had a gun stolen in the past, the plaintiffs did not

5

allege direct and immediate harm. Specifically, the Court found the possibility of harm remote and speculative, as none of the plaintiffs averred they have violated the ordinance, or that a gun has been lost or stolen since the ordinance's enactment. 999 A.2d at 1258.

In *Dillon v. City of Erie, supra,* the plaintiff, a legal firearm owner, filed a complaint seeking declaratory and injunctive relief to prevent the City of Erie's enforcement of section 739.01 of the City's Ordinances, which deals with the reporting of stolen firearms, as well as section 955.06(b), which prohibits hunting and firearms in the City's parks. 83 A.3d at 471. The Court found that plaintiff did have standing with respect to Section 955.06(b), as he was threatened with the actual enforcement and penalties outlined in the section; however, the Court found Plaintiff lacked standing to challenge section 739.01 as there was no allegation that plaintiff had ever lost his firearm, or that the section or the penalties outlined within would be applicable to him. *Id.* at 475.

In the instant case, accepting all material averments set forth in the Complaint as true, this Court finds that Plaintiffs have established that they are aggrieved by the Township's Ordinance, and therefore have standing to challenge it. Stolfer and Abramson aver that they are lawful gun owners who frequent the Township, and have actually been threatened with enforcement of the Ordinance when the Commissioner publicly stated that the Ordinance is being and will continue to be enforced. Unlike the plaintiffs in *City of Pittsburgh* and *City of Philadelphia, supra,* the asserted harm here is not too attenuated or remote to confer standing.

With regard to FOAC, it has sufficiently alleged that at least two of its members, Stolfer and Abramson, are lawful gun owners who frequent the Township, and have been threatened with enforcement of the Ordinance. Accordingly, accepting all material averments as true, this

Court finds that FOAC has established standing. Accordingly, Defendant's objection, in the nature of demurrer for lack of standing is overruled.

**Demurrer**

In the second objection, Defendant argues that Plaintiffs fail to state a claim for which relief can be granted because the Ordinance does not regulate the lawful ownership, possession, transfer, or transportation of firearms in violation of the UFA § 6120(a). In support of its argument, Defendant relies on the Commonwealth Court in *Minich v. Cnty of Jefferson*, 869 A.2d 1141 (Pa. Cmwlth. 2005) *appeal denied* 589 A.2d 90 (Pa. 2005).

In *Minich*, holders of concealed handgun permits brought an action for declaratory and injunctive relief against county and county officials seeking a declaration that a county ordinance, which made it unlawful to possess a firearm in the county courthouse, was preempted by the UFA § 6120(a). The Commonwealth Court found

> Section 6120(a) of the Crimes Code provides that "[n]o county ... may in any manner regulate the *lawful* ... possession ... of firearms ... when carried ... for purposes *not prohibited by the laws of this Commonwealth*." 18 Pa.C.S. § 6120(a) (emphasis added). In other words, the County may not enact an ordinance which regulates firearm possession *if* the ordinance would make the otherwise lawful possession of a firearm unlawful.[3] Thus, if the County's ordinance pertains only to the *unlawful* possession of firearms, i.e., possession "prohibited by the laws of this Commonwealth," then section 6120(a) of the Crimes Code does not preempt the County's ordinance.

869 A.2d at 1143. In so ruling the Court noted that section 913 of the Crimes Code made it unlawful to possess a firearm in a court facility, therefore the county's ordinance did not regulate lawful possession. *Id.*

Unlike the ordinance at issue in *Minich*, Defendant does not assert that there is already an existing statute, which makes it unlawful for persons to carry a firearm in the park. Furthermore, in *NRA v. City of Philadelphia, supra*, the Commonwealth Court rejected the city's argument that preemption of § 6120(a) is limited to regulation of the lawful use of firearms and

7

permanently enjoined the city from enforcing an Assault Weapon Ordinance and Straw Purchaser Ordinance, stating:

> Unfortunately, with respect to the matter before us, while we may agree with the City that preemption of 18 Pa.C.S. § 6120(a) appears to be limited to the lawful use of firearms by its very terms, we believe, however, that the crystal clear holding of our Supreme Court in Ortiz, that, "the General Assembly has [through enactment of § 6120(a) ] denied all municipalities the power to regulate the ownership, possession, transfer or [transportation] of firearms," precludes our acceptance of the City's argument and the trial court's thoughtful analysis on this point.

977 A.2d at 82-83. Therefore, contrary to Defendant's assertions, the fact that the Ordinance arguably, in Defendant's view, only regulates unlawful activity, does not necessarily establish that Plaintiffs failed to state a claim upon which relief can be granted. Because it is not absolutely clear from the caselaw that the Plaintiffs will not be able to prove facts sufficient to establish a right to relief, Defendant's objection in the nature of demurrer is overruled. *See Albert v. Erie Ins. Exch.*, 2013 PA Super 59, 65 A.3d 923, 927-28 (2013) (Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.)

**Scandalous and Impertinent matter**

In the last objection, Defendant argues that paragraphs 14, 97, 100, 129, and 132, should be stricken as both factually and legally incorrect.

Pa.R.C.P. 1028(a)(2) provides that a preliminary objection may by filed to a pleading that fails to conform to a law or rule of court or includes scandalous or impertinent matter. To be scandalous or impertinent, the allegations must be immaterial and inappropriate to the proof of the cause of action. *Diess v. Pennsylvania Dep't of Transp.*, 935 A.2d 895, 909 (Pa. Commw. Ct.

2007) citing *Common Cause/Pennsylvania v. Commonwealth,* 710 A.2d 108, 115 (Pa.Cmwlth.1998).

In paragraph 14, Plaintiffs cite the legal standard for 18 Pa.C.S. § 5301, regarding the crime of "Official Oppression." Additionally, under the claims for injunctive relief, in paragraphs 97 and 129, Plaintiffs, seemingly relying on 18 Pa.C.S. § 5301, state that violations of constitutional rights are "per se injuries, which, in this case, result in criminal liability of the Township..."

Defendant argues that paragraphs 14, 97, and 129 are impertinent because the Township's liability "has nothing to do with declaratory relief to strike the Ordinance." (Def. Memo, p. 19). However, Plaintiffs averments contained in paragraphs 14, 97, and 129, are stated in support of the claims for injunction, not declaratory relief. Specifically, Plaintiffs references to Defendant's alleged violation of § 5301, are intended to establish the irreparable harm element necessary to obtain an injunction. Accordingly, said paragraphs shall not be stricken.

In paragraphs 100 and 132, Plaintiffs aver that Plaintiffs will face criminal charges and prosecution under the Ordinance. However, a review of the Ordinance demonstrates that a violation of the Ordinance results in a civil penalty, not criminal prosecution. Accordingly, because the averments contained in paragraphs 100 and 132 are factually incorrect those paragraphs shall be stricken.

Based on the foregoing, the following Order is entered:

AND NOW, this ___7th___ day of ___July___, 2015, upon consideration of Defendant's Preliminary Objections, Plaintiffs' Answer thereto, and for the reasons outlined above, it is hereby **ORDERED** and **DECREED** that:

1. Defendants' Preliminary Objection pursuant to Pa.R.C.P. 1028(a)(4) for lack of standing is **OVERRULED**.

2. Defendants' Preliminary Objection pursuant to Pa.R.C.P. 1028(a)(4) for insufficient failure to raise a claim is **OVERRULED**.

3. Defendants' Preliminary Objection pursuant to Pa.R.C.P. 1028(a)(2) for inclusion of scandalous and impertinent matter is **OVERRULED**, in part, and **SUSTAINED**, in part. Paragraphs 100 and 132 are **STRICKEN**.

BY THE COURT:

_____
**STEVEN C. TOLLIVER    J.**