# EXHIBIT 11

of, shall be sentenced to pay a fine not exceeding five hundred dollars ($500), or undergo imprisonment not exceeding one (1) year, or both.

The jury trying the case may infer such intent from the fact the defendant carried such weapon. 1939, June 24, P.L. 872, § 416; 1956, April 4, P.L. (1955) 1383, § 1.

### Historical Note

The act of 1956 substituted the first part of this section, to and including "otherwise", for "Whoever carries any firearm, slungshot, handy-billy, dirk-knife, razor or any other deadly weapon, concealed upon his person." The act of 1956 also, following "imprisonment", deleted "by separate or solitary confinement".

Source Notes by Drafting Committee:
  1875, March 18, P.L. 33, § 1 (18 P.S. § 401).

Penal Code 1939:
  Act 1875, March 18, P.L. 33, § 1, contained similar provisions and provided that jury could "infer such intent as aforesaid, from the fact of the said defendant carrying such weapons in the manner as aforesaid."

Prior local provisions:
  Prior local provisions were contained in act of 1864, May 5, P.L. 823, act of 1850, May 23, P.L. 666, § 22, and act of 1873, April 10, P.L. 656, § 1.

### Cross References

Carrying in case or wrapped, and possession of loaded weapons restricted, see section 1311.806 of Title 34, Game.
Cities of second class, preventing, see section 23131 of Title 53, Municipal and Quasi-Municipal Corporations.
Power to carry weapons
   Fish commissioners and wardens, see section 696 of Title 71, State Government.
   Secretary of Board of Game Commissioners and game protectors, see section 675 of Title 71, State Government.
Security to keep the peace, see section 23 of Title 19, Criminal Procedure.
Unnaturalized foreign-born residents, possession by prohibited, see sections 1311.1002, 1311.1005 of Title 34, Game.

### Notes of Decisions

Constitutionality 1
Construction and application 2
Evidence 6
Indictment 5
Instructions 7
Jury questions 8
Merger of offenses 4
Repeal 3
Sentence and punishment 9
Validity 1

Library references
  Weapons ⇌8.
  C.J.S. Weapons § 6.

**1. Validity**

This statute was constitutional and did not violate Const. art. 1, § 21, concerning the right of citizens to bear arms. Wright v. Com., 77 Pa. 470, 1875.

By the act of 1850, May 3, P.L. 670, § 22 (local), establishing a police force for the city and incorporated districts of the county of Philadelphia, in case of a riot, "any person arrested upon whose person or in whose possession shall be found fire-arms or any other deadly weapon, shall be deemed guilty of an intention to riot, whether said fire-arms or deadly weapon shall be used or not, unless the contrary can be satisfactorily established, and punished accordingly." It has been ruled by the court of quarter sessions of Philadelphia, that this act is unconstitutional, so far as it applies to the carrying of arms for self-defense; and that it is competent for the accused to

rebut the unlawful intent raised by the statutory provision. Com. v. McNulty, 8 Phila. 610, 28 L.I. 398, 1871.

### 2. Construction and application

Provision that jury may infer intent to injure another from fact of carrying weapon, means only that, while commonwealth bears burden of convincing jury beyond reasonable doubt of an intent to do injury, once evidence is introduced that dangerous and deadly weapon was concealed, then case must go to jury, and verdict of jury will not be disturbed. Com. v. Festa, 40 A.2d 112, 156 Pa.Super. 329, 1945.

This section does not forbid the innocent carrying of any object, whether used solely for attack or defense, like a firearm, or possessing some legitimate function beyond a utility to wound or maim, but prohibits the concealed carrying of any article intended to be used unlawfully. Id.

Everyday meaning must be attached to phrase "upon the person". Com. v. Lanzetti, 97 Pa.Super. 126, 1929.

Carrying concealed weapons "upon his person" means article in contact with person or carried in clothing, word "upon" signifying close contact. Id.

A conviction of carrying a concealed deadly weapon was upheld where a constable entered defendant's home, awakened and arrested him on another charge, took him before a justice of the peace and later transported him to the county prison where he was searched and a set of aluminum knucklers found in his pocket. Com. v. Billett, 24 D. & C.2d 659, 57 Lanc.Rev. 431, 1962.

Where overcoat, in pocket of which there was loaded revolver, was carried over arm, there was a carrying of concealed deadly weapons within meaning of this statute. Com. v. Reynolds, 4 D. & C. 262, 1923.

A verdict of guilty of carrying a concealed weapon under this statute would be set aside and a new trial granted where it was shown that the weapon was unloaded and defendant had no cartridges about him. Com. v. Sweitzer, 21 Dist. 807, 25 York 202, 4 Berks 249, 1912.

A person may not be convicted of the crimes of armed robbery or carrying concealed weapons, both of which include specific intent as an essential element, where the person is incapable of entertaining that intent, even though that incapacity resulted from voluntary intoxication. Com. v. Hart, 101 P.L.J. 449, 1954.

### 3. Repeal

Local act 1873, April 12, P.L. 735, making it misdemeanor to carry pistol or other deadly weapon within city limits of Harrisburg was not repealed by act 1875, March 18, P.L. 33, § 1. Com. v. Kreps, 25 Dauph. 335, 1922.

### 4. Merger of offenses

The alleged crimes of possessing burglar tools with intent to use same feloniously and of carrying concealed deadly weapons did not merge with third alleged crime of aggravated assault and battery and shooting at a person with intent to murder. Com. ex rel. Rodzwell v. Ashe, 27 A.2d 253, 149 Pa.Super. 307, 1942.

### 5. Indictment

Omission of averment that weapon was concealed on relator's person from indictment for carrying concealed weapon was merely formal defect, not properly reviewable in habeas corpus proceeding for defendant's release from detention in state penitentiary under sentence on conviction of such crime. Com. ex rel. Sawchak v. Ashe, 83 A.2d 497, 169 Pa.Super. 529, 1951, certiorari denied 72 S.Ct. 1080, 343 U.S. 980, 96 L.Ed. 1371.

Indictment against foreigner for carrying concealed deadly weapons under act 1875, March 18, P.L. 33, could not be based on complaint under act of 1909, May 8, P.L. 466. Com. v. Rinaldi, 39 Lanc. 112, 2 Som. 252, 5 D. & C. 331, 72 Pitts. 1081, 1924.

### 6. Evidence

Evidence established beyond a reasonable doubt defendant's guilt of offenses of (1) shooting with intent to murder, (2) committing crime of violence while armed, and (3) carrying concealed weapon. Com. v. Harris, 169 A.2d 576, 194 Pa.Super. 600, 1961.

Evidence was insufficient to support conviction for carrying concealed weapons on person. Com. v. Lanzetti, 97 Pa.Super. 126, 1929.

Where the defendant was indicted under the provisions of this section, for carrying a concealed deadly weapon, and the commonwealth proved that the deadly weapon was carried concealed, a prima facie case was made out, and

Case 1:15-cv-00322-YK Document 45-14 Filed 09/01/15 Page

the matter should have gone to the jury, and a verdict of guilty would be sustained. Com. v. Joseph Bruno, 82 Pa.Super. 388, 1923.

**7. Instructions**

An instruction, which correctly stated law as to carrying concealed deadly weapon except for statement that where person has such weapon in his possession the intent to injure another will be presumed, did not require reversal because of use of word "presumed" on theory that thereby burden of disproving intent was erroneously shifted to accused, where such mistake was called to trial court's attention and corrected. Com. v. Festa, 40 A.2d 112, 156 Pa.Super. 329, 1945.

**8. Jury questions**

In prosecution against brewery salesman for carrying a concealed deadly weapon, a large knife of type used to cut linoleum, evidence was sufficient for jury where no explanation was given for carrying such knife. Com. v. Festa, 40 A.2d 112, 156 Pa.Super. 329, 1945.

**9. Sentence and punishment**

Under this section and section 4628 of this title relating to firearms in motor vehicle, definite sentence of two years in state penitentiary upon conviction for both offenses was erroneous. Com. ex rel. Monaghan v. Burke, 82 A.2d 337, 169 Pa.Super. 256, 1951, certiorari denied 72 S.Ct. 233, 342 U.S. 898, 96 L.Ed. 673.

## § 4417. Carrying bombs and explosives

Whoever possesses or carries on or about his person or in a vehicle, with the intent to use the same unlawfully against the person or property of another, any bomb, bombshell, or other explosive substance, except fixed ammunition, or any noxious liquid gas or substance, is guilty of a felony, and on conviction thereof, shall be sentenced to pay a fine not exceeding five thousand dollars ($5,000), or undergo imprisonment, by separate or solitary confinement at labor, for a term of not more than ten (10) years, or both.  1939, June 24, P.L. 872, § 417.

### Historical Note

*Source Notes by Drafting Committee:*

1929, April 25, P.L. 778, § 1 (18 P.S. § 1331).

**Penal Code 1939:**

Act 1929, April 25, P.L. 778, § 1, read as follows: "On or after the date upon which this act takes effect, any person, except a duly appointed or elected law enforcement officer, or a member of the army, navy, or marine corps of the United States, or of the National Guard, or organized reserves, who possesses or carries on or about his person or in a vehicle, a bomb, bombshell, except for blasting or other commercial use, or who, with the intent to use the same unlawfully against the person or property of another, possesses or carries any explosive substance, or any noxious liquid gas or substance, except fixed ammunition, shall be guilty of a felony, and, on conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars, and to undergo imprisonment by separate or solitary confinement at labor for a term of not less than two years nor more than ten years."

### Cross References

Minor as associate, additional penalty, see section 5110 of this title.
Offenses as to firearms and explosives involving a breach of the peace, see sections 4623–4626 of this title.
Sale of explosives to minors, see section 4626 of this title.
Shipping explosives, see section 4661 of this title.
Vehicles and trains, carrying explosives on, see section 4660 of this title.