**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **Firearm Owners Against Crime,** | : | |
| **Kim Stolfer, Joshua First,** | : | **No. 1:15-cv -322** |
| **and Howard Bullock,** | : | |
| Plaintiffs | : | |
| | : | **Honorable Yvette Kane** |
| **v.** | : | |
| | : | |
| **City of Harrisburg, Mayor Eric** | : | |
| **Papenfuse, and Police Chief Thomas** | : | **Jury Trial Demanded** |
| **Carter,** | : | |
| Defendants | : | |

**BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO SUPPLEMENT**

### I.    PROCEDURAL HISTORY

Plaintiffs Firearm Owners Against Crime, Kim Stolfer, Joshua First, and

Howard Bullock ["Plaintiffs"] filed a Complaint against the City of Harrisburg,

Mayor Eric Papenfuse, and Police Chief Thomas Carter ["Defendants"] on January

16, 2015.  On February 13, 2015, Defendants removed the case to federal court,

and followed with a Motion to Dismiss on February 20, 2015.  Plaintiffs

challenged the removal based on the failure of Defendants to include all Plaintiffs

in the removal notice and additionally filed a Motion to Remand on February 22,

2015.  On May 5, 2015, this Court enjoined the state court from further activity on

the case but did not rule on Plaintiffs' Motion to Remand.[1] Over *six* months after filing their Motion to Dismiss, and after submitting a brief in support, pursuant to Local Rule 7.5, and a reply brief in support, pursuant to Local Rule 7.7,[2] Defendants now move to supplement the brief submitted in their Motion to Dismiss.  Plaintiffs oppose this motion.

## II.   STATEMENT OF FACTS

Plaintiffs dispute Defendants' claim that it has been and continues to be illegal to discharge firearms, whether in Harrisburg, Philadelphia or anywhere else in the Commonwealth, as is further explained in the argument section of this brief. Further, as has been consistently held by the Commonwealth Court, a municipality may not regulate even consistently with the Crimes Code. *See*, *Clarke v. House of Representatives*, 957 A.2d 361, 364 (Pa. Cmwlth. 2008) (*en banc*) and *Nat'l Rifle Ass'n v. City of Philadelphia*, 977 A.2d 78, 82 (Pa. Cmwlth. 2009) (*en banc*).

---

[1] This Court in footnote 1 of its May 5, 2015 Memorandum specifically acknowledged that Defendants' Motion to Dismiss and Plaintiffs' Motion to Remand were not being decided at that time. As of the time of filing this Brief, both Defendants' Motion to Dismiss and Plaintiffs' Motion to Remand are still outstanding.

[2] Pursuant to Local Rule 7.8, Defendants have already been provided almost twice the amount of pages and/or words to discuss the issues before this Honorable Court in comparison to Plaintiffs. Upon request of Plaintiffs, this Honorable Court did provide Plaintiffs with up to 20 pages or 6,660 words for their Brief in Opposition.

III.   **ARGUMENT**

    **a.** *Defendants make no new arguments and cite no authority to supplement their brief*

Defendants, in their Motion to Dismiss, argue that Plaintiffs' Second Amendment claim should be dismissed for a variety of reasons.  Pertinent here, however, is Defendants' argument concerning the "longstanding firearms regulations."  *See* Defendants' Motion to Dismiss ["Mot. To Dismiss"], at ¶ 11.  In support of their argument, they cite no fewer than seven decisions from at least three states (New Jersey, Pennsylvania, and Florida), covering four separate circuits and two state courts.  Mot. to Dismiss, at ¶ 8.

Defendants' proposed supplemental brief, however, does not offer any new arguments for this Court to consider and fails to advise the Court on Pennsylvania's Statutory Construction Act.  Rather, Defendants seem to be asking the Court to allow more than a *six month* extension upon which to include more research in support of its initial and reply briefs; thereby, attempting to permit Defendants almost thrice the amount of briefing than Plaintiffs in relation to the Motion to Dismiss.[3]  This works directly against the purpose of case management deadlines, which are to promote the "just, speedy, and inexpensive resolution" of cases.  *See* William W. Schwarzer and Alan Hirsch, *The Elements of Case Management: A Pocket Guide for Judges*, (Federal Judicial Center, 2006), at 3, the

---

[3] *See*, Local Rules 7.5, 7.6, and 7.7.

relevant portions of which are attached hereto and incorporated herein as Exhibit A.

This is not a situation in which new information has made itself available to Defendants. Indeed, at the crux of their request is the fact that this information has been around for well over a century, if not two centuries or even longer. All of the information appears to have been publicly available since its passage, and most importantly, available to Defendants at the time they researched, drafted, and filed their initial and reply briefs.

Furthermore, Defendants fail to cite any authority upon which they may seek to supplement their Motion to Dismiss or the briefing related thereto. While Fed. R. Civ. P. 15(a)(2) provides that a party may request leave to amend a *pleading*, a Motion to Dismiss is not a pleading; it is a motion. Rule 7(a) sets forth the types of pleadings permitted and a motion to dismiss is not listed therein. Rule 12(b) also acknowledges that a motion to dismiss is not a pleading: "Every defense to a claim for relief in any *pleading* must be asserted in the responsive pleading if one is required. *But* a party may assert the following defenses *by motion* . . ." Fed. R Civ. P. 12(b). (Emphasis added). Thus, a Motion to Dismiss is not a pleading and is not subject to Rule 15(a)'s supplementation allowance.[4]

---

[4] Plaintiffs acknowledge that Local Rule 7.7 suggests that additional briefing may be filed with leave of court; however, nowhere within Defendants' Motion to Supplement or Brief in Support of their Motion to Supplement do Defendants

Regardless, Defendants have not pled any basis for this Court to grant a supplemental brief.  Nor have Defendants offered any reasons, much less compelling or significant reasons, why they could not have included this information in their original motion and brief, or their reply brief.  The Defendants have already made their arguments and presented this Court, in their initial and reply briefs, with information and support such that the Court is equipped to make a well-reasoned determination.  The fact that Defendants failed to thoroughly research their arguments prior to submitting their briefs should not permit them to include that new research now.

Because Defendants have not offered any support for their request to supplement their brief, and because they raise no new issues, but merely attempt to add new legal research and submit case law that was available at the time of initial research, Plaintiffs respectfully request that this Honorable Court deny Defendants' Motion to Supplement.

**b.** *Defendants' brief does not extinguish Plaintiffs' challenges*

Defendants' brief starts by citing to the 1873 statute.[5]  Defendants then argue that because the law has never been repealed, it must still be in effect and,

_____

request leave of court to file a surreply brief nor do they provide any legal support for leave of court to submit a surreply brief.

[5] Defendants also cite to a 1751 statutory ban on discharging of firearms, but as

therefore, there is statutory authority for Defendant City to have passed its ordinance.  Mot. to Dismiss, at ¶¶ 7-8.  Defendants even go so far as to state that "the statute was enforced and upheld in 1922" in *Commonwealth v. Kreps*, 25 Dauphin Co. 325, 325 (1922)  Mot. to Dismiss ¶ 8.

Defendants fail to mention several very important pieces of information that negate the relevance of *Kreps* and the 1873 statute.  First, and foremost, *Kreps* is expressly predicated on the fact that the Second Amendment was not incorporated against the states.  The very first line of the decision reads: "The second amendment of the Constitution of the United States is a limitation of the power of Congress and of the national government only."  However, in *McDonald v. City of Chicago*, the United States Supreme Court expressly held that "the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*."  561 U.S. 742, 753 (2010).  Thus, *Kreps* has no bearing on the current interpretation of the Second Amendment.

Defendants' examples of the Second Amendment's interaction with state jurisprudence is, therefore, entirely out of date and irrelevant to a current analysis.  If the Second Amendment had not yet been decided by the U.S. Supreme Court to apply to the states, then any statute passed by the state would be presumptively lawful under a Second Amendment analysis, for, like *Krep*, the issue would fall

---

this pre-dates the Bill of Rights and Second Amendment, it is of limited value, as there would not have been a Second Amendment right at the time of passage.

outside federal jurisdiction.  Once the Second Amendment was expressly applied to the states, however, a new analysis of local ordinances and state statutes is necessary.  Thus, the argument that a statute is presumptively lawful if longstanding, while perhaps a *factor*, is by no means dispositive, especially in any post-incorporation analysis.

Additionally, Defendants state that the 1873 statute grants them the statutory authority from the state legislature to pass firearms ordinances, at least regarding the carrying of firearms.  Mot. to Dismiss, at¶ ¶ 7-8.  Because they argue that the statute was not expressly repealed by the 1939 Penal Code or the 1972 Crimes Code, they maintain that it is still valid.  *Id.* at ¶ 8.

First, Defendants ignore the explicit holding of the United States Supreme Court in *District of Columbia v. Heller*, where the Court declared that the definition of bear arms is to "wear, bear, or <u>carry</u> . . . upon the person or <u>in the clothing</u> or <u>in a pocket</u>, <u>for the purpose . . . of being armed and ready for offensive or defensive action in a case of conflict with another person</u>."  554 U.S. 570, 584 (2008)(*citing Muscarello v. United States*, 524 U.S. 125, 143 (1998)). If Defendants were able to prohibit the carrying of firearms or ban the discharge of firearms, such would prevent an individual from being able to take any offensive or defensive action in the event of a conflict with another person; thereby, violating the dictate of *Heller*.

Second, the United States Supreme Court, in *Morton v. Mancari*, held that where two statues conflict, the general statute usually gives way to the specific statute, *unless* the legislature specifically intended to override it.  417 U.S. 535, 550-51 (1974).  This is consistent with Pennsylvania's Statutory Construction Act, which similarly requires the specific to control. 1 Pa.C.S. § 1933. In 1974, the General Assembly provided the specific intent to override municipal firearms regulation in Section 6120 of the Uniform Firearms Act.  Section 6120 expressly forbids municipalities from "regulat[ing] the lawful ownership, possession, transfer or transportation of firearms, ammunition or ammunition components . . . in any manner."  18 Pa.C.S.A. § 6120(a).  The Pennsylvania Supreme Court confirmed that Section 6120 and Article 1, Section 21 of the Pennsylvania Constitution preempt local firearms regulations.  *Ortiz v. Commonwealth*, 681 A.2d 152, 155-56 ("Because the ownership of firearms is constitutionally protected [by Article 1, Section 21 of the Pennsylvania Constitution], its regulation is a matter of statewide concern . . . [T]he General Assembly, not city councils, is the proper forum for the imposition of [firearm] regulations").

Not only did the Pennsylvania Supreme Court hold in *Ortiz* that the General Assembly intended to preempt firearms regulations, a search of the Crimes Code does not produce any results for the statutory language cited by Defendants. Indeed, Defendants do not provide the Court with any subsequent history of the

cited statute.  While they state "that the 1873 act 'was not repealed by' the 1875 statewide concealed carry ban," they fail to provide any indication that the statute is currently in effect and not rescinded or repealed by any subsequent statute.

Even more important, they fail to inform the Court whether the statute had been repealed by the time the Crimes Code was adopted in 1972.  They certainly emphasize the point that the 1972 Crimes Code adopts all those laws not repealed, but do not address whether the statute at issue was still valid at the time the Crimes Code was adopted. This is a critical piece of information. Given the fact that Plaintiffs are unable to find the statutory language in the current Crimes Code, and given that Defendants are asking the Court to allow them to supplement their previous, incomplete research, this is concerning.

Regardless, assuming, *arguendo*, that the 1873 act was still in effect in 1972, with the enactment of the Uniform Firearms Act, 18 Pa.C.S. § 6101, et seq., in 1972, pursuant to 1 Pa.C.S. § 1971(b), the 1873 act would have been repealed. Section 1971(b) specifically provides,

> Whenever a general statute purports to establish a uniform and mandatory system covering a class of subjects, such statute shall be construed to supply and therefore to repeal pre-existing local or special statutes on the same class of subjects.

Even if, *arguendo*, the 1873 act was not repealed by the enactment of the Uniform Firearms Act, the enactment of Section 6120 in 1974 would result in Section 6120

controlling, as where two statutes conflict, the latest in time shall control, pursuant to 1 Pa.C.S. § 1936.

It also bears noting that Defendants have not informed the Court as to a number of issues and arguments that were raised by *Amici Curiae* Members of the General Assembly and *Amici Curiae* Pro-Act 192 Organizations[6] in the state action, *City of Harrisburg, et al. v. U.S. Law Shield of Pennsylvania, LLC, et al.*, 449 C.D. 2015, pending before the Commonwealth Court. As this Court is deciding similar issues to that before the Commonwealth Court, it seems important that the Court be made aware of these filings and the arguments made therein. A copy of *Amici Curiae* Members of the General Assembly's brief is attached hereto and incorporated herein as Exhibit B and a copy of *Amici Curiae* Pro-Act 192 Organizations' brief is attached hereto and incorporated herein as Exhibit C.

*Amici Curiae* Members of the General Assembly's brief provides arguments on how the entire field of firearms and ammunition regulation has been preempted, both through express preemption and field preemption. Exhibit B, pp. 23-30. Specifically, both Article 1, Section 21 of the Pennsylvania Constitution and Section 6120 provide express preemption of firearms and ammunition. *Id*. 24-26.

---

[6] These organizations include: Allegheny County Sportsmen's League, American Gun Owners Alliance, Firearm Owners Against Crime, Gun Owners of America/Gun Owners Foundation, Lehigh Valley Tea Party, Pennsylvania Federation of Sportsmen's Clubs, Pennsylvanians For Self Protection, Pennsylvania State Fish & Game Protective Association, and Unified Sportsmen of Pennsylvania.

In relation to field preemption, the Uniform Firearms Act provides for field preemption. *Id*. 26-30. It also reviews other issues that are pending before this Court, such as how the Third Class City Code does not provide a municipality with the power to regulate firearms (pp. 30-35) and how the Defendants' ordinances violate the Second Amendment, Article 1, Section 21 and the Uniform Firearms Act, including in regulating consistently with the Uniform Firearms Act (pp. 35-50).

*Amici Curiae* Pro-Act 192 Organizations' brief adopts all of *Amici Curiae* Members of the General Assembly's arguments (Exhibit C, p. 6) and eloquently supplements *Amici Curiae* Members of the General Assembly's argument regarding field preemption with additional supportive statutory enactments, such as the Crimes Code, the Game and Wildlife Code and the Noise Pollution Exemption for Shooting Ranges (*Id*. 7-11). Amici also reviews the criminal penalties for violating Section 6120 (*Id*. 12-16) and argues that the Defendants should be estopped under the doctrine of unclean hands (*Id*. 16-18).

## IV.   <u>CONCLUSION</u>

Accordingly, as Defendants have failed to provide any support for their right to supplement their Motion to Dismiss and have failed to establish that the 1873

act is in effect, this Honorable Court should deny Defendants' Motion to

Supplement.

Respectfully Submitted,

Joshua Prince, Esq.
*Attorney for Plaintiffs*

PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
Joshua@PrinceLaw.com

## **Certificate of Service**

I certify that on this date, I served this filing through this Court's ECF to:

Joshua Autry, Esquire
jautry@laverylaw.com


_____
Joshua Prince, Esq.

Dated: September 14, 2015